IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY and BRAUN GmbH,<br><br>    Plaintiffs,<br><br>    v.<br><br>REMINGTON PRODUCTS COMPANY, LLC,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs The Gillette Company ("Gillette") and Braun GmbH ("Braun"), for their complaint against defendant Remington Products Company, LLC ("Remington"), allege as follows:

### NATURE OF THE ACTION

1. Gillette and its wholly owned subsidiary, Braun – a leading global manufacturer of electric shavers – bring this action to stop Remington from willfully infringing Braun's pioneering patented technology on shaving products.

2. Braun is the world leader in the development and marketing of dry shavers, due in no small measure to its longstanding technological advantage over its rivals, including Remington. Braun's patented technology is the result of its extensive and successful research and development programs.

3. Braun's current dry shaving products – its Syncro System Smart Logic products – incorporate patented features that distinguish them from the competition. These features include Braun's automatic self-cleaning Clean&Charge® system designed to thoroughly and hygienically clean the dry shaver for optimal shaver

9305141_2

performance. As explained in the Syncro System Smart Logic package, the Clean&Charge system provides "[c]onvenient cleaning with no mess, no fuss or removing the foil." The innovation of the Clean&Charge system is the subject of Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556.

4. On information and belief, in or about October 2003 Remington launched a dry shaver system called "Titanium Smart System," which Remington markets as the "world's first rotary cleaning system." It includes a cleaning device, which Remington calls the "Smart Cleaner" that "automatically cleans, charges and renews" the dry shaver. Importantly, this device is an unauthorized use of Braun's patented technology described above.

5. Remington's Titanium Smart System is a blatant attempt by Remington to seize a significant part of Braun's business by misappropriating Braun's own, patented technology.

6. Gillette and Braun bring this action, seeking both injunctive relief and damages. Gillette and Braun respectfully request that this Court enjoin Remington from making, importing, advertising and selling the Titanium Smart System and further request an award of damages to compensate them for the injuries they have already suffered. Gillette and Braun also request that they be awarded treble damages, attorneys' fees, and related legal costs and expenses.

## THE PARTIES

7. Gillette is a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

8. Braun is a German corporation headquartered in Kronberg, Germany. Braun is a wholly owned subsidiary of Gillette.

9. On information and belief, Remington is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Bridgeport, Connecticut.

10. On information and belief, Remington makes, uses, sells and/or offers for sale throughout the United States the shaving products alleged herein to infringe Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556. On information and belief, Remington does business in this Judicial District.

## JURISDICTION AND VENUE

11. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. §§ 1338 (patents) and 1331 (federal question). Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because defendant resides in this Judicial District within the meaning of those provisions.

## FIRST CAUSE OF ACTION
### (For Patent Infringement)

12. Gillette and Braun repeat and reallege the allegations of paragraphs 1 through 11 above.

13. On January 27, 1998, U.S. Patent No. 5,711,328 ("the '328 patent"), entitled "Cleaning Device for the Shaving Head of a Dry Shaver," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '328 patent is annexed hereto as Exhibit 1.) Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all

3

right, title and interest in and to the '328 patent, including all right to recover for any and all past infringement thereof. Gillette is the parent corporation of Braun.

14.  Upon information and belief, Remington has been and is now infringing the '328 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '328 patent, including products designated as the Titanium Smart System.

15.  Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

16.  Gillette and Braun have been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Gillette and Braun have no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (For Patent Infringement)

17.  Gillette and Braun repeat and reallege the allegations of paragraphs 1 through 16 above.

18.  On July 22, 1997, U.S. Patent No. 5,649,556 ("the '556 patent"), entitled "Cleaning Device for Cleaning the Shaving Head of a Dry Shaving Apparatus," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '556 patent is annexed hereto as Exhibit 2.) Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all right, title and interest in and to the '556 patent, including all right to

recover for any and all past infringement thereof. Gillette is the parent corporation of Braun.

19. Upon information and belief, Remington has been and is now infringing the '556 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '556 patent, including products designated as the Titanium Smart System.

20. Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

21. Gillette and Braun have been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Gillette and Braun have no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE plaintiffs demand judgment as follows:

(a) That Braun is the lawful owner of all right, title and interest in and to U.S. Patent No. 5,711,328, including all right to recover for past infringement thereof;

(b) that the '328 patent is valid and enforceable;

(c) finding Remington liable for infringing and inducing others to infringe the '328 patent;

(d) finding that Remington's infringement and inducement of infringement of the '328 patent have been willful and deliberate;

(e)     preliminarily and permanently enjoining and restraining Remington, its officers, agents, servants, employees, and attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities acting in concert, participation or in privity with them, and their successors and assigns from further infringing or inducing the infringement of the '328 patent;

(f)     that Braun is the lawful owner of all right, title and interest in and to U.S. Patent No. 5,649,556, including all right to recover for past infringement thereof;

(g)     that the '556 patent is valid and enforceable;

(h)     finding Remington liable for infringing and inducing others to infringe the '556 patent;

(i)     finding that Remington's infringement and inducement of infringement of the '556 patent have been willful and deliberate;

(j)     preliminarily and permanently enjoining and restraining Remington, its officers, agents, servants, employees, and attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities acting in concert, participation or in privity with them, and their successors and assigns from further infringing or inducing the infringement of the '556 patent;

(k)     awarding Gillette and Braun monetary damages, in an amount to be determined at trial, together with interest and costs as fixed by the Court;

(l)     awarding Gillette and Braun enhanced damages under 35 U.S.C. § 284;

(m)  awarding Gillette and Braun their reasonable attorneys' and experts' fees and their costs and disbursements in this action, as provided by 35 U.S.C. § 285; and

(n)  granting Gillette and Braun such other and further relief as is just and proper.

The Gillette Company and
Braun GmbH

By its attorneys,

*/s/ William L. Patton*
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Attorneys for Plaintiffs

Dated: December 2, 2003