IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY AND BRAUN GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civil Action No. 03-CV-12428-WGY |
| REMINGTON PRODUCTS COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

**ANSWER**

Except as expressly admitted or qualified herein, Defendant Remington Products Company, LLC ("Remington") denies each and every allegation contained in Plaintiffs' The Gillette Company ("Gillette") and Braun GmbH ("Braun"), Complaint. Remington, for its answer and counterclaim against Plaintiffs, hereby states:

**NATURE OF THE ACTION**

1. Gillette and its wholly owned subsidiary, Braun – a leading global manufacturer of electric shavers – bring this action to stop Remington from willfully infringing Braun's pioneering patented technology on shaving products.

**RESPONSE:** Remington admits that the action brought by Gillette and Braun purports to be one for patent infringement. Remington otherwise denies all other allegations of Paragraph 1 and affirmatively states that Gillette lacks standing to maintain this action as set forth in Remington's Motion to Dismiss Gillette and Braun's Complaint in Part.

2. Braun is the world leader in the development and marketing of dry shavers, due in no small measure to its longstanding technological advantage over its rivals, including Remington. Braun's patented technology is the result of its extensive and successful research and development programs.

**RESPONSE:** Denied.

3. Braun's current dry shaving products – its Syncro System Smart Logic products – incorporate patented features that distinguish them from the competition. These

features include Braun's automatic self-cleaning Clean&Charge® system designed to thoroughly and hygienically clean the dry shave for optimal shaver performance. As explained in the Syncro System Smart Logic package, the Clean&Charge system provides "[c]onvenient cleaning with no mess, no fuss, or removing the foil." The innovation of the Clean&Charge system is the subject of Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556.

**RESPONSE:** Remington admits that Braun's package includes the statement quoted in the third sentence of Paragraph 3. Remington lacks sufficient information to form a belief concerning the truth or falsity of the allegations of the second sentence of Paragraph 3 and thus denies those allegations. Remington acknowledges that Braun contends that the Clean&Charge system is the subject of the two identified patents. Remington otherwise denies all allegations of Paragraph 3.

4. On information and belief, in or about October 2003 Remington launched a dry shaver system called "Titanium Smart System," which Remington markets as the "world's first rotary cleaning system." It includes a cleaning device, which Remington calls the "Smart Cleaner" that "automatically cleans, charges, and renews" the dry shaver. Importantly, this devices is an unauthorized use of Braun's patented technology described above.

**RESPONSE:** Remington admits that in or about October 2003 it began selling a shaver called the "Titanium Smart System" shaver that it has described as the "world's first rotary cleaning system." Remington admits the allegations of the second sentence of Paragraph 4. Remington otherwise denies all allegations of Paragraph 4.

5. Remington's Titanium Smart System is a blatant attempt by Remington to seize a significant part of Braun's business by misappropriating Braun's own, patented technology.

**RESPONSE:** Denied.

6. Gillette and Braun bring this action, seeking both injunctive relief and damages. Gillette and Braun respectfully request that this Court enjoin Remington from making, importing, advertising, and selling the Titanium Smart System and further request an award of damages to compensate them for injuries they have already suffered. Gillette and Braun also request that they be awarded treble damages, attorneys' fees, and related costs and expenses.

**RESPONSE:** Remington admits that Gillette and Braun purport, through this action, to seek injunctive relief and damages. Remington otherwise denies all other

2

allegations in Paragraph 6. Remington further affirmatively states that Gillette has lacks standing to maintain this action as set forth in Remington's Motion to Dismiss Gillette and Braun's Complaint in Part.

### THE PARTIES

7.   Gillette is a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

**RESPONSE:** Remington lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 7 and thus denies those allegations.

8.   Braun is a German corporation headquartered in Kronberg, Germany. Braun is a wholly owned subsidiary of Gillette.

**RESPONSE:** Remington lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 8 and thus denies those allegations.

9.   On information and belief, Remington is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Bridgeport, Connecticut.

**RESPONSE:** Admitted.

10.   On information and belief, Remington makes, uses, sells and/or offers for sale throughout the United States the shaving products alleged herein to infringe Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556. On information and belief, Remington does business in this Judicial District.

**RESPONSE:** Remington admits that it does business in this Judicial District. Remington otherwise denies all other allegations of Paragraph 10.

### JURISDICTION AND VENUE

11.   This action for patent infringement arises under the Patent Laws of the Unites States, 35 U.S.C. § 1 et seq. Jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. §§ 1338 (patents) and 1331 (federal question). Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because defendant resides in this Judicial District within the meaning of those provisions.

**RESPONSE:** As to plaintiff, Braun, Remington admits the allegations in Paragraph 11. As to plaintiff, Gillette, Remington denies the allegations in Paragraph 11.

## FIRST CAUSE OF ACTION
### (For Patent Infringement)

12. Gillette and Braun repeat and reallege the allegations of paragraphs 1 through 11 above.

**RESPONSE:** Remington restates and realleges its responses to Paragraphs 1 through 11 above and incorporates them in response to the allegations contained in Paragraph 12 of plaintiffs' complaint.

13. On January 27, 1998, U.S. Patent No. 5,711,328 ("the '328 patent"), entitled, "Cleaning Device for the Shaving Head of a Dry Shaver," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '328 patent is annexed hereto as Exhibit 1.) Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all right, title and interest in and to the '328 patent, including all right to recover for any and all past infringement thereof. Gillette is the parent corporation of Braun.

**RESPONSE:** Remington admits that Exhibit 1, which was attached to plaintiffs' complaint, appears to be a copy of U.S. Patent No. 5,711,328 and that the '328 patent appears to have been issued on January 27, 1998 to Braun Aktiengesellschaft as the assignee of Gebhard Braun. Remington lacks sufficient information to form a belief concerning the truth or falsity of the remaining allegations of Paragraph 13 and thus denies those allegations.

14. Upon information and belief, Remington has been and is now infringing the '328 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '328 patent, including products designated as the Titanium Smart System.

**RESPONSE:** Denied.

15. Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

**RESPONSE:** Denied.

4

16. Gillette and Braun have been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Gillette and Braun have no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

**RESPONSE:** Denied.

## SECOND CAUSE OF ACTION
### (For Patent Infringement)

17. Gillette and Braun repeat and reallege the allegations of paragraphs 1 through 16 above.

**RESPONSE:** Remington restates and realleges its responses to Paragraphs 1 through 16 above and incorporates them in response to the allegations contained in Paragraph 17 of plaintiffs' complaint.

18. On July 22, 1997, U.S. Patent No. 5,649, 556 ("the '556 patent"), entitled, "Cleaning Device for Cleaning the Shaving Head of a Dry Shaving Apparatus," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '556 patent is annexed hereto as Exhibit 2.) Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all right, title, and interest in and to the '556 patent, including all right to recover for any and all past infringement thereof. Gillette is the parent corporation of Braun.

**RESPONSE:** Remington admits that Exhibit 2, which was attached to plaintiffs' complaint, appears to be a copy of U.S. Patent No. 5,649,556 and that the '556 patent appears to have been issued on July 22, 1997 to Braun Aktiengesellschaft as the assignee of Gebhard Braun. Remington lacks sufficient information to form a belief concerning the truth or falsity of the remaining allegations of Paragraph 18 and thus denies those allegations.

19. Upon information and belief, Remington has been and is now infringing the '556 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '556 patent, including products designated as the Titanium Smart System.

**RESPONSE:** Denied.

20.    Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

**RESPONSE:** Denied.

21.    Gillette and Braun have been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Gillette and Braun have no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

**RESPONSE:** Denied.

**REMINGTON'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Remington has not infringed, contributorily infringed, or induced others to infringe, and are not infringing or inducing others to infringe any valid claim of U.S. Patent No. 5,711,328.

**SECOND AFFIRMATIVE DEFENSE**

Remington has not infringed, contributorily infringed, or induced others to infringe, and are not infringing or inducing others to infringe any valid claim of U.S. Patent No. 5,649,556.

**THIRD AFFIRMATIVE DEFENSE**

U.S. Patent No. 5,711,328 is invalid under 35 U.S. § 101, *et. seq.*

**FOURTH AFFIRMATIVE DEFENSE**

U.S. Patent No. 5,649,556 is invalid under 35 U.S. § 101, *et. seq.*

**FIFTH AFFIRMATIVE DEFENSE**

Gillette lacks standing to bring this action because it does not hold any title, rights, or other interests in U.S. Patent Nos. 5,711,328 and 5,649,556 (the "patents-in-suit").

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Remington prays for entry of judgment against Plaintiffs as follows:

1. Dismissing with prejudice and on the merits Gillette and Braun's purported Complaint in its entirety;

2. Awarding Remington its costs, fees, and disbursements as permitted by law;

3. Awarding Remington such other and further relief as the court may deem just and equitable.

                                        Respectfully Submitted,

                                        ___/s/ Joseph E. Haviland_____
                                        Thomas E. Dwyer, Jr. (BBO No. 139660)
                                        Joseph E. Haviland (BBO No. 643814)
                                        DWYER & COLLORA, LLP
                                        600 Atlantic Avenue
                                        Boston, MA 02210-1122
                                        (617) 371-1001 [phone]
                                        (617) 371-1037 [facsimile]

                                        Mark A. Pals
                                        James A. Shimota
                                        Kevin S. Ueland
                                        KIRKLAND & ELLIS, LLP
                                        Aon Center
                                        200 E. Randolph Dr.
                                        (312) 861-2000 [phone]
                                        (312) 861-2200 [facsimile]

Dated: March 29, 2004

## Certificate of Service

    I, Joseph E. Haviland, hereby certify that a true copy of the above document was served by hand upon William L. Patton, Esquire, Ropes & Gray, LLP, One International Place, Boston, MA 02110 on March 29, 2004.

                                          /s/ Joseph E. Haviland
                                          Joseph E. Haviland