IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY AND BRAUN GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> REMINGTON PRODUCTS COMPANY, LLC, <br><br> Defendant. | Civil Action No. 03-CV-12428-WGY |

**MEMORANDUM IN SUPPORT OF REMINGTON'S MOTION TO DISMISS GILLETTE AND BRAUN'S COMPLAINT IN PART**

The Gillette Company ("Gillette") is not a proper party to this action, and should therefore be dismissed. According to their own allegations, Braun GmbH "is the owner of ***all*** right, title and interest in and to" U.S. Patent No. 5,711,328 and U.S. Patent No. 5,649,556 (the "patents-in-suit"). *See*, Compl. ¶¶ 13, 18. Gillette, on the other hand, does not have any interest or title in the patents-in-suit. Instead, it merely alleges that it "is the parent corporation of Braun." *Id*. This is insufficient to give Gillette standing in this action and it must therefore be dismissed.

**ARGUMENT**

Article III of the U.S. Constitution requires that federal courts adjudicate only actual "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750–51 (1984). Derived from this directive to limit federal adjudication to cases and controversies is the requirement that a litigant have standing. Standing to sue for patent infringement derives from the Patent Act. *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1376 (Fed. Cir. 2000).

The Patent Act provides that only "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. As defined in Section 100(d), a patentee

includes the party "to whom the patent was issued" and also subsequent assignees or "successors in title to the patentee." 35 U.S.C. § 100(d). The established rule is thus that "if a party lacks title to a patent, that party 'has no standing to bring an infringement action under that patent." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001); *quoting*, *FilmTec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1571 (Fed. Cir. 1991); *see also*, *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 (Fed. Cir. 1991) ("The general rule is that one seeking to recover . . . for infringement of a United States Patent must have held *legal title* to the patent *during the time of infringement*") (emphasis in original).

There is one exception to the rule. Where a party has an exclusive license under the patent, that party may sue for infringement jointly with the patent owner, or under certain circumstances, individually. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California*, 248 F.3d 1333, 1347–48 (Fed. Cir. 2001); *Abbot Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995); *Rite-Hite Corp. v. Kelley Company, Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995). On the other hand, a non-exclusive licensee has no standing to sue for infringement. *Intellectual Prop. Dev.*, 248 F.3d 1333, at 1345. Moreover, a non-exclusive licensee cannot even be a party an infringement action. *Ortho Pharm. Corp.*, 52 F.3d 1026, at 1031:

> A holder of . . . a nonexclusive license suffers no legal injury from infringement and thus, has no standing to bring suit or ***even join in a suit with the patentee***. (emphasis added).

Here, the facts plead by Plaintiffs establish that Gillette has no rights in the patents-in-suit at all. Gillette does not own the patents. It is not a licensee of the patents. And if it ever had any right to bring suit -- and no such right is alleged -- it is Braun that the Plaintiffs now allege has that right. Plaintiffs allegations are dispositive on this issue. They specifically admit that "Braun … is the owner of ***all*** right, title and interest in and to the [patents-in-suit],

2

including all right to recover for any and all past infringement thereof. " Compl. ¶¶ 13, 18. These allegations establish that it is Braun, and Braun alone, that can bring this action.

Nor can Gillette claim that it has standing in this action based on the allegation that it is Braun's parent corporation. It is irrelevant that Gillette is Braun's parent. Under well-established legal principles, a parent corporation and its subsidiary are separate legal entities. *See*, *e.g.*, *Devlin v. WSI Corp.*, 833 F. Supp. 69, 74 (D. Mass. 1993) ("Under Massachusetts law a parent corporation and its subsidiary are separate corporate entities"). In other judicial districts, parent corporations have tried and failed to establish that they have standing to join a patent infringement action by merely alleging ownership of a subsidiary patent holder. *See*, *Schreiber Foods Inc. v. Beatrice Cheese, Inc.*, No. 97-C-11-97-C-556, 2004 WL 371822, at *8–9 (Feb. 20, 2004 E.D.Wis.) ("a corporate plaintiff in a patent-infringement case cannot have it both ways by arguing in the infringement case that it holds title to the patent, while in the meantime, assigning the patent to another corporation for tax purposes"); *Lans v. Gateway 2000, Inc.*, 84 F. Supp.2d 112, 121 fn. 8 (D.C.C. 1999), *aff'd, Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed Cir. 2001) (same reasoning); *Site Microsurgical Sys., Inc. v. Cooper Companies, Inc.*, 797 F. Supp. 333, 338 (D. Del. 1992) (rejecting an argument that "mere ownership of corporate stock makes the parent corporation a 'real party in interest'"); *Beam Laser Sys., Inc. v. Cox Communications, Inc.*, 117 F. Supp.2d 515, 521 (E.D. Va. 2000) (same reasoning). The reasoning of such precedent should persuade the Court to reject any argument by Gillette that its status as a parent corporation affords it standing to sue. Thus, for the foregoing reasons, this Court should dismiss Gillette from this action.

WHEREFORE, Remington respectfully asks this Court to dismiss the Complaint with respect to Plaintiff, Gillette.

Respectfully Submitted,

  /s/ Joseph E. Haviland_____
Thomas E. Dwyer, Jr. (BBO No. 139660)
Joseph E. Haviland (BBO No. 643814)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
(617) 371-1001 [phone]
(617) 371-1037 [facsimile]

Mark A. Pals
James A. Shimota
Kevin S. Ueland
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

Dated: March 29, 2004

## Certificate of Service

I, Joseph E. Haviland, hereby certify that a true copy of the above document was served by hand upon William L. Patton, Esquire, Ropes & Gray, LLP, One International Place, Boston, MA 02110 on March 29, 2004.

  /s/ Joseph E. Haviland_____
Joseph E. Haviland