IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY and BRAUN GmbH,<br><br>             Plaintiffs,<br><br>v.<br><br>REMINGTON PRODUCTS COMPANY, LLC,<br><br>             Defendant. | Civil Action No. 03-cv-12428-WGY |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFFS' COMPLAINT IN PART**

Plaintiffs The Gillette Company ("Gillette") and Braun GmbH ("Braun") respectfully submit this Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint in Part. As Defendant Remington Products Company, LLC ("Remington") readily concedes, Braun has standing to bring this patent infringement action as the owner of U.S. Patent No. 5,711,328 and U.S. Patent No. 5,649,556 (collectively, the "patents-in-suit"). It seeks dismissal of the Complaint on the sole theory that Gillette lacks standing. However, Gillette, as Braun's parent corporation, has equitable title to and interest in the patents-in-suit. As such, Gillette has standing to be a co-plaintiff with Braun to bring this action.

**ARGUMENT**

In light of Braun's clear standing to bring this action,[1] the rather academic question presented by Remington's motion is whether Gillette's presence in the action as a co-plaintiff

---

[1] Standing to bring a suit to enforce a patent is satisfied by "proof of ownership, by one or more [of] the named plaintiffs of the patent-in-suit…" Astra Aktiebolag v. Andrx Pharm., Inc., 222 F. Supp. 2d 423, 514 n.50 (S.D.N.Y. 2002) (finding that plaintiffs collectively met burden of demonstrating standing where one of the eight named plaintiffs was shown to be the legal owner of the patent-in-suit). In the present action, there can be no doubt that Braun, as the owner of the

offends the "case or controversy" requirement of Article III of the Constitution. See Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing constitutional roots of judicially created doctrine of standing as grounded in the principle of separation of powers).  In this case, Gillette -- as the parent corporation of Braun that shoulders the responsibility for the sales and marketing of Braun's products, including the products that employ the inventions disclosed by the patents-in-suit -- satisfies the constitutional requirement.

An equitable title holder to a patent has standing to seek equitable relief in federal district court.  See Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1580 (Fed. Cir. 1991) (stating that "a federal district court has jurisdiction to determine a 'claim for infringement,' asserted by an adjudged equitable title holder"); Pipe Liners, Inc. v. American Pipe & Plastics, Inc., 893 F. Supp. 704, 706 (S.D. Tex. 1995) (denying motion to dismiss parent corporation as co-plaintiff because parent corporation was equitable title holder of patent); see also Beam Laser Sys., Inc. v. Cox Communications, Inc., 117 F. Supp. 2d 515, 520 (E.D. Va. 2000) ("[T]here is authority for recognizing an equitable title to a patent, which confer standing . . . .").

It is a "well-established, and remarkably old," principle that "an equitable title to a patent accrues to a corporation in patents owned by its constituent corporation." Pipe Liners, 893 F. Supp. at 706 (holding that parent corporation had standing to assert equitable claims for patents owned by subsidiary) (citing Deller's WALKER ON PATENTS § 359 (2d ed. 1965) and Edison Elec. Light Co. v. New Haven Elec. Co., 35 F. 233, 236 (CC Conn. 1888)).  Thus, as the Federal Circuit has stated, a parent corporation "owns [its subsidiary] in its entirety []and therefore, in an indirect manner, the [subsidiary's patent] itself . . . ." Dainippon Screen Mfg. Co. v. CFMT, Inc., 142 F.3d 1266, 1272 (Fed. Cir. 1998).

---

patents-in-suit, has standing to bring the present action.  Compl. ¶¶ 13, 18; see also Def's. Mem. at 3.  Thus, Remington's motion must be denied.

Relying on this principle, the court in Pipe Liners held that, as the equitable owner of the patent, a parent corporation seeking equitable relief has standing to join a patent infringement suit as a co-plaintiff, alongside its subsidiary, the holder of the legal title to the patent. 893 F. Supp. at 706. Although not directly a case about standing, the Federal Court's decision in Dainippon is also instructive. In that case, an alleged infringer had brought a declaratory judgment action against the patent owner and its parent corporation. The Federal Circuit dismissed the case as against the subsidiary corporation, which owned the patent directly, for lack of personal jurisdiction; nonetheless, the court allowed the case to continue as to the parent corporation on the basis that the parent owned the subsidiary, and thus indirectly its patents. 142 F.3d at 1272-73.

None of the cases cited by Remington run counter to this principle. Instead, Remington relies on cases in which the plaintiff failed to join the legal title holder in the lawsuit. See, e.g., Schreiber Foods, Inc. v. Beatrice Cheese, Inc., No. 97-C-11, 97-C-566, 2004 WL 371822, at *1 (E.D. Wis. Feb. 20, 2004) (reversing a damages award to parent corporation where the legal owner of the patents at issue, a subsidiary of the named plaintiff, was not a party to the suit); Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 122-23 (D.C.C. 1999) (dismissing patent infringement complaint where plaintiff had assigned all rights in patent to unnamed third party), aff'd sub nom. Lans v. Digital Equip. Corp., 252 F.3d 1320, 1325 (Fed. Cir. 2001) ("The complaint did not include [the assignee holding legal title] as a plaintiff"). In sharp contrast, in the present action, there is no dispute but that the patent owner and legal title holder, Braun, has been named.

Remington's dependence on Site Microsurgical Sys., Inc. v. Cooper Co., Inc., 797 F. Supp. 333 (D. Del. 1992) is likewise inapposite. Site Microsurgical addressed the question

whether a parent corporation has the right to assert <u>legal</u> claims of its subsidiary and seek monetary damages for patent infringement. 797 F. Supp. at 335. "<u>Site Microsurgical</u> did not consider the separate issue of whether a parent corporation can be joined by the holder of legal title to a patent in an <u>equitable</u> action . . . ." <u>Pipe Liners</u>, 893 F. Supp. at 706. That issue was addressed squarely by the district court in <u>Pipe Liners</u>, which held that a parent corporation, as equitable title holder, has standing to join the legal title holder to a patent in an action seeking injunctive and other equitable relief. 893 F. Supp. at 706.[2]

The present action involves both Gillette and Braun as named plaintiffs. Gillette is Braun's parent corporation and, under <u>Dainippon</u>, could be sued directly by a patent infringer for declaratory relief. This is because Gillette -- as Braun's parent company, <u>see</u> Compl. ¶ 8 ("Braun is a wholly owned subsidiary of Gillette.") -- owns Braun and therefore, indirectly, holds equitable title to Braun's patents, including the patents-in-suit. As such, Gillette has standing to join Braun in seeking equitable relief from Remington's infringement. Moreover, Gillette plays a central role in the Braun products that embody the inventions disclosed by the patents-in-suit. In particular, Gillette is responsible for the sales, marketing and general business management of these products. <u>See, e.g.</u>, <u>Kalman v. Berlyn Corp.</u>, 914 F.2d 1473, 1481-82 (Fed. Cir. 1991) (holding that company that manufactured and marketed products embodying patented invention had standing to sue infringer as co-plaintiff with patentee).

Significantly, Gillette's presence in this action will not affect discovery, legal arguments, or the trial of the case. <u>See</u> <u>Pipe Liners</u>, 893 F. Supp. at 706. This is not a case where a nonexclusive licensee seeks to recover "damage" apart from that suffered by the patent owner.

---

[2] In the remaining case relied on by Remington -- <u>Beam Laser</u>, 117 F. Supp.2d 515 -- the district court rejected the decision in <u>Pipe Liners</u> as "unpersuasive," without further explanation. <u>Id.</u> at 521. Given the long standing principle underlying the <u>Pipe Liners</u> decision and the Federal Circuit's decision in <u>Dainippon</u>, the decision in <u>Beam Laser</u> is unsupportable.

Cf. Ortho Pharm. Corp. v. Genetics Institute, Inc., 52 F.3d 1026, 1031 (Fed. Cir. 1995) (holding that nonexclusive licensee lacked standing even though there was no doubt that it suffered economic injury because the injury was not legally cognizable since the license did not grant monopoly rights to licensee). Nor does this case offend the policies underlying the patent law's reluctance to confer standing on a nonexclusive licensee to sue a third party infringer. Namely, the present action does not offend the interest of an infringer to be free from a second suit brought by the patent owner. See A.J. Smith Iron Co. v. Dickson, 141 F.2d 3, 6 (2d Cir. 1944). In this case, Braun – the patent owner – is a party. And the present action does not offend the interest of the patent owner to choose its own forum. Id. In this case, Braun – a co-plaintiff – has chosen this same forum.

Given that, it is implausible to see how Gillette's presence as co-plaintiff offends the constitutional principles of separation of powers underlying the standing doctrine. See Allen, 468 U.S. at 750. Bringing a motion to dismiss Gillette where, no matter the outcome, "virtually everything would proceed as before" is to bring a "paper battle" and "a preposterous waste of time for the Court, the attorneys in this case, and their clients." Pipe Liners, 893 F. Supp. at 706. As unwilling participants in this "paper battle," Plaintiffs respectfully request that this Court deny Remington's motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Remington's Motion to Dismiss Plaintiffs' Complaint in Part.

        THE GILLETTE COMPANY and
        BRAUN GmbH

        By their attorneys,

        /s/ Dalila Argaez Wendlandt
        William L. Patton (BBO #391640)
        Dalila Argaez Wendlandt (BBO #639280)
        ROPES & GRAY LLP
        One International Place
        Boston, MA 02110-2624
        (617) 951-7000

Dated: April 7, 2004

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party electronically and by hand on April 7, 2004.

                              /s/ Dalila Argaez Wendlandt

Service List

Thomas E. Dwyer, Jr.
Joseph E. Haviland
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110-1122
Tel.  (617) 371-1001
Fax  (617) 371-1037
(Attorneys for Remington Products Company, LLC)