# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE GILLETTE COMPANY AND )
BRAUN GmbH, )
                                   )
             Plaintiffs, )
                                   )
               v. )           Civil Action No. 03-CV-12428-WGY
                                   )
REMINGTON PRODUCTS COMPANY, )
LLC, )
               Defendant. )

## MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF REMINGTON'S
## MOTION TO DISMISS GILLETTE AND BRAUN'S COMPLAINT IN PART

       Gillette asks this Court to disregard the corporate structure it established and allow it to participate in this case as a plaintiff when it has no right, title, or interest in the patents-in-suit. This cannot be done. Moreover, it appears from public records that Gillette is not, in fact, the direct parent of Braun GmbH ("Braun"). Rather, based on Gillette's most recent 10-K Statement, it appears that Braun GmbH is actually a subsidiary of Gillette Holding GmbH, which in turn is a subsidiary of the The Gillette Company. *See* Tab A at Exhibit 21 (eighth from last page of Statement). Accordingly, insofar as Gillette seemingly cannot claim to be the patent owner's parent corporation, the Court should grant the present motion as a matter of course.

       Even if Gillette is Braun's parent, "a corporate plaintiff in a patent-infringement case cannot have it both ways by arguing in the infringement case that it holds title to the patent, while in the meantime, assigning the patent to another corporation...." *Schreiber Foods Inc. v. Beatrice Cheese, Inc.*, No. 97-C-11-97-C-556, 2004 WL 371822, at *8–9 (Feb. 20, 2004 E.D.Wis.). Gillette (whether Braun's parent or not) lacks standing to join in this action and should be dismissed.

**ARGUMENT**

Gillette concedes that at a minimum it lacks standing to join in the legal aspect of this suit and thus cannot recover any damages it has allegedly suffered as a result of Remington's purported infringement.  *See*, Gillette Br. at 1 (opposing Remington's motion ***in part***).  Pursuant to the Local Rules of this Court, Remington attempted to meet and confer with Gillette regarding the present motion, at which time Gillette refused its consent.  Given that Gillette was subsequently forced to admit that Remington's Motion is at least partially well taken, Gillette's claim that it is an "unwilling participant" in a "paper battle" rings hollow.

Gillette then misses the mark when it mischaracterizes precedent in an attempt to remain part of this litigation.  Contrary to Gillette's assertion, *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574 (Fed. Cir. 1991), does not establish any exception to the rule regarding standing presented in Remington's Opening Brief.  Rather, *Arachnid* merely establishes that an "***adjudged*** equitable title holder" of a patent may ***then*** sue the putative title holder, who may have, for example, fraudulently induced a transfer of title, for patent infringement in the same action.  *See id.* at 1580 (emphasis added).  This is simply not the case in which Gillette is arguing that Braun swindled Gillette out of patent rights.

Next, in *Dainippon Screen Mfg. Co., Ltd. v. CMFT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998), the Federal Circuit addressed the question of personal jurisdiction, not standing, and it can therefore hardly support Gillette's "partial standing" argument.  Gillette cites *Kalman v. Berlyn Corp.*, 914 F.2d 1473 (Fed. Cir. 1991), for the proposition that a "company that manufactured and marketed products embodying patented invention had standing to sue infringer as a co-plaintiff with patentee."  *See*, Gillette Br. at 4.  But Gillette ignores the fact that in *Kalman*, the co-plaintiff had an exclusive license to sell devices under the patent, and that the court there

emphasized that its holding was limited to an instance "when the nexus between the sole licensee and the patentee is so clearly defined [that] the sole licensee must be recognized as the real party in interest." *See id.* at 1482.  In contrast, Gillette offers no evidence here that it is a licensee – let alone an exclusive licensee – under the patents.  Thus, *Kalman* does not support Gillette's claim.

Gillette is thus forced to rely solely on non-binding precedent, *Pipe Liners, Inc. v. American Pipe & Plastics, Inc.*, 893 F. Supp. 704 (S.D. Texas 1995).  No other court has adopted the reasoning in this case, however, and one court, in a case cited by Gillette, has expressly stated that it found *Pipe Liners* not persuasive authority.  *See*, *Beam Laser Sys., Inc. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515, 520 (E.D. Va. 2000).

Simply put, this case presents a situation where there are two separate corporate entities bringing an action for infringement.  One entity, Braun, "is the owner of ***all*** right, title and interest in and to" the patents-in-suit.  Compl. at ¶¶ 13, 18.  The other entity, Gillette, by definition then, has ***no*** right, title, or interest in the patents-in-suit.  Gillette instead claims that because it is allegedly the parent corporation (although it appears that it is at best two steps removed), it should be allowed to participate in seeking equitable relief.[1]  This argument, essentially asking this Court to disregard the separate corporate structures that it set up, is contrary to well established law.  *See*, *e.g.*, *Devlin v. WSI Corp.*, 833 F. Supp. 69, 74 (D. Mass. 1993) ("Under Massachusetts law a parent corporation and its subsidiary are separate corporate entities"); *see also*, *Commonwealth v. Beneficial Finance Co.*, 275 N.E.2d 33, 91 (Mass. 1971) (the law is well settled that the parent's ownership of the entire stock of its subsidiary as well as control over the latter's affairs do not, without more, warrant treating 2 separate and distinct corporate entities identically").  Indeed, in *Beam Laser*, the court rejected an argument that the

---

[1]    Gillette offers no reason why it needs to be named as a co-plaintiff in order for this relief to be granted.  Indeed, the patentee, if successful in proving infringement, would be entitled to both equitable and legal relief.

ownership of the patentee's stock was sufficient to find an equitable ownership of the patents at

issue.  *See,* 117 F. Supp. 2d 515 at 521.  This court should follow the reasoning of *Beam Laser*,

and find that Gillette should be dismissed from this action for lack of proper standing.

WHEREFORE, Remington respectfully asks this Court to dismiss the Complaint

with respect to Plaintiff, Gillette.

Respectfully Submitted,


___/s/ Joseph E. Haviland_____
Thomas E. Dwyer, Jr. (BBO No. 139660)
Joseph E. Haviland (BBO No. 643814)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
(617) 371-1001 [phone]
(617) 371-1037 [facsimile]

Mark A. Pals
James A. Shimota
Kevin S. Ueland
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]


Dated:  April 22, 2004


## Certificate of Service

I, Joseph E. Haviland, hereby certify that a true copy of the above document was served
by hand upon William L. Patton, Esquire, Ropes & Gray, LLP, One International Place, Boston,
MA 02110 on April 23, 2004.


___/s/ Joseph E. Haviland _____
Joseph E. Haviland