## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Braun GmbH, | ) |
| *Plaintiff,* | ) |
| vs. | ) Civil Action No. 03-CV-12428-WGY |
| Remington Products Company, LLC, | ) |
| *Defendant.* | ) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT INVENTORSHIP

**I.    INTRODUCTION**

Defendant Remington Products Company, LLC ("Remington") hereby opposes Plaintiff Braun GmbH's ("Braun's") motion to correct inventorship of U.S. Patent Nos. 5,711,328 and 5,649,556 (collectively the "patents-in-suit") by adding Dr. Dietrich Pahl. Simply, Braun's motion puts the cart far before the horse.

*First*, the issue of inventorship is not even before the Court because Braun has not even included a count on the issue in the Complaint. Braun's motion should thus be denied as procedurally defective insofar as Braun failed to include a count in its Complaint requesting correction of inventorship pursuant to Section 256 of the Patent Act, 35 U.S.C. § 256 (2004) ("Section 256").

*Second*, discovery has not yet begun, and Remington has not had a full and fair opportunity to probe Dr. Pahl's state of mind regarding inventorship of the patents-in-suit. Given Braun's assertion that Dr. Pahl is a co-inventor of one or more claims of the patents-in-suit, if he is not added as a co-inventor, the patents-in-suit are invalid. 35 U.S.C. § 102(f). While Section 256 allows for correction of inventorship, a lack of deceptive intent on the part of the non-joined inventor is a prerequisite to correction, and all evidence concerning intent is currently in Braun's possession or the possession of a retired Braun employee.

Accordingly, Remington hereby opposes Braun's motion to correct inventorship of the patents-in-suit by adding Dr. Dietrich Pahl. If Braun proposes to move for correction of inventorship, it should first plead a claim to that effect. Even if the Court were inclined to consider Braun's unplead claim, pursuant to Federal Rule of Civil Procedure 56(f), Remington should not be deprived of an invalidity defense without a full and fair opportunity to take discovery including, but not limited to, the depositions of the named inventor and the alleged inventor Braun seeks to join.

## II.     ARGUMENT

### A.     Braun Has Not Plead a Claim for Correction of Inventorship, and Thus the Present Motion is not Properly Before the Court.

The standard for pleading is set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Thereafter, an opponent is given the opportunity to answer or otherwise object to the claim(s) set forth in a complaint.  FED. R. CIV. P. 12.  The Rules thus dictate a process which parties must follow before the Court can even consider granting the relief requested.

Braun now moves this Court to correct inventorship pursuant to Section 256, but does so without including a proper count in its Complaint or allowing Remington the opportunity to answer that count.  Braun's motion is directly contrary to the Federal Rules and the case law cited by Braun which requires a party seeking to correct inventorship to specifically claim for such relief under Section 256.  *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) (stating that "a patent with improper inventorship does not avoid invalidation simply because it *might* be corrected under section 256" but rather that "the patentee must claim entitlement to relief under the statute" in order to correct inventorship) (emphasis in original).  Braun's failure to include a claim under Section 256 in its complaint renders its motion to correct inventorship procedurally defective and dictates its denial.[1]

---

[1] Precedent from this District, *Elmuts v. General Housewares Corp.*, No. CIV.A.99-11988-GAO, 2002 WL 436760 (D. Mass. Mar. 21, 2002), is instructive.  In *Elmuts*, this Court denied the plaintiffs' motion for leave to file a second amended complaint to add a claim under section 256.  *Id*. at *4.  There, the complaint generally asserted a defect in inventorship, but did not include an actual claim under section 256.  *Id*.  Here, not only does Braun's Complaint lack an inventorship count, it is completely silent on the issue.

**B.  Pursuant to Rule 56(f), Remington Should be Afforded an Opportunity for Specific Discovery Before the Court Considers Braun's Motion.**

Section 102(f) of the Patent Act provides that a person is not entitled to a patent if "he did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f). "Thus, section 102(f) still makes the naming of the correct inventor or inventors a condition of patentability; failure to name them renders a patent invalid." *Pannu*, 155 F.3d at 1349-50. Insofar as Braun asserts that Dr. Pahl is a non-joined, co-inventor of the patents-in-suit (which, for now, Remington will assume is factually accurate), absent correction of inventorship, Remington has a complete invalidity defense pursuant to Section 102(f) for all asserted claims.

Section 256 does allow correction of inventorship under certain circumstances. 35 U.S.C. § 256. As Braun does and must concede, however, corrective action under Section 256 is allowed only if Dr. Pahl acted without deceitful intent. *Id.* Remington cannot possibly assess the merits of Braun's explanation for Dr. Pahl's exclusion prior to discovery, and thus it is unjust to force Remington to waive an invalidity defense under Section 102(f) at this stage.

Federal Rule of Civil Procedure 56(f) allows the court to refuse a party's motion for summary judgment in the interest of allowing the non-moving party time for discovery. FED. R. CIV. P. 56(f); *see also*, *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988) (Rule 56(f) "comprises a procedural escape hatch for a party who genuinely requires additional time to marshal facts essential to its opposition when confronted by a summary judgment motion."). Braun filed its motion before fact discovery has even begun, making the application of Rule 56(f) particularly appropriate here. In order to assess the appropriateness of Braun's request for correction of inventorship of the patents-in-suit, Remington must, at minimum, have the opportunity to conduct appropriate written discovery and

4

depose both Dr. Pahl and Mr. Braun. *See Massachusetts Sch. of Law at Andover, Inc. v. American Bar Assoc.*, 142 F.3d 26, 44 (1st Cir. 1998) (application of Rule 56(f) is warranted where a party identifies the discovery sought for claims-at-issue). Braun currently possesses all evidence relating to the issue of inventorship, or it is in the possession of a foreign citizen. Denying Braun's motion, and allowing Remington the opportunity for discovery, is the correct result.

**III.   CONCLUSION**

For the foregoing reasons, Remington respectfully requests that this Court deny Braun's motion to correct inventorship of the patents-in-suit.

Respectfully submitted,

  /s/ Joseph E. Haviland
Thomas E. Dwyer, Jr. (BBO No. 139660)
Joseph E. Haviland (BBO No. 643814)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1000 [phone]
617-371-1037 [facsimile]

Mark A. Pals
James A. Shimota
Kevin S. Ueland
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

Dated:  August 16, 2004

**Certificate of Service**

I, Joseph E. Haviland, hereby certify that a true copy of the above document was served by hand upon William L. Patton, Esquire, Ropes & Gray, LLP, One International Place, Boston, MA 02110 on August 16, 2004.

  /s/ Joseph E. Haviland
Joseph E. Haviland

5