IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH,<br><br>    Plaintiff,<br><br>    v.<br><br>REMINGTON PRODUCTS COMPANY, LLC,<br><br>    Defendant. | Civil Action No. 03-CV-12428-WGY |

**BRAUN GmbH'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO CORRECT INVENTORSHIP**

Defendant Remington Products Company, LLC ("Remington") opposes the Motion To Correct Inventorship of Plaintiff Braun GmbH ("Braun") on two grounds. First, Remington contends that Braun's motion is not properly before this Court as it has not pled a claim for correction of inventorship in the Complaint. (Opp. at 3.) Second, Remington states that under Rule 56(f) it is entitled to discovery on the issue before the Court considers Braun's motion. (Opp. at 4-5.) Both arguments are incorrect as a matter of law, and therefore Braun's motion to correct inventorship should be granted.

**I.   BRAUN'S MOTION TO CORRECT INVENTORSHIP PROPERLY PRESENTS THE ISSUE TO THE COURT.**

Section 256 of the Patent Act provides a party with two alternate procedures to correct inventorship on a patent. See 35 U.S.C. § 256. A party may seek correction directly from the Patent and Trademark Office or, as Braun has done in the instant case, avail itself of the authority of the District Court to order correction of the patent "on notice and hearing of all parties concerned." Id. Remington mistakenly interprets this notice requirement to mean that Braun must include an additional count seeking correction of inventorship in the infringement

9522181_1

complaint against it and that it must have the opportunity to answer that charge. There is no support for Remington's novel interpretation of Section 256.

A court has the authority to correct the omission of an inventor "upon a showing that the error occurred without any deceptive intent on the part of the unnamed inventor." Pannu v. Iolab, 155 F.3d 1344, 1350 (Fed. Cir. 1998). In the instant case, there is no dispute among the named and unnamed inventor and the assignee of the patents-in-suit that correction of inventorship is warranted; nor is there evidence of deceptive intent. Thus, correction of inventorship is "essentially a foregone conclusion." Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc., 218 F. Supp. 2d 1243, 1246 (S.D. Cal. 2002). Though the Court may permit Remington to intervene and be heard on the inventorship issue, see id. at 1247, they are not a necessary party to its resolution and it would therefore be illogical to require Braun to include a Section 256 claim as a part of the Complaint against Remington, and indeed, to permit Remington to answer the count, as it claims is its right.

Remington offers no legal support for its position. Pannu is entirely consistent with Braun's position. Though it requires a party to make a claim for relief under Section 256, it nowhere states that the claim must be presented in the form of a complaint. See Pannu, 155 F.3d at 1350. Indeed, in factual circumstances procedurally similar to the one presented by this case, courts have routinely accepted and ruled upon motions to correct inventorship under Section 256. See, e.g., Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 12 F. Supp. 2d 69, 70 (D. Mass. 1998) (The "court directed PerSeptive to move to correct inventorship of the patents . . . [P]laintiff moved to correct the inventorship."); Akiebolag v. Waukesha Cutting Tools Inc., 1 U.S.P.Q.2d 2002 (E.D. Wis. 1986) ("[P]laintiffs moved to correct the named inventorship of the

patents-in-suit to reflect the joint inventorship . . . . [P]laintiffs' § 256 motion will be granted").[1]

Braun's motion to correct inventorship has been promptly and appropriately presented to the Court, and no amendment to the Complaint is required.

## II. REMINGTON WILL HAVE AMPLE OPPORTUNITY TO ATTEMPT TO CHALLENGE THE VALIDITY OF BRAUN'S PATENTS DURING AND AFTER DISCOVERY

Remington also argues that the Court should permit it to take specific discovery to determine if Dr. Pahl, the unnamed inventor, acted with deceptive intent.[2] Braun does not oppose, and indeed eagerly welcomes, discovery in the substantive infringement action against Remington. However, disposition of Braun's motion to correct inventorship should not be delayed by this discovery. On the record before this Court, which includes the statutory requirements of affidavits from the named inventor, unnamed inventor, and the assignee, there is no evidence of deceitful intent on the part of the unnamed inventor. Absent such evidence, Braun is entitled to the presumption that such intent is lacking and accordingly to have its patents corrected to name Dr. Pahl as an inventor. See Pannu, 155 F.3d at 1350.

Remington's right to attempt to contest the validity of the patents-in-suit based upon 35 U.S.C. § 102(f) is not, as it contends, impacted by correction of the patents at this stage of the litigation. As a defense to Braun's infringement claims, Remington can attempt to challenge the

---

[1] Remington's reliance upon Judge O'Toole's decision in Elmuts v. General Housewares Corp., No. CIV.A. 99-11988-GAO, 2002 WL 436760 (D. Mass. Mar. 21, 2002), is misplaced. In Elmuts, plaintiffs stated claims for conversion, unjust enrichment, and violation of chapter 93A. Almost two years after filing their original complaint and months after the close of discovery, plaintiffs moved to amend their complaint to state a cause of action under Section 256, seeking to remove an agent of the defendant corporation from the patent. The court denied the motion to amend. In sharp contrast, in this case Braun has moved to correct inventorship before any discovery has occurred and the correction would add an unnamed inventor who has no relation to Remington.

[2] For reasons which are unclear to Braun, Remington relies upon Fed. R. Civ. P. 56(f), which permits additional discovery to be taken in opposition to summary judgment motions. Remington's reliance on this provision is misplaced; however, as it makes no difference to the outcome, Braun will assume, only for purposes of this motion, that it applies to its motion under Section 256.

validity of the patents on any ground, including any evidence of inequitable conduct (though there is none) on the part of the unnamed inventor.  See Nichols Inst., 218 F. Supp.2d at 1250.  However, the outcome of that eventual hypothetical challenge has no bearing on the appropriateness of granting Braun's motion at this time.  "Nothing in the statute governing a court's power to correct inventorship. . . prevents a court from correcting the inventorship of an unenforceable patent."  Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd., 292 F.3d 1363 (Fed. Cir. 2002).  As Remington will have a full and fair opportunity to secure the necessary discovery and present the fruits of that discovery to the Court, its opposition to the present motion is baseless.

## CONCLUSION

For the foregoing reasons and those stated in the Memorandum of Law in Support of Braun's Motion to Correct Inventorship, the motion should be granted.

BRAUN GmbH

By its attorneys,

/s/ Dalila Argaez Wendlandt
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
(617) 951-7050 (facsimile)

Dated:  August 24, 2004