IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 03-12428-WGY |
| REMINGTON PRODUCTS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, and the Court's Notice of Scheduling Conference dated August 26, 2004, counsel for the parties have conferred on August 30, 2004 to: (1) prepare an agenda of matters to be discussed at the September 14, 2004 Scheduling Conference; (2) prepare a proposed pretrial schedule for the case, including a discovery plan; and (3) consider whether they will consent to trial by a magistrate judge. Counsel hereby submit this Joint Statement pursuant to Local Rule 16.1(D).

I.    PROPOSED AGENDA OF MATTERS TO BE DISCUSSED

    A.    Background of the Litigation

    B.    Proposed Pretrial Schedule

    C.    Trial Before a United States Magistrate Judge

    D.    Settlement

    E.    Local Rule 16.1(D)(3) Certifications

    F.    Alternative Dispute Resolution

II.    BACKGROUND OF THE LITIGATION

Plaintiff Braun GmbH ("Braun") brings its claims for patent infringement and correction of inventorship against Remington Products Company, LLC ("Remington").  Braun alleges that Remington is infringing on two of its patents related to cleaning systems for dry shavers, specifically U.S. Patent No. 5,711,328 ("'328 patent'") and U.S. Patent No. 5,649,556 ("'556 patent").  Additionally, Braun has asked the Court to correct inventorship pursuant to 35 U.S.C. § 256 on both the '328 and '556 patents to include Dr. Pahl, who was omitted from the patent applications.  Braun seeks both injunctive relief and damages.  Remington denies that it infringes the '328 and '556 patents, contends that they are invalid, and pending discovery, opposes the correction of inventorship.

III.    PROPOSED PRETRIAL SCHEDULE

The parties agree to generally be bound by the discovery event limitations set forth in Local Rule 26.1(C), but also agree to the following modifications:

1.    Depositions will be limited to a total of 80 hours; and

2.    More than one 30(b)(6) deposition of a corporate entity will be permitted.

Additionally, the parties agree that:

1.    Service by facsimile will be equivalent to service by hand;

2.    The parties will provide certified translations of all foreign language documents; and

3.    Braun will cooperate with Remington in scheduling depositions that may need to occur in Germany to maximize efficiency and will make all efforts to make its witnesses available without the need to resort to the formalities of the Hague Convention.

4.    Where a deposition is being conducted in a foreign language, the parties will negotiate time limits to reasonably accommodate the translation process.

Braun and Remington differ substantially with regard to a proposed pretrial schedule.  As the parties are unable to resolve these differences, both proposals are included herein for the Court's consideration.

       A.     <u>Braun's Proposed Schedule</u>:

| | |
|---|---|
| Initial Disclosures Exchanged by Parties | September 17, 2004 |
| Dispositive Motion Regarding Infringement, Including with Braun's Claim Construction Under <u>Markman</u> | October 15, 2004 |
| Opposition to Dispositive Motion, Including Remington's Claim Construction Under <u>Markman</u> | October 29, 2004 |
| Reply to Opposition to Dispositive Motion | November 5, 2004 |
| Hearing on Motion For Summary Judgment on Infringement | Scheduled by Court |
| Close of Fact Discovery | March 18, 2005 |
| Expert Disclosure of Party With Burden | April 1, 2005 |
| Expert Disclosure of Opposing Party | April 15, 2005 |
| Rebuttal Expert Disclosure | April 22, 2005 |
| Close of Expert Discovery | May 20, 2005 |
| Additional Dispositive Motions | June 10, 2005 |
| Final Pretrial Conference | July 18, 2005 |
| Trial Commences (Estimated 1-2 weeks for trial) | July 29, 2005 |

       B.     <u>Remington's Proposed Schedule</u>:

| | |
|---|---|
| Deadline to Add Parties and Claims | November 5, 2004 |
| Braun's Infringement and Claim Construction Contentions | November 19, 2004 |
| Remington's Non-Infringement and Claim Construction Contentions | December 21, 2004 |

| | |
|---|---|
| Braun's <u>Markman</u> Brief | January 7, 2005 |
| Remington's <u>Markman</u> Brief | January 28, 2005 |
| Braun's Reply Brief | February 11, 2005 |
| <u>Markman</u> Hearing | March 11, 2005 |
| Expert Report of Party with Burden | April 1, 2005 |
| Rebuttal Expert Report | May 6, 2005 |
| Rebuttal Expert Report of Party with Burden | May 20, 2005 |
| Dispositive Motions | July 1, 2005 |
| All Discovery Closes | September 2, 2005 |
| Trial Commences<br>(Estimated 1-2 weeks for trial) | November 11, 2005 |

In addition, Remington proposes to bifurcate liability from willfulness and damages both at trial and during discovery.

IV.    <u>TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE</u>

At this time, the parties do not consent to the assignment of this matter to a United States Magistrate Judge.

V.    <u>SETTLEMENT</u>

On September 3, 2004, Braun indicated that it was unable to make a formal settlement offer to Remington until it received and analyzed a sample of Remington's new foil shaver. While Braun has received this sample, its analysis is incomplete. Once the analysis has been completed, Braun will make a formal offer pursuant to Local Rule 16.1(C). Until that time, the parties are continuing to explore a range of settlement options in this matter, and will keep the Court apprised of their progress.

## VI.  LOCAL RULE 16.1(D)(3) CERTIFICATIONS

The required certifications from counsel and the parties that they have conferred with respect to budgetary concerns and possible resolution through ADR programs are attached hereto.

## VII.  ALTERNATIVE DISPUTE RESOLUTION

At present, the parties are not prepared to consent to alternative dispute resolution.

By their attorneys,

| ROPES & GRAY LLP | DWYER & COLLORA LLP |
|---|---|
| By: /s/ Dalila Argaez Wendlandt<br><br>William L. Patton (BBO #391640)<br>Dalila Argaez Wendlandt (BBO #639280)<br>Lesley Wolf (BBO #651199)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000<br>Facsimile:  (617) 951-7050 | By:  /s/ Mark A. Pals<br>Joseph E. Haviland (BBO #643814)<br>Dwyer & Collora LLP<br>600 Atlantic Avenue<br>Boston, MA  0210-1122<br>(617) 371- 1000<br>Facsimile: (617)371-1037<br><br>Mark A. Pals (admitted *pro hac vice*)<br>James A. Shimota (admitted *pro hac vice*)<br>Kevin S. Ueland (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>Aon Center<br>200 E. Randolph Dr.<br>Chicago, IL 60601<br>(312) 861-2000<br>Facsimile: (312) 861-2200 |
| Attorneys for Plaintiff<br>Braun GmbH<br><br>Dated:  September 7, 2004 | Attorneys for Defendant<br>Remington Products Company, LLC<br><br>Dated:  September 7, 2004 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRAUN GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 03-12428-WGY |
| REMINGTON PRODUCTS COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## CERTIFICATION OF PLAINTIFF BRAUN GmbH REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTION

The undersigned confirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, for the above-captioned litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


ROPES & GRAY LLP                              Braun GmbH


By:  _/s/  Dalila Argaez Wendlandt            By:  /s/ Wolfgang Vorbeck__

William L. Patton (BBO #391640)                Wolfgang Vorbeck
Dalila Argaez Wendlandt (BBO #639280)          Director, Patents and Trademarks
Lesley Wolf (BBO #651199)                      Braun GmbH
ROPES & GRAY LLP                               Frankfurter Strasse 145, 61476
One International Place                         Kronberg im Taunus, Germany
Boston, MA 02110-2624
(617) 951-7000
Facsimile:  (617) 951-7050                     Dated:  September 7, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH,                    ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.                      ) | Civil Action No. 03-12428-WGY |
| ) | |
| REMINGTON PRODUCTS     ) | |
| COMPANY, LLC,              ) | |
| ) | |
| Defendant.      ) | |
| ) | |
| ) | |

## CERTIFICATION OF DEFENDANT REMINGTON PRODUCTS COMPANY, LLC REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTION

The undersigned confirm that they have conferred: (a) with a view to establishing a

budget for the costs of conducting the full course, and various alternative courses, for the above-

captioned litigation; and (b) to consider the resolution of the litigation through the use of

alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Remington Products Company, LLC

By: /s/ James T. Lucke              By: /s/ Mark A. Pals

Senior Vice President, Secretary and General Counsel    Joseph E. Haviland (BBO #643814)
Rayovac Corporation                          Dwyer & Collora LLP
Six Concourse Parkway                        600 Atlantic Avenue
Atlanta, GA 30328                            Boston, MA  0210-1122
                                             (617) 371- 1000
                                             Facsimile: (617)371-1037

                                             Mark A. Pals (*pro hac vice*)

James A. Shimota (*pro hac vice*)
Kevin S. Ueland (*pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-2000
Facsimile:  (312) 861-2200