IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH,<br><br>         Plaintiff,<br><br>         v.<br><br>REMINGTON PRODUCTS COMPANY,<br>LLC,<br><br>         Defendant. | Civil Action No. 03-CV-12428-WGY |

**FIRST AMENDED COMPLAINT**

Plaintiff Braun GmbH ("Braun"), for their complaint against defendant Remington Products Company, LLC ("Remington"), alleges as follows:

**NATURE OF THE ACTION**

1.      Braun, a wholly owned subsidiary of Gillette Holding Company -- a wholly owned subsidiary of the Gillette Company ("Gillette") and a leading global manufacturer of electric shavers, brings this action to stop Remington from willfully infringing Braun's pioneering patented technology on shaving products.

2.      Braun is the world leader in the development and marketing of dry shavers, due in no small measure to its longstanding technological advantage over its rivals, including Remington. Braun's patented technology is the result of its extensive and successful research and development programs.

3.      Braun's current dry shaving products – its Syncro System Smart Logic products – incorporate patented features that distinguish them from the competition. These features include Braun's automatic self-cleaning Clean&Charge® system designed to thoroughly and hygienically clean the dry shaver for optimal shaver

performance. As explained in the Syncro System Smart Logic package, the Clean&Charge system provides "[c]onvenient cleaning with no mess, no fuss or removing the foil." The innovation of the Clean&Charge system is the subject of Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556.

4.    On information and belief, in or about October 2003 Remington launched a dry shaver system called "Titanium Smart System," which Remington markets as the "world's first rotary cleaning system" (the "Titanium Smart System rotary cleaner"). It includes a cleaning device, which Remington calls the "Smart Cleaner" that "automatically cleans, charges and renews" the dry shaver. Importantly, this device is an unauthorized use of Braun's patented technology described above.

5.    On information and belief, in or about August 2004 Remington launched another dry shaver system, also under the name "Titanium Smart System," which Remington markets as the "world's 1st foil cleaning system with titanium" (the "Titanium Smart System foil cleaner," together with the Titanium Smart System rotary cleaner, the "Titanium Smart Systems"). It includes a cleaning device, which Remington also calls "Smart Cleaner" that "automatically cleans, charges, and renews" the dry shaver. Importantly, this device, like its predecessor, is an unauthorized use of Braun's patented technology described above.

6.    Remington's Titanium Smart Systems are blatant attempts by Remington to seize a significant part of Braun's business by misappropriating Braun's own, patented technology.

7.    Braun brings this action, seeking both injunctive relief and damages. Braun respectfully requests that this Court enjoin Remington from making,

importing, advertising and selling the Titanium Smart Systems and further requests an award of damages to compensate them for the injuries they have already suffered.  Braun also requests that it be awarded treble damages, attorneys' fees, and related legal costs and expenses.

## THE PARTIES

8.      Braun is a German corporation headquartered in Kronberg, Germany.  Braun is a wholly owned subsidiary of Gillette Holding Company, which is also a German corporation and wholly owned by Gillette, a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

9.      On information and belief, Remington is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Bridgeport, Connecticut.

10.      On information and belief, Remington makes, uses, sells and/or offers for sale throughout the United States the shaving products alleged herein to infringe Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556.  On information and belief, Remington does business in this Judicial District.

## JURISDICTION AND VENUE

11.    This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  Jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. §§ 1338 (patents) and 1331 (federal question).  Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because defendant resides in this Judicial District within the meaning of those provisions.

## FIRST CAUSE OF ACTION
### (For Patent Infringement)

12.    Braun repeats and realleges the allegations of paragraphs 1 through 10 above.

13.    On January 27, 1998, U.S. Patent No. 5,711,328 ("the '328 patent"), entitled "Cleaning Device for the Shaving Head of a Dry Shaver," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun.  (A copy of the '328 patent is annexed hereto as Exhibit 1.)  Braun Aktiengesellschaft subsequently changed its name to Braun GmbH.  Braun, therefore, is the owner of all right, title and interest in and to the '328 patent, including all right to recover for any and all past infringement thereof.

14.    Upon information and belief, Remington has been and is now infringing the '328 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '328 patent, including products designated as the Titanium Smart System, including the Titanium Smart System rotary cleaner and the Titanium Smart System foil cleaner.

15.     Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

16.     Braun has been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Braun has no adequate remedy at law.  Remington's infringing activities will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (For Patent Infringement)

17.     Braun repeats and realleges the allegations of paragraphs 1 through 15 above.

18.     On July 22, 1997, U.S. Patent No. 5,649,556 ("the '556 patent"), entitled "Cleaning Device for Cleaning the Shaving Head of a Dry Shaving Apparatus," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun.  (A copy of the '556 patent is annexed hereto as Exhibit 2.)  Braun Aktiengesellschaft subsequently changed its name to Braun GmbH.  Braun, therefore, is the owner of all right, title and interest in and to the '556 patent, including all right to recover for any and all past infringement thereof.

19.     Upon information and belief, Remington has been and is now infringing the '556 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '556 patent, including products designated as the Titanium Smart System, including the Titanium Smart System rotary cleaner and the Titanium Smart System foil cleaner.

20.    Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

21.    Braun has been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Braun has no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

### THIRD CAUSE OF ACTION
### (For Correction of Inventorship)

22.    Braun repeats and realleges the allegations of paragraphs 1 through 20 above.

23.    The '328 patent listed Gebhard Braun as the sole inventor.

24.    However, Dr. Dietrich Pahl ("Dr. Pahl) also made significant contributions to the invention disclosed therein and therefore is, in fact, and inventor of the '328 patent.

25.    The omission of Dr. Pahl from the '328 patent application occurred without any deceptive intent and reflected a misunderstanding of the requirements of United States patent law and its differences from German law.

26.    Mr. Braun, Dr. Pahl, and Braun consent to the correction of inventorship so as to reflect that Dr. Pahl is a co-inventor on the '328 patent.

27.    Correction of inventorship is necessary to create an enforceable patent right, and therefore, before the Court can enjoin Remington's infringing conduct, it must order the correction of the '328 patent.

## FOURTH CAUSE OF ACTION
### (For Correction of Inventorship)

28.     Braun repeats and realleges the allegations of paragraphs 1 through 26 above.

29.     The '556 patent listed Gebhard Braun as the sole inventor.

30.     However, Dr. Dietrich Pahl ("Dr. Pahl) also made significant contributions to the invention disclosed therein and therefore is, in fact, and inventor of the '556 patent.

31.     The omission of Dr. Pahl from the '556 patent application occurred without any deceptive intent and reflected a misunderstanding of the requirements of United States patent law and its differences from German law.

32.     Mr. Braun, Dr. Pahl, and Braun consent to the correction of inventorship so as to reflect that Dr. Pahl is a co-inventor on the '556 patent.

33.     Correction of inventorship is necessary to create an enforceable patent right, and therefore, before the Court can enjoin Remington's infringing conduct, it must order the correction of the '556 patent.


## PRAYER FOR RELIEF

WHEREFORE plaintiffs demand judgment as follows:

(a)     That Braun is the lawful owner of all right, title and interest in and to U.S. Patent No. 5,711,328, including all right to recover for past infringement thereof;

(b)     that this Court order the United States Patent and Trademark Office to issue a Certificate of Correction reflecting the proper inventorship of the '328 patent;

(c)    that, as corrected, the '328 patent is valid and enforceable;

(d)    finding Remington liable for infringing and inducing others to infringe the '328 patent;

(e)    finding that Remington's infringement and inducement of infringement of the '328 patent have been willful and deliberate;

(f)    preliminarily and permanently enjoining and restraining Remington, its officers, agents, servants, employees, and attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities acting in concert, participation or in privity with them, and their successors and assigns from further infringing or inducing the infringement of the '328 patent;

(g)    that Braun is the lawful owner of all right, title and interest in and to U.S. Patent No. 5,649,556, including all right to recover for past infringement thereof;

(h)    that this Court order the United States Patent and Trademark Office to issue a Certificate of Correction reflecting the proper inventorship of the '556 patent;

(i)    that, as corrected, the '556 patent is valid and enforceable;

(j)    finding Remington liable for infringing and inducing others to infringe the '556 patent;

(k)    finding that Remington's infringement and inducement of infringement of the '556 patent have been willful and deliberate;

(l)    preliminarily and permanently enjoining and restraining Remington, its officers, agents, servants, employees, and attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities

acting in concert, participation or in privity with them, and their successors and assigns from further infringing or inducing the infringement of the '556 patent;

(m)    awarding Braun monetary damages, in an amount to be determined at trial, together with interest and costs as fixed by the Court;

(n)    awarding Braun enhanced damages under 35 U.S.C. § 284;

(o)    awarding Braun its reasonable attorneys' and experts' fees and their costs and disbursements in this action, as provided by 35 U.S.C. § 285; and

(p)    granting Braun such other and further relief as is just and proper.


Braun GmbH

By its attorneys,


/s/ Dalila Argaez Wendlandt_____
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000


Attorneys for Plaintiff

Dated:  September 13, 2004