IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| REMINGTON PRODUCTS COMPANY, ) | |
| LLC, ) | |
| ) | |
| Defendant ). | |

**ANSWER TO THE AMENDED COMPLAINT**

Except as expressly admitted or qualified herein, Defendant Remington Products Company, LLC, ("Remington"), which has merged with, and is hereinafter referred to as, Rayovac Corporation ("Rayovac"), denies each and every allegation contained in the Amended Complaint of Plaintiff Braun GmbH ("Braun"). Rayovac, for its answer against Plaintiff, hereby states:

**NATURE OF THE ACTION**

1. Braun, a wholly owned subsidiary of Gillette Holding Company --a wholly owned subsidiary of the Gillette Company ("Gillette") and a leading global manufacturer of electric shavers, brings this action to stop Remington from willfully infringing Braun's pioneering patented technology on shaving products.

**RESPONSE:** Rayovac admits that the action brought by Braun purports to be one for patent infringement. Rayovac otherwise denies all other allegations of Paragraph 1.

2. Braun is the world leader in the development and marketing of dry shavers, due in no small measure to its longstanding technological advantage over its rivals, including Remington. Braun's patented technology is the result of its extensive and successful research and development programs.

**RESPONSE:** Denied.

3.      Braun's current dry shaving products – its Syncro System Smart Logic products – incorporate patented features that distinguish them from the competition. These features include Braun's automatic self-cleaning Clean&Charge® system designed to thoroughly and hygienically clean the dry shaver for optimal shaver performance.  As explained in the Syncro System Smart Logic package, the Clean&Charge system provides "[c]onvenient cleaning with no mess, no fuss or removing the foil."  The innovation of the Clean&Charge system is the subject of Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556.

**RESPONSE:**    Rayovac admits that Braun's package includes the statement quoted in the third sentence of Paragraph 3.  Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of the second sentence of Paragraph 3 and thus denies those allegations.  Rayovac acknowledges that Braun contends that the Clean&Charge system is the subject of the two identified patents.  Rayovac otherwise denies all allegations of Paragraph 3.

4.      On information and belief, in or about October 2003 Remington launched a dry shaver system called "Titanium Smart System," which Remington markets as the "world's first rotary cleaning system" (the "Titanium Smart System rotary cleaner"). It includes a cleaning device, which Remington calls the "Smart Cleaner" that "automatically cleans, charges and renews" the dry shaver. Importantly, this device is an unauthorized use of Braun's patented technology described above.

**RESPONSE:**    Rayovac admits that in or about October 2003, Remington began selling a shaver called the "Titanium Smart System" shaver that it has described as the "world's first rotary cleaning system."  Rayovac admits the allegations of the second sentence of paragraph 4.  Rayovac otherwise denies all allegations of paragraph 4.

5.      On information and belief, in or about August 2004 Remington launched another dry shaver system, also under the name "Titanium Smart System," which Remington markets as the "world's 1st foil cleaning system with titanium" (the "Titanium Smart System foil cleaner," together with the Titanium Smart System rotary cleaner, the "Titanium Smart Systems"). It includes a cleaning device, which Remington also calls "Smart Cleaner" that "automatically cleans, charges, and renews" the dry shaver.  Importantly, this device, like its predecessor, is an unauthorized use of Braun's patented technology described above.

**RESPONSE**:    Rayovac admits that in or about August 2004 it began selling a shaver called the "Titanium Smart System" shaver that it has described as the "world's 1st foil

cleaning system with titanium." Rayovac admits the allegations of the second sentence of paragraph 5, except to the extent it refers to Remington rather than Rayovac. Rayovac otherwise denies all allegations of paragraph 5.

      6.      Remington's Titanium Smart Systems are blatant attempts by Remington to seize a significant part of Braun's business by misappropriating Braun's own, patented technology.

            **RESPONSE**:    Denied.

      7.      Braun brings this action, seeking both injunctive relief and damages. Braun respectfully requests that this Court enjoin Remington from making, importing, advertising and selling the Titanium Smart Systems and further requests an award of damages to compensate them for the injuries they have already suffered. Braun also requests that it be awarded treble damages, attorneys' fees, and related legal costs and expenses.

            **RESPONSE:**    Rayovac admits that Braun purports, through this action, to seek injunctive relief and damages. Rayovac otherwise denies all other allegations in Paragraph 7.

## THE PARTIES

      8.      Braun is a German corporation headquartered in Kronberg, Germany. Braun is a wholly owned subsidiary of Gillette Holding Company, which is also a German corporation and wholly owned by Gillette, a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

            **RESPONSE:**    Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 8 and thus denies those allegations.

      9.      On information and belief, Remington is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Bridgeport, Connecticut.

            **RESPONSE:**    Denied. Remington Products Company, LLC, a Delaware limited liability company, and Rayovac Corporation, a Wisconsin corporation, were merged with and into Rayovac Corporation. Pursuant to the merger agreement, Rayovac Corporation is the surviving corporation after the merger and continues to exist as a corporation created under and

governed by the laws of the State of Wisconsin under the name Rayovac Corporation. The merger agreement further specifies that the merger is treated as a complete liquidation of Remington Products Company, LLC in compliance with Section 332 of the Internal Revenue Code of 1986, as amended.

10. On information and belief, Remington makes, uses, sells and/or offers for sale throughout the United States the shaving products alleged herein to infringe Braun's United States Patent No. 5,711,328 and United States Patent No. 5,649,556. On information and belief, Remington does business in this Judicial District.

**RESPONSE:** Rayovac admits that it does business in this Judicial District. Rayovac otherwise denies all other allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Jurisdiction of this Court over the subject matter of this action is based on 28 U.S.C. §§ 1338 (patents) and 1331 (federal question). Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because defendant resides in this Judicial District within the meaning of those provisions.

**RESPONSE:** Admitted.

## FIRST CAUSE OF ACTION
### (For Patent Infringement)

12. Braun repeats and realleges the allegations of paragraphs 1 through 11 above.

**RESPONSE:** Rayovac restates and realleges its responses to Paragraphs 1 through 11 above and incorporates them in response to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. On January 27, 1998, U.S. Patent No. 5,711,328 ("the '328 patent"), entitled "Cleaning Device for the Shaving Head of a Dry Shaver," was duly and legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '328 patent is annexed hereto as Exhibit 1.) Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all right, title and interest in and to the '328 patent, including all right to recover for any and all past infringement thereof.

**RESPONSE:** Rayovac admits that Exhibit 1 to Plaintiffs' original Complaint, appears to be a copy of U.S. Patent No. 5,711,328 and that the '328 patent appears to have been issued on January 27, 1998 to Braun Aktiengesellschaft as the assignee of Gebhard Braun. Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the remaining allegations of Paragraph 13 and thus denies those allegations.

14. Upon information and belief, Remington has been and is now infringing the '328 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '328 patent, including products designated as the Titanium Smart System, including the Titanium Smart System rotary cleaner and the Titanium Smart System foil cleaner.

**RESPONSE:** Denied.

15. Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

**RESPONSE:** Denied.

16. Braun has been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Braun has no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

**RESPONSE:** Denied.

**SECOND CAUSE OF ACTION**
**(For Patent Infringement)**

17. Braun repeats and realleges the allegations of paragraphs 1 through 16 above.

**RESPONSE:** Rayovac restates and realleges its responses to Paragraphs 1 through 16 above and incorporates them in response to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. On July 22, 1997, U.S. Patent No. 5,649,556 ("the '556 patent"), entitled "Cleaning Device for Cleaning the Shaving Head of a Dry Shaving Apparatus," was duly and

legally issued to Braun Aktiengesellschaft as assignee of its inventor, Gebhard Braun. (A copy of the '556 patent is annexed hereto as Exhibit 2.)  Braun Aktiengesellschaft subsequently changed its name to Braun GmbH. Braun, therefore, is the owner of all right, title and interest in and to the '556 patent, including all right to recover for any and all past infringement thereof.

**RESPONSE:**    Rayovac admits that Exhibit 2 attached to Plaintiffs' original Complaint, appears to be a copy of U.S. Patent No. 5,649,556 and that the '556 patent appears to have been issued on July 22, 1997 to Braun Aktiengesellschaft as the assignee of Gebhard Braun.  Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the remaining allegations of Paragraph 18 and thus denies those allegations.

19.    Upon information and belief, Remington has been and is now infringing the '556 patent by manufacturing, using, selling, and/or offering to sell, and has actively induced others to manufacture, use, sell, and/or offer to sell, in this Judicial District and elsewhere, products covered by one or more claims of the '556 patent, including products designated as the Titanium Smart System, including the Titanium Smart System rotary cleaner and the Titanium Smart System foil cleaner.

**RESPONSE:**    Denied.

20.    Upon information and belief, Remington's infringement and active inducement of infringement have been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

**RESPONSE:**    Denied.

21.    Braun has been damaged and will be irreparably injured by Remington's continuing infringement and active inducement of infringement, for which Braun has no adequate remedy at law. Remington's infringing activities will continue unless enjoined by this Court.

**RESPONSE:**    Denied.

**THIRD CAUSE OF ACTION**
**(For Correction of Inventorship)**

22.    Braun repeats and realleges the allegations of paragraphs 1 through 21 above.

6

**RESPONSE:** Rayovac restates and realleges its responses to Paragraphs 1 through 21 above and incorporates them in response to the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. The '328 patent listed Gebhard Braun as the sole inventor.

**RESPONSE**: Rayovac admits that Exhibit 1 attached to Plaintiffs' Amended Complaint appears to be a copy of U.S. Patent No. 5,711,328 and that the '328 patent appears to list Gebhard Braun as the sole inventor.

24. However, Dr. Dietrich Pahl ("Dr. Pahl") also made significant contributions to the invention disclosed therein and therefore is, in fact, and (sic) inventor of the '328 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 24 and thus denies those allegations.

25. The omission of Dr. Pahl from the '328 patent application occurred without any deceptive intent and reflected a misunderstanding of the requirements of United States patent law and its differences from German law.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 25 and thus denies those allegations.

26. Mr. Braun, Dr. Pahl, and Braun consent to the correction of inventorship so as to reflect that Dr. Pahl is a co- inventor on the '328 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 26 and thus denies those allegations.

27. Correction of inventorship is necessary to create an enforceable patent right, and therefore, before the Court can enjoin Remington's infringing conduct, it must order the correction of the '328 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 26 and thus denies those allegations.

## FOURTH CAUSE OF ACTION
### (For Correction of Inventorship)

28. Braun repeats and realleges the allegations of paragraphs 1 through 26 above.

**RESPONSE:** Rayovac restates and realleges its responses to Paragraphs 1 through 26 above and incorporates them in response to the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. The '556 patent listed Gebhard Braun as the sole inventor.

**RESPONSE:** Rayovac admits that Exhibit 2 attached to Plaintiffs' Amended Complaint, appears to be a copy of U.S. Patent No. 5,649,556 and that the '556 patent appears to list Gebhard Braun as the sole inventor.

30. However, Dr. Dietrich Pahl ("Dr. Pahl") also made significant contributions to the invention disclosed therein and therefore is, in fact, and (sic) inventor of the '556 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 30 and thus denies those allegations.

31. The omission of Dr. Pahl from the '556 patent application occurred without any deceptive intent and reflected a misunderstanding of the requirements of United States patent law and its differences from German law.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 25 and thus denies those allegations.

32. Mr. Braun, Dr. Pahl, and Braun consent to the correction of inventorship so as to reflect that Dr. Pahl is a co- inventor on the '556 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 32 and thus denies those allegations.

33. Correction of inventorship is necessary to create an enforceable patent right, and therefore, before the Court can enjoin Rayovac's infringing conduct, it must order the correction of the '556 patent.

**RESPONSE:** Rayovac lacks sufficient information to form a belief concerning the truth or falsity of the allegations of Paragraph 26 and thus denies those allegations.

## RAYOVAC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. Rayovac has not infringed, contributorily infringed, or induced others to infringe, and is not infringing or inducing others to infringe any valid claim of U.S. Patent No. 5,711,328.

### SECOND AFFIRMATIVE DEFENSE

35. Rayovac has not infringed, contributorily infringed, or induced others to infringe, and is not infringing or inducing others to infringe any valid claim of U.S. Patent No. 5,649,556.

### THIRD AFFIRMATIVE DEFENSE

36. U.S. Patent No. 5,711,328 is invalid under 35 U.S.C. § 101, *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

37. U.S. Patent No. 5,649,556 is invalid under 35 U.S.C. § 101, *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

38.     U.S. Patent No. 5,711,328 is unenforceable for failing to name the true inventors.

## SIXTH AFFIRMATIVE DEFENSE

39.     U.S. Patent No. 5,649,556 is unenforceable for failing to name the true inventors.

## COUNTERCLAIMS

40.     Rayovac Corporation is a corporation organized under the laws of the State of Wisconsin with its principle place of business at Six Concourse Parkway, Suite 3300, Atlanta, GA 30328.

41.     On information and belief, Braun is a German corporation headquartered in Kronberg, Germany.  Braun is a wholly owned subsidiary of Gillette Holding Company, which is also a German corporation and wholly owned by Gillette, a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

42.     Rayovac Corporation counterclaims against Braun pursuant to the patent laws of the United States, Title 35 of the United States Code, for patent infringement and for a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United states, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

43.     This court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

44. Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Braun is a corporation subject to personal jurisdiction in this District, and because Braun maintains business offices in this District from which it regularly and systematically conducts business.

## COUNT I - DECLARATION OF NON-INFRINGEMENT OF THE '328 PATENT

45. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is not infringed by Rayovac.

46. Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '338 patent.

47. Rayovac is entitled to a judgment that the '328 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

48. The continuing assertion of the '328 patent against Rayovac despite the non-infringement of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. § 285.

## COUNT II - DECLARATION OF NON-INFRINGEMENT OF THE '556 PATENT

49.     An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is not infringed by Rayovac.

50.     Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '556 patent.

51.     Rayovac is entitled to a judgment that the '556 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

52.     The continuing assertion of the '556 patent against Rayovac despite the non-infringement of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. § 285.

## COUNT III - DECLARATION OF INVALIDITY OF THE '328 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.*

53.     An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is invalid.

54.     Upon information and belief, all claims of the '328 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. § 101 *et seq.*

55. Rayovac is entitled to a judgment that the '328 patent is invalid, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

56. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. § 285.

**COUNT IV - DECLARATION OF INVALIDITY OF THE '556 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.***

57. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is invalid.

58. Upon information and belief, all claims of the '556 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. § 101 *et seq*.

59. Rayovac is entitled to a judgment that the '556 patent is invalid and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

60. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. § 285.

**COUNT V - DECLARATION OF INVALIDITY OF THE '328 PATENT BASED UPON IMPROPER INVENTORSHIP**

61. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is invalid for improper inventorship.

62. Upon information and belief, all claims of the '328 patent are invalid for failure to name Dr. Dietrich Pahl as an inventor.

63. Rayovac is entitled to a judgment that the '328 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

64. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. § 285.

**COUNT VI - DECLARATION OF INVALIDITY OF THE '556 PATENT BASED UPON IMPROPER INVENTORSHIP**

65. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is invalid for improper inventorship.

66. Upon information and belief, all claims of the '556 patent are invalid for failure to name Dr. Dietrich Pahl as an inventor.

67. Rayovac is entitled to a judgment that the '556 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

68. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Rayovac prays for entry of judgment against Plaintiffs as follows:

1. Dismissing with prejudice and on the merits Braun's purported Amended Complaint in its entirety;

2. Awarding Rayovac its costs, attorneys' fees, and disbursements pursuant to 35 U.S.C. § 285 and as otherwise permitted by law;

3. Entering a judgment declaring the '328 and '556 patents invalid and not infringed by Rayovac or by the use of Rayovac's products and services.

4. Restraining Braun and each of its officers, employees, agents, alter egos, attorneys, and any persons inactive concert or participation with them from further prosecuting or instituting any action against Rayovac claiming that the '328 or '556 patents are valid or infringed, or from representing that Rayovac's products or services, or that the use thereof, infringes the '328 or '556 patents.

5. Awarding Rayovac such other and further relief as the court may deem just and equitable.

        RAYOVAC CORPORATION

        By its attorneys,

        __/s/ Joseph E. Haviland_____
        Thomas E. Dwyer, Jr. (BBO No. 139660)
        Joseph E. Haviland (BBO No. 743814)
        DWYER & COLLORA, LLP
        600 Atlantic Avenue
        Boston, MA 02210-1122
        (617) 371-1000 (phone)
        (617) 371-1037 (facsimile)


        Mark A. Pals
        James A. Shimota
        Kevin S. Ueland
        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000 (phone)
        312) 861-2200 (facsimile)

        Attorneys for Defendant

Dated:  October 19, 2004


## Certificate of Service

    I, Joseph E. Haviland, hereby certify that a true copy of the above document was served by facsimile and First Class mail upon William L. Patton, Esquire, Dalila Argaez Wendlandt, Esquire and Lesley F. Wolf, Esquire, all of Ropes & Gray, LLP, One International Place, Boston, MA 02110 on October 19, 2004.

        __/s/ Joseph E. Haviland_____
        Joseph E. Haviland