IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | Civil Action No. 03 CV 12428 WGY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REMINGTON PRODUCTS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COUNTERCLAIMS

40.   Rayovac Corporation is a corporation organized under the laws of the State of Wisconsin with its principal place of business at Six Concourse Parkway, Suite 3300, Atlanta, GA  30328

**ANSWER:**   Braun lacks sufficient information to form a belief concerning the truth or falsity of the allegations in Paragraph 40 and therefore denies the allegations.

41.   On information and belief, Braun is a German corporation headquartered in Kronberg, Germany.  Braun is a wholly owned subsidiary of Gillette Holding Company, which is also a German corporation and wholly owned by Gillette, a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts  02199.

**ANSWER:**   Admitted.

42.   Rayovac Corporation counterclaims against Braun pursuant to the patent laws of the United States, Title 35 of the United States Code, for patent infringement and for a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§2201 and 2202, and Federal Rule of Civil Procedure 13.

**ANSWER:** Braun admits that Rayovac's counterclaims have been brought pursuant to the patent laws of the United States, which counterclaims speak for themselves. Braun denies that Rayovac is entitled to relief.

43. This court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§1331 and 1338(a).

**ANSWER:** Admitted.

44. Venue in this district is proper under 28 U.S.C. §§1391(c) and 1400(b) because Braun is a corporation subject to personal jurisdiction in this District, and because Braun maintains business offices in this District from which it regularly and systematically conducts business.

**ANSWER:** Admitted

## COUNT I-DECLARATION OF NON-INFRINGEMENT OF THE '328 PATENT

45. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is not infringed by Rayovac.

**ANSWER:** Admitted.

46. Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '328 patent.

**ANSWER:** Denied.

47. Rayovac is entitled to a judgment that the '328 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

48. The continuing assertion of the '328 patent against Rayovac despite the non-infringement of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

### COUNT II-DECLARATION OF NON-INFRINGEMENT OF THE '556 PATENT

49. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is not infringed by Rayovac.

**ANSWER:** Admitted.

50. Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '556 patent.

**ANSWER:** Denied.

51. Rayovac is entitled to a judgment that the '556 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

52. The continuing assertion of the '556 patent against Rayovac despite the non-infringement of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

### COUNT III-DECLARATION OF INVALIDITY OF THE '328 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.*

53. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is invalid.

**ANSWER:** Admitted.

54. Upon information and belief, all claims of the '328 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. §101 *et seq*.

**ANSWER:** Denied.

55. Rayovac is entitled to a judgment that the '328 patent is invalid, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

56. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

## COUNT IV-DECLARATION OF INVALIDITY OF THE '556 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.*

57. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is invalid.

**ANSWER:** Admitted.

58. Upon information and belief, all claims of the '556 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. §101 *et seq*.

**ANSWER:** Denied.

59. Rayovac is entitled to a judgment that the '556 patent is invalid and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

60. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

## COUNT V-DECLARATION OF INVALIDITY OF THE '328 PATENT BASED UPON IMPROPER INVENTORSHIP

61. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '328 patent is invalid for improper inventorship.

**ANSWER:** Admitted.

62. Upon information and belief, all claims of the '328 patent are invalid for failure to name Dr. Dietrich Pahl as an inventor.

**ANSWER:** Denied.

63. Rayovac is entitled to a judgment that the '328 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

64. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

## COUNT VI-DECLARATION OF INVALIDITY OF THE '556 PATENT BASED UPON IMPROPER INVENTORSHIP

65. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Amended Complaint in this action and the Answer as to whether the '556 patent is invalid for improper inventorship.

**ANSWER:** Admitted.

66. Upon information and belief, all claims of the '556 patent are invalid for failure to name Dr. Dietrich Pahl as an inventor.

**ANSWER:** Denied.

67. Rayovac is entitled to a judgment that the '556 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

68. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:** Denied.

    /s/Lesley F. Wolf
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Attorneys for Braun GmbH

Dated: November 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2004, I caused a copy of the foregoing document to be served as follows:

<u>By Hand</u>:
Thomas E. Dwyer, Jr.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110-1122


Mark A. Pals
Kirkland & Ellis, LLP
Aon Center
200 E. Randolph Drive
Chicago, IL 60601

/s/Lesley F. Wolf
Lesley F. Wolf