# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

James A. Shimota
To Call Writer Directly:
312 861-2336
jshimota@kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 861-2200

March 16, 2005

**VIA FACSIMILE**

Lesley Wolf
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624

Dear Lesley Wolf:

    We write regarding several open discovery issues.

    First, with respect to the scheduling of depositions, we cannot agree to postpone all depositions until the end of April. Per our prior conversations, we thought we had agreed that such depositions would occur near the end of this month, as indicated in my February 22, 2005 letter. Further delay clearly prejudices our ability to pursue adequate discovery in advance of the deadline for expert reports. We would like to conduct deposition scheduling informally, but, to protect our interests, we have attached Deposition Notices for Gebhard Braun, Dr. Pahl, Jurgen Hoeser, and Gilberg Greaves. Further, while we are willing to proceed with the depositions of Gebhard Braun and Dietrich Pahl in Germany, given the difficulties with scheduling we have encountered thus far, we believe that depositions of Braun employees should occur in Boston, your chosen forum. Please advise whether you are available to meet and confer regarding deposition scheduling tomorrow or soon thereafter.

    Second, you have not responded to several requests for your position as to whether any privilege ever attached to the documents identified in my letter of February 22, 2005. We would like to meet and confer with respect to that issue as well.

    Third, as to your responses and objections to the Gillette subpoena, we are surprised by your apparent assertion that Gillette has not made, used, offered for sale, or sold products covered by one or more claims of the patents-in-suit. We have particular difficulty squaring that assertion with your earlier argument that "Gillette is responsible for the sales, marketing and general business management of these [patented] products." In all events, in general, you have produced only prosecution histories in connection with the Gillette subpoena. Please advise whether you intend to produce the "sales, marketing and general business management" documents and when you will do so.

London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

**KIRKLAND & ELLIS LLP**

Lesley Wolf
March 16, 2005
Page 2

Relatedly, you had previously represented that you produced documents responsive to the Fish & Richardson subpoena among Braun's production. Please identify by Bates number the documents gathered from Fish & Richardson. Additionally, we do not believe you have produced all Fish & Richardson documents related to the prosecution of shaver cleaning system patents filed subsequent to the patents-in-suit. Please advise whether you will produce such documents.

Fourth, with respect to Interrogatory No. 17, your response is incomplete. Insofar as Braun has difficulty understanding what "project" means, we identified specific projects called out in Braun's timelines as examples. We would at least expect that Braun is capable of providing an answer with respect to those projects as our interrogatory is not limited to the "Cleaning Center project." Moreover, while we do not believe any documents have been produced regarding the specifically identified projects (aside from the timeline itself and Braun's Invention Disclosure), we requested that Braun identify such documents if it contended otherwise. Please supplement your response to Interrogatory No. 17.

Fifth, with respect to Interrogatory No. 18, your response fails to identify by Bates number what documents you have had translated into English and the German originals to which they correspond. As we have indicated in the past, it does not appear to us that you have produced complete translations of certain documents, and our interrogatory sought to treat our concern. Your response, which directs us to prosecution histories, unfortunately does not address our concern. It is also inaccurate insofar as Braun has produced translations of documents other than prosecution histories such as B001012. Please advise whether you will supplement.

Sixth, for Interrogatory No. 19, your response is clearly deficient. Braun obviously must have some idea how its own products are ultimately sold and marketed in the United States. While we agree that Braun cannot claim Gillette's unidentified damages, your response to Interrogatory No. 19 coupled with your refusal to answer Interrogatory No. 6 regarding Braun's unidentified damages prejudices Rayovac. Please advise whether you will supplement both interrogatory responses.

Finally, now that the Court has offered tentative claim constructions, please supplement your response to Interrogatory No. 1 to identify the *specific* structures in Rayovac's accused products that Braun contends meet each asserted claim element. Relatedly, Braun has never asserted in response to Interrogatory No. 1 that it contends any element is infringed under the doctrine of equivalents. Please confirm that Braun has no such contentions.

## KIRKLAND & ELLIS LLP

Lesley Wolf
March 16, 2005
Page 3

Thank you in advance for your consideration of the issues herein.

Sincerely,

*James Shimota/ck*

James A. Shimota

JAS:ck

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF DEPOSITION OF GEBHARD BRAUN**

In accordance with the provisions of Rule 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rayovac Corporation ("Rayovac"), hereby provides notice that commencing at 9:00am on March 30, 2005 at the offices of DWYER & COLLORA, LLP, 600 Atlantic Avenue, Boston, MA 02210-122; or at such other time and place mutually agreed upon by counsel for the parties, Rayovac will take the deposition of Gebhard Braun.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by both stenographic means and sound-and-visual means, and real time viewing of the transcript may be used.

You are required to produce the witness at the stated time and place, and are invited to attend to cross-examine.

Dated: March 16, 2005

Respectfully submitted,

*/s/ James A. [signature]*

Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]

617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF DEPOSITION OF JURGEN HOSER**

In accordance with the provisions of Rule 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rayovac Corporation ("Rayovac"), hereby provides notice that commencing at 9:00am on April 6, 2005 at the offices of DWYER & COLLORA, LLP, 600 Atlantic Avenue, Boston, MA 02210-122; or at such other time and place mutually agreed upon by counsel for the parties, Rayovac will take the deposition of Jurgen Hoser.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by both stenographic means and sound-and-visual means, and real time viewing of the transcript may be used.

You are required to produce the witness at the stated time and place, and are invited to attend to cross-examine.

Dated: March 16, 2005

Respectfully submitted,

_/s/ Joseph E. Haviland_
Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]

617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-CV-12428-WGY |
| | ) |
| RAYOVAC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S NOTICE OF DEPOSITION OF GILBERT GREAVES**

In accordance with the provisions of Rule 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rayovac Corporation ("Rayovac"), hereby provides notice that commencing at 9:00am on April 7, 2005 at the offices of DWYER & COLLORA, LLP, 600 Atlantic Avenue, Boston, MA 02210-122; or at such other time and place mutually agreed upon by counsel for the parties, Rayovac will take the deposition of Gilbert Greaves.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by both stenographic means and sound-and-visual means, and real time viewing of the transcript may be used.

You are required to produce the witness at the stated time and place, and are invited to attend to cross-examine.

Dated: March 16, 2005

Respectfully submitted,

/s/ Joseph E. Haviland
Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]

617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF DEPOSITION OF DIETRICH PAHL**

In accordance with the provisions of Rule 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rayovac Corporation ("Rayovac"), hereby provides notice that commencing at 9:00am on March 31, 2005 at the offices of DWYER & COLLORA, LLP, 600 Atlantic Avenue, Boston, MA 02210-122; or at such other time and place mutually agreed upon by counsel for the parties, Rayovac will take the deposition of Dietrich Pahl.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony by the witness(es) will be recorded by both stenographic means and sound-and-visual means, and real time viewing of the transcript may be used.

You are required to produce the witness at the stated time and place, and are invited to attend to cross-examine.

Dated: March 16, 2005

Respectfully submitted,

Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]

617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]