

ROPES
&GRAY

ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON  MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

March 21, 2005

Lesley F. Wolf
(617) 951-7597
lwolf@ropesgray.com

**BY FACSILMILE AND FEDERAL EXPRESS**

James A. Shimota
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Re: *Braun v. Rayovac*

Dear Jim:

I write in response to your letter of March 16, 2005.

First, with one possible exception (discussed below) the witnesses whose depositions you indicate Rayovac seeks to take are available commencing April 28, 2005 in Germany. Three of the four witnesses are no longer Braun employees, and there is a two-week German holiday around Easter, making earlier depositions impossible. Thus, it is most efficient to take all depositions, including your proposed Rule 30(b)(6) deposition, in Germany. We remind you that Braun had made two of these witnesses available as far back as December 2004, but Rayovac opted not to take their depositions at that time. That said, we believe that the timing of depositions in Germany at the end of April in no manner prejudices Rayovac with regard to expert reports. As you are aware, the deadline for expert reports *for the party with the burden of proof* is not until May 23, 2005, almost four weeks, after the date we have provided. Rebuttal reports follow after an additional three weeks and are not due until June 13, 2005. I note that Mr. Gilbert Greaves has retired and (like Dr. Pahl and Mr. Braun) is no longer a Braun employee. We will attempt to locate him and secure his cooperation, but given his tangential relationship to the issues in this case, we wonder if it would not be more efficient to add, if they are not already included, 30(b)(6) topics which would cover the same ground.

Second, we do not consider the Invention Disclosure records, which we have already produced in connection with our motion to correct inventorship, to be privileged. I have enclosed the additional disclosures you requested in your February 22, 2005 letter. Additionally, I have enclosed several design documents which were recently located at Braun.

Third, as we have stated, Gillette is responsible for the sales and marketing of Braun's products in the United States. To the extent the subpoena response was not clear to you, we state that

James A. Shimota                              - 2 -                         March 21, 2005

Gillette does not make, use, offer, or sell any of its own products, which are covered by the patents-in-suits. As we stated in the subpoena response, all sales, marketing, and general business management documents related to Braun's products were produced by Braun even though some of these documents are Gillette documents and even after Rayovac insisted on moving to dismiss Gillette from the action.

Fourth, the documents produced by Braun, which were held by Fish & Richardson, are the prosecution histories. Prosecution histories of shaver cleaning system patents filed after the patents-in-suit, which documents were also held by Fish & Richardson, were included in the materials produced in response to the Gillette subpoena.

Fifth, Braun's answer to Interrogatory No. 17 is complete. As explained, , the Cleaning Center project at Braun is a continuous "project" in development. To the extent that the timeline has caused any confusion about this, Braun has produced all responsive documents as kept in the ordinary course of business which relate to events on the timeline. If you have further questions regarding specific or particular aspects of or tasks within the Cleaning Center project, you are, of course, welcome to pose those questions to various individuals during depositions.

Sixth, Braun's answer to Interrogatory No. 18 is complete. We are baffled by your continuing inquiry concerning translated documents. As we have previously explained, any document with the suffix ENG is a translation obtained for the purposes of this action. The Bates number of the translation corresponds to the Bates number on the original German document, except that the translation has an "ENG" suffix. We have produced all translations of non-privileged documents, consistent with the obligations undertaken pursuant to the Joint Statement. While there may be other translations that are a part of the document production (for example, the certified translations that are part of the patent prosecution histories), these were not translated for the purposes of this action, have been produced as kept in the ordinary course of business, and therefore have no ENG suffix.

Seventh, regarding Interrogatory No. 19, we fail to see how Rayovac is prejudiced by Braun's response. Gillette is responsible for the sales, marketing, and general business management of Braun's products covered by one or more of the claims of the patents-in-suit. As the answer states, Braun seeks only its own damages in this action and no those of Gillette and therefore, there are no unidentified damages.

Finally, Braun redirects Rayovac to its original responses to Interrogatory No. 1. Where the Court adopted Braun's constructions, as it has for the entire '328 patent, the original response is still applicable. As needed, Braun will supplement in a reasonable time.

I trust this addresses many of your concerns. I am available to speak with you this afternoon as planned; however, to the extent this written response obviates the need for that telephonic conference, please let me know.

James A. Shimota                    - 3 -                    March 21, 2005

Very truly yours,

Lesley F. Wolf

Enclosures

cc:  Dalila Argaez Wendlandt, Esq.