IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, <br><br> Plaintiff, <br><br> v. <br><br> RAYOVAC CORPORATION, <br><br> Defendant. | Civil Action No. 03-12428-WGY |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND
SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, plaintiff Braun GmbH ("Braun") answers and objects to defendant Rayovac Corporation's ("Rayovac") Second Set of Interrogatories (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

These general objections are hereby incorporated into each specific objection and response below and are not repeated therein.

1. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they seek information protected from discovery by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege. Any reference to an attorney's name herein is not, and is not intended as, a waiver of any applicable attorney-client or work-product privilege.

2. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they seek information that is outside the scope of Braun's own first-hand knowledge or the identification of documents that are not within Braun's possession, custody or control.

3. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they seek to impose obligations or burdens upon Braun beyond those required and/or permitted by the applicable provisions of the Federal Rules of Civil Procedure.

4. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lack sufficient particularity and seek identification of information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they require the collection of information that is contained in public records or are otherwise generally available to the public, as this information is equally available to Rayovac.

6. Braun objects to the Interrogatories and to each individual interrogatory, to the extent that they fail to define a relevant time period.

7. The objections and responses herein are made without waiver of and with specific preservation of:

    a. All objections as to competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions;

b. The right to object on any grounds at any time to a demand for further responses to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and

c. The right at any time to review, correct, add to, supplement or clarify any of these responses.

## ANSWERS TO SPECIFIC INTERROGATORIES

Interrogatory No. 14:

Does Braun contend that the claims and written description of U.S. Patent Application No. 08/370,861 (as filed on January 10, 1995) are an accurate and literal English translation of the claims and written description of German Patent Application No. 4402237.9 (as filed on January 26, 1994)? To the extent that Braun does not so contend, please provide Braun's contentions as to (1) how U.S. Patent Application No. 08/370,861 and German Patent Application No. 440237.9 differ, (2) why the U.S. Patent Application No. 08/370,861 and German Patent Application No. 440237.9 differed, and (3) when Braun discovered any differences between the U.S. Patent Application 08/370,861 and German Patent Application No. 440237.9. Please also identify all Braun employees or agents (including foreign and U.S. prosecution counsel) who had knowledge of both the U.S. and German applications during the prosecution of U.S. Patent No. 5,649,556 and when each individual identified would have gained such knowledge.

Answer to Interrogatory No. 14:

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 14 on the ground that it is unduly burdensome and unlikely to lead to the discovery of admissible evidence. Subject to these objections, Braun states that the claims and written description of U.S. Patent Application No. 08/370,861 (as filed on January 10, 1995) are an accurate English translation of the claims and written description of German Patent Application No. 4402237.9 (as filed on January 26, 1994). By way of further answer, Braun directs Rayovac to the prosecution history of the '556 patent which was produced in response to Rayovac's First

Request For Production Of Documents, including, but not limited to, documents Bates numbered B 000001 to B 000132 and B 001763 to B 002042.

Interrogatory No. 15:

Does Braun contend that the claims and written description of U.S. Patent Application No. 08/376,849 (as filed on January 23, 1995) are an accurate and literal English translation of the claims and written description of German Patent Application No. 4402238.7 (as filed on January 26, 1994)? To the extent that Braun does not so contend, please provide Braun's contention as to (1) how the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7 differ, (2) why the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7 differ, (3) when Braun discovered any differences between the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7. Please also identify all Braun employees or agents (including foreign and U.S. prosecution counsel) who had knowledge of both the U.S. and German applications during the prosecution of U.S. Patent No. 5,649,556, this interrogatory includes, but is not limited to, Braun's amendment of German Patent Application No. 4402238.7. *See, e.g.,* B001136ENG-001137ENG.

Answer to Interrogatory No. 15:

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 15 on the ground that it is unduly burdensome and unlikely to lead to the discovery of admissible evidence. Braun further objects to this interrogatory on the grounds that it is duplicative of other interrogatories. Subject to these objections, Braun states that the claims and written description of U.S. Patent Application No. 08/376,849 (as filed on January 23, 1995) are an accurate English translation of the claims and written description of German Patent Application No. 4402238.7 (as filed on January 26, 1994). By way of further answer, Braun directs Rayovac to the prosecution history of the '556 patent which was produced in response to Rayovac's First Request For Production Of Documents, including, but not limited to, documents Bates numbered B 000001 to B 000132 and B 001763 to B 002042.

Interrogatory No. 16:

Identify each individual, including any Braun employees or third-parties, who worked on the design and development of any prototype or product covered by one or more claims of the Patents-in-Suit (or components of all such prototypes and products) and the nature of the work

-4-

performed by each individual identified. By way of example, this interrogatory includes, but is not limited to, Braun's Syncro System Smart Logic products, the Braun/Pahl prototypes (B002044), "Design P. Schneider" (B002045), "Design Littmann" (B002045), "Design Greubel" (B002045), "Design Ullmann" (B002045), "Serie" (B002045), all prototype variations reflected on B002046.

Answer to Interrogatory No. 16

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 16 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Braun also objects to Interrogatory No. 16 on the ground that it is unduly burdensome and unlikely to lead to the discovery of admissible evidence, in so far as it calls for "each individual," without regard to the amount of work performed on the design and development of any prototype or product covered by one or more claims of the Patents-in-Suit (or components of all such prototypes and products). Subject to these objections Braun states that the following individuals worked on the design and development of any prototype or product covered by one or more claims of the Patents-in-Suit: Gebhard Braun, Dr. Dietrich Pahl, Jürgen Höser, Alf Jahn, Thomas Schamberg, Norbert Kreutz, Peter Schneider, Ludwig Littmann, Jürgen Greubel, Ronald Ullman, Gilbert Greaves, and Norbert Smetana. Mr. Braun and Dr. Pahl are the inventors of the claims of both the '328 and '556 patents and developed the first and second prototypes. Jürgen Höser, an engineer, was the Project Manager, Research & Development, Male Grooming and worked on the Cleaning Center project which led to the development of the products covered by the claims of the '328 and '556 patents. Alf Jahn, Thomas Schamberg, and Norbert Kreutz were engineers who reported to Jürgen Höser. Peter Schneider, Ludwig Littmann, and Ronald Ullmann are professional designers employed by Braun's corporate design department who created designs for the Cleaning Center project. Jürgen Greubel served in the same capacity, but has since retired. Gilbert Greaves was the Business Management Director associated with the Cleaning Center project. Norbert Smetana was an engineer in the hair dryer

laboratory at Braun who calculated and designed the fan of the cleaning center. By way of further answer, Braun directs Rayovac to documents produced in response to Rayovac's First Request For Production of Documents.

Interrogatory No. 17:

Identify all projects (formal or informal) conducted by or on behalf of Braun relating to systems for cleaning shavers, each individual who worked on each such project identified (whether or not a Braun employee), and the documents produced by Braun corresponding with each such project identified. By way of example, this interrogatory includes, but is not limited to, "Cleaning with Water" at or near 1960 (B002043), "Cleaning with Water" at or near 1965 (B002043), "Cleaning with Water" at or near 1975 (B002044), "Market research cleaning habits" at or near 1982 (B002044), "Market research in Japan" at or near 1987 (B002044), Frensenius Hygiene studies (B002044), the "Thesis for Diploma" (B002044), the "shaking beaker for the shaving heads" (B001071ENG), and all studies associated with Braun's Syncro System Smart Logic products.

Answer to Interrogatory No. 17:

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine and seeks to impose obligations greater than those required by the Federal Rules of Civil Procedure. Additionally, Braun objects to Interrogatory No. 17 on the ground that it is vague in so far as it fails to define "projects." Braun also objects to this interrogatory as it does not limit its inquiry to systems for cleaning dry shavers. Further, Braun objects to this interrogatory on the grounds that it is unduly burdensome and unlikely to lead to the discovery of admissible evidence, in so far as it calls for "all projects" and "each individual," without regard to the scope of the project or the amount of work performed on such project. The Cleaning Center project was conducted by Braun to develop a cleaning system designed for the cleaning of dry shavers. The individuals involved with this project have been identified in response to Interrogatory 16. By way of further answer, Braun directs Rayovac to documents

produced pursuant to Rayovac's First Request For Production Of Documents, including, but not limited to, B 001008 to B 001065 and B002273 to B002482.

Interrogatory No. 18:

Does Braun contend that it has produced all "Affidavits of Accuracy," "Declarations," or "Verifications" obtained by Braun for translation of documents relevant to this litigation? To the extent that Braun contends that all such documents have been produced, identify them by Bates Number. For each Affidavit of Accuracy, Declaration, or Verification, identify: (1) what document was translated by Bates Number and confirm that the complete translation of such document was produced by Braun; (2) when the party responsible for the translation came to possess the referenced document, the employer of the party responsible for the translation, and how the referenced document came into the possession of the party responsible for the translation; (3) whether there were drafts of the translations; (4) all individuals responsible for the translation, including any drafts identified in sub-part 3; (5) who at Braun is most knowledgeable about the translation. This Interrogatory includes, but is not limited to, the Declarations of Birgit Hubatsch filed in connection with the prosecution of both of the patents-in-suit.

Answer to Interrogatory No. 18:

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 18 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine and seeks to impose obligations greater than those required by the Federal Rules of Civil Procedure. Subject to these objections, Braun states that it has produced all "Affidavits of Accuracy," "Declarations," and "Verifications" obtained for translation of documents called for by Rayovac's First Request For Production Of Documents. By way of further answer, Braun states that all documents produced with the suffix CER are certifications of translation and directs Rayovac to the prosecution histories of the patents included in Braun's Response to Rayovac's First Request For Production Of Documents.

Interrogatory No. 19:

Identify what role The Gillette Company ("Gillette") has in the manufacturing, testing, sales, marketing, distribution, and/or "the general business management" of the products that employ the inventions disclosed by the patents-in-suit and all facts supporting Braun's statement that Gillette "shoulders the responsibility for the sales and marketing of ... the products that employ the inventions disclosed by the patents-in-suit." This Interrogatory includes, but is not

-7-

limited to, (a) the money or other consideration paid by Gillette to Braun for the products that employ the inventions disclosed by the patents-in-suit (from the first sale in the U.S. to the present); (b) Braun's method for accounting for the money or other consideration paid by Gillette to Braun for such products; (c) the gross and net profits made by Braun as a result of Gillette's sales and marketing of such products; (d) the reason that Gillette shoulders the responsibility for the sale and marketing of such products in the U.S.; (e) Braun's ability to shoulder the responsibility for the sale and marketing of such products in the U.S. without Gillette; (f) the amount of funds spent by Gillette annually on the sales and marketing of such products; and (g) the identification of documents by Bates Number of documents supporting Braun's contentions.

Answer to Interrogatory No. 19:

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 19 on the ground that it is unlikely to lead to the discovery of admissible evidence in so far as it seeks information concerning a third party to this action. Furthermore, Braun objects to this interrogatory on the grounds that it is irrelevant as Braun seeks to recover only its own damages, and not those of Gillette, in this action.

BRAUN GmbH    March 9, 2005

_(signature)_

ppa. U. Sievers

As to Objections:

/s/ *[signature]*
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Attorneys for Plaintiff

Dated: March 10, 2005

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I served a copy of the Plaintiff's Response to Defendant's Second Set of Interrogatories on:

<u>By Facsimile:</u>
Joseph E. Haviland
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110-1122
Fax: (617) 371-1037

<u>By Facsimile</u>:
James A. Coughlan
Kirkland & Ellis, LLP
Aon Center
200 E. Randolph Drive
Chicago, IL 60601
Fax: (312) 861-2200

_____
Lesley F. Wolf

- 11 -