IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-CV-12428-WGY |
| | ) |
| RAYOVAC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, Defendant Rayovac Corporation ("Rayovac") submits its Second Set of Interrogatories to Plaintiff Braun GmBH ("Braun") to be answered in writing and under oath on or before March 9, 2005.

### DEFINITIONS AND INSTRUCTIONS

Rayovac incorporates by reference the Definitions and Instructions as set forth in Defendants First Set of Interrogatories to Plaintiff.

### INTERROGATORIES

### INTERROGATORY NO. 14:

Does Braun contend that the claims and written description of U.S. Patent Application No. 08/370,861 (as filed on January 10, 1995) are an accurate and literal English translation of the claims and written description of German Patent Application No. 4402237.9 (as filed on

January 26, 1994)? To the extent that Braun does not so contend, please provide Braun's contentions as to (1) how U.S. Patent Application No. 08/370,861 and German Patent Application No. 4402237.9 differ, (2) why the U.S. Patent Application No. 08/370,861 and German Patent Application No. 4402237.9 differed, and (3) when Braun discovered any differences between the U.S. Patent Application No. 08/370,861 and German Patent Application No. 4402237.9. Please also identify all Braun employees or agents (including foreign and U.S. prosecution counsel) who had knowledge of both the U.S. and German applications during the prosecution of U.S. Patent No. 5,649,556 and when each individual identified would have gained such knowledge.

### INTERROGATORY NO. 15:

Does Braun contend that the claims and written description of U.S. Patent Application No. 08/376,849 (as filed on January 23, 1995) are an accurate and literal English translation of the claims and written description of German Patent Application No. 4402238.7 (as filed on January 26, 1994)? To the extent that Braun does not so contend, please provide Braun's contention as to (1) how the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7 differ, (2) why the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7 differ, (3) when Braun discovered any differences between the U.S. Patent Application No. 08/376,849 and German Patent Application No. 4402238.7. Please also identify all Braun employees or agents (including foreign and U.S. prosecution counsel) who had knowledge of both the U.S. and German applications during the prosecution of U.S. Patent No. 5,649,556 and when each individual identified would have gained such knowledge. By way of example, this interrogatory includes, but is not limited to, Braun's

amendment of German Patent Application No. 4402238.7. *See, e.g.,* B001136ENG-001137ENG.

### INTERROGATORY NO. 16:

Identify each individual, including any Braun employees or third-parties, who worked on the design and development of any prototype or product covered by one or more claims of the Patents-in-Suit (or components of all such prototypes and products) and the nature of the work performed by each individual identified. By way of example, this interrogatory includes, but is not limited to, Braun's Syncro System Smart Logic products, the Braun/Pahl prototypes (B002044), "Design P. Schneider" (B002045), "Design Littmann" (B002045), "Design Greubel" (B002045), "Design Ullmann" (B002045), "Serie" (B002045), all prototype variations reflected on B002046.

### INTERROGATORY NO. 17:

Identify all projects (formal or informal) conducted by or on behalf of Braun relating to systems for cleaning shavers, each individual who worked on each such project identified (whether or not a Braun employee), and the documents produced by Braun corresponding with each such project identified. By way of example, this interrogatory includes, but is not limited to, "Cleaning with Water" at or near 1960 (B002043), "Cleaning with Water" at or near 1965 (B002043), "Cleaning with Water" at or near 1975 (B002044), "Market research cleaning habits" at or near 1982 (B002044), "Market research; comparison cleaning Philips/Braun Sweden" at or near 1985 (B002044), "Market research in Japan" at or near 1987 (B002044), Frensenius Hygiene studies (B002044), the "Thesis for Diploma" (B002044), the "shaking beaker for the shaving heads" (B001071ENG), and all studies associated with Braun's Syncro System Smart Logic products.

**INTERROGATORY NO. 18:**

Does Braun contend that it has produced all "Affidavits of Accuracy," "Declarations," or "Verifications" obtained by Braun for translations of documents relevant to this litigation? To the extent that Braun contends that all such documents have been produced, identify them by Bates Number. For each Affidavit of Accuracy, Declaration, or Verification, identify: (1) what document was translated by Bates Number and confirm that the complete translation of such document was produced by Braun; (2) when the party responsible for the translation came to possess the referenced document, the employer of the party responsible for the translation, and how the referenced document came into the possession of the party responsible for the translation; (3) whether there were drafts of the translations; (4) all individuals responsible for the translation, including any drafts identified in sub-part 3; (5) who at Braun is most knowledgeable about the translation. This Interrogatory includes, but is not limited to, the Declarations of Birgit Hubatsch filed in connection with the prosecution of both of the patents-in-suit.

**INTERROGATORY NO. 19:**

Identify what role The Gillette Company ("Gillette") has in the manufacturing, testing, sales, marketing, distribution, and/or "the general business management" of the products that employ the inventions disclosed by the patents-in-suit and all facts supporting Braun's statement that Gillette "shoulders the responsibility for the sales and marketing of ... the products that employ the inventions disclosed by the patents-in-suit." This Interrogatory includes, but is not limited to, (a) the money or other consideration paid by Gillette to Braun for the products that employ the inventions disclosed by the patents-in-suit (from the first sale in the U.S. to the present); (b) Braun's method for accounting for the money or other consideration paid by Gillette

4

to Braun for such products; (c) the gross and net profits made by Braun as a result of Gillette's sales and marketing of such products; (d) the reason that Gillette shoulders the responsibility for the sale and marketing of such products in the U.S.; (e) Braun's ability to shoulder the responsibility for the sale and marketing of such products in the U.S. without Gillette; (f) the amount of funds spent by Gillette annually on the sales and marketing of such products; and (g) the identification of documents by Bates Number of documents supporting Braun's contentions.

Dated: February 8, 2005

Respectfully submitted,

*/s/ James B. Coughlan*

Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]
617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

## CERTIFICATE OF SERVICE

I, James B. Coughlan, hereby certify that a copy of the attached **DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF** was served via facsimile on February 8, 2005, upon the party indicated below.

> Lesley F. Wolf
> Ropes & Gray
> One International Place
> Boston, MA 02110-2624

_____
James B. Coughlan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
(312) 861-2000
(312) 861-2200 (fax)