IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, <br><br> Plaintiff, <br><br> v. <br><br> REMINGTON PRODUCTS COMPANY, LLC, <br><br> Defendant. | Civil Action No. 03-12428-WGY |

### REVISED JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to the Court's Order at the September 14, 2004 Scheduling Conference, the parties hereby submit this Revised Joint Statement.

I.  BACKGROUND OF THE LITIGATION

Plaintiff Braun GmbH ("Braun") brings its claims for patent infringement and correction of inventorship against Remington Products Company, LLC ("Remington"). Braun alleges that Remington is infringing on two of its patents related to cleaning systems for dry shavers, specifically U.S. Patent No. 5,711,328 ("'328 patent'") and U.S. Patent No. 5,649,556 ("'556 patent"). Additionally, Braun has asked the Court to correct inventorship pursuant to 35 U.S.C. § 256 on both the '328 and '556 patents to include Dr. Pahl, who was omitted from the patent applications. Braun seeks both injunctive relief and damages. Remington denies that it infringes the '328 and '556 patents, contends that they are invalid, and pending discovery, opposes the correction of inventorship.

II.  **PROPOSED PRETRIAL SCHEDULE**

The parties agree to generally be bound by the discovery event limitations set forth in Local Rule 26.1(C), but also agree to the following modifications:

1. Depositions will be limited to a total of 80 hours; and

2. More than one 30(b)(6) deposition of a corporate entity will be permitted.

Additionally, the parties agree that:

1. Service by facsimile will be equivalent to service by hand;

2. The parties will provide certified translations of all foreign language documents that the party translates for its own use; and

3. Braun will make all of its witnesses who are employees of Braun available for deposition in the United States. With respect to foreign citizens and/or former employees of Braun, Braun will use its best efforts to make them available for deposition in the United States and/or without the need to resort to the formalities of the Hague Convention.

4. Where a deposition is being conducted in a foreign language, the parties will negotiate time limits to reasonably accommodate the translation process.

5. Remington proposes to bifurcate liability from willfulness and damages both during discovery and at trial. Braun does not agree that bifurcation is appropriate or efficient in this case.

Braun and Remington submit the following schedule, upon which they agree, except as noted below with regard to the timing and context of the Markman hearing:

| Event | Date |
|---|---|
| Initial Disclosures Exchanged | September 22, 2004 |
| Deadline to Add Parties and Claims | November 5, 2004 |

| | |
|---|---|
| Expert Report of Party with Burden | April 1, 2005 |
| Rebuttal Expert Report | April 22, 2005 |
| Rebuttal Expert Report of Party with Burden | May 6, 2005 |
| Close of All Discovery | July 22, 2005 |
| Deadline For Dispositive Motions | August 1, 2005 |
| Final Pretrial Conference | September 20, 2005 |
| Trial Commences (Estimated 1-2 weeks for trial) | October 2005 |

Braun and Remington offer differing proposals with regard to the timing and context of the Markman hearing:

### Braun's Position

Braun continues to propose that the Markman determination occur early and in the concrete context of a motion for partial summary judgment for infringement. Since the determination will rest largely, if not exclusively, on intrinsic evidence, there is no need for discovery. The Markman determination may well lead to an early conclusion of the litigation and in any event will almost certainly reduce the expense and time required for the case. An early determination is particularly needed because of the seasonal nature of sales of the product involved, with a very substantial percentage of annual sales occurring in the holiday season.

### Remington's Position

In an effort to compromise with Braun, Remington proposed an accelerated Markman schedule from what Remington previously proposed to the Court. Under the schedule currently proposed, Markman briefing will begin approximately two months after Initial Disclosures are exchanged. Remington believes that approximately two month period allows Remington to take

limited discovery relevant to claim construction. While the Court will consider the intrinsic evidence of the patents-in-suit, it is entirely appropriate for the Court to consider trustworthy extrinsic evidence which Remington should be allowed limited time to explore in discovery.

    A.    <u>Braun's Proposed Schedule:</u>

| | |
|---|---|
| Dispositive Motion Regarding Infringement, Including Braun's Claim Construction Under <u>Markman</u> | October 15, 2004 |
| Opposition to Dispositive Motion, Including Remington's Claim Construction Under <u>Markman</u> | October 29, 2004 |
| Reply to Opposition to Dispositive Motion | November 5, 2004 |
| Hearing on Motion For Summary Judgment on Infringement | Scheduled by Court |

    B.    <u>Remington's Proposed Schedule:</u>

| | |
|---|---|
| Braun's Infringement and Claim Construction Contentions | October 22, 2004 |
| Remington's Non-Infringement and Claim Construction Contentions | November 19, 2004 |
| Braun's <u>Markman</u> Brief | December 1, 2004 |
| Remington's <u>Markman</u> Brief | December 22, 2004 |
| Braun's Reply Brief | January 5, 2005 |
| <u>Markman</u> Hearing | To be Determined |

III.    <u>TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE</u>

At this time, the parties do not consent to the assignment of this matter to a United States Magistrate Judge.

IV.    <u>SETTLEMENT</u>

On September 8, 2004, Braun made a formal settlement offer to Remington. Remington has not responded, and the parties are continuing to explore a range of settlement options in this matter, and will keep the Court apprised of their progress.

By their attorneys,

| ROPES & GRAY LLP<br><br>By: /s/ Dalila Argaez Wendlandt<br><br>William L. Patton (BBO #391640)<br>Dalila Argaez Wendlandt (BBO #639280)<br>Lesley Wolf (BBO #651199)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000<br>Facsimile: (617) 951-7050 | DWYER & COLLORA LLP<br><br>By: /s/ Mark A. Pals<br>Joseph E. Haviland (BBO #643814)<br>Dwyer & Collora LLP<br>600 Atlantic Avenue<br>Boston, MA 0210-1122<br>(617) 371- 1000<br>Facsimile: (617)371-1037<br><br>Mark A. Pals (admitted *pro hac vice*)<br>James A. Shimota (admitted *pro hac vice*)<br>Kevin S. Ueland (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>Aon Center<br>200 E. Randolph Dr.<br>Chicago, IL 60601<br>(312) 861-2000<br>Facsimile: (312) 861-2200 |
|---|---|
| Attorneys for Plaintiff<br>Braun GmbH<br><br>Dated: September 21, 2004 | Attorneys for Defendant<br>Remington Products Company, LLC<br><br>Dated: September 21, 2004 |