IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S FIRST NOTICE OF RULE 30(B)(6) DEPOSITION**

In accordance with the provisions of Rule 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rayovac Corporation ("Rayovac"), hereby provides notice that commencing at 9:00am on March 24, 2005 at the offices of DWYER & COLLORA, LLP, 600 Atlantic Avenue, Boston, MA 02210-122; or at such other time and place mutually agreed upon by counsel for the parties, Rayovac will take the deposition of Plaintiff Braun Gmbh ("Braun") by oral examination of witness(es) designated by Braun on its behalf as the person(s) most competent to testify concerning the matters listed on attached Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by Braun should be prepared to testify as to such matters reasonably known or reasonably available to Braun.

Braun is requested to provide Rayovac's counsel, on or before March 17, 2005, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most competent to testify concerning the matters set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule

30(b)(2), testimony by the witness(es) will be recorded by both stenographic means and sound-and-visual means, and real time viewing of the transcript may be used.

You are required to produce the witness(es) at the stated time and place, and are invited to attend to cross-examine.

## DEFINITIONS

A.   Braun means Braun Gmbh, all subsidiaries, parents, or affiliated corporations of Braun Gmbh, including without limitation any of Braun Gmbh's past or present officers, directors, employees, agents, representatives, or attorneys.

B.   The terms "and" and "or" shall be construed conjunctively and disjunctively, whichever makes the request more inclusive.

C.   "Related" or "relating" shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, and/or referring directly or indirectly to, in any way, the subject matter identified.

D.   The "Patents-in-Suit" means U.S. Patent Nos. 5,649,556 and 5,711,238.

E.   The term "shaver cleaning system" shall not include brushes except if any brushes developed by Braun were used in a device in combination with fluid or gas for cleaning shavers.


Dated: March 7, 2005

Respectfully submitted,

*/s/ James A. Shimota*

Joseph E. Haviland
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
617-371-1001 [phone]
617-371-1037 [facsimile]

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)

2

Kevin S. Ueland (admitted *pro hac vice*)
KIRKLAND & ELLIS, LLP
Aon Center
200 E. Randolph Dr.
(312) 861-2000 [phone]
(312) 861-2200 [facsimile]

## Attachment A

1. The design, development, and testing from 1988 to the present of all Braun shaver cleaning systems including, but not limited to, the Braun Syncro System.

2. The identity of all individuals that contributed to the design, development, and testing from 1988 to the present of all Braun shaver cleaning systems including, but not limited to, the Braun Syncro System.

3. The contribution and responsibilities of the following individuals with respect to the development of Braun's shaver cleaning systems: Jurgen Hoeser, Peter Schneider, Littman, Greubel, Roland Ullmann, Gilbert Greaves, Alf Jahn, Norbert Kreutz, Thomas Schamberg, and Norbert Smetana. (*See* B002405 for Littman and Greubel.)

4. The identity of all individuals who worked on the shaver cleaning system reflected in B001064 at Braun France S.A.

5. The contents of B001064.

6. Any and all steps taken by Braun to collect documents related to shaver cleaning systems authored by, sent to, or from the files of the individuals listed in Topic 3.

7. Any and all steps taken by Braun to collect documents authored by, sent to, or from the files of Dietrich Pahl or Gebhard Braun.

8. The location of all documents relating to the design, development, and testing from 1988 to the present of all Braun shaver cleaning systems including, but not limited to, the Braun Syncro System.

9. Any and all steps taken by Braun to collect documents relating to the design, development, and testing from 1988 to the present of all Braun shaver cleaning systems including, but not limited to, the Braun Syncro System.

10. All items listed on the timeline at B002043-B002047 including, but not limited to, the factual basis for each listed item.

11. The reason(s) for the generation of the timeline at B002043-B002047.

12. The location of Braun documents relating to the items listed on the timeline at B002043-B002047.

13. Any and all steps taken by Braun to collect documents relating to the items listed on the timeline at B002043-B002047.

14. Braun's document retention and destruction policies.

15. The conception and reduction to practice dates for the alleged inventions of the Patents-in-Suit identified in Braun's Response to Interrogatory No. 2, and the evidentiary basis for such dates.

16. The nexus between the secondary considerations of non-obviousness identified in Braun's Response to Interrogatory No. 5 and the alleged inventions of the Patents-in-Suit.

17. The accuracy of Braun's statements relating to DE Patent No. 4402238 C2 in U.S. Patent No. 6,263,890.

18. The "shaking beaker for the shaving heads" identified at B001071ENG.

19. The location of documents relating to the "shaking beaker for the shaving heads" identified at B001071ENG.

20. The contents of B000861ENG.

21. The shaver cleaning systems being developed by the "competition" identified in B000861ENG.

22. The identity and contents of the "enclosures" identified in B000861ENG.

23. Any and all steps taken by Braun to collect the "enclosures" identified in B000861ENG.

24. The reason that Braun did not commercialize the Syncro System until approximately 7 years after the alleged inventions of the Patents-in-Suit.

25. The first public use of any of the alleged inventions of the Patents-in-Suit.

26. The first sale or offer for sale of any of the alleged inventions of the Patents-in-Suit.