IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH,<br>          Plaintiff,<br><br>v.<br><br>RAYOVAC CORPORATION,<br>          Defendant. | Civil Action No. 03 CV 12428 WGY |

## FISH & RICHARDSON, P.C.'S RESPONSE TO DEFENDANT'S RULE 45 SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Fish & Richardson P.C. ("Fish & Richardson") hereby responds to the Subpoena for Production of Documents (the "Subpoena") of Defendant Rayovac Corporation ("Rayovac"), the successor in interest to Remington Products Company, LLC ("Remington"), dated November 22, 2004 (the "Subpoena").

### GENERAL OBJECTIONS

1. Fish & Richardson objects to the Subpoena as unduly burdensome on the ground that it is duplicative of the First Request for Production of Documents to which Braun has already responded. Fish & Richardson has previously provided plaintiff Braun GmbH ("Braun") with all relevant documents within its possession, custody, and control.

2. To the extent it is applicable, Fish & Richardson incorporates by reference Plaintiff's Response to Defendant's First Request For Production of Documents.

9612097_1

3. Fish & Richardson objects to the unnecessary burden of producing electronic documents that contain the same information it is producing in hard copy.

4. Fish & Richardson objects to the Subpoena to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or the work-product doctrine or any other applicable privilege or protection. The inadvertent production by Fish & Richardson of documents containing information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, shall not constitute a waiver of such privilege or protection. Fish & Richardson understands that Braun will produce a log of any responsive documents withheld as privileged or work product in accordance with its obligations under Federal Rule of Civil Procedure 26(b)(5).

5. Fish & Richardson objects to the Subpoena and, in particular, to the "Instructions" and "Definitions" contained in the Request, to the extent that they attempt to impose requirements and obligations beyond those set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts ("Rules"). Fish & Richardson will respond to the Subpoena as required by and in conformity with the Rules.

6. The specific responses set forth below and the production made pursuant thereto are based on information now available to Fish and Richardson after having made a search of files in its possession, custody, or control that reasonably relate to one or more of the specific requests in the Subpoena. Fish & Richardson objects to the Subpoena to the extent it purports to demand production of documents not in Fish &

Richardson's possession, custody or control or to require a search of files that do not reasonably relate to one or more of the specific requests.

7. A response by Fish & Richardson to any specific document request is not a representation by Fish & Richardson that any such documents exist. Rather, any such response by Fish & Richardson is merely a statement that it has provided any responsive documents that are within its possession, custody, or control.

8. Fish & Richardson incorporates each of the preceding general objections in each of the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST 1:

All documents and things related to the prosecution of the Braun Patents or any related patent applications before the U.S. Patent and Trademark Office.

### RESPONSE TO REQUEST 1:

Fish & Richardson objects to Request 1 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish & Richardson, and the burden of obtaining these materials is no greater for the parties than for Fish & Richardson. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

### REQUEST 2:

All documents and things related to the prosecution of U.S. Patent No. 5,614,030.

**RESPONSE TO REQUEST 2:**

Fish & Richardson objects to Request 2 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning a patent other than the patents in suit. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish & Richardson, and the burden of obtaining these materials is no greater for the parties than for Fish & Richardson. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 3:**

All documents and things related to the prosecution of any foreign patents or patent applications that concern the subject matter claimed in the Braun Patents or any related patent applications, including, but not limited to, German patent application Nos. 4402237.9 and 4402238.7.

**RESPONSE TO REQUEST 3:**

Fish & Richardson objects to Request 3 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish & Richardson, and the burden of obtaining these materials is no greater for the parties than for Fish & Richardson. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

## REQUEST 4:

All documents and things related to the prosecution of any foreign patents or patent applications that concern the subject matter claim [sic] in U.S. Patent No. 5,614,030 or any related patent applications.

## RESPONSE TO REQUEST 4:

Fish & Richardson objects to Request 4 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning a patent and patent applications other than the patents in suit and the patent applications leading to the patents in suit. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish & Richardson, and the burden of obtaining these materials is no greater for the parties than for Fish & Richardson. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

## REQUEST 5:

All correspondence relating to the Braun Patents or any related patent applications, including, but not limited to, correspondence with Dietrich Pahl, Gebhard Braun, Braun, Gillette, or any third parties.

## RESPONSE TO REQUEST 5:

Fish & Richardson objects to Request 5 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish

& Richardson. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 6:**

All correspondence relating to U.S. Patent No. 5,614,030 or any related patent applications, including, but not limited to, correspondence with Dietrich Pahl, Gebhard Braun, Braun, Gillette, or any third parties.

**RESPONSE TO REQUEST 6:**

Fish & Richardson objects to Request 6 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning a patent and patent applications other than the patents in suit and the applications leading to the patents in suit. Additionally, Fish & Richardson objects to this request as overbroad and unduly burdensome in that it calls for information outside of the possession, custody, or control of Fish & Richardson. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 7:**

All documents and things relating to any prior art searches conducted in connection with the prosecution of the Braun Patents or any related patent applications, including, but not limited to, any references identified as a result of such searches.

**RESPONSE TO REQUEST 7:**

Fish & Richardson objects to Request 7 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product

doctrine. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 8:**

All documents and things relating to any prior art searches conducted in connection with the prosecution of U.S. Patent No. 5,614,030, including, but not limited to, any references identified as a result of such searches.

**RESPONSE TO REQUEST 8:**

Fish & Richardson objects to Request 8 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning a patent other than the patents in suit. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 9:**

One copy of all prior art considered in connection with the prosecution of the Braun Patents, including, but not limited to, U.S. and foreign patents and dissertations.

**RESPONSE TO REQUEST 9:**

Fish & Richardson objects to Request 9 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is vague and ambiguous and therefore overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, insofar as it calls for "prior art" "considered" by anyone at

anytime in connection with the prosecution of the patents in suit. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

## REQUEST 10:

Documents sufficient to identify the earliest date Fish & Richardson learned of any and all dissertations related to the cleaning of a shaving apparatus dated prior to the earliest U.S. filing date of either of the Braun Patents.

## RESPONSE TO REQUEST 10:

Fish & Richardson objects to Request 10 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is vague and ambiguous insofar as it calls for documents related to the "date Fish & Richardson learned of any and all dissertations related to the cleaning of a shaving apparatus." Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

## REQUEST 11:

All opinions, testing, research, studies or reports related to the validity or enforceability of the Braun Patents.

## RESPONSE TO REQUEST 11:

Fish & Richardson objects to Document Request 11 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson also objects to this request on the grounds that it is

duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

### REQUEST 12:

All documents relating to the conception, research, testing, design, development, or reduction to practice of any alleged invention disclosed in the Braun Patents, including, but not limited to, any invention disclosure documents.

### RESPONSE TO REQUEST 12:

Fish & Richardson objects to Request 12 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks each and every document relating to any conception, research, testing, design, development, or reduction to practice of "any invention" disclosed in the Braun patents. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

### REQUEST 13:

All documents relating to the conception, research, testing, design, development, or reduction to practice of any alleged invention disclosed in U.S. Patent No. 5,614,030, including, but not limited to, any invention disclosure documents.

### RESPONSE TO REQUEST 13:

Fish & Richardson objects to Request 13 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson further objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning the conception, research, testing, design,

development, or reduction to practice of "any invention" disclosed in a patent other than the patents in suit. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 14:**

All communications sent to or received from Fish & Richardson relating to the identification of the inventors for either of the Braun Patents, including, but not limited to, correspondence relating to the oath of inventorship for either of the Braun Patents.

**RESPONSE TO REQUEST 14:**

Fish & Richardson objects to Document Request 14 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

**REQUEST 15:**

All documents relating to the alleged infringement by Rayovac Corporation (listed in the case caption above as "Remington Products Company, LLC") of either of the Braun Patents.

**RESPONSE TO REQUEST 15:**

Fish & Richardson objects to Document Request 15 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

Case 1:03-cv-12428-WGY   Document 57-7   Filed 03/30/2005   Page 11 of 12
12/22/2004 10:06 FAX                                                               ☑013/014

**REQUEST 16:**

All documents relating to Braun v. Remington Prods. Co., LLC, Case No. 03-12428-WGY (D. Mass. 2003), including, but not limited to, correspondence sent to or received from Braun, Gillette, Dietrich Pahl, Gebhard Braun, or any other third party.

**RESPONSE TO REQUEST 16:**

Fish & Richardson objects to Document Request 16 on the grounds that it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Fish & Richardson also objects to this request on the grounds that it is duplicative of other document requests. Subject to the foregoing general and specific objections, responsive, non-privileged documents have been produced.

_____
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Attorneys for Fish & Richardson P.C.

Dated: December 22, 2004

9612097_1                                -11-

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 22, 2004, I caused a copy of the foregoing document to be served by hand upon the following individuals:

Joseph E. Haviland
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110-2211
(617) 371-1037 (fax)

James B. Coughlan
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2200 (fax)

_____
Lesley F. Wolf