IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRAUN GmbH,

            Plaintiff,

        v.

RAYOVAC CORPORATION,

            Defendant.

Civil Action No. 03-CV-12428-WGY

## BRAUN'S OPPOSITION TO RAYOVAC'S MOTION TO COMPEL DISCOVERY

Fresh on the heels of an unfavorable claim construction, Rayovac Corporation ("Rayovac") has filed an unsupportable motion to compel discovery. Filled with mischaracterizations and inaccuracies, Rayovac's request to the Court is premature and represents a misguided attempt to manufacture a theory of the case to stall the inevitable finding of infringement and its liability. While Rayovac's papers state that plaintiff Braun GmbH ("Braun") has continually "stonewall[ed] and evade[d]" discovery, nothing could be further from the truth. Braun has produced over 7000 pages of documents in this action (including translations of German language documents obtained at Braun's expense) in response to over 78 requests for documents and provided answers to Rayovac's multiple interrogatories. Moreover, despite having been dismissed from this action on Rayovac's motion, Braun's parent, the Gillette Company ("Gillette"), responded to an abusive third party subpoena consisting of 89 different requests by producing an additional 4000 pages of documents. In addition, Braun has secured the cooperation of a number of non-party witnesses all of whom reside in Europe and have agreed to be deposed in a few weeks without resort to the formalities of the Hague Convention. In short, Braun has complied fully with the requirements of the Federal Rules of Civil Procedure,

the Court's Scheduling Order dated October 25, 2004 ("Scheduling Order"), and will do so on an ongoing basis. Rayovac has not been prejudiced in any way, and Rayovac's unsupported statements to the contrary do not justify its request for the Court's intervention. Rayovac's Motion to Compel should be denied.

## BACKGROUND

On October 25, 2004, the Court entered a scheduling order in this action, which adopted in large part the schedule proposed by Rayovac. Though Braun was prepared to proceed on a faster track in the hopes of quickly stopping Rayovac's infringing conduct, Rayovac resisted that schedule and the Court agreed with Rayovac. Having initially refused to proceed quickly, Rayovac has become impatient, and in its Motion To Compel, has absurdly attempted to bind the parties to the schedule proposed by Braun initially, but rejected by both Rayovac and the Court. Rayovac cannot have it both ways. Interestingly, Rayovac does not argue (because it cannot) that Braun has violated either the provisions of the Scheduling Order or the Federal Rules of Civil Procedure. In fact, Braun has:

- Provided infringement contentions and, in light of the Court's claim construction two weeks' ago, agreed to supplement them to the extent necessary;

- Provided substantial discovery as to Braun's damages;

- Produced all evidence in its possession, custody, or control concerning prior art;

- Answered Rayovac's inquiries regarding its translations;

- Accommodated Rayovac's requests for depositions and secured the cooperation of multiple non-party witnesses abroad; and

- Identified the documents that were produced by Braun, from the Fish & Richardson files, because they were within Braun's possession, custody, or control.

From the beginning, Braun has consistently welcomed discovery in this case because Braun is confident in the validity of its patents and the infringement of them by Rayovac's products. As Braun has either already provided or agreed to provide all information requested by Rayovac, Rayovac has suffered no prejudice and Rayovac's unreasonable impatience does not warrant the Court's intervention.

## I.     Braun Provided Infringement Contentions And Will Supplement In Due Course

Rayovac's unreasonable impatience is particularly showcased in its demand, on the eve of the Court's issuance of a claim construction for the claims at issue in this litigation, that Braun provide its infringement contentions. To begin, Braun provided these infringement contentions months ago. In particular, the schedule proposed by Rayovac called for Braun to provide infringement and claim construction contentions on October 22, 2004. However, that proposed schedule was not adopted by the Court until October 25, 2004, and on that same date, Braun provided Rayovac with its infringement contentions as a part of its Answers To Remington's First Set Of Interrogatories. In its interrogatory answer, Braun specifically reserved the right to supplement its response "in light of information obtained through discovery or otherwise, the claim interpretation process that will be conducted by the court and other steps in the subsequent conduct of this action." (Ex. 2 at 4.)[1] At no time in the months since Braun provided its infringement contentions did Rayovac assert that it was confused as to which parts of its infringing devices were referenced in Braun's infringement contentions. Indeed, it was not until after its proposed claim constructions were largely rejected by the Court that Rayovac adopted this "plan B," feigning confusion where none exists. Indeed, until its Motion To Compel,

---

[1] All references to Exhibits are to the Exhibits submitted with Rayovac's Motion To Compel.

Rayovac never raised any objection to Braun's answer or the claim construction charts provided by Braun.

As Braun has explained to Rayovac, because the Court's claim construction is largely consistent with Braun's proposed construction, Braun believes that the infringement contentions provided in October 2004 remain valid. Nonetheless, Braun is in the process of evaluating its infringement contentions in light of the Court's claim construction several weeks ago and has agreed to supplement its infringement contentions to the extent necessary in light of the Court's claim construction. As noted in the interrogatory answer, the Court's claim construction is a necessary piece of Braun's formulation of infringement contentions. The Court held a hearing on March 15, 2005, and at that time issued tentative claim constructions. A transcript of that hearing was not available until March 21, 2005. A mere twenty-four hours after the claim construction hearing (and prior to the availability of the transcript), Rayovac requested revised infringement contentions, artificially claiming (for the first time) that it could not identify which specific structures in Rayovac's products satisfy the claim elements. In response, Braun stated that its existing responses remained accurate and that it would supplement, as necessary, its responses in a "reasonable time." During a conference call, Rayovac again demanded revised contentions, and by letter dated March 23, 2005, Braun reiterated that it would supplement its position "in due course."

Braun has not refused to provide Rayovac with its infringement position. It has already done so and has agreed to provide supplemental infringement contentions to the extent necessary to conform with the Court's claim construction just several weeks ago. There is no obligation imposed by the Scheduling Order or Federal Rules of Civil Procedure (and Rayovac points to no other authority) that would require a plaintiff in a patent infringement action to use in its

infringement contentions a schematic drawing purportedly representing the infringing device(s) that is provided by the infringer.  And certainly there is no obligation that requires Braun to do so on an expedited basis following the Court's claim construction.

Rayovac's vague allegations of prejudice are unfounded.  The infringement contentions in its possession provide it with more than sufficient notice of Braun's claims.  Indeed, until Rayovac received an unfavorable claim construction, it appeared to understand perfectly well Braun's infringement contentions.  The reality is that Rayovac has not been prejudiced.  The deadline for expert reports of the party *with the burden of proof* is May 23, 2005.  Braun carries the burden of proving its infringement claim.  Rayovac is not required to submit its rebuttal expert report until June 13, 2005, nearly three months from the time Rayovac filed its motion.  Thus, Braun's undertaking to supplement its contentions, as necessary, and in a reasonable time is wholly consistent with its obligations under the Federal Rules of Civil Procedure and the Scheduling Order.  As Braun has agreed to provide what Rayovac requests, there is no need for the Court to compel Braun to give Rayovac its contentions and Rayovac's assertion to the contrary borders on frivolous.[2]

## II.    Braun Has Not Refused To Supplement Its Answer Regarding Damages

Rayovac's motion to compel Braun to supplement its answer to Interrogatory No. 6 regarding damages is superfluous.  Braun answered Interrogatory No. 6 prior to the time the parties exchanged documents and any discovery had occurred in this case.  As Braun's answer made clear, it only declined to answer the interrogatory, "at this time," and did so "[s]ubject to … later supplementation of this response."  (Ex. 2 at 8.)  At no time has Braun refused to supplement its

---

[2] Rayovac's claim that Braun's silence demonstrates that it does not intend to assert infringement under any doctrine of equivalents theory is misguided.  Braun asserts that Rayovac's products literally infringe the Braun patents.  To the extent that is rejected, Braun asserts that Rayovac's products infringe under the doctrine of equivalents.

answer to the interrogatory. Indeed, as explained repeatedly to Rayovac, Braun plans to and will supplement its answer.

Braun has already produced documents in its possession, custody, and control related to damages (and identified them for Rayovac) and will endeavor to provide supplemental materials, if any, as it locates them. Moreover, Braun is under no obligation at this point in the litigation to elect its damage remedy and to inform Rayovac of its theory of damages, which it is continuing to develop through discovery. Moreover, as the party with the burden of proof of its damages claim, Braun will submit an expert report on damages to Rayovac by May 23, 2005. Rayovac will have ample opportunity to submit its rebuttal report after that time, and indeed, if necessary, conduct additional fact discovery on the issue.[3]

Because Braun intends to supplement its answer to Interrogatory No. 6 and has not refused to do so, Rayovac's motion to compel this is unwarranted and should be denied.

### III.    Gillette Is Not A Party To This Action And Braun Is Not Concealing Its Role

Rayovac contends that Braun is "concealing" information regarding the role that Gillette plays in the manufacturing, testing, sales, and marketing of Braun's products because it is dissatisfied with Rayovac's answer to Interrogatory No. 19. Gillette was originally a party to this action, but was dismissed upon the motion of Rayovac. Now, Rayovac appears to want it both ways—it refuses to acknowledge Gillette's stake in the outcome of this dispute but at the same time desires unfettered access to manufacturing, sales, and marketing information of Gillette. As Rayovac acknowledges, and Braun has repeatedly stated (including in its answer to

---

[3] Though Rayovac contends it is unable to identify the necessary witnesses to depose regarding financial information, such identification is not necessary. Rayovac has issued a notice of deposition of Braun pursuant to Fed. R. Civ. P. 30(b)(6), wherein it could have listed a topic calling for information regarding sales and marketing of Braun's products. Rayovac chose not to do so.

Interrogatory No. 19) throughout this litigation, Gillette is responsible for the sales, marketing, and general business management of Braun's products in the United States.[4]  Braun does not seek to recover damages on behalf of Gillette, only its own damages.  Interrogatory No. 19, therefore, requests essentially the same information as Interrogatory No. 6 and Braun incorporates its discussion from Section II above.  Because Braun has agreed to supplement is response to Interrogatory No. 6, consistent with its obligations under the Scheduling Order and Federal Rules of Civil Procedure, Rayovac's motion to compel should be denied.

## IV.    Rayovac's Claim That Braun Is Hiding Evidence Is Unfounded

Braun has produced all responsive non-privileged materials in its possession, custody, or control, and has repeatedly informed Rayovac that this is the case.  Despite these assurances, Rayovac insists that Braun is the possession of additional materials that it is concealing from Rayovac.  Mere repetition of these serious allegations, however, does not make them true.  Rayovac has been particularly focused on the timeline produced by Braun, and documents related to items referenced in that timeline.  The timeline covers a period beginning in 1960 and Braun has conducted repeated searches of its files in order to recover and locate documents dating back over the past four decades.  Any documents located in these searches have been produced to Rayovac.[5]

---

[4] Rayovac's comment that Braun "has gathered a few documents from Gillette and produced them in this litigation," is inaccurate.  Despite Rayovac's insistence on dismissing Gillette from the case, Braun has considered Gillette documents to be within its possession, custody, or control, and as such has produced all non-privileged responsive documents and identified them for Rayovac.

[5] As recently as April 4, 2005, Braun produced additional documents to Rayovac.  Moreover, Rayovac has already noticed the deposition of Jurgen Hoser, the creator of the timeline, and designated the timeline as a 30(b)(6) topic.  To the extent the documents do not provide answers to Rayovac's questions, they will have ample opportunity to pose these questions directly to Mr. Hoser.

Rayovac argues that Braun's answer to Interrogatory No. 17 is designed to conceal evidence of prior art because it does not parrot back to Rayovac the list of "projects" Rayovac identified. As a preliminary matter, Braun agreed to supplement its answer to Interrogatory No. 17 in due course. (Ex. 4 at 2.) In its initial answer Braun has identified the project in connection with its current line of products. Rayovac's motion simply assumes that items referenced in the timeline or elsewhere in the documents were "projects" conducted by or on behalf of Braun. This is not the case. To the extent Braun uncovers additional information about any "projects," it will, as it has already stated, furnish this information to Rayovac. The motion to compel Braun to answer Interrogatory No. 17 should therefore be denied.

## V.    Braun Has Answered Interrogatory No. 18 Regarding Translations

Braun fails to understand Rayovac's inability to comprehend its answer to Interrogatory No. 18 and its representations regarding the translation of documents. Pursuant to the Scheduling Order, Braun, at significant expense, has provided Rayovac with certified translations of all foreign language documents it has had translated for its own use. As Braun has explained to Rayovac on multiple occasions, the English translations of these foreign language documents have Bates numbers which correspond to the original foreign language documents, and in addition have a suffix "ENG" for English. (Ex. 6 at 2; Ex. 7 at 7.) Other translations, which are included in the production itself, were not translated for use in this litigation and were a part of Braun's records as maintained in the ordinary course of business.

Not surprisingly, certain documents, as they were kept in the ordinary course of business, are incomplete. Consistent with the Federal Rules of Civil Procedure, documents were produced as maintained in the ordinary course of business, and not all documents were maintained in

complete form in Braun's files. Any "partial" translations reflect that the fact that the original document is incomplete, rather than, as Rayovac implies, some misconduct on Braun's part.

Rayovac's assertion that it is left to guess what translations Braun hopes to offer as evidence at trial is misguided. As Braun obtains additional translations for its own use, will furnish those to Rayovac. In advance of trial, the parties will be required to exchange exhibit lists. Rayovac's request that Braun be ordered to provide Bates numbers for translated documents draws no support from the Scheduling Order, the Federal Rules of Civil Procedure, or the facts. The motion to compel should be denied as to this request as well.

## VI.    Braun Has Proposed A Deposition Schedule That Is Efficient And Reasonable

Rayovac's insistence that depositions of Braun's employees be taken in the United States even though these same witnesses are available in Frankfurt, Germany during the period when Rayovac will be in Germany anyway to conduct the depositions of non-party witnesses is a waste of the parties' resources, inconsistent with Rayovac's original proposal, and plainly inefficient. Braun, on the other hand, has advocated and advanced a rational and efficient approach to depositions. To this end, Braun has secured the testimony of all witnesses and confirmed their availability during a particular period of time in Germany. Rayovac's request, that the Court order several witnesses to travel to the United States a week before the parties are all traveling to Germany, simply so it can say depositions took place in the United States is wasteful and unduly burdensome. The schedule proposed by Braun is an efficient and fair one.

Braun has been cooperative and accommodating in scheduling depositions.[6] Indeed, if any party has been reluctant to proceed with depositions, it has been Rayovac. For example, at

---

[6] Rayovac's recitation of the discussion surrounding deposition scheduling is incomplete and inaccurate. After declining the dates offered by Braun for the early depositions, Rayovac did not request new dates until late January. At that time, late February or early March were discussed.

Rayovac's request, Braun made two of its witnesses, Dr. Dietrich Pahl and Mr. Gebhard Braun, the inventors of the patents-in-suit, available for depositions in December 2004. Rayovac insisted that it needed these depositions prior to submission of its *Markman* briefs. Although Braun disagreed with Rayovac's position, Braun made the two witnesses available in December 2004. At the last moment, Rayovac decided unilaterally to cancel those depositions.

After the *Markman* briefs were submitted, Rayovac again asked Braun to facilitate scheduling of Dr. Pahl's and Mr. Braun's depositions. At that time, Rayovac informed Braun that it intended also to depose Mr. Jurgen Hoser and at least one other Braun witness and suggested (quite reasonably) that all of these witnesses should be deposed during the same time period to avoid multiple trips to Germany and to promote efficiency and best use of the parties' resources. Braun immediately began the process of coordinating the schedules of the three known witnesses and its counsel. Subsequently, Rayovac informed Braun that it desired to take the deposition of Mr. Gilbert Greaves, a former Braun employee, and Mr. Norbert Smetana. Rayovac also issued a Rule 30(b)(6) deposition notice, listing topics for which Mr. Hoser will primarily be Braun's designated witness.

Braun has now managed to coordinate the schedules of all of these witnesses and Braun's counsel, and provided Rayovac with a proposed deposition schedule, which consistent with Rayovac's stated desire, provides for the depositions of all of these witnesses during one time

---

Subsequent to that discussion, the Court scheduled the claim construction hearing for March 15. Due to the need for the parties to prepare and the scheduling conflicts of counsel (one of Braun's attorneys was participating in a two week trial in the District of Rhode Island), the parties deferred the dates until after the hearing. Braun then learned there was a two week holiday in Germany, from March 28 through April 8. The dates subsequently proposed by Braun were the earliest possible dates that all witnesses were available and counsel could travel to Germany for an extended period, and therefore represent the most efficient method of scheduling the depositions. Braun did not ask Rayovac to defer all depositions, but simply those of the German witnesses.

period in Germany, commencing the week of April 25, 2005.[7]  Thus, the parties will have to

make just one trip to Germany to accommodate all of Rayovac's deposition desires.  Moreover,

as it agreed to do in the Scheduling Order, Braun facilitated these depositions by securing the

cooperation of these witnesses, some of whom are elderly and retired from employment at

Braun, without requiring Rayovac to resort to the Hague Convention, preserving both time and

resources.[8]  Three of the witnesses, Dr. Pahl, Mr. Braun, and Gilbert Greaves, are former Braun

employees, and Rayovac has agreed to depose these individuals in Germany.  Nonetheless,

Rayovac insists that the depositions of Mr. Hoser (who will also be Braun's 30(b)(6) designee on

most, if not all, topics) and Mr. Smetana be conducted in the United States even though Braun

has secured their availability during the same period when Rayovac will be in Germany to take

the other three depositions.  Simply, it is inefficient to require these two witnesses to come to the

United States.  To the extent Rayovac insists on United States based depositions, Braun has

stated that it will, in a marked waste of resources, make Mr. Hoser and Mr. Smetana available in

the United States, after the depositions in Germany conclude.[9]

     Braun has honored its obligations undertaken in the Scheduling Order and worked to

promote an efficient schedule for depositions.  Rayovac's motion to compel depositions in the

---

[7]  Interestingly, although Rayovac insists that it is eager to commence depositions in this case, it
has recently proposed to delay the depositions in Germany until May 3, 2005.  Braun has
rejected Rayovac's attempts to delay and depositions will commence in Germany on April 26,
2005.

[8]  Rayovac recently noticed the deposition of another retired Braun employee, Gilbert Greaves.
As with Dr. Pahl and Mr. Braun, Braun has secured his cooperation and confirmed his
availability during the time period for depositions in Germany proposed by Braun.

[9]  Rayovac contends these dates are "uncertain."  Indeed, Rayovac only recently responded to
Braun's proposal to accommodate Rayovac's unreasonable desire for Boston-based depositions,
by proposing a starting date of May 9, 2005.  Braun is currently considering this proposal.
Regardless, Rayovac's request undermines its previously stated need to take depositions in
Boston prior to April 25, 2005.

United States prior to April 25, 2005 proposes a schedule that is unreasonable and inefficient and should therefore be denied.

## VII.    There Are No Third Party Documents Commingled With Braun's Production

More than three months after receiving a response to its subpoena directed to Fish & Richardson PC ("Fish &Richardson"), Rayovac complains that documents produced in response to that subpoena have been "commingled" with Braun's production, and bear the same bates labels as documents produced by Braun.  As Braun has explained on multiple occasions, Fish & Richardson did not produce any documents in this case— Braun produced the Fish & Richardson files.  A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."  *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000).  Therefore, when Braun responded to Rayovac's First Request For Production Of Documents, it reviewed and produced responsive documents from the files of its prosecution counsel, Fish & Richardson.  All documents, including those from the Fish & Richardson files, were either produced or included on Braun's privilege log.  In response to Rayovac's request for more information, Braun has stated that the documents from the Fish & Richardson files are the prosecution histories of the patents, as called for by Rayovac's document requests.  The burden on Rayovac to identify these documents within the production is no greater than the burden on Braun to do so.  Moreover, Rayovac can also easily identify entries on the privilege log that reflect privileged documents included within these files.

As Braun made clear in its response to the third-party subpoena directed to Fish & Richardson, its files were within the possession, custody, and control of Braun and were either produced or included on Braun's privilege log.  There is no obligation, and indeed, it would be enormously wasteful to require Fish & Richardson to produce, for a second time, materials

already furnished to Rayovac.  Rayovac's delayed complaint about this is unwarranted, and as it has received all responsive materials (or a log of those items which are responsive but privileged), and can readily identify these materials, the motion to compel should be denied.

## **CONCLUSION**

For the foregoing reasons, Rayovac's motion to compel should be denied in full.

BRAUN GmbH
by its attorneys,


s/Lesley F. Wolf_____
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Lesley F. Wolf (BBO #651199)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000


Dated:  April 13, 2005