IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## RAYOVAC CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Braun's Opposition Brief reveals the same disregard for the Federal Rules of Civil Procedure that necessitated Rayovac's Motion to Compel in the first place.[1] Braun apparently believes it can "decline" to answer interrogatories, to produce documents, and to produce witnesses for deposition unless and until it decides it wants to. That belief (argued by Braun without a single source of legal authority) is obviously misguided.

For example, Braun alleged it was entitled to monetary damages in its December 2003 Complaint. Rayovac served its Interrogatory No. 6 regarding that allegation in September 2004. Now, seven months after being served with that Interrogatory, Braun still refuses to state what damages theories it relies on and what damages it seeks. Time has run on Braun's hollow promise to "supplement" its non-responses "in due course."

---

[1] Braun's Opposition is even more replete with rhetoric than usual. Rayovac will not respond to such hyperbole, but does not wish to be mistaken as acquiescing to any of it. For example and as discussed further below, far from "attempt[ing] to manufacture a theory of the case," Rayovac is pressing Braun for a response to Interrogatory No. 1 regarding Braun's infringement contentions in part because Rayovac seriously questions the basis on which Braun brought suit in the first place, let alone how Braun can maintain at least part of its case now.

The Federal Rules do not require Rayovac to wait for expert discovery to obtain answers to basic interrogatories on fundamental liability and damages issues. Nor do they require Rayovac to take depositions only on the terms Braun dictates. Braun cannot be permitted to delay discovery by "declining" to answer any longer. Rayovac's Motion to Compel must be granted.

## ARGUMENT

Rayovac briefly addresses Braun's discovery shortcomings in order: (1) interrogatories; (2) depositions; and (3) document production.

**I.     Braun Must Be Compelled To Answer Rayovac's Interrogatories.**

### Interrogatory No. 1

Braun inconsistently argues that (1) Rayovac did not complain early and often enough about Braun's non-responses and (2) Rayovac is "impatient" in requesting that Braun provide its infringement contentions six months after they were due. Braun is wrong.

First, Braun's assertion that Rayovac did not complain about the insufficiency of Braun's infringement contentions until after the *Markman* Hearing is untrue. Immediately after Braun served its infringement contentions, Rayovac pointed out that they were grossly deficient. (Ex. A, 11/3/04 Letter from J. Coughlan to L. Wolf.) Braun responded that its contentions would not change. (Ex. B, 11/4/04 Letter from L. Wolf to J. Coughlan.) That Braun has not budged from its original position for six months demonstrates that its promise to "supplement in due course" is hollow.

Second, pursuant to the Court's Scheduling Order, Braun's infringement contentions were due in October 2004. Rayovac can hardly be called "impatient" for demanding what was

due over six months ago.[2]  Nor is Rayovac's request for real infringement contentions some "plan B."  To be clear, Rayovac does not believe that, under the claim constructions ***proposed by Braun*** (or those tentatively ordered by the Court) for the '556 patent, it is possible for any of Rayovac's products to infringe that patent.  Unless Braun demonstrates some factual basis for its infringement claims (as it currently refuses to do), Rayovac is left to question whether Braun has been in violation of Federal Rule of Civil Procedure 11 since it filed its complaint charging Rayovac with infringement of the '556 patent.  *See Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066 (Fed. Cir. 2002).  It has been over a month since the *Markman* hearing.  Braun should provide its specific infringement contentions now.  *See Stepan Co. v. Oxid L.P.*, 2003 WL 22742451, at *1 (N.D. Ill. 2003) (ordering party to answer interrogatory on infringement contentions).

      Equally unsupportable is Braun's apparent belief that it need not reveal the factual basis for any doctrine of equivalents allegations until Braun loses on a literal infringement theory. (Braun Opp. Br., at 5 n. 2.)  Needless to say, Braun does not get two bites at the apple -- both theories must be tried at once.  As Braun appears to admit that it has hidden one or more doctrine of equivalents theories in violation of the Scheduling Order and the Federal Rules, Braun should either provide discovery or be precluded from asserting any such theories.  *See Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 647-49 (Fed. Cir. 1994) (upholding preclusion of doctrine of equivalents theory withheld during discovery).

---

[2]  Braun's apparent position that Rayovac should remain patient in waiting for Braun's expert report on infringement until May 23, 2005 is absurd.  Rayovac would then have only three weeks to assimilate such information before rebuttal reports are due.

**Interrogatory No. 6**

Contrary to Braun's position, a party cannot "decline" to answer a proper interrogatory. Braun claimed entitlement to damages. (Am. Compl. ¶¶ 16 & 21.) Braun should have answered Interrogatory No. 6 months ago. *See Convolve, Inc. v. Compaq Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (stating that a patentee "can hardly complain" about responding to a damages interrogatory). It must do so now.[3] Rayovac should not have to await expert reports to learn the answers to its basic interrogatories.

**Interrogatory No. 19**

Braun is wrong when it argues that Interrogatory No. 19 is duplicative of Interrogatory No. 6. Rather, Interrogatory No. 19 requests detailed information as to ***Gillette's*** role in the "sales, marketing and general business management" of the products allegedly covered by Braun's patents. Thus, Interrogatory No. 19 seeks information relevant to at least (a) damages, in that it relates directly to how much money Braun -- as opposed to Gillette -- earns on the sale of products; and (b) Braun's claim of commercial success and long-felt need, alleged secondary indicia of non-obviousness, in that it relates to whether these factors are attributable to Gillette's marketing strength rather than the purported qualities of the claimed invention. *See McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1370 (Fed. Cir. 2003) (probative value of patentee's "massive marketing and advertising campaign" obscured any nexus that might have existed between the merits of the product and its commercial success).

---

[3] Braun claims that it has identified damages related documents to Rayovac. This is misleading. Braun wrote to Rayovac that its damages related documents "included, ***but were not limited to***," 60 pages in Braun's 7,000 pages of production. (Ex. 4 to Rayovac's Motion to Compel.) Obviously there are more than 60 pages of financial information in Braun's possession, custody, and control.

**Interrogatory No. 17**

Interrogatory No. 17 requests information about all work performed at Braun on shaver cleaning systems including, but not limited to, the products covered by the patents-in-suit. As set forth in Rayovac's Opening Brief, Interrogatory No. 17 is relevant to the issues of invalidity and unenforceability. As examples of projects, Rayovac specifically identified items set forth on a timeline produced by Braun. Braun refused to provide any information regarding those items.

After Rayovac filed its Motion to Compel, Braun finally produced some responsive documents (which are in German). Rayovac had specifically requested such documents months ago. (Ex. C, 1/28/05 Letter from J. Shimota to L. Wolf.) In its Opposition, Braun states that its employee Jurgen Hoeser is the author of the timeline. Thus, Braun was obviously capable of answering Interrogatory No. 17 in a timely fashion, but chose not to. Braun should be ordered to answer this interrogatory now.

**Interrogatory No. 18**

Braun has stated that it has produced documents it had translated for its "own use," and has made oblique reference to other translated documents. To clarify, as it is permitted to do, Rayovac asked Braun to identify by Bates number which documents it had translated. *See Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *4-5 (D. Kan. 2005) (ordering plaintiff to identify documents in response to an interrogatory). Braun implies that identifying the translations and corresponding originals is a simple task, but then refuses to undertake that task. In this case, actions speak louder than words, and Rayovac's motion should be granted.

**II.    Depositions Of Braun Employees Must Proceed In The United States in a Timely Fashion.**

The Scheduling Order, to which Braun agreed, states that Braun will bring its employees to the United States for deposition. Rayovac simply requests that the Court enforce the

5

Scheduling Order, allowing Rayovac to take depositions in the short time remaining before expert reports are due.

Braun's allegation that Rayovac has delayed deposition scheduling is belied by the substantial correspondence attached to Rayovac's Motion to Compel. To summarize, in response to repeated inquiries from Rayovac, Braun told Rayovac that depositions would occur in February (only to renege), then Braun promised March (only to renege), and later still Braun said that the month of April wouldn't work because of Easter.[4] Rayovac was thus compelled to request assistance from the Court.

Finally, Braun's assertion that cramming all of Rayovac's depositions into a brief period in Germany one month before expert reports are due is somehow "efficient" is both unfair and wrong. Rayovac is entitled to take timely depositions in stages, allowing it to adequately prepare and conduct discovery. Moreover, to conduct depositions in Germany, Rayovac will have to pay for the travel and housing of court reporters, translators, and videographers in Germany. Such expenses obviously would not be necessary in Boston.

Whether by procrastination or by design, Braun has delayed the depositions of its witnesses. It should be ordered to comply with the Scheduling Order and the law and produce its witnesses in the forum in which it chose to bring suit. (Rayovac Opening Br., at 15.)

### III. Braun Cannot Hide The Documents Of Its Prosecution Counsel

In order to be able to pursue discovery on issues such as inequitable conduct, Rayovac is entitled to know what documents were in the possession of Braun, Gillette, Fish & Richardson --

---

[4] "Braun did not ask Rayovac to defer all depositions, but simply those of German witnesses." (Braun Opp. Br., at 9 n. 6.) This statement underscores Braun's lack of candor. ***Every individual*** listed in Braun's Initial Disclosures and interrogatory responses ***resides in Germany***.

6

or any combination of the three, including correspondence and prior art. Rayovac is not asking for re-production of Fish & Richardson's documents. Rayovac simply requests that Braun identify the Fish & Richardson documents it says it produced. It is otherwise impossible for Rayovac to know which documents are Braun's and which are Fish & Richardson's from the production.[5] Accordingly, the Court should order Braun to identify the documents.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its initial memorandum, Rayovac respectfully requests that this Court grant its Motion to Compel.

DATED: April 15, 2005  DWYER & COLLORA LLP

By: __/s/ Joseph E. Haviland_____
Joseph E. Haviland (BBO #643814)
DWYER & COLLORA LLP
600 Atlantic Avenue
Boston, MA 0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

---

[5] While Braun obliquely refers to the file histories that it allegedly collected from Fish & Richardson, file histories are obviously not all the documents that Braun's prosecution counsel possessed. Rayovac is absolutely entitled to know, for example, what prior art Braun and Braun's prosecution counsel possessed and when each knew about it. This is relevant to establishing who was responsible for failures to meet the duty of disclosure during prosecution of the patents-in-suit pursuant to 37 C.F.R. § 1.56. The knowledge of Braun and Braun's counsel of invalidating prior art is also relevant to establishing the exceptionalness of Braun's suit against Rayovac. 35 U.S.C. § 285.

>Attorneys for Defendant
>Rayovac Corporation

**LOCAL RULE 7.1 CERTIFICATION**

 Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Defendant Rayovac Corporation Kevin S. Ueland conferred with counsel for Plaintiff Braun GmbH, Dalila Argaez Wendlandt, relating to this reply. Plaintiff's counsel indicated that Plaintiff Braun GmbH did not oppose the filing of this reply.

> /s/ Joseph E. Haviland
>Joseph E. Haviland