

**ROPES & GRAY LLP**
ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050
BOSTON   NEW YORK   SAN FRANCISCO   WASHINGTON, DC

November 4, 2004

Lesley F. Wolf
(617) 951-7597
lwolf@ropesgray.com

**BY FACSIMILE AND FIRST CLASS MAIL**

James B. Coughlan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Re: Braun v. Rayovac

Dear James:

I write in response to your November 3, 2004 letter.

As Braun's interrogatory answers make clear, the general objections are incorporated into each specific response. Therefore Objections No. 4 and No. 5 extend to all interrogatory answers. Subject to those and the objections otherwise articulated, Braun has answered by providing all relevant, non-privileged information. Braun, however, will not withdraw these objections.

Regarding Braun's answer to Interrogatory No. 2, to the extent the requested information is relevant and timely, Braun has provided, or will provide through its initial disclosure documents, responsive information. Braun specifically objected to Interrogatory No. 3 on the grounds that it called for a legal conclusion. Braun believes that the attorney-client privilege applies to certain information and will not withdraw its objection.

Insofar as the information requested by Interrogatory No. 5 is relevant to *Markman* proceedings, Braun has provided its answer. At this time, Braun feels its answer is complete and will not provide supplemental information. Braun declined to answer Interrogatory No. 6 because it lacks the information necessary to make an appropriate answer. Once it has received, through the discovery process, the relevant information from Rayovac, Braun will provide its answer.

Finally, Braun is puzzled by your contention that Rayovac needs an indication of how the Remington device infringes for purposes of the *Markman* proceedings as the claim construction is independent of the accused product. However, Braun states that the cradle is the cradle structure in the Remington devices that is adapted or designed to receive the shaving head of the Remington dry shaving apparatus.

9576460_1

James B. Coughlan                      - 2 -                    November 4, 2004

As the Court has now endorsed the stipulated protective order, Braun is prepared to exchange initial disclosure documents. Please contact me so that we may coordinate this exchange.

Very truly yours,

*[signature]*

Lesley F. Wolf

cc:   William L. Patton
      Edward J. Kelly
      Dalila Argaez Wendlandt

9576460_1

TOTAL P.03