**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### RAYOVAC CORPORATION'S UNOPPOSED MOTION TO AMEND ITS ANSWER AND COUNTERCLAIMS TO THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Rayovac Corporation ("Rayovac") hereby submits its unopposed motion for leave to amend its Answer and Counterclaims to the Amended Complaint. As set forth in attachment A to the present motion, Rayovac seeks to amend its Answer and Counterclaims to include additional affirmative defenses and claims relating to the unenforceability of the asserted patents based upon alleged inequitable conduct occurring during prosecution.

Among other affirmative defenses, Rayovac alleges that the two patents at issue in this action are both unenforceable due to plaintiff Braun GmbH's inequitable conduct in the prosecution of the patents. If inequitable conduct in the prosecution of the patents is shown, the patents may be held to be unenforceable. *See Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1362-63 (Fed. Cir. (2003).

More generally, when a motion seeks leave of the court to amend a pleading, such leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178 (1962) *accord Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 (1st Cir. 1979). Leave to amend should only be denied where the claim or defense is futile. *See*

*Schott Motorcycle Supply, Inc. v. American Honda Motor Co.*, 976 F.2d 58, 65 (1st Cir. 1992)(citing *Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir. 1980)).

In the present instance, as noted above, Plaintiff Braun GmbH ("Braun") does not oppose Rayovac's motion. For reasons explained fully in Rayovac's Proposed Amended Answer and Counterclaims, Rayovac's allegations of inequitable conduct are supported by evidence and will be developed further as discovery progresses. Rayovac's inequitable conduct theories are thus not futile.

Moreover, Braun will not suffer prejudice if the Answer and Counterclaims are amended because the documents and information relating to the issue of inequitable conduct are in the possession, custody, and control of Braun.

WHEREFORE, Rayovac respectfully requests that this Court enter an order permitting Rayovac to amend its Answer and Counterclaims to the Amended Complaint.

DWYER & COLLORA LLP

By: __/s/ James B. Coughlan_____
Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA 0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

DATED: May 19, 2005

**Attorneys for Defendant
Rayovac Corporation**

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Joseph E. Haviland, hereby certify that by letter dated May 18, 2005 addressed to counsel for defendant Rayovac, James B. Coughlan, counsel for plaintiff Braun GmbH, Lesley F. Wolf, indicated that plaintiff did not oppose the filing of the Proposed Amended Answer and Counterclaims.

Respectfully Submitted,

__/s/ Joseph E. Haviland_____