**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## RAYOVAC CORPORATION'S UNOPPOSED MOTION TO EXTEND THE CASE SCHEDULE

Pursuant to Federal Rule of Civil Procedure 16(b), Defendant Rayovac Corporation ("Rayovac") hereby submits its unopposed motion to extend the case schedule. Good cause exists for an extension because Plaintiff Braun GmbH ("Braun") has only recently produced approximately 33,000 pages of documents. And more documents remain to be produced. Most of those documents are in German, and therefore must be translated before they can be meaningfully reviewed. With barely one month remaining for discovery, Rayovac will be unable even to complete translating Braun's documents by the close of discovery, let alone digest this further production and complete deposition discovery. Rayovac diligently sought discovery from Braun, and was assured that Braun had produced all responsive documents. It had not. Rayovac respectfully requests that the Court extend all remaining deadlines in this case by two months to avert the obvious prejudice Rayovac would suffer if forced to go to trial without the opportunity to conduct meaningful discovery in this action.

The decision whether to modify a scheduling order is committed to the discretion of the district court. *See Vulcan Tools of Puerto Rico v. Makita U.S.A., Inc.*, 23 F.3d 564, 565 (1st Cir. 1994). Rayovac asserts that good cause for an extension exists, and Braun does not disagree.

Courts have held that good cause existed for extending a case schedule where there was untimely production of a substantial number of documents. *U.S. v. Merck-Medco Managed Care, L.L.C.*, 2005 WL 273030, at *1 (E.D. Pa. 2005) (extending case schedule due to untimely and inadequate production of documents); *Sigros v. Walt Disney World Co.*, 190 F. Supp.2d 165, 169 (D. Mass. 2002) (extending case schedule due to, *inter alia*, incomplete document production).

Rayovac served its First Set of Requests for Documents and Things on October 4, 2004. After Braun produced documents, Rayovac wrote several letters in early 2005 inquiring about what Rayovac believed to be an inadequate production.[1] Rayovac outlined several categories of documents that it believed had not been produced. Unable to obtain a satisfactory resolution, and in view of other discovery shortcomings, Rayovac filed a motion to compel with the Court in March 2005. Braun opposed Rayovac's Motion to Compel on April 13, 2005, arguing that "[w]hile Rayovac's papers state that plaintiff Braun Gmbh ('Braun') has continually 'stonewall[ed] and evade[d]' discovery, nothing could be further from the truth. Braun has produced over **7,000 pages** of documents in this action[.]" (*See* Opposition re Motion to Compel Discovery by Braun Gmbh (No. 58), at 1 (emphasis added).)

On May 11-12, 2005, however, Rayovac took the deposition of Juergen Hoeser, Braun's Rule 30(b)(6) designee on, *inter alia*, the topic of Braun's efforts to collect and produce documents. Mr. Hoeser's testimony established both to Braun and to Rayovac that Braun had failed to collect or produce a large number of responsive documents, many of which had been identified in correspondence from Rayovac. Braun's counsel acknowledged this in a May 13, 2005 letter, indicating that "[i]t is apparent from Mr. Hoeser's deposition that there are

---

[1] These letters were attached as Exhibits to Rayovac's Motion to Compel. (*See* Motion to Compel Discovery by Rayovac Corporation (No. 54).)

documents which should have been produced by Braun." (Ex. A.) The parties subsequently agreed that an extension to the Case Schedule was appropriate to enable, *inter alia*, continued and additional depositions, but agreed to see how many documents would be produced before deciding how long an extension would be requested.

Beginning at the end of May and continuing through this date, Braun has been producing additional documents on a rolling basis. Relevant documents from the named inventor of the patents-in-suit were collected at least by late 2004, but simply not produced to Rayovac until now. (Ex. B.) Such documents were unavailable when Rayovac took the depositions in Germany of the named inventor and the individual Braun seeks to join as an inventor. Many other documents were among the type identified months ago by Rayovac in correspondence, but not collected or produced by Braun until now. In the past few weeks, Braun's production has gone from its original production of 7,000 pages to approximately 40,000 pages. Braun has indicated that more documents will be produced. The majority of the recently-produced documents are written in German, and it will take a substantial amount of time to have them translated.

Fact discovery currently ends on July 22, 2005. Absent the requested relief, Rayovac will be prejudiced because it will be unable to obtain any discovery on thousands of pages of foreign language documents. Good cause thus exists to modify the Case Schedule so that Rayovac can fully explore its claims and defenses prior to trial. Accordingly, Rayovac respectfully requests that the Court modify the Case Schedule as follows:

- Close of Discovery:           October 21, 2005
- Deadline for Dispositive Motions:    November 3, 2005
- Trial:                January 2006

Rayovac believes that the modest three month extension will reduce the prejudice suffered while keeping the suit moving forward efficiently. Braun does not object to the modification of the Case Schedule as set forth above.

For the foregoing reasons, Rayovac respectfully requests that this Court enter an order modifying the Case Schedule as requested herein.

DWYER & COLLORA LLP

By: ____/s/ Joseph E. Haviland____
Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Mark A. Pals, P.C. (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

DATED:  June 27, 2005

**Attorneys for Defendant Rayovac Corporation**

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Joseph E. Haviland, hereby certify that on June 27, 2005, I spoke with counsel for plaintiff Braun GmbH, Dalila Argaez Wendlandt, who indicated that the plaintiff did not oppose the filing of this motion.

Respectfully Submitted,

__/s/ Joseph E. Haviland_____