**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**RAYOVAC CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF
DECLARING U.S. PATENT NO. 5,711,328 INVALID AND UNENFORCEABLE**

Defendant Rayovac Corporation ("Rayovac") hereby moves for summary judgment of declaring U.S. Patent No. 5,711,328 of Plaintiff Braun GmbH ("Braun")invalid and unenforceable. There are no genuine issues of material fact that preclude summary judgment of invalidity and unenforceability.

The memorandum attached to this motion establishes that the '328 patent is (1) invalid under 35 U.S.C. § 102(f) and (2) unenforceable due to inequitable conduct based upon the submission of a false inventor oath to the United States Patent Office. As explained in detail in the attached memorandum, Braun has admitted that the '328 patent does not name the proper inventors, and this error cannot be corrected due to the admitted deceptive intent of the unnamed inventor Dr. Dietrich Pahl. Moreover, the knowingly false oath submitted to the United States Patent Office by named inventor Gebhard Braun renders the patent unenforceable for inequitable conduct.

Summary judgment is proper where "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rayovac may meet its initial burden of

production by demonstrating an "absence of evidence to support [Braun's] case."[1]  *See Am. Home Assurance Co. v. Fore River Dock & Dredge, Inc., C.B.*, 321 F. Supp. 2d 209, 216 (D. Mass. 2004) (Young, C.J.) (quoting *Celotex Corp.*, 477 U.S. at 325).  Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a failure of proof regarding an essential element necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.

## CONCLUSION

For the reasons set forth in the four supporting memoranda attached hereto, Rayovac respectfully requests that this Court grant its Motion for Summary Judgment.

---

[1]  It is Braun's burden to prove that its patent may be corrected pursuant to 35 U.S.C. § 256. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1364 (Fed. Cir. 2004); *S. Bravo Sys., Inc. v. Containment Techs. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996); *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).  It is Rayovac's burden to prove patent invalidity and unenforceability by clear and convincing evidence. *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1320 (Fed. Cir. 2004); *Alza Corp. v. Mylan Labs., Inc.*, 391 F.3d 1365, 1373 (Fed. Cir. 2004).

DATED: August 22, 2005               DWYER & COLLORA LLP

By: _/s/ Kevin S. Ueland_____
Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Attorneys for Defendant
Rayovac Corporation

3

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Kevin S. Ueland, hereby certify that I made a good faith attempt to meet and confer about the subject matter of the present motion with opposing counsel, but the parties were unable to reach agreement.

Respectfully Submitted,

_/s/ Kevin S. Ueland_____