# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RAYOVAC CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Rayovac Corporation ("Rayovac") hereby moves for partial summary judgment on Plaintiff Braun GmbH's ("Braun") claims for damages under a price erosion theory. There are no genuine issues of material fact that preclude summary judgment of damages. The memorandum attached to this motion establishes that Braun cannot pursue damages in the form of alleged price

Summary judgment is proper where "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rayovac may meet its initial burden of production by demonstrating an "absence of evidence to support [Braun's] case."[1] *See Am. Home Assurance Co. v. Fore River Dock & Dredge, Inc., C.B.*, 321 F. Supp. 2d 209, 216 (D. Mass. 2004) (Young, C.J.) (quoting *Celotex Corp.*, 477 U.S. at 325). Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a

---

[1]  It is Braun's burden to prove damages by a preponderance of the evidence. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1364 (Fed. Cir. 2004); *S. Bravo Sys., Inc. v. Containment Techs. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996); *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).

failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.

## CONCLUSION

For the reasons set forth in the four supporting memoranda attached hereto, Rayovac respectfully requests that this Court grant its Motion for Partial Summary Judgment.

DATED:  August 22, 2005                  DWYER & COLLORA LLP

By:   /s/ Kevin S. Ueland_____
Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Attorneys for Defendant
Rayovac Corporation

# CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Kevin S. Ueland, hereby certify that I made a good faith attempt to meet and confer about the subject matter of the present motion with opposing counsel, but the parties were unable to reach agreement.

Respectfully Submitted,

_/s/ Kevin S. Ueland _____