**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**RAYOVAC CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '328 PATENT UNDER THE DOCTRINE OF EQUIVALENTS**

Defendant Rayovac Corporation ("Rayovac") hereby moves for partial summary judgment that Plaintiff Braun GmbH ("Braun") be precluded from asserting infringement under the doctrine of equivalents. There are no genuine issues of material fact that preclude summary judgment of noninfringement under the doctrine of equivalents.

The memorandum attached to this motion establishes that Rayovac challenged Braun to specify each claim it alleged was infringed under the doctrine of equivalents and how the accused product allegedly corresponded to the limitations under the doctrine of equivalents. Because Braun has failed to assert or address the doctrine in its expert reports or discovery responses, Rayovac is entitled to summary judgment.

Summary judgment is proper where "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rayovac may meet its initial burden of

production by demonstrating an "absence of evidence to support [Braun's] case."[1]  *See Am. Home Assurance Co. v. Fore River Dock & Dredge, Inc., C.B.*, 321 F. Supp. 2d 209, 216 (D. Mass. 2004) (Young, C.J.) (quoting *Celotex Corp.*, 477 U.S. at 325).  Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.

## CONCLUSION

For the reasons set forth in the four supporting memoranda attached hereto, Rayovac respectfully requests that this Court grant its Motion for Partial Summary Judgment.

---

[1] It is Braun's burden to prove infringement by a preponderance of the evidence. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1364 (Fed. Cir. 2004);  *S. Bravo Sys., Inc. v. Containment Techs. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996); *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).

DATED: August 22, 2005                      DWYER & COLLORA LLP


By:  _/s/ Kevin S. Ueland_____
Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA 0210-1122
(617) 371- 1000
Facsimile: (617)371-1037

Attorneys for Defendant
Rayovac Corporation

3

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Kevin S. Ueland, hereby certify that I made a good faith attempt to meet and confer about the subject matter of the present motion with opposing counsel, but the parties were unable to reach agreement.

Respectfully Submitted,

_/s/ Kevin S. Ueland_____