**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRAUN GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | )   Civil Action No. 03-CV-12428-WGY |
| | ) |
| RAYOVAC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**RAYOVAC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '328 PATENT UNDER THE DOCTRINE OF EQUIVALENTS**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  STATEMENT OF FACTS ............................................................................................1

III. ARGUMENT..................................................................................................................2

IV.  CONCLUSION...............................................................................................................3

# **TABLE OF AUTHORITIES**

**Cases**

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*,
 73 F.3d 1573, 1582 (Fed. Cir. 1996) ................................................................................ 2

*Business Objects, S.A. v. Microstrategy, Inc.*,
 393 F.3d 1366, 1374 (Fed. Cir. 2005) .............................................................................. 2

*Hewlett-Packard Co. v. Mustek Systems, inc.*,
 340 F.3d 1314, 1321-23 (Fed. Cir. 2003) ..................................................................... 2, 3

*Inline Connection Corp. v. AOL Time Warner Inc.*,
 364 F. Supp. 2d 417, 446-48 (D. Del. 2005) .................................................................... 2

*Lear Siegler, Inc. v. Sealy Mattress Co.*,
 873 F.2d 1422, 1425 (Fed. Cir. 1989) .............................................................................. 2

*Macaulay v. Anas*,
 321 F.3d 45, 50-53 (1st Cir. 2003) ................................................................................... 3

*Pennwalt Corp. v. Durand-Wayland, Inc.*,
 833 F.2d 931, 935 (Fed. Cir. 1987) .................................................................................. 2

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
 90 F.3d 1558, 1566 (Fed. Cir. 1996) ............................................................................ 2, 3

## I.    INTRODUCTION

Defendant Rayovac Corporation ("Rayovac") hereby moves for partial summary judgment of noninfringement of U.S. Patent No. 5,711,328 under the doctrine of equivalents. There are no genuine issues of material fact that preclude summary judgment of noninfringement under the doctrine of equivalents. Rayovac challenged Platiniff Braun GmbH ("Braun") to specify each claim it alleged was infringed under the doctrine of equivalents and how the accused product allegedly corresponded to the limitations under the doctrine of equivalents. Because Braun has failed to adduce the evidence in response, Rayovac is entitled to summary judgment.

## II.    STATEMENT OF FACTS

Braun is asserting U.S. Patent No. 5,711,328 ("the '328 patent"). On August 30, 2004, Rayovac served Braun with Defendant's First Set of Interrogatories to Plaintiff, asking Braun to identify, *inter alia*, each claim element Braun contended had been infringed under the doctrine of equivalents, and the basis for Braun's contentions. ¶ 5.[1] Braun's response has never even hinted at the doctrine of equivalents. ¶ 8.

Braun's expert, Dr. Samir Nayfeh, has opined that Rayovac devices literally infringe claims 11, 12, 14 and 18 of the '328 patent. ¶¶ 9, 12. He, however, offered absolutely no opinions regarding the doctrine of equivalents. ¶¶ 10, 13. In response to Nayfeh's First Report, Samuel R. Phillips, Rayovac's expert, noted that neither Braun nor Dr. Nayfeh had asserted that Rayovac products infringed the '328 patent claims under the doctrine of equivalents. ¶ 11. In his Third Report, Dr. Nayfeh did not rebut the assertion in Phillips' Second Report, remaining silent about the doctrine of equivalents. ¶ 13.

---

[1] Citations to "¶" refer to the corresponding numbered paragraphs in the Statement of Uncontested Facts.

### III.  ARGUMENT

"Infringement under the doctrine of equivalents occurs when a claimed limitation and the accused product perform substantially the same function in substantially the same way to obtain substantially the same result."  *Business Objects, S.A. v. Microstrategy, Inc.*, 393 F.3d 1366, 1374 (Fed. Cir. 2005).  Specific evidence is necessary to prove infringement under the doctrine of equivalents including "the need to prove equivalency on a limitation-by-limitation basis . . . [and] with 'particularized testimony and linking argument.'"  *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996) (citations omitted); *see Hewlett-Packard Co. v. Mustek Systems, inc.*, 340 F.3d 1314, 1321-23 (Fed. Cir. 2003); *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582 (Fed. Cir. 1996); *Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935 (Fed. Cir. 1987).  "The evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement[,]" and "the fact there was evidence and argument on literal infringement, that may also bear on equivalence" fails to demonstrate infringement under the doctrine of equivalents.  *Lear Siegler*, 873 F.2d at 1425; *see Texas Instruments Inc.*, 90 F.3d at 1567 ("Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice."); *Inline Connection Corp. v. AOL Time Warner Inc.*, 364 F. Supp. 2d 417, 446-48 (D. Del. 2005).  Because Plaintiff has failed to provide sufficient particularized linking testimony, Rayovac's motion should be granted.

There exists no genuine issue of material fact that would support infringement under the doctrine of equivalents.  Throughout its pleadings, answers to interrogatories, and expert reports, there is no evidence of infringement under the doctrine of equivalents that is separate from its generalized arguments of infringement.  ¶¶ 8-10, 12-13.

Lacking any opinion from its expert Dr. Nayfeh, Braun thus cannot prove equivalency on a limitation-by-limitation basis with particularized testimony and linking argument. *See Hewlett-Packard Co.*, 340 F.3d at 1321-23. Dr. Nayfeh submitted two expert reports on infringement yet failed in each to provide the particularized analysis needed to argue infringement under the doctrine of equivalents. ¶¶ 9-10, 12-13. Silence is obviously not particularized evidence. *See Texas Instruments Inc.*, 90 F.3d at 1567. Because the deadline for expert reports has come and gone, Dr. Nayfeh likewise cannot offer any such doctrine of equivalents evidence now. *See Macaulay v. Anas*, 321 F.3d 45, 50-53 (1st Cir. 2003) (precluding expert from testifying on theory first expounded on in supplemental report submitted one month after expert report deadline). In short, Braun only has evidence allegedly demonstrating literal infringement. That is no substitute for doctrine of equivalents evidence as a matter of law. Accordingly, summary judgment must be granted.

## IV.   CONCLUSION

For all the reasons set forth herein, Rayovac respectfully requests that this Court grant its motion for summary judgment of noninfringement of the '328 patent under the doctrine of equivalents.

DATED:  August 22, 2005                    DWYER & COLLORA LLP


By:  _/s/ Kevin S. Ueland _____
Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617) 371-1037

4