P 44 02 238.7-23
05818

- 32 -

12.  A device as claimed in any one of the claims 10
or 11, characterized in that the filter means is com-
prised of a connection means (19) to which the hose mem-
ber (20) permeable to the fluid is fitted.

13.  A device as claimed in any one of the claims 10
to 12, characterized in that the hose member (20) is im-
mersed in the cleaning fluid (40) held in the cleaning
fluid container (6).

14.  A device as claimed in any one of the claims 9
to 13, characterized in that the connection means (19) is
directly or indirectly connected to the suction side of
the feed device (23), its delivery side being in communi-
cation with a filter means (24) through a conduit (25).

15.  A device as claimed in any one of the claims 9
to 14, characterized in that the filter means (24) is
connected to the cradle structure (7) by means of an out-
let connection means (37), and that an outlet port (27)
provided in the cradle structure (7) is connected to the
cleaning fluid container (6).

16.  A device as claimed in one or several of the
preceding claims, characterized in that the shaving appa-
ratus (1) is insertable into a supporting structure con-
figured as a bracket (10) and is mechanically and/or
electrically interlockable by a switching means (9).

17.  A device as claimed in one or several of the
preceding claims, characterized in that the switching
means (9) for mechanically and/or electrically interlock-
ing the shaving apparatus (1) is movable against the
force of a spring from an "Off" position or unlockable

. . .

B000253

P 44 02 238.7-23
05818

- 33 -

position into at least one position interlocking the
shaving apparatus (1).

18.  A device as claimed in one or several of the
preceding claims, .characterized in that the "On" position
for electrically activating the shaving apparatus (1)
also serves for activation of the cleaning device (5).

19.  A device as claimed in one or several of the
preceding claims, characterized in that the switching
means (9) is adapted .to be connected to an electric con-
trol circuit which activates the cleaning device for a
predetermined or programmable period of time.

20.  A device as claimed in one or several of the
preceding claims, characterized in that, following clean-
ing of the shaving head, the drying device of the shaving
apparatus (1) is additionally activated for a predeter-
mined or programmable period of time.

21.  A device as claimed in one or several of the
preceding claims, characterized in that the electric con-
trol circuit activatable by the switching means (9) is
utilizable for the control of the various operating
stages of the cleaning device (5).

22.  A device as claimed in one or several of the
preceding claims, characterized in that the electric con-
trol circuit activatable by the switching means (9) is
adapted to be de-energized for the control of the clean-
ing and drying cycle, cancels the electrical and/or
mechanical interlock and/or terminates the charging cycle
of the shaving apparatus (1).

. . .

B000254

P 44 02 238.7-23
05818

– 34 –

**Abstract of the Disclosure**

The invention is directed to a cleaning device 5, with a cradle structure 7 receiving the shaving head 3 of a shaving apparatus 1, as well as at least one cleaning fluid container 6, 61 and a device adapted to be driven by a motor 28 for feeding the cleaning fluid, wherein the cradle structure 7 receiving the shaving head 3 is ar- ranged separately from the cleaning fluid container 6 and is supplied with cleaning fluid from the container.

(FIG. 1)

05 Dec 94/BH.

B000255

U5810
05839

3 / 8



Fig. 4

B000256

00/376849

47AØ

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun      Art Unit:
Serial No.:              Examiner:
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

INFORMATION DISCLOSURE STATEMENT

    Applicant submits the references listed on the attached
form PTO 1449, copies of which are enclosed.  This statement is
being filed with the application.  Please apply any charges or
credits to Deposit Account No. 06-1050.

                  Respectfully submitted,

Date: _January 25, 1995_

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
109802.B11

"EXPRESS MAIL" Mailing Label Number _RB656234898US_

Date of Deposit _January 23 1995_
I hereby certify under 37 CFR 1.10 that this correspondence
is being deposited with the United States Postal Service as
"Express Mail Post Office To Addressee" with sufficient
postage on the date indicated above and is addressed to the
Commissioner of Patents and Trademarks, Washington, D.C.
20231.

Marc Curry

B000257

Sheet ___1 (A)___ of ___1___

| SUBSTITUTE FORM PTO-1449<br>(MODIFIED) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO.<br>02894/284001 | SERIAL NO. |
|---|---|---|---|
| INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br>(Use several sheets if necessary)<br><br>(37 CFR 1.98(b)) | | APPLICANT<br>Gebhard Braun | |
| | | FILING DATE<br>January 20, 1995 | GROUP |

**U.S. PATENT DOCUMENTS**

| EXAMINER<br>INITIAL | | PATENT NUMBER | ISSUE<br>DATE | PATENTEE | CLASS | SUBCLASS | FILING DATE<br>IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | A1 | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

**FOREIGN PATENT OR PUBLISHED FOREIGN PATENT APPLICATION**

| | | DOCUMENT NUMBER | PUBLICATION<br>DATE | COUNTRY OR<br>PATENT OFFICE | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | FR 2568111 | 01/31/86 | France | A45 | D 27/46 | | NO |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

**OTHER DOCUMENTS (Including Author, Title, Date, Place of Publication)**

| | | |
|---|---|---|
| | AQ | |
| | AR | |
| | AS | |

| EXAMINER | | DATE CONSIDERED | 3/4/96 |
|---|---|---|---|

EXAMINER: Initial citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)

B000258

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|

08/376,849    01/23/95    BRAUN                    G      02894/284001

03P1/0224

FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

DATE MAILED:    0000

## NOTICE TO FILE MISSING PARTS OF APPLICATION            02/24/95
## FILING DATE GRANTED

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted **ALONG WITH THE PAYMENT OF A SURCHARGE** for items 1 and 3-6 only of $ ___ for large entities or $ ___ for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e).

If all required items on this form are filed within the period set below, the total amount owed by applicant as a ☑ large entity, ☐ small entity (verified statement filed), is $ ___.

> Applicant is given **ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE** of this application, **WHICHEVER IS LATER**, within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity, must submit $ ___ to complete the basic filing fee.

2. ☐ Additional claim fees of $ ___ as a ☐ large entity, ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due.

3. ☐ The oath or declaration:
    ☐ is missing.
    ☐ does not cover items omitted at time of execution.

    An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

5. ☐ The signature(s) to the oath or declaration is/are: ☐ missing; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration:

    _____ An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

7. ☑ The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $ ___ under 37 CFR 1.17(k), unless this fee has already been paid.

8. ☐ A $ ___ processing fee is required since your check was returned without payment. (37 CFR 1.21(m)).

9. ☐ Your filing receipt was mailed in error because your check was returned without payment.

10. ☐ The application does not comply with the Sequence Rules. See attached Notice to Comply with Sequence Rules 37 CFR 1.821-1.825.

11. ☐ Other

Direct the response and any questions about this notice to, Attention: Application Processing Division, Special Processing and Correspondence Branch (703) 308-1202.

*A copy of this notice MUST be returned with the respons*

B000259

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTY. DOCKET NO./TITLE |
|---|---|---|---|---|
| 08/376,849 | 01/23/95 | BRAUN | G | 02894/284001 |

03P1/0224

FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

DATE MAILED: 0000

## NOTICE TO FILE MISSING PARTS OF APPLICATION
## FILING DATE GRANTED

02/24/95

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted **ALONG WITH THE PAYMENT OF A SURCHARGE**, for items 1 and 3-6 only of $ _____ for large entities or $ _____ for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e).

If all required items on this form are filed within the period set below, the total amount owed by applicant as a ☑ large entity, ☐ small entity (verified statement filed), is $ _____

> Applicant is given **ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE** of this application, **WHICHEVER IS LATER**, within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity, must submit $ _____ to complete the basic filing fee.

2. ☐ Additional claim fees of $ _____ as a ☐ large entity, ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due.

3. ☐ The oath or declaration:
   ☐ is missing.
   ☐ does not cover items omitted at time of execution.

   An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

5. ☐ The signature(s) to the oath or declaration is/are: ☐ missing; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration:

   _____ An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

7. ☑ The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $ _____ under 37 CFR 1.17(k), unless this fee has already been paid.

8. ☐ A $ _____ processing fee is required since your check was returned without payment. (37 CFR 1.21(m)).

9. ☐ Your filing receipt was mailed in error because your check was returned without payment.

10. ☐ The application does not comply with the Sequence Rules. See attached Notice to Comply with Sequence Rules 37 CFR 1.821-1.825.

11. ☐ Other _____

B000260

FORM PTO-1533    Direct the reply and any questions about this notice to, Attention: Application Processing Division,
_____ Correspondence Branch (703) 308-1202.

# Declaration and Power of Attorney For Patent Application
## *Erklärung Für Patentanmeldungen Mit Vollmacht*
### German Language Declaration

Als nachstehend benannter Erfinder erkläre ich hiermit an Eides Statt:

As a below named inventor, I hereby declare that:

dass mein Wohnsitz, meine Postanschrift, und meine Staatsangehörigkeit den im Nachstehenden nach meinem Namen aufgeführten Angaben entsprechen,

My residence, post office address and citizenship are as stated below next to my name,

dass ich, nach bestem Wissen der ursprüngliche, erste und alleinige Erfinder (falls nachstehend nur ein Name angegeben ist) oder ein ursprünglicher, erster und Miterfinder (falls nachstehend mehrere Namen aufgeführt sind) des Gegenstandes bin, für den dieser Antrag gestellt wird und für den in Patent beantragt wird für die Erfindung mit dem Titel:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

Reinigungsvorrichtung für den Scherkopf eines Trockenrasierers

Cleaning Device for the Shaving Head of a Dry Shaver

deren Beschreibung

the specification of which

(zutreffendes ankreuzen)

(check one)

☒ hier beigefügt ist.

☒ is attached hereto.

☐ am _____ unter der

☐ was filed on _____ as

Anmeldungsseriennummer _____

Application Serial No. _____

eingereicht wurde und am _____ abgeändert wurde (falls tatsächlich abgeändert).

and was amended on _____ (if applicable)

Ich bestätige hiermit, dass ich den Inhalt der obigen Patentanmeldung einschliesslich der Ansprüche durchgesehen und verstanden habe, die eventuell durch einen Zusatzantrag wie oben erwähnt abgeändert wurde.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

Ich erkenne meine Pflicht zur Offenbarung irgendwelcher Informationen, die für die Prüfung der vorliegenden Anmeldung in Einklang mit Absatz 37, Bundesgesetzbuch, Paragraph 1.56(a) von Wichtigkeit sind, an.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

Ich beanspruche hiermit ausländische Prioritätsvorteile gemäss Abschnitt 35 der Zivilprozessordnung der Vereinigten Staaten, Paragraph 119 aller unten angegebenen Auslandsanmeldungen für ein Patent oder eine Erfindersurkunde, und habe auch alle Auslandsanmeldungen für ein Patent oder eine Erfindersurkunde nachstehend gekennzeichnet, die ein Anmeldedatum haben, das vor dem Anmeldedatum der Anmeldung liegt, für die Priorität beansprucht wird.

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Form PTO-FB-240 (8-83)                                    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

B000261

# German Language Declaration

Prior foreign applications
Priorität beansprucht

Priority Claimed

| P 44 02 238.7 | DE | 26th January 1994 | | |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | [X] Yes Ja | [ ] No Nein |
| (Nummer) | (Land) | (Tag/Monat/Jahr eingereicht) | | |

| | | | | |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | [ ] Yes Ja | [ ] No Nein |
| (Nummer) | (Land) | (Tag/Monat/Jahr eingereicht) | | |

| | | | | |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | [ ] Yes Ja | [ ] No Nein |
| (Nummer) | (Land) | (Tag/Monat/Jahr eingereicht) | | |

Ich beanspruche hiermit gemäss Absatz 35 der Zivilprozess-ordnung der Vereinigten Staaten, Paragraph 120, den Vorzug aller unten aufgeführten Anmeldungen und falls der Gegen-stand aus jedem Anspruch dieser Anmeldung nicht in einer früheren amerikanischen Patentanmeldung laut dem ersten Paragraphen des Absatzes 35 der Zivilprozessordnung der 'ereinigten Staaten, Paragraph 112 offenbart ist, erkenne ich gemäss Absatz 37, Bundesgesetzbuch, Paragraph 1.56(a) meine Pflicht zur Offenbarung von Informationen an, die zwi-schen dem Anmeldedatum der früheren Anmeldung und dem nationalen oder PCT internationalen Anmeldedatum dieser Anmeldung bekannt geworden sind.

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States appli-cation in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) (Anmeldeseriennummer) | (Filing Date) (Anmeldedatum) | (Status) (patentiert, anhängig, aufgegeben) | (Status) (patented, pending, abandoned) |
|---|---|---|---|
| (Application Serial No.) (Anmeldeseriennummer) | (Filing Date) (Anmeldedatum) | (Status) (patentiert, anhängig, aufgegeben) | (Status) (patented, pending, abandoned) |

Ich erkläre hiermit, dass alle von mir in der vorliegenden Erklärung gemachten Angaben nach meinem besten Wissen und Gewissen der vollen Wahrheit entsprechen, und dass ich diese eidesstattliche Erklärung in Kenntnis dessen ab-gebe, dass wissentlich und vorsätzlich falsche Angaben ge-mäss Paragraph 1001, Absatz 18 der Zivilprozessordnung der Vereinigten Staaten von Amerika mit Geldstrafe belegt und/oder Gefängnis bestraft werden koennen, und dass de-rartig wissentlich und vorsätzlich falsche Angaben die Gül-tigkeit der vorliegenden Patentanmeldung oder eines darauf erteilten Patentes gefährden können.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on infor-mation and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Form PTO-FB-240 (8-83)                    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

B000262

# German Language Declaration

VERTRETUNGSVOLLMACHT: Als benannter Erfinder beauftrage ich hiermit den nachstehend benannten Patentanwalt (oder die nachstehend benannten Patentanwälte) und/oder Patent-Agenten mit der Verfolgung der vorliegenden Patentanmeldung sowie mit der Abwicklung aller damit verbundenen Geschäfte vor dem Patent-und Warenzeichenamt: (*Name und Registrationsnummer anführen*)

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. (*list name and registration number*)

Willis M. Ertman, Reg. No. 18,658
Timothy A. French, Reg. No. 30,175
John M. Skenyon, Reg. No. 27,468
Peter J. Devlin, Reg. No. 31,753
Barry E. Bretschneider, Reg. No. 28,055
Ralph A. Mittelberger, Reg. No. 33,195
Donal B. Tobin, Reg. No. 25,711
Eric L. Prahl, Reg. No. 32,590

| Telefongespräche bitte richten an:<br>(*Name und Telefonnummer*) | Direct Telephone Calls to: (*name and telephone number*) |
|---|---|
| | Willis M. Ertman  at  (617) 542-5070 |

| :tanschrift: | Send Correspondence to:<br>Willis M. Ertman, Esq.<br>Fish & Richardson<br>225 Franklin Street<br>Boston, MA  02110-2804 |
|---|---|

| Voller Name des einzigen oder ursprünglichen Erfinders:<br>Gebhard Braun | Full name of sole or first inventor |
|---|---|
| Unterschrift des Erfinders          Datum<br>*[signature]*  Dec. 21, 94 | Inventor's signature          Date |
| Wohnsitz<br>Spessartstraße 18, D-65779 Kelkheim | Residence |
| Staatsangehörigkeit<br>German | Citizenship |
| Postanschrift<br>Spessartstraße 18, D-65779 Kelkheim,<br><br>Fed. Republic of Germany | Post Office Address |
| Voller Name des zweiten Miterfinders (falls zutreffend) | Full name of second joint inventor, if any |
| Unterschrift des Erfinders          Datum | Second Inventor's signature          Date |
| Wohnsitz | Residence |
| Staatsangehörigkeit | Citizenship |
| Postanschrift | Post Office Address |
| | |

(*Bitte entsprechende Informationen und Unterschriften im Falle von dritten und weiteren Miterfindern angeben*).

(Supply similar information and signature for third and subsequent joint inventors.)

Page 3 of 3

Form PTO-FB-240 (8-83)

Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

B000263

## BIRGIT HUBATSCH

staatl. gepr. Übersetzerin für Englisch (BDÜ)
allgem. vereidigt für Gerichte und Notare im Lande Hessen

Elisabethenstraße 33a  .  D-64390 Erzhausen  .  Telefon/Telefax  (06150) 7438

05818


IN  THE  MATTER OF
German Patent Application
Serial No. P 44 02 238.7-23
Braun Aktiengesellschaft


### DECLARATION


I,  Birgit  Hubatsch,  of  Elisabethenstr.  33a,  D-64390
Erzhausen, Federal Republic of Germany, hereby declare that I
am conversant with the English and German languages and am a
competent translator thereof, duly sworn for the Law Courts
and Public Notaries of Land Hesse.  I also declare that I am
the translator of the documents attached and certify that the
following is a true and accurate translation from the German
original into the English language to the best of my
knowledge and belief.


Dated this 5th day of December 1994


Birgit  Hubatsch
Sworn Translator

B000264

PATENT
ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit:
Serial No.: 08/376,849                       Examiner:
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

<u>RESPONSE TO NOTICE TO FILE MISSING PARTS</u>

On February 24, 1995, the Patent Office issued a Notice to File Missing Parts of Application in this matter.  The Notice indicated that "[t]he application was filed in a language other than English."

We note, however, that we did in fact submit a verified translation of the application when the application was originally filed in the U.S. Patent Office on January 23, 1995. We have enclosed herewith a copy of the verified translation which was provided at that time.

As further evidence that a verified translation was previously submitted, we also enclose: (1) a copy of the cover letter which accompanied the original filing; and (2) a copy of the return post card including the stamp of the Mail Room dated January 23, 1995.  Both the cover letter and the post card indicate that 35 pages of English translation were enclosed.

Date of Deposit *March 21, 1995*
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231.

*Mary Elizabeth Bougee*

B000265

Since the application was complete when originally filed, we believe that neither a surcharge or a fee for submitting the translation late is required.

Please apply any charges not covered, or any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: _March 21, 1995_

Frank R. Occhiuti  Reg. No. 35,306

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
117962.B11

2

B000266

*EXP. MAIL # RB656 2348984US*

**PATENT**
**ATTORNEY DOCKET NO.:** *O2894/284001*

The Patent and Trademark Office date stamp sets forth the receipt date (or both the receipt date and the Serial Number) of a patent application identified as follows:

Applicant: *GEBHARD BRAUN*

Title: *CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER*

[ X ] Transmittal Letter
[ X ] Appln *30* Pages of Spec. *8* Pages of Claims *28* Total Claims *1* Pages of Abstract
[ ] Rule 62 Filing Request (FWC) ____ Pages
[ X ] Assignment *and ASSIGNMENT RECORDAL SHEET*
[ ] Deposit Account Order Form (2 copies)
[ X ] Check $ *1146.00 and $40.00*                          *08/376849*
[ ] Small Entity Statement
[ X ] Drawings *8* Sheets Formal ____ Sheets Informal
[ X ] Combined Declaration and Power of Attorney *X* signed ____ unsigned
[ ] Preliminary Amendment - *1* Pages
[ X ] Information Disclosure Statement
    [ X ] PTO 1449 Form - *1* Pages
    [ X ] Prior Art References - Number of References *1*
[ X ] Priority Document - *41* Pages
[ X ] English Translation *(35 pages)*
[ ] Other ____

Atty/Sec.    Client/
Initials *ELP/meb* Matter Name *BRAUN AG - BAG 05818*    Date *1-23-95*

COMPLETE WHEN OFFICIAL FILING RECEIPT ARRIVES

☐   Serial numbers on the postcard and the filing receipt match.

☐   Filing dates on the Express Mail receipt, postcard and the filing receipt match.

☐   Filing fee paid by check and the filing fee received on the filing receipt match. If the filing fee was charged to deposit account, the filing fee which should have been charged matches the filing fee received on the filing receipt.

☐   Attorney docket numbers on the application, the postcard, and the filing receipt match.

☐   Number of sheets of drawings in the application, number noted on the postcard and number noted on the filing receipt match.

☐   Total number of claims in the application, noted on the filing receipt, noted in the transmittal letter match.

☐   Number of independent claims in the application, noted on the filing receipt, and noted in the transmittal letter match.

☐   Attorney named on the filing receipt and attorney named in the declaration/filing request to receive correspondence match.

☐   Address of attorney of record is correct and includes "Fish & Richardson".

☐   Applicant(s) named on the filing receipt and applicant(s) named in the declaration/filing request match.

☐   Title noted on the filing receipt and the title on the application match.

☐   Priority date on the filing receipt, delcaration, and transmittal letter match.

Checked By: _____
Practice Systems

B000267

Revised: March 21, 1993 (511QFRCL.MRG)



UNITED STA... DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

# 4

## COPY MAILED

AUG 1 8 1995

SPECIAL PROGRAMS OFFICE
OAC FOR PATENTS

Willis M. Ertman
Fish & Richardson
225 Franklin Street
Boston, MA  02110-2804

In re Application of          :
Gebhard Braun                 :
Application No. 08/376,849    : DECISION GRANTING PETITION
Filed: January 23, 1995       :
Attorney Docket No. 02894/284001 :

This is a decision on the communication filed on March 27, 1995,
which is being treated as a petition requesting that the
above-identified application be considered complete as filed.

On January 23, 1995, the application was filed in a language
other than English.

On February 24, 1995, Application Division mailed a Notice
stating that a verified English translation must be filed
together with a $130.00 fee under 37 CFR 1.17(k).

On March 27, 1995, the present petition was filed stating that a
verified English translation of the application was included in
the original filing. As evidence thereof, petitioner submitted a
copy of his postcard receipt indicating that 35 pages of an
English translation was received on January 23, 1995. A copy of
the English translation was also submitted. Petitioner requests
that the application be considered complete as filed.

Upon review of the record, a verified English translation was
found among the papers filed on January 23, 1995.

In view of the above, the petition is granted.

The Notice mailed on February 24, 1995 was sent in error and is
hereby vacated.

Receipt is acknowledged of, inter alia, an Information Disclosure
Statement filed on January 23, 1995.

The application is been forwarded to Application Division for
further processing with a filing date of January 23, 1995, using
the application papers filed January 23, 1995.

B000268

Application No. 08/376,849                                    Page 2

Telephone inquires related to this decision should be directed to
the Office of Petitions staff at (703) 305-9282

Fred A. Silverberg
Senior Legal Advisor
Special Program law Office
Office of the Deputy Assistant Commissioner
 for Patent Policy and Projects

ror

B000269



ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit:
Serial No.: 08/376,849                       Examiner:
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

### INFORMATION DISCLOSURE STATEMENT

Applicant submits the references listed on the attached form PTO 1449, copies of which are enclosed.  A copy of a communication from a foreign patent office in a counterpart application is also enclosed.

This statement is being filed before a first Office action on the merits.  In addition, I, the undersigned, hereby certify that each item of information contained in this statement was cited in a communication from a foreign patent office in a counterpart foreign application, dated May 16, 1995, which is not more than three months prior to the filing of this statement.

Date of Deposit ___AUGUST 16, 1995___
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231.

_____LINDA WEST_____

_____Linda West_____

B000270

Please apply any charges or credits to Deposit Account No. 06-1050.

Respectfully submitted,

Date: August 16, 1995

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
140209.B11

2

B000271

Sheet ___1 (A)___ of ___1___

| SUBSTITUTE FORM PTO-1449 (MODIFIED) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 02894/284001 | SERIAL NO. 08/376,849 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necess... (37 CFR 1.98(b)) | | APPLICANT Gebhard Braun | |
| | | FILING DATE January 23, 1995 | GROUP |

U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | PATENT NUMBER | PATENTEE | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| ✓ | AA | 3 1 7 2 4 1 6　3/09/65 | Simmons | | | |
| ✓ | AB | 4 0 5 4 9 6 3　10/25/77 | Taylor | | | |
| | AC | | | | | |
| | AD | | | | | |
| | AE | | | | | |
| | AF | | | | | |
| | AG | | | | | |
| | AH | | | | | |
| | AI | | | | | |
| | AJ | | | | | |
| | AK | | | | | |

FOREIGN PATENT OR PUBLISHED FOREIGN PATENT APPLICATION

| | | DOCUMENT NUMBER | PUBLICATION DATE | COUNTRY OR PATENT OFFICE | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| ✓ | AL | FR-A-2 568 111 | 7/31/86 | France | | | | |
| | AM | JP-A-06 178876 | 6/28/94 | Japan; Abstract | | | | |
| ✓ | AN | DE-A-24 29 372 | 8/1/76 | Germany | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

OTHER DOCUMENTS (Including Author, Title, Date, Place of Publication)

| | | |
|---|---|---|
| ✓ | AQ | Copy of European Search Report dated May 16, 1995. |
| | AR | |
| | AS | |

| EXAMINER　_J.H.Blanca_ | DATE CONSIDERED　3/19/96 |
|---|---|

EXAMINER: Initial citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)

B000272



# BUNDESREPUBLIK DEUTSCHLAND





## Bescheinigung

Die Braun Aktiengesellschaft in 60326 Frankfurt hat eine
Patentanmeldung unter der Bezeichnung

"Reinigungsvorrichtung für den Scherkopf eines
Trockenrasierers"

am 26. Januar 1994 beim Deutschen Patentamt eingereicht.

Die angehefteten Stücke sind eine richtige und genaue
Wiedergabe der ursprünglichen Unterlagen dieser Patent-
anmeldung.

Die Anmeldung hat im Deutschen Patentamt vorläufig die
Symbole A 45 D 27/46, A 45 D 27/48, B 26 B 19/40,
A 45 D 27/22, F 04 B 23/02, H 02 J 7/00 und B 01 D 35/02
der Internationalen Patentklassifikation erhalten.

München, den 17. Oktober 1994
**Der Präsident des Deutschen Patentamts**
Im Auftrag

Röske

Aktenzeichen   P 44 02 238.7

B000273

A 9161
6.90

BP**JN

**Braun Aktiengesellschaft**

- 1 -                                        05818/PT2/Hi
                                              20.01.1994

Reinigungsvorrichtung für den Scherkopf eines Trockenra-
sierers

Die Erfindung bezieht sich auf eine Reinigungsvorrichtung
mit einem Aufnahmeteil für den Scherkopf eines Rasier-
apparats, sowie wenigstens einem Reinigungsflüssigkeits-
behälter und einer von einem Motor antreibbaren Förder-
einrichtung für die Reinigungsflüssigkeit.

Es ist bereits aus der US-PS 3,172,416 eine Reinigungs-
vorrichtung für den Scherkopf eines Trockenrasierers
bekannt, die aus einem Reinigungsgehäuse besteht, in dem
im oberen Bereich ein Aufnahmeteil für den Scherkopf
eines Rasierapparats vorgesehen ist. Die einzelnen Bau-
teile des Scherkopfs werden nach einem ersten Ausfüh-
rungsbeispiel durch einen Luftstrom gereinigt, der über
ein Propellergebläse und Filterelemente dem Scherkopf
kontinuierlich zugeführt wird. Ist der Scherkopf jedoch
stark verschmutzt und weist beispielsweise Talg bzw.
Fettreste auf, so läßt sich eine Reinigung des Scherkopfs
mittels eines Luftstroms nicht in gewünschtem Maße erzie-
len. Das gesamte Gehäuse der Reinigungsvorrichtung, die
von Luft durchspült wird, muß zur Atmosphäre hin gut
abgedichtet sein, damit der aufgewirbelte Haarstaub nicht
nach außen dringen kann.

Das gleiche gilt auch für die Reinigungsvorrichtung nach
einem anderen Ausführungsbeispiel (US-PS 3,172,416),
wonach die Reinigung des Scherkopfs über eine Reinigungs-
flüssigkeit erfolgt, die hierzu über im Gehäuse vorgese-
hene Strömungskanäle geleitet wird. Der Scherkopf sitzt
für die gesamte Reinigungsdauer in einem im oberen Teil
des Gehäuses vorgesehenen Aufnahmeteil, das ständig bis

...

B000274

BP᠆IN

**Braun Aktiengesellschaft**

– 2 –                                                   05818/PT2/Hi
                                                        20.01.1994

oben hin mit Reinigungsflüssigkeit befüllt ist, und von
dieser durchströmt wird. Hierzu ist im Gehäuse eine För-
derpumpe vorgesehen. Da die Reinigungsflüssigkeit während
des Reinigungsprozesses nicht gefiltert wird, gelangen
immer wieder Haarreste zum Aufnahmeteil und dadurch in
den Scherkopfbereich, so daß durch diesen Reinigungsvor-
gang ebenfalls keine zufriedenstellenden Reinigungsresul-
tate erzielt werden, zumal nach Abstellen der Förderein-
richtung Reinigungsflüssigkeit mit Haarresten im Aufnah-
meteil zurückbleibt und dadurch nicht vollständig aus dem
Scherkopf entfernt werden kann. Ist der Reinigungsvorgang
beendet, so muß der Rasierapparat aus dem Aufnahmeteil
herausgenommen werden, damit der Scherkopf abtropfen und
erst dann an der Luft trocknen kann. Dabei bleiben die
durch die Reinigungsflüssigkeit mitbeförderten Haarreste
an den Bauteilen des Scherkopfs haften, so daß letztlich
keine vollständige Reinigung des Scherkopfs erzielt wird.
Die im unteren Teil des Gehäuses vorgesehene Kammer zur
Aufnahme der Reinigungsflüssigkeit und der Schmutzparti-
kel muß während des Umwälzvorgangs der Reinigungsflüssig-
keit so verschlossen bleiben, daß die sich bereits abge-
setzten Schmutzpartikel nicht wieder aufgewirbelt werden.
Trotzdem kann nicht verhindert werden, daß bei der Zirku-
lation der Reinigungsflüssigkeit ständig ungefilterte
Reinigungsflüssigkeit zum Scherkopf gelangt.

Ferner ist es nachteilig, daß der Rasierapparat nur wäh-
rend des Reinigungsvorgangs im Aufnahmeteil der Reini-
gungsvorrichtung aufgenommen werden kann. Anschließend
muß der Rasierapparat entnommen werden und wird dann
oberhalb des Aufnahmeteils auf einer Abtropffläche sepa-
rat abgestellt.

· · ·

B000275

BP<sup>n</sup>UN

Braun Aktiengesellschaft

- 3 -                                    05818/PT2/Hi
                                         20.01.1994

Demgemäß besteht die Erfindungsaufgabe darin, die Reini-
gungsvorrichtung zu verbessern.

Gelöst wird die Aufgabe erfindungsgemäß dadurch, daß das
Aufnahmeteil für den Scherkopf getrennt vom Reinigungs-
flüssigkeitsbehälter angeordnet ist und zur Reinigung mit
Reinigungsflüssigkeit aus dem Vorratsbehälter versorgt
wird.

Durch die Förderpumpe läßt sich die Reinigungsflüssigkeit
kontinuierlich so lange dem im getrennten Aufnahmeteil
aufgenommenen Scherkopf zuführen, bis eine vollständige
Reinigung des Scherkopfs erfolgt ist. Danach kann die
Förderpumpe der Reinigungsvorrichtung abgeschaltet werden
und nach Entfernen der Reinigungsflüssigkeit aus dem Auf-
nahmeteil der Scherkopf im Aufnahmeteil getrocknet wer-
den.

Hierzu ist vorteilhaft, daß das Aufnahmeteil als Aufbe-
wahrungsvorrichtung für den Rasierapparat ausgebildet
ist, der eine elektrische Einrichtung für die Inbetrieb-
nahme des Rasierapparats und der Reinigungsvorrichtung
oder des Rasierapparats, der Reinigungsvorrichtung und
einer Lufttrockenvorrichtung zugeordnet ist. Der Rasier-
apparat braucht also nicht wie bisher aus dem Aufnahme-
teil entfernt zu werden, sondern er kann auch in diesem
getrocknet und anschließend aufbewahrt werden. Hierzu ist
das Aufnahmeteil als Reinigungswanne, Trockenwanne
und/oder Aufbewahrungsvorrichtung ausgebildet und/oder in
der Reinigungsvorrichtung vorgesehen.

Ferner ist es vorteilhaft, daß das Aufnahmeteil bzw. der
Scherkopf für eine bestimmte Zeitperiode über die Förder-

...

B000276

BP⁰UN

**Braun Aktiengesellschaft**

- 4 -                                          05818/PT2/Hi
                                               20.01.1994

pumpe aus dem Reinigungsflüssigkeitsbehälter mit Reini-
gungsflüssigkeit versorgbar ist, und daß das Aufnahmeteil
danach für den Trockenprozeß zur Verfügung steht, ohne
den Rasierapparat aus dem Reinigungsgerät herausnehmen zu
müssen.

Vorteilhaft ist es auch, daß dem Aufnahmeteil zur Auf-
nahme des Scherkopfs eine vom Aufnahmeteil getrennte
Lufttrockenvorrichtung zugeordnet ist, die über eine
elektrische Einrichtung dann aktivierbar ist, wenn die
Reinigungsflüssigkeit aus dem Aufnahmeteil in den Reini-
gungsflüssigkeitsbehälter abgeleitet ist.

Ferner ist es vorteilhaft, daß das Aufnahmeteil außerhalb
der Reinigungsflüssigkeit und/oder oberhalb des Flüssig-
keitsspiegels der im Reinigungsflüssigkeitsbehälter vor-
gesehenen Reinigungsflüssigkeit angeordnet ist und zu-
mindest das Aufnahmeteil und/oder der Reinigungsflüssig-
keitsbehälter nach außen bzw. zur Atmosphäre hin ständig
geöffnet ist. Hierdurch läßt sich der Rasierapparat ohne
Aufwand in das Aufnahmeteil einsetzen und wieder heraus-
nehmen, ohne daß irgendwelche, das Aufnahmeteil ver-
schließende Teile verwendet werden müssen. Ferner kann
auf eine aufwendige Abdichtung verzichtet werden, so daß
eine kostengünstige Reinigungsvorrichtung gebaut werden
kann, die wesentlich bedienungsfreundlicher ist als das
bisher bekannte Reinigungssystem.

Vorteilhaft ist es auch, daß das Aufnahmeteil mit einer
Überlaufeinrichtung und/oder mit mindestens einer Auslaß-
öffnung ausgestattet ist, über die Reinigungsflüssigkeit
zu einem Reinigungsflüssigkeitsbehälter geleitet werden
kann und der Querschnitt der Auslaßöffnung im Aufnahme-

                                                    ...

Braun Form 10.407/1-8/88

                                               B000277

BPᴺᵁᴺ

Braun Aktiengesellschaft

- 5 -                                          05818/PT2/Hi
                                               20.01.1994

teil so bemessen ist, daß während des Reinigungsvorgangs
weniger Reinigungsflüssigkeit durch die Auslaßöffnung
abfließt, als über die Förderpumpe dem Aufnahmeteil zu-
geführt wird. Durch die Überlaufeinrichtung, die Bestand-
teil des Aufnahmeteils ist, wird sichergestellt, daß das
Aufnahmeteil ständig mit ausreichender Reinigungsflüssig-
keit, d. h. bis zum oberen Randbereich des Aufnahmeteils,
gefüllt bleibt.

Die Reinigung wird durch die oszillierende Bewegung des
Scherkopfs unterstützt. Dadurch kann im Reinigungsvorgang
zeitweise eine Kavitation und auch eine mechanische
und/oder strömungstechnisch bedingte Reinigung erfolgen.
Die oszillierende Bewegung des Scherkopfs bewirkt, daß
Reinigungsflüssigkeit hochspritzt und in alle Bereiche
des Scherkopfs dringt. Dabei kann ein Teil der aufgewühl-
ten Flüssigkeit über die Überlaufeinrichtung abfließen
und dem Reinigungskreislauf wieder zugeführt werden, ohne
daß die Flüssigkeit nach außen gelangt.

Wird nach Beendigung des Reinigungsprozesses die Förder-
pumpe zur Weiterbewegung der Reinigungsflüssigkeit abge-
stellt, so kann die Reinigungsflüssigkeit sofort über die
im Aufnahmeteil vorgesehene Auslaßöffnung abfließen und
automatisch der Trockenvorgang für den Scherkopf einset-
zen.

Gemäß einer bevorzugten Ausführungsform der erfindungs-
gemäßen Lösung ist schließlich vorgesehen, daß zwischen
der Überlaufeinrichtung und dem Reinigungsflüssigkeits-
behälter ein die Reinigungsflüssigkeit durchlassendes
Schlauchteil vorgesehen ist. Durch das Schlauchteil wird

...

B000278

BP⌐un

**Braun Aktiengesellschaft**

- 6 -                                      05818/PT2/Hi
                                           20.01.1994

sichergestellt, daß dem Reinigungsflüssigkeitsbehälter
kein Haarstaub zugeleitet wird und sich dort absetzt.

Von besonderer Bedeutung ist für die vorliegende Erfin-
dung, daß unterhalb des dem Scherkopf angepaßten Aufnah-
meteils eine Auffangwanne vorgesehen ist, die zum An-
schluß der Filtereinrichtung mit einer Auslaßöffnung
versehen ist, und daß die Filtereinrichtung aus einem
Stutzen besteht, auf den ein die Flüssigkeit zum Vorrats-
behälter durchlassendes Schlauchteil aufgezogen ist, das
in die im Reinigungsflüssigkeitsbehälter vorgesehene
Reinigungsflüssigkeit eingetaucht ist.

Durch die Überlaufeinrichtung wird, wie bereits erwähnt,
das Aufnahmeteil bis zum oberen Rand stets mit Reini-
gungsflüssigkeit gefüllt. Überschüssige Reinigungsflüs-
sigkeit kann dann ohne weiteres über die Überlaufeinrich-
tung in die unterhalb des Aufnahmeteils vorgesehene Auf-
fangwanne geleitet werden, die mit dem entsprechenden
Stutzen in Verbindung steht. Der Stutzen mit dem
Schlauchteil ragt dabei ständig in die im Reinigungsflüs-
sigkeitsbehälter vorgesehene Reinigungsflüssigkeit. Das
Schlauchteil stellt dabei sicher, daß sich kein Schmutz
im Reinigungsflüssigkeitsbehälter ansammelt, und daß zu
Beginn des Reinigungsvorgangs die Pumpe über das
Schlauchteil Flüssigkeit aus dem Vorratsbehälter ansaugen
kann.

Vorteilhaft ist es, daß der Stutzen mittel- oder unmit-
telbar mit der Einlaßseite der Förderpumpe verbunden ist,
deren Auslaßseite über eine Leitung mit einem Filter in
Verbindung steht. Wird zu Beginn des Reinigungsprozesses
die Pumpe eingeschaltet, so saugt sie keine Luft, da der

                                              ...

Braun Form 10.407/1-8/86

BRAUN

Braun Aktiengesellschaft

- 7 -                                    05818/PT2/Hi
                                         20.01.1994


Schlauch ständig in der Flüssigkeit eingetaucht ist.
Vorteilhaft ist es auch, daß der Filter über einen Aus-
laßstutzen mit dem Aufnahmeteil und eine im Aufnahmeteil
vorgesehene Auslaßöffnung mit dem Reinigungsflüssigkeits-
behälter verbunden ist.

Die über die Förderpumpe angesaugte Reinigungsflüssigkeit
aus dem Reinigungsflüssigkeitsbehälter gelangt, wie be-
reits erwähnt, über den Stutzen und das Schlauchteil zur
Einlaßseite der Förderpumpe und über die Auslaßleitung
und ggf. über eine weitere Leitung zu dem Filter, der
wiederum mit dem Aufnahmeteil der Reinigungsvorrichtung
in Verbindung steht. Hierdurch wird der Reinigungskreis-
lauf für die Reinigungsflüssigkeit geschlossen.

Ferner ist es vorteilhaft, daß der Rasierapparat in eine
als Galgen ausgebildete Halterung bzw. in einen Wandhal-
ter einsetzbar und über ein Schaltelement mechanisch
und/oder elektrisch verriegelbar ist. Durch die vorteil-
hafte Ausbildung dieser Halterung läßt sich der Rasier-
apparat einwandfrei und gut geschützt unbegrenzt lange in
der Reinigungsvorrichtung deponieren und für den Reini-
gungsvorgang mechanisch sowie elektrisch in der Halterung
arretieren, so daß nach Betätigung des Schaltelements der
Rasierapparat nicht mehr entnommen werden kann, sondern
erst dann, wenn der Reinigungs- und Trockenvorgang voll-
ständig abgeschlossen ist und der Rasierapparat zur Rasur
benötigt wird. Dies wird durch die vorteilhafte Trennung
von Aufnahmeteil und Reinigungsflüssigkeitsbehälter mög-
lich, da sich nach Beendigung der Reinigung im Aufnahme-
teil keine Reinigungsflüssigkeit halten kann.

Hierzu ist es vorteilhaft, daß das Schaltelement zur

                                              ...

B000280

BPᴜn

**Braun Aktiengesellschaft**

– 8 –                                                05818/PT2/Hi
                                                      20.01.1994

mechanischen und/oder elektrischen Verriegelung des Ra-
sierapparats gegen die Stellkraft einer Feder aus einer
"Aus"-Stellung bzw. entriegelbaren Stellung in mindestens
eine den Rasierapparat verriegelnde Stellung bringbar
ist, die auch der "Ein"-Stellung zur elektrischen Akti-
vierung des Rasierapparats entspricht, und daß die "Ein"-
Stellung zur elektrischen Aktivierung des Rasierapparats
auch zur Aktivierung der Reinigungsvorrichtung dient.

Vorteilhaft ist es außerdem, daß die "Ein"-Stellung zur
elektrischen Aktivierung einer Laderegelung, insbesondere
einer Laderegelung einer Ladevorrichtung im Rasierappa-
rat, dient, und daß das Schaltelement mit einem elektri-
schen Steuerkreis verbindbar ist, der für eine bestimmte
bzw. programmierbare Zeitdauer die Reinigungsvorrichtung
einschaltet und nach der Reinigung des Scherkopfs für
eine bestimmte bzw. programmierbare Zeitdauer die Trok-
kenvorrichtung des Rasierapparats zugeschaltet wird.

Ist der Reinigungs- und Trockenvorgang für den Scherkopf
des Rasierapparats abgeschlossen, so wird über ein ent-
sprechendes Zeitschaltglied die mechanische bzw. elek-
trische Verriegelung des Rasierapparats aufgehoben, und
dieser kann, wenn es gewünscht wird, aus der Halterung
der Reinigungsvorrichtung entnommen werden. Solange je-
doch der Rasierapparat entweder als Netz- oder als Akku-
version eingesetzt werden soll, kann er in dem vorteil-
haft ausgebildeten Aufnahmeteil abgestellt bleiben, da
dieses nach Abschluß des Reinigungsvorgangs trocken
bleibt.

Die Reinigungsvorrichtung ist für alle elektrischen Ra-
sierapparate ausgelegt. Wird z. B. ein Rasierapparat für

                                                           ...

Braun Form l0 4407/1-8/86

BrᴧUn

Braun Aktiengesellschaft

– 9 –                                    05818/PT2/Hi
                                         20.01.1994

Akkubetrieb in der Halterung aufgenommen, so kann er
ebenfalls dort verbleiben und nachgeladen werden, wenn er
sich durch längeren Nicht-Gebrauch entladen haben sollte.

Durch die vorteilhafte Ausbildung der Reinigungsvorrich-
tung in Verbindung mit einer Aufbewahrungseinrichtung
erhält man ein sehr kompaktes Gerät, mit dem der Rasier-
apparat in sehr kurzer Zeit gereinigt, getrocknet gegebe-
nenfalls aufgeladen und, falls gewünscht, deponiert wer-
den kann.

Hierzu ist es vorteilhaft, daß der über das Schaltelement
aktivierbare elektrische Steuerkreis zur Steuerung der
verschiedenen Arbeitsintervalle der Reinigungsvorrichtung
einschaltbar ist, zur Steuerung des Reinigungs- und
Trockenvorgangs abschaltbar ist, die elektrische und/oder
mechanisch Verriegelung aufhebt und/oder den Ladevorgang
des Rasierapparats beendet.

In weiterer Ausgestaltung der Erfindung ist es vorteil-
haft, daß der Galgen, der Wandhalter, die Reinigungsvor-
richtung, der Reinigungsflüssigkeitsbehälter und/oder die
Trockenvorrichtung bzw. der Lüfter eine integrierte Bau-
einheit bilden, von der der Rasierapparat aufgenommen
werden kann.

Eine zusätzliche Möglichkeit gemäß einer Weiterbildung
der erfindungsgemäßen Vorrichtung besteht darin, daß der
Galgen mit seinem vertikal verlaufenden Schenkel, einem
vertikal verlaufenden Schenkel des Wandhalters und dem
Aufnahmeteil ein mit Bezug auf die Seitenansicht des
Gerätes U-förmiges Gehäuse bildet.

. . .

B000282