05818
05839

1 / 8

Fig. 1



B000313

05818
05839

2 / 8



Fig. 2

Fig. 3

B000314

05818
05839

3 / 8



Fig. 4

B000315

05818
05839

4 / 8

Fig. 6



B000316

05818
05839

5 / 8



Fig. 7

Fig. 8

Fig. 9

B000317

0561B
05839

6 / 8



Fig. 10

B000318

05818
05839

7 / 8



Fig.11

Fig.5

B000319

05818
05839

8 / 8

Fig.12





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/376,849 | 01/23/95 | BRAUN | G   02894/284001 |

```
                                                          ┌─ STINSON,F
                    34M1/0322                             │
WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804
```

| EXAMINER |
|---|
| STINSON,F |

| ART UNIT | PAPER NUMBER |
|---|---|
|  | 4 |

DATE MAILED:

03/22/96

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___ 3 ___ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☒ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims 1 - 20 _____ are pending in the application.

   Of the above, claims 5 - 20 _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims 1 - 4 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☒ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☒ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)                    EXAMINER'S ACTION

B000321

Serial Number: 08/376,849                                      -2-

Art Unit: 3405

A.   The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

>   A person shall be entitled to a patent unless --
>   (b) the invention was patented or described in a printed
>   publication in this or a foreign country or in public use or
>   on sale in this country, more than one year prior to the
>   date of application for patent in the United States.

B.   Claims 1 and 2 are rejected under 35 U.S.C. § 102(b) as

being clearly anticipated by Simmons.

C.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

>   A patent may not be obtained though the invention is not
>   identically disclosed or described as set forth in section
>   102 of this title, if the differences between the subject
>   matter sought to be patented and the prior art are such that
>   the subject matter as a whole would have been obvious at the
>   time the invention was made to a person having ordinary
>   skill in the art to which said subject matter pertains.
>   Patentability shall not be negatived by the manner in which
>   the invention was made.
>
>   Subject matter developed by another person, which qualifies
>   as prior art only under subsection (f) or (g) of section 102
>   of this title, shall not preclude patentability under this
>   section where the subject matter and the claimed invention
>   were, at the time the invention was made, owned by the same
>   person or subject to an obligation of assignment to the same
>   person.

D.   Claims 3 and 4 are rejected under 35 U.S.C. § 103 as being

unpatentable over Simmons in view of Cunningham, Jr. et al..

Claims 3 and 4 define over the cited prior art only in the

recitation of the drying device. The patent to Cunningham is

cited disclosing in a cleaning apparatus, an arrangement of

providing drying means as instantly claimed. It therefore would

have been obvious to one having ordinary skill in the art to

B000322

Serial Number: 08/376,849                    -3-

Art Unit: 3405

modify the apparatus of Simmons, to include a drying means as
taught by Cunningham, for the purpose of removing the cleaning
fluid.

E.    Claims 5-20 are objected to under 37 C.F.R. § 1.75(c) as
being in improper form because a multiple dependent claim should
refer to other claims in the alternative only and cannot depend
from other multiple dependent claims.  See M.P.E.P. § 608.01(n).
Accordingly, claims 5-20 have not been further treated on the
merits.

F.    The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.  In Chiu and
Richardson et al., note the cleaning means.

G.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to
F.L.Stinson whose telephone number is (703) 308-0861.  The
examiner can normally be reached on M-F(1st week) and T-F (2nd
week) from 8:30 AM to 5:00 pm. The fax phone number for this
Group is (703) 308-7766. Any inquiry of a general nature or
relating to the status of this application or proceeding should
be directed to the Group receptionist whose telephone number is
(703) 308-0861.

                                   Frankie L. Stinson
                                     Primary Examiner
                                   Group Art Unit 3405

B000323

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | SERIAL NO. 376,849 | GROUP ART UNIT 3405 | ATTACHMENT TO PAPER NUMBER | 6 |
|---|---|---|---|---|---|---|
| | **NOTICE OF REFERENCES CITED** | | APPLICANT(S) BRAUN | | | |

### U.S. PATENT DOCUMENTS

| • | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 3 4 8 0 0 2 2 | 11/1969 | Richardson et al | 134 | 135 | |
| | B | 5 3 3 5 3 9 4 | 8/1994 | Cunningham et al | 134 | 125 | |
| | C | ~~5 4 3 8 0 0 2~~ | ~~~~ | ~~Conner~~ | 134 | 175 | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| • | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | R | |
| | S | |
| | T | |
| | U | |

| EXAMINER | DATE 3/11/98 | |
|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

B000324



PATENT

ATTORNEY DOCKET NO. 02894/284001

THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                     Art Unit: 3405
Serial No.: 08/376,849                        Examiner: Stinson
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

### INFORMATION DISCLOSURE STATEMENT

Applicant submits the references listed on the attached form PTO 1449, copies of which are enclosed.  This statement is being filed after a first Office action on the merits, but before receipt of a final Office action or a Notice of Allowance.  A check for $220 in payment of the late submission fee of §1.17(p) is enclosed.  Please apply any additional charges or credits to Deposit Account No. 06-1050.

Respectfully submitted,

Date: _June 20, 1996_

_Phyllis Kristal_ Reg. No. 38,524

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
189046.B11

Date of Deposit _JUN 20/96_
I hereby certify under 37 CFR 1.8(a) that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

B000325

Sheet ___1 (A)___ of ___

| SUBSTITUTE FORM PTO-1449<br>(MODIFIED) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO.<br>02894/284001 | | SERIAL NO.<br>08/376,849 |
|---|---|---|---|---|
| INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br>(Use several sheets if necessary)<br>(37 CFR 1.98(b)) | | APPLICANT<br>Gebhard Braun | | |
| | | FILING DATE<br>January 23, 1995 | | GROUP |

### U.S. PATENT DOCUMENTS

| EXAMINER<br>INIT. | | PATENT NUMBER | ISSUE<br>DATE | PATENTEE | CLASS | SUBCLASS | FILING DATE<br>IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| NWS | AA | 3 8 7 6 6 4 9 | 4/75 | Schimke | 134 | 95 | |
| | AB | 3 9 0 8 6 8 1 | 9/75 | Schimke et al. | 134 | 95.2 | |
| | AC | 4 4 4 2 5 9 6 | 4/84 | Nasu | 30 | 41.5 | |
| | AD | 4 5 4 9 3 5 2 | 10/85 | Ochiai et al. | 30 | 41.5 | |
| | AE | 4 6 3 1 8 2 1 | 12/86 | Kurigama et al. | 30 | 43.92 | |
| | AF | 5 0 6 4 5 2 1 | 11/91 | Stepanenko et al. | 204 | 224 | |
| NWS | AG | 5 3 1 8 3 5 6 | 6/94 | Shelton | 312 | 223.1 | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT OR PUBLISHED FOREIGN PATENT APPLICATION

| | | DOCUMENT NUMBER | PUBLICATION<br>DATE | COUNTRY OR<br>PATENT OFFICE | CLASS | SUBCLASS | TRANSLATION<br>YES / NO |
|---|---|---|---|---|---|---|---|
| NWS | AL | GB-A-0 337 132 | 11/20/30 | UK | | | |
| | AM | GB-A-1 206 791 | 09/30/70 | UK | | | |
| | AN | GB-A-1 206 792 | 09/30/70 | UK | | | |
| | AO | GB-A-2 129 732 | 05/23/84 | UK | | | |
| NWS | AP | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Place of Publication)

| | | |
|---|---|---|
| NWS | AQ | EP Search report dated March 23, 1995 |
| NWS | AR | Black & Decker, Powerpro, Dustbuster Plus, Cordless Vacs, 1989,90, Pgs. 4, 8-9 |
| | AS | |

| EXAMINER | | DATE CONSIDERED 9/7/96 |
|---|---|---|

EXAMINER: Initial citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)

B000326



PATENT
ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                Art Unit: 3405
Serial No.: 08/376,849                   Examiner: Stinson
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

RESPONSE

In response to the Examiner's action mailed March 22, 1996, please amend the application, as follows.

In the specification:

Page 22, line 3, replace "65" with --75--.

In the claims:

1.   (amended) A cleaning device [(5), with] comprising a cradle structure adapted to receive [(7) receiving the] a shaving head [(3)] of a shaving apparatus, [as well as]

[at least one] a cleaning fluid container, [(6),(61)] and

a feed device [(23) adapted to be driven by a motor (28)] for feeding [the] cleaning fluid to said cradle structure, [characterized in that the] said cradle structure [(7) is] being arranged above [the] a fluid level of the cleaning fluid in said cleaning fluid container[, that the cradle structure (7) is adapted to be supplied with cleaning fluid from the cleaning fluid container (6) for the duration of the cleaning operation of

Date of Deposit _June 20 | 1996_
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231.

B000327

the shaving head, and that the cradle structure (7) is connected
with the cleaning fluid container (6),(61) through an overflow
device (26) and/or at least one outlet port (27)].

2.   (amended) A device as claimed in claim 1,
[characterized in that the device includes] <u>further comprising</u> an
electric arrangement for temporarily operating the shaving head
[(3)] of the shaving apparatus [(1) as well as] <u>and</u> the feed
device [(23)].

3.   (amended) A device as claimed in claim 1,
[characterized in that] <u>further comprising</u> a drying device [(16)
is arranged in the device].

10.
4.   (amended) A device as claimed in claim 2,
[characterized in that] <u>further comprising a drying device,</u> the
drying device [(16) is] <u>being</u> associated with the cradle
structure [(7)] and [is] adapted to be activated by the electric
arrangement after the cleaning fluid has been drained from the
cradle structure [(7)].

12.
5.   (amended) A device as claimed in [any one of the
preceding claims] <u>claim 8,</u> [characterized in that] <u>wherein</u> the
drying device [is formed of] <u>comprises</u> an impeller [(16)]
[adapted to be driven].

2

B000328

6.    (amended) A device as claimed in [any one of the preceding claims] claim 4, [characterized in that] wherein the drying device [is formed of an impeller [(16)] adapted to be driven and a heating means] further comprises a heater.

7.    (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that] wherein the cradle structure [(7) is configured in the manner of] comprises a dish-shaped structure.

8.    (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that at least] wherein the cradle structure [(7) and/or the cleaning fluid container (6) are] is permanently open [towards the outside, that is,] to atmosphere.

9.    (amended) A device as claimed in [any one of the preceding claims] claim 20, [characterized in that the] wherein a cross-sectional area [of cross-section] of the outlet port [(27) in the cradle structure (7)] is dimensioned such that during the cleaning operation the amount of cleaning fluid drained through the outlet port [(27)] is smaller than the amount of cleaning fluid supplied to the cradle structure [(7) through] by the feeding device [(23)].

10.    (amended) A device as claimed in [one or several of the preceding claims] claim 21, [characterized in that]

3

B000329

further comprising a hose member [(20)] permeable to the cleaning
fluid [is] provided between the overflow device [(26)] and the
cleaning fluid container [(6)].

　　　　3.
　　　　11. (amended) A device as claimed in claim [9] 1,
[characterized in that] further comprising a collecting dish
[(77)] [is provided] and a filter, said collecting dish being
positioned underneath the cradle structure [(7), said dish
having] and including an outlet opening [(91)] connecting with
[a] the filter [means (24)].

　　　　12. (amended) A device as claimed in [any one of the
claims 10 or] claim 11, [characterized in that the filter means
is comprised of a connection means [(19)] to which the] further
comprising a hose member [(20)] permeable to the cleaning fluid
[is fitted] provided between the collecting dish and the filter.

　　　　16.
claim 15  13. (amended) A device as claimed in [any one of the]
claims 10 [to] or 12, [characterized in that] wherein the hose
member [(20)] is immersed in the cleaning fluid [(40)] held in
the cleaning fluid container [(6)].

　　　　14. (amended) A device as claimed in [any one of the
claims 9 to 13] claim 11, [characterized in that the connection
means (19) is directly or indirectly] wherein the feed device
includes a suction side and a delivery side, the outlet opening
being connected to the suction side of the feed device [(23)],

4

B000330

[its delivery side being in communication with a] <u>the</u> filter
<u>being in communication with the delivery side of the feed device</u>
[means (24) through a conduit (25)].

   15,   (amended) A device as claimed in [any one of the
claims 9 to 14] <u>claim 1,</u> [characterized in that the] <u>further</u>
<u>comprising a</u> filter [means (24) is] connected to <u>an inlet of</u> the
cradle structure [(7) by means of an outlet connection means
(37)], and [that] an outlet port [(27)] provided in the cradle
structure [(7) is] connected to the cleaning fluid container
[(6)].

   16.  (amended) A device as claimed in [one or several
of the preceding claims] <u>claim 1,</u> [characterized in that the
shaving apparatus (1) is insertable into a supporting structure
configured as a] <u>further comprising a</u> bracket [(10)] <u>for</u>
<u>insertion of the shaving apparatus therein,</u> and [is mechanically
and/or electrically interlockable by a switching means (9)] <u>a</u>
<u>switch for interlocking the shaving apparatus to the bracket.</u>

   20
   17.  (amended) A device as claimed in [one or several
of the preceding claims] <u>claim 16,</u> <u>further comprising a switch</u>
<u>spring,</u> [characterized in that the switching means (9) for
mechanically and/or electrically interlocking the shaving
apparatus (1)] <u>the switch</u> [is] <u>being</u> movable against the force of
[a] <u>the</u> spring from an ["Off" position or] unlockable position

B000331

into [at least one] a position interlocking the shaving apparatus
[(1)].

21
28.    (amended) A device as claimed in [one or several
20
of the preceding claims] claim 27, [characterized in that]
wherein said switch is configured such that the ["On"]
interlocking position [for] electrically activates [activating]
the shaving apparatus [(1) also serves for activation of] and the
cleaning device [(5)].

22
29.    (amended) A device as claimed in [one or several
25-19
of the preceding claims] claim 16, [characterized in that the
switching means (9)] further comprising an electrical control
circuit, wherein the switch is adapted to be connected to [an]
the electrical control circuit [which activates] to activate the
cleaning device for a predetermined [or programmable] period of
time.

23
30.    (amended) A device as claimed in [one or several
22
of the preceding claims] claim 29, [characterized in that,]
further comprising a drying device, wherein the electrical
control circuit, following cleaning of the shaving head, is
configured to activate the drying device of the shaving apparatus
[(1) is additionally activated] for a predetermined [or
programmable] period of time.

6

B000332

21. (amended) A device as claimed in [one or several of the preceding claims] claim 19, [characterized in that] wherein the electric control circuit [activatable by the switching means [(9)] is utilizable for] is configured to [the] control [of the various operating stages of] the cleaning device [(5)].

22. (amended) A device as claimed in [one or several of the preceding claims] claim 19, [characterized in that] wherein [the] an electric control circuit [activatable by the switching means (9) is adapted to be de-energized for the control of the cleaning and drying cycle, cancels the electrical and/or mechanical] is configured to cancel the interlock after cleaning of the shaving head [and/or terminates the charging cycle of the shaving apparatus (1)].

Please add the following new claims.

--23. A device as claimed in claim 1 further comprising an overflow device connecting the cradle structure with the cleaning fluid container.--

--24. A device as claimed in claim 1 further comprising an outlet port connecting the cradle structure with the cleaning fluid container.--

--25. A device as claimed in claim 1, wherein the cleaning fluid container is permanently open to atmosphere.--

B000333

--26. A device as claimed in claim 1, further comprising a motor for driving the feed device.--

--27. A device as claimed in claim 23 wherein the electric control circuit is configured to supply the cradle structure with cleaning fluid from the cleaning fluid container for the duration of the cleaning operation of the shaving head.--

<u>REMARKS</u>

Claims 1-22 are pending in the application.  New claims 23-27 have been added.  The Examiner indicated in the Office Action that claims 1-20 were pending.  Applicant wishes to bring to the Examiner's attention that english translations of claims 1-22 were filed with the application.

The Examiner has objected to claims 5-20 as being in improper form.  The claims have been amended to overcome the objection and further treatment on the merits is requested. Claims 21 and 22 where not addressed by the Examiner in the Office Action.

The Examiner has rejected claims 1 and 2 under 35 U.S.C. § 102(b) over Simmons, U.S. Patent No. 3,172,416.

Claim 1 relates to a cleaning device including a cradle structure adapted to receive a shaving head of a shaving apparatus, a cleaning fluid container, and a feed device for feeding cleaning fluid to the cradle structure.  <u>The cradle structure is arranged above a fluid level of the cleaning fluid in the cleaning fluid container.</u>

8

B000334

As can be seen in Fig. 1 of Simmons, the upper section of casing 1 defined by walls 9 for receiving a razor head contains cleaning fluid as indicated by the add and full lines in the figure. Therefore, Simmons does not teach a structure adapted to receive a shaving head that is arranged above a fluid level of cleaning fluid in a cleaning fluid container, as claimed. Applicant submits that this novel arrangement permits the shaving head to remain in position in the cradle during drying rather than requiring removal of the shaving head for drying as taught by Simmons (see, for example, Simmons column 6, lines 49-52).

The Examiner has rejected claims 3 and 4 under 35 U.S.C. § 103 as being unpatentable over Simmons in view of Cunnigham, U.S. Patent No. 5,335,394. Applicant submits that the Cunnigham reference does not overcome the deficiencies in the primary reference discussed above. Particularly, Cunnigham teaches a cleaning arrangement in which eyeglasses to be cleaned are positioned such that they are immersed in a chamber containing cleaning fluid, and, subsequent to cleaning, requires removal of the eyeglasses from the cleaning fluid to dry the eyeglasses (see, for example, Fig. 2 and column 3, lines 45-48). Cunnigham does not teach a cradle structure adapted to receive an object to be cleaned and to which cleaning fluid is fed arranged above a fluid level of the cleaning fluid in a cleaning fluid container, as claimed.

Applicant submits that all of the claims are now in condition for allowance, which action is requested. No new claim

B000335

fee is believed due as the application was original filed with payment for 28 claims.

Please charge any additional fees, or make any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: _June 20, 1996_

_Phyllis Kristal_ Reg. No. 38,524

Eric/L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
184625.B11

10

B000336



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/376,849 | 01/23/95 | BRAUN          G. | 02894/284001 |

```
                        34M1/0918
  WILLIS M ERTMAN
  FISH & RICHARDSON
  225 FRANKLIN STREET
  BOSTON MA 02110-2804
```

| EXAMINER |
|---|
| STINSON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3405 | 9 |

DATE MAILED:
                    09/18/96

**Please find below a communication from the EXAMINER in charge of this application.**

Commissioner of Patents

B000337

| **Office Action Summary** | Application No. 08/376,849 | Applicant(s) BRAUN |
|---|---|---|
| | Examiner Frankie L. Stinson | Group Art Unit 3405 |

☒ Responsive to communication(s) filed on _Jun 24, 1996_

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___THREE___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _1-27_ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _1, 3, 5-9, 11, 13, and 23-26_ is/are rejected.

☒ Claim(s) _2, 4, 10, 12, 14-22, and 27_ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____ .

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___7___

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

B000338

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Serial Number: 08/376,849                                    -2-

Art Unit: 3405

A.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

B.    Claims 1, 7-9 and 23-26 are rejected under 35 U.S.C. § 103

as being unpatentable over Reuveni et al.. Re claim 1, the

patent to Reuveni is cited disclosing a cleaning device

comprising a cradle, a cleaning fluid container and a feed device

that differs from the claim only in the recitation of the

intended use, namely that of cleaning the head of a shaving

apparatus. Nonetheless, the intended use is not deemed to

structurally define over the device of Reuveni. Re claim 7, To

have the cradle dish-shaped, is deemed to be an obvious matter of

design. Re claim 8, Reuveni discloses the cradle open to the

atmosphere. Re claim 23, Reuveni discloses the overflow. Re claim

9, Reuveni discloses the cross-sectional area. Re claim 24,

Reuveni discloses the outlet port. Re claim 25, Reuveni discloses

B000339

Serial Number: 08/376,849                                    -3-

Art Unit: 3405

the container open to the atmosphere. Re claim 26, Reuveni
discloses the drive means.

C.    Claims 3, 5 and 6 are rejected under 35 U.S.C. § 103 as
being unpatentable over Reuveni et al. as applied to claim 1
above, and further in view of Ogata et al.. Claim 3 defines over
Reuveni only in the recitation of the drying device. The patent
to Ogata is cited disclosing in a cleaning apparatus, the
arrangement of providing a drying device. It therefore would have
been obvious to one having ordinary skill in the art to modify
the device of Reuveni, to include a drying device as taught by
Ogata, for the purpose of removing residual water from the
article being treated. Re claims 5 and 6, Ogata discloses the
impeller and heater.

D.    Claims 11 and 15 are rejected under 35 U.S.C. § 103 as being
unpatentable over Reuveni et al. as applied to claim 1 above, and
further in view of Scales. Claim 11 defines over Reuveni only in
the recitation of the filter. The patent to Scales is cited
disclosing the arrangement of providing a filter in a collecting
dish. It Therefore would have been obvious to one having ordinary
skill in the art to modify the device of Reuveni, to include a
filter as taught by Scales, for the purpose of removing the
dislodged debris. Re claim 15, to have the filter positioned as
instantly claimed is deemed to be an obvious matter of design. As
claimed, no new nor unobvious results are seen.

B000340

Serial Number: 08/376,849                          -4-

Art Unit: 3405

E.    Claims 2, 4, 10 , 12-14, 16-22 and 27 are objected to as
being dependent upon a rejected base claim, but would be
allowable if rewritten in independent form including all of the
limitations of the base claim and any intervening claims.

F.    The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.   In Mekiney et
al., Sabatka, Fuglie, Hilliker, Shipherd, Sweden'679, Barish,
Calhoun and Mor, note the cleaning means.

G.    Applicant's arguments with respect to claims 1-27 have been
considered but are deemed to be moot in view of the new grounds
of rejection.

H.    Applicant's amendment necessitated the new grounds of
rejection.  Accordingly, **THIS ACTION IS MADE FINAL.**  See M.P.E.P.
§ 706.07(a).  Applicant is reminded of the extension of time
policy as set forth in 37 C.F.R. § 1.136(a).


    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.   IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

I.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to
F.L.Stinson whose telephone number is (703) 308-0861.   The

B000341

Serial Number: 08/376,849                     -5-

Art Unit: 3405

examiner can normally be reached on M-F(1st week) and T-F (2nd

week) from 8:30 AM to 5:00 pm. The fax phone number for this

Group is (703) 308-7766. Any inquiry of a general nature or

relating to the status of this application or proceeding should

be directed to the Group receptionist whose telephone number is

(703) 308-0861.


Frankie L. Stinson

Primary Examiner

Group Art Unit 3405

B000342