| *Notice of References Cited* | Application No. 08/376,849 | | Applicant(s) BRAUN |  |
|---|---|---|---|---|
| | Examiner Frankie L. Stinson | | Group Art Unit 3405 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 1,105,045 | 7/1914 | SHIPHERD | 134 | 111 |
| B | 2,485,988 | 10/1949 | HILLIKER | 134 | 111 |
| C | 2,595,838 | 5/1952 | FUGLIE | 134 | 111 |
| D | 2,675,012 | 4/1954 | SCALES | 134 | 111 |
| E | 3,365,267 | 1/1968 | MEKINEY ET AL. | 134 | 111 |
| F | 5,118,357 | 6/1992 | SABATKA | 134 | 64R |
| G | 5,143,101 | 9/1992 | MOR | 134 | 108 |
| H | 5,156,813 | 10/1992 | CALHOUN | 134 | 186 |
| I | 5,179,890 | 1/1993 | REUVENI ET AL. | 134 | 108 |
| J | 5,333,628 | 8/1994 | OGATA ET AL. | 134 | 64R |
| K | 5,456,275 | 10/1995 | BARISH | 134 | 275 |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | 87,679 | 10/1936 | SWEDEN | --- | 134 | 116 |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

B000343

08/376849

Form PTO 948 (Rev. 10-94)    U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office    Application No. 08/376849

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) __1/23/95__ are
A.____ not objected to by the Draftsperson under 37 CFR 1.84 or 1.152.
B.____ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   ___ Not black solid lines. Fig(s)_____
   ___ Color drawings are not acceptable until petition is granted.
   Fig(s)_____
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   ___ Photographs are not acceptable until petition is granted.
   Fig(s)_____
   ___ Photographs not properly mounted (must use brystol board or photographic double-weight paper). Fig(s)_____
   ___ Poor quality (half-tone). Fig(s)_____
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   ___ Chemical or mathematical formula not labeled as separate figure. Fig(s)_____
   ___ Group of waveforms not presented as a single figure, using common vertical axis with time extending along horizontal axis. Fig(s)_____
   ___ Individuals waveform not identified with a separate letter designation adjacent to the vertical axis. Fig(s)_____
4. TYPE OF PAPER. 37 CFR 1.84(e)
   ___ Paper not flexible, strong, white, smooth, nonshiny, and durable. Sheet(s)_____
   ___ Erasures, alterations, overwritings, interlineations, cracks, creases, and folds copy machine marks not accepted. Fig(s)_____
   ___ Mylar, velum paper is not acceptable (too thin). Fig(s)_____
5. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   21.6 cm. by 35.6 cm. (8 1/2 by 14 inches)
   21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   21.0 cm. by 29.7 cm. (DIN size A4)
   ___ All drawing sheets not the same size. Sheet(s)_____
   ___ Drawing sheet not an acceptable size. Sheet(s)_____
6. MARGINS. 37 CFR 1.84(g): Acceptable margins:

   Paper size

   | | 21.6 cm. X 35.6 cm. ( 8 1/2 X 14 inches) | 21.6 cm  X 33.1 cm. (8 1/2 X 13 inches) | 21.6 cm. X 27.9 cm. (8 1/2 X 11 inches) | 21.0 cm. X 29.7 cm. (DIN Size A4) |
   |---|---|---|---|---|
   | T | 5.1 cm. (2") | 2.5 cm. (1") | 2.5 cm. (1") | 2.5cm. |
   | L | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 2.5 cm. |
   | R | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.5 cm. |
   | B | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.0 cm. |

   Margins do not conform to chart above.
   Sheet(s)_____
   ___Top (T) ___Left (L) ___Right (R) ___Bottom (B)
7. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   ___ All views not grouped together. Fig(s)_____
   ___ Views connected by projection lines or lead lines. Fig(s)_____
   ___ Partial views. 37 CFR 1.84(h) 2

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s)_____
9. SCALE. 37 CFR 1.84(k)
   ___ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s)_____
   ___ Indication such as "actual size" or scale 1/2" not permitted. Fig(s)_____
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    ___ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (except for color drawings). Fig(s)_____
11. SHADING. 37 CFR 1.84(m)
    ___ Solid black shading areas not permitted. Fig(s)_____
    ___ Shade lines, pale, rough and blurred. Fig(s)_____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.84(p)
    ___ Numbers and reference characters not plain and legible. 37 CFR 1.84(p)(l) Fig(s)_____
    ___ Numbers and reference characters not oriented in same direction as the view. 37 CFR 1.84(p)(l) Fig(s)_____
    ___ English alphabet not used. 37 CFR 1.84(p)(2) Fig(s)_____
    ___ Numbers, letters, and reference characters do not measure at least .32 cm. (1/8 inch) in height. 37 CFR(p)(3) Fig(s)_____
13. LEAD LINES. 37 CFR 1.84(q)
    ___ Lead lines cross each other. Fig(s)_____
    ___ Lead lines missing. Fig(s)_____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    ___ Sheets not numbered consecutively, and in Arabic numerals, beginning with number 1. Sheet(s)_____
15. NUMBER OF VIEWS. 37 CFR 1.84(u)
    ___ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s)_____
    ___ View numbers not preceded by the abbreviation Fig. Fig(s)_____
16. CORRECTIONS. 37 CFR 1.84(w)
    ___ Corrections not made from prior PTO-948. Fig(s)_____
17. DESIGN DRAWING. 37 CFR 1.152
    ___ Surface shading shown not appropriate. Fig(s)_____
    ___ Solid black shading not used for color contrast. Fig(s)_____

COMMENTS:

B000344

ATTACHMENT TO PAPER NO._____    REVIEWER _____    DATE 12/26/96



71477 U.S. PTO

11/21/96

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun          Art Unit: 3405
Serial No.: 08/376,849            Examiner: Stinson, F.
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

**Box: AF**

Commissioner of Patents and Trademarks
Washington, DC  20231

## RESPONSE TO EXAMINER'S ACTION MAILED SEPTEMBER 18, 1996

We acknowledge the Examiner's indication that claims
2, 4, 10, 12-14, 16-22 and 27 would be allowable if rewritten in
independent form to include the limitations of the base and
intervening claims.

The Examiner has rejected claims 1, 7-9 and 23-26 under
35 U.S.C. § 103 as being unpatentable over Reuveni et al., U.S.
Patent No. 5,179,890.

Claim 1 relates to a cleaning device including <u>a cradle
structure adapted to receive a shaving head</u> of a shaving
apparatus, a cleaning fluid container, and a feed device for
feeding cleaning fluid to the cradle structure.  The cradle
structure is arranged above a fluid level of the cleaning fluid
in the cleaning fluid container.

Reuveni, on the other hand, relates to a food
pasteurizing machine.  A conveyor belt is used to move food
products through the machine.  Reuveni's conveyor belt is not a

Date of Deposit _NOV 18, 1996_
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231.

B000345

cradle structure adapted to receive a shaving head of a shaving apparatus, as claimed.

Furthermore, we submit that Reuveni is non-analogous art and therefore is not prior art.

> Two criteria have evolved for determining whether prior art is analogous: (1) whether the art is from the same field of endeavor, regardless of the problem addressed, and (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved. In re Clay, 23 USPQ2d 1058, 1060 (Fed. Cir. 1992).

Reuveni's invention addresses a pasteurizing machine which continuously and automatically pasteurizes food. We submit that a machine for pasteurizing food is not from the same field of endeavor as a cleaning device for a shaving head.

Regarding criterion no. 2, the Court set forth the following standard:

> [T]he purposes of both the invention and the prior art are important in determining whether the reference is reasonably pertinent to the problem the invention attempts to solve. If a reference disclosure has the same purpose as the claimed invention, the reference relates to the same problem, and that fact supports use of that reference in an obviousness rejection. An inventor may well have been motivated to consider the reference when making his invention. If it is directed to a different purpose, the inventor would accordingly have had less motivation or occasion to consider it. In re Clay at 1061.

Reuveni does not have the same purpose as the present invention and is not reasonably pertinent to the particular problem with which the inventor is involved. A person having

2

B000346

ordinary skill in the art would not reasonably solve the problem of cleaning a shaving head by considering a reference dealing with pasteurizing food. The purpose of Reuveni's invention is to pasteurize food. The purpose of applicant's invention, on the other hand, is to clean a shaving head.

Furthermore, Reuveni's invention addresses the problem of food products floating in the water as they pass through the machine on the conveyor belt by ensuring that the whole product being pasteurized is treated by a combination of immersion in hot water and spraying with hot water during its travel on a conveyor belt through the machine. Applicant's invention, on the other hand, addresses the problem of removing hair and other particles from a shaving head. Therefore, we submit that Reuveni is not prior art.

The Examiner has rejected claims 3, 5 and 6 under 35 U.S.C. § 103 as being unpatentable over Reuveni in view of Ogata et al., U.S. Patent No. 5,333,628. We submit that the Ogata reference does not overcome the deficiencies in the primary reference discussed above. Particularly, Ogata teaches a continuous ultrasonic cleaning apparatus including a conveyor for moving the product through the apparatus. Ogata's conveyor is not a cradle structure adapted to receive a shaving head, as claimed.

The Examiner has rejected claims 11 and 15 under 35 U.S.C. § 103 as being unpatentable over Reuveni in view of Scales, U.S. Patent No. 2,675,012. We submit that the Scales reference does not overcome the deficiencies in the primary

B000347

reference discussed above. Particularly, Scales teaches a washing apparatus for automotive and machine parts including a basket 24 and a parts support shelf 41. Neither the basket nor the shelf of Scales is a cradle structure adapted to receive a shaving head, as claimed.

Applicant submits that all of the claims are now in condition for allowance, which action is requested.

Please charge any fees, or make any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: *Nov. 18, 1996*

*Phyllis Kristal* Reg. No. 38,524
Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
207331.B11

4

B000348





pertinent question is if the asserted claims of the '445 and '062 patents are interpreted broadly enough to cover the New Striker, would they have been allowed by the Patent Examiner over the prior art. "If not, then it would be improper to permit [the patent holder] to obtain that coverage in an infringement suit under the doctrine of equivalents." *Id.* The burden is upon the patent holder to prove that the range of equivalents it propounds would not ensnare the relevant prior art. *Id.* at 685.

The second limitation on equitable infringement is prosecution history estoppel. Such estoppel prevents a plaintiff in an action for infringement, under the doctrine of equivalents, from interpreting claims so as to include subject matter that the inventor disclaimed to obtain allowance of the claim before the Patent Office while prosecuting the application. *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448 [227 USPQ 293] (Fed. Cir. 1985). Not all disclaimers result in an estoppel, however. Rather, an estoppel will be found only when the patent holder's disclaimer was required in response to an examiner's rejection. *Mannesmann Demag Corp. v. Engineered Metal Prod.*, 793 F.2d 1279, 1284-85 [230 USPQ 45] (Fed. Cir. 1986).

[3] The court is not satisfied that the New Striker and Rawl Spike perform substantially the same function, in substantially the same way, to achieve substantially the same result. Contrary to Rawlplug's assertions, the evidence indicates that the New Striker's holding power does not result from a three point pressure system centered around a peak and two bases. Rather, it results from a combination of four points of pressure against the hole wall and a mechanical interlock between the serrations and the wall. This is in contrast to the Rawl Spike, whose two base pressure points are equal in force to that of its peak.

The mere fact that a competing device uses a pressure point system, in and of itself, would not be an infringement of Rawlplug's patents. Instead, it is the way the pressure system is employed that would determine whether infringement exists. Here the New Striker employs a different pressure system than the Rawl Spike. Indeed, the New Striker functions like a combination of the *Katou* and *Carroll*, both of which Giannuzzi distinguished from his invention during the prosecution process. To interpret the New Striker's use of pressure and mechanical interlock as infringing the '445 and '062 patents would be impermissible in light of this relevant prior art.

The complaint is dismissed, and judgment shall be entered in favor of the defendant. So Ordered.

---

**Court of Appeals, Federal Circuit**

In re Clay

No. 91-1402

Decided June 10, 1992

**PATENTS**

**1. Patentability/Validity — Obviousness — Relevant prior art — In general (§115.0903.01)**

**JUDICIAL PRACTICE AND PROCEDURE**

**Procedure — Judicial review — Standard of review — Patents (§410.4607.09)**

Board of Patent Appeals and Interferences' decision as to whether reference in prior art is "analogous" to invention under consideration is reviewed under clearly erroneous standard, since question is one of fact; resolution of question requires determination of whether reference is from same field of endeavor as invention, regardless of problem addressed, and if not, whether reference is nonetheless reasonably pertinent to particular problem with which inventor is involved.

**PATENTS**

**2. Patentability/Validity — Obviousness — Relevant prior art — Particular inventions (§115.0903.03)**

Patent which discloses process for reducing permeability of hydrocarbon-bearing formations, and thus improving oil production, by using gel to plug formation anomalies is not in same field of endeavor as invention of application, which uses gel to fill dead volume of tank for storing refined liquid hydrocarbon product, even though reference and application relate to petroleum industry, since reference teaches use of gel in unconfined and irregular volumes within natural oil-bearing formations in order to channel flow in desired direction, whereas application teaches use of gel in confined dead volume of storage tank, since process of reference operates in extreme conditions, whereas application process operates at ambient pressures and temperatures, and since application thus relates to storage of refined



tint is dismissed, and judgment
·ed in favor of the defendant.
.l.

_____

f Appeals, Federal Circuit

In re Clay

No. 91-1402

cided June 10, 1992

_____

ity/Validity — Obviousness —
    prior art — In general
    03.01)

PRACTICE    AND
E

— Judicial review — Standard
r — Patents (§410.4607.09)

Patent Appeals and Interfer-
on as to whether invention
analogous" to invention under
: is reviewed under clearly erro-
·rd, since question is one of fact;
question requires determination
eference is from same field of
invention, regardless of problem
nd if not, whether reference is
easonably pertinent to particu-
vith which inventor is involved.

_____

ity/Validity — Obviousness —
    prior art — Particular inven-
15.0903.03)

ich discloses process for reduc-
lity of hydrocarbon-bearing for-
thus improving oil production,
to plug formation anomalies is
ield of endeavor as invention of
which uses gel to fill dead vol-
r storing refined liquid hydro-
ict, even though reference and
relate to petroleum industry,
ice teaches use of gel in un-
irregular volumes within natu-
g formations in order to channel
ed direction, whereas applica-
use of gel in confined dead
rage tank, since process of ref-
ates in extreme conditions.
ication process operates at am-
es and temperatures, and since
hus relates to storage of refined

liquid hydrocarbons, whereas reference con-
cerns extraction of crude petroleum.

3. Patentability/Validity — Obviousness —
    Relevant prior art — In general
    · (§115.0903.01)

Prior reference is reasonably pertinent to
problem addressed by inventor in patent ap-
plication, even though it may be in field
different from that of inventor's endeavor, if
reference, by reason of matter with which it
deals, logically would have commended itself
to inventor's attention in considering perti-
nent problem.

4. Patentability/Validity — Obviousness —
    Relevant prior art — Particular inven-
    tions (§115.0903.03)

Patent which discloses process for reduc-
ing permeability of hydrocarbon-bearing for-
mations, and thus improving oil production,
by using gel to plug formation anomalies is
not reasonably pertinent to invention of ap-
plication, which uses gel to fill dead volume
of·tank for storing refined liquid hydrocar-
bon product, since reference addresses prob-
lem of recovering crude oil from porous,
permeable sedimentary rock matrix, where-
as invention of application is directed to
·preventing loss of refined hydrocarbon prod-
·uct to dead volume of storage tank while
preventing contamination of such product,
since subterranean formation of reference is
structurally and functionally dissimilar to
· storage tanks of patent, and since person of
ordinary skill in art thus would not reason-
·ably have expected to solve problem of dead
volume in petroleum storage tanks by consid-
ering reference in question.

_____

Appeal from the U.S. Patent and Trade-
mark Office, Board of Patent Appeals and
Interferences.

Patent application of Carl. D. Clay, serial
no. 245,083, filed April 28, 1987 (storage of
refined liquid hydrocarbon product). From
decision upholding examiner's rejection of
all claims remaining in application, appli-
cant appeals. Reversed.

Jack E. Ebel, Littleton, Colo. (Paul T. Meik-
lejohn, of Seed & Berry, Seattle, Wash.,
of counsel), for appellant.

Teddy S. Gron, associate solicitor (Fred E.
McKelvey, solicitor, with him on the brief;
Richard E. Schafer, of counsel), for
appellee.

Before Plager, Lourie, and Clevenger, circuit
judges.

Lourie, J.

Carl D. Clay appeals the decision of the
United States Patent and Trademark Office,

Board of Patent Appeals and Interferences,
Appeal No. 90-2262, affirming the rejection
of claims 1-11 and 13 as being unpatentable
under 35 U.S.C. § 103. These are all the
remaining claims in application Serial No.
245,083, filed April 28, 1987, entitled "Stor-
age of a Refined Liquid Hydrocarbon Prod-
uct." We reverse.

BACKGROUND

Clay's invention, assigned to Marathon
Oil Company, is a process for storing refined
liquid hydrocarbon product in a storage tank
having a dead volume between the tank bot-
tom and its outlet port. The process involves
preparing a gelation solution which gels after
it is placed in the tank's dead volume; the gel
can easily be removed by adding to the tank
a gel-degrading agent such as hydrogen per-
oxide. Claims 1, 8, and 11 are illustrative of
the claims on appeal:

1. A process for storing a refined liquid
    hydrocarbon product in a storage tank
    having a dead volume between the bottom
    of said tank and an outlet port in said tank,
    said process comprising:

    preparing a gelation solution compris-
    ing an aqueous liquid solvent, an acryla-
    mide polymer and a crosslinking agent
    containing a polyvalent metal cation se-
    lected from the group consisting of alumi-
    num, chromium and mixtures thereof,
    said gelation solution capable of forming a
    rigid crosslinked polymer gel which is sub-
    stantially insoluble and inert. in said re-
    fined liquid hydrocarbon product;

    placing said solution in said dead
    volume;

    gelling said solution substantially to
    completion in said dead volume to produce
    said rigid gel which substantially fills said
    dead volume; and storing said refined liq-
    uid hydrocarbon product in said storage
    tank in contact with said gel without sub-
    stantially contaminating said product with
    said gel and without substantially degrad-
    ing said gel.

8. The process of claim 1 further com-
    prising removing said rigid gel from said
    dead volume by contacting said gel with a
    chemical agent which substantially de-
    grades said gel to a flowing solution.

11. The process of claim 1 wherein said
    gelation solution further comprises an
    aqueous liquid contaminant present in
    said dead volume which dissolves in said
    solution when said solution is placed in
    said dead volume.

Two prior art references were applied
against the claims on appeal. They were U.S.



1060    *In re Clay*    23 USPQ2d

Patent 4,664,294 (Hetherington), which discloses an apparatus for displacing dead space liquid using impervious bladders, or large bags, formed with flexible membranes; and U.S. Patent 4,683,949 (Sydansk), also assigned to Clay's assignee, Marathon Oil Company, which discloses a process for reducing the permeability of hydrocarbon-bearing formations and thus improving oil production, using a gel similar to that in Clay's invention.

The Board agreed with the examiner that, although neither reference alone describes Clay's invention, Hetherington and Sydansk combined support a conclusion of obviousness. It held that one skilled in the art would glean from Hetherington that Clay's invention "was appreciated in the prior art and solutions to that problem generally involved filling the dead space with *something*." Opinion at 3 (emphasis in original).

The Board also held that Sydansk would have provided one skilled in the art with information that a gelation system would have been impervious to hydrocarbons once the system gelled. The Board combined the references, finding that the "cavities" filled by Sydansk are sufficiently similar to the "volume or void space" being filled by Hetherington for one of ordinary skill to have recognized the applicability of the gel to Hetherington.

## DISCUSSION

The issue presented in this appeal is whether the Board's conclusion was correct that Clay's invention would have been obvious from the combined teachings of Hetherington and Sydansk. Although this conclusion is one of law, such determinations are made against a background of several factual inquiries, one of which is the scope and content of the prior art. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 148 USPQ 459, 467 (1966).

A prerequisite to making this finding is determining what is "prior art," in order to consider whether "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C § 103. Although § 103 does not, by its terms, define the "art to which [the] subject matter [sought to be patented] pertains," this determination is frequently couched in terms of whether the art is analogous or not, *i.e.*, whether the art is "too remote to be treated as prior art." *In re Sovish*, 769 F.2d 738, 741, 226 USPQ 771, 773 (Fed. Cir. 1985).

[1] Clay argues that the claims at issue were improperly rejected over Hetherington and Sydansk, because Sydansk is nonanalogous art. Whether a reference in the prior art is "analogous" is a fact question. *Panduit Corp. v. Dennison Mfg.*, 810 F.2d 1561, 1568 n.9, 1 USPQ2d 1593, 1597 n.9 (Fed. Cir.), *cert. denied*, 481 U.S. 1052 (1987). Thus, we review the Board's decision on this point under the clearly erroneous standard.

Two criteria have evolved for determining whether prior art is analogous: (1) whether the art is from the same field of endeavor, regardless of the problem addressed, and (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved. *In re Deminski*, 796 F.2d 436, 442, 230 USPQ 313, 315 (Fed. Cir. 1986); *In re Wood*, 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979).

The Board found Sydansk to be within the field of Clay's endeavor because, as the Examiner stated, "one of ordinary skill in the art would certainly glean from [Sydansk] that the rigid gel as taught therein would have a number of applications within the manipulation of the storage and processing of hydrocarbon liquids . . . [and that] the gel as taught in Sydansk would be expected to function in a similar manner as the bladders in the Hetherington patent." These findings are clearly erroneous.

[2] The PTO argues that Sydansk and Clay's inventions are part of a common endeavor — "maximizing withdrawal of petroleum stored in petroleum reservoirs." However, Sydansk cannot be considered to be within Clay's field of endeavor merely because both relate to the petroleum industry. Sydansk teaches the use of a gel in unconfined and irregular volumes within generally underground natural oil-bearing formations to channel flow in a desired direction; Clay teaches the introduction of gel to the confined dead volume of a man-made storage tank. The Sydansk process operates in extreme conditions, with petroleum formation temperatures as high as 115°C and at significant well bore pressures; Clay's process apparently operates at ambient temperature and atmospheric pressure. Clay's field of endeavor is the *storage* of refined liquid hydrocarbons. The field of endeavor of Sydansk's invention, on the other hand, is the *extraction* of crude petroleum. The Board clearly erred in considering Sydansk to be within the same field of endeavor as Clay's.

[3] Even though the art disclosed in Sydansk is not within Clay's field of endeavor, the reference may still properly be combined



that the claims at issue jected over Hetherington use Sydansk is nonanalo-[? reference in the prior art] a fact question. *Panduit Mfg.*, 810 F.2d 1561, 2d 1593, 1597 n.9 (Fed. 481 U.S. 1052 (1987). e Board's decision on this arly erroneous standard. e evolved for determining s analogous: (1) whether : same field of endeavor, oblem addressed, and (2) not within the field of the r, whether the reference ertinent to the particular 1 the inventor is involved. '96 F.2d 436, 442, 230 'Fed. Cir. 1986); *In re* 32, 1036, 202 USPQ 171,

Sydansk to be within the eavor because, as the Ex- e of ordinary skill in the y glean from [Sydansk] as taught therein would applications within the e storage and processing ids . . . [and that] the gel sk would be expected to r manner as the bladders 1 patent." These findings us.

'gues that Sydansk and re part of a common en- zing withdrawal of petro- 'oleum reservoirs." How- not be considered to be of endeavor merely be- > the petroleum industry. e use of a gel in uncon- volumes within generally al oil-bearing formations a desired direction; Clay iction of gel to the con- of a man-made storage . process operates in ex- /ith petroleum formation gh as 115°C and at sig- pressures; Clay's process : at ambient temperature pressure. Clay's field of *'orage* of refined liquid field of endeavor of Sy- m the other hand, is the : petroleum. The Board nsidering Clay's field to be ld of endeavor as Clay's. .he art disclosed in Sy- Clay's field of endeavor, til properly be combined

with Hetherington if it is reasonably perti- nent to the problem Clay attempts to solve. *In re Wood*, 599 F.2d at 1036, 202 USPQ at 174. A reference is reasonably pertinent if, even though it may be in a different field from that of the inventor's endeavor, it is one which, because of the matter with which it deals, logically would have commended itself to an inventor's attention in considering his problem. Thus, the purposes of both the invention and the prior art are important in determining whether the reference is reason- ably pertinent to the problem the invention attempts to solve. If a reference disclosure has the same purpose as the claimed inven- tion, the reference relates to the same prob- lem, and that fact supports use of that refer- ence in an obviousness rejection. An inventor may well have been motivated to consider the reference when making his invention. If it is directed to a different purpose, the inventor would accordingly have had less motivation or occasion to consider it.

[4] Sydansk's gel treatment of under- ground formations functions to fill anoma- lies[1] so as to improve flow profiles and sweep efficiencies of injection and produc- tion fluids through a formation, while Clay's gel functions to displace liquid product from the dead volume of a storage tank. Sydansk is concerned with plugging formation anomalies so that fluid is subsequently di- verted by the gel into the formation matrix, thereby forcing bypassed oil contained in the matrix toward a production well. Sydansk is faced with the problem of recovering oil from rock, *i.e.*, from a matrix which is porous, permeable sedimentary rock of a subterra- nean formation where water has channeled through formation anomalies and bypassed oil present in the matrix. Such a problem is not reasonably pertinent to the particular problem with which Clay was involved -- preventing loss of stored product to tank dead volume while preventing contamination of such product. Moreover, the subterranean formation of Sydansk is not structurally similar to, does not operate under the same temperature and pressure as, and does not function like Clay's storage tanks. *See In re Ellis*, 476 F.2d 1370, 1372, 177 USPQ 526, 527 (CCPA 1973) ("the similarities and

differences in structure and function of the invention disclosed in the references . . . car- ry far greater weight [in determining analogy]").

A person having ordinary skill in the art would not reasonably have expected to solve the problem of dead volume in tanks for storing refined petroleum by considering a reference dealing with plugging under- ground formation anomalies. The Board's finding to the contrary is clearly erroneous. Since Sydansk is non-analogous art, the re- jection over Hetherington in view of Sydansk cannot be sustained.

### CONCLUSION

For the foregoing reasons, the decision of the Board is

*REVERSED.*

### U.S. Patent and Trademark Office Trademark Trial and Appeal Board

### In re Sharky's Drygoods Co.

Serial No. 74/017,286
Decided March 4, 1992
Released May 12, 1992

### TRADEMARKS AND UNFAIR TRADE PRACTICES

**1. Types of marks — Geographical and geo- graphically misdescriptive marks (§327.09)**

Examining attorney, in order to demon- strate that mark is geographically deceptive, must first establish that it is geographically deceptively misdescriptive by showing that mark in question consists of or incorporates term that denotes geographical location which is neither obscure nor remote, that there is goods/place association between goods on which mark is used and geographi- cal place named by term, and that the goods do not, in fact, originate in that geographical place; misdescription must, in addition, be likely to affect customer's purchasing decision.

**2. Types of marks — Geographical and geo- graphically misdescriptive marks (§327.09)**

Fact that Paris is well-known geographical place, that it is center for haute couture, and that applicant's goods do not come from there is not sufficient to demonstrate that "PARIS BEACH CLUB" is geographically

---

[1] Sydansk refers to an anomaly, one of two general region types in an oil-bearing geological formation, as "a volume or void space [*e.g.*, 'streaks, fractures, fracture networks, vugs, solu- tion channels, caverns, washouts, cavities, etc.'] in the formation having very high permeability relative to the matrix [the other region type, consisting of homogeneous porous rock]."



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/376,849 | 01/23/95 | BRAUN | G | 02894/284001 |

34M2/1213

WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

| EXAMINER | |
|---|---|
| STINSON,F | |
| ART UNIT | PAPER NUMBER |
| 3405 | / / |

DATE MAILED:    12/13/96

**Please find below a communication from the EXAMINER in charge of this application.**

Commissioner of Patents

B000353

| ***Office Action Summary*** | Application No.<br>08/376,849 | Applicant(s)<br>**ENDER ET AL.** |
|---|---|---|
| | Examiner<br>**Frankie L. Stinson** | Group Art Unit<br>**3405** |

☒ Responsive to communication(s) filed on *Nov 22, 1996*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*THREE*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-27* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1, 7, 9, 23, 24, and 26* _____ is/are rejected.

☒ Claim(s) *2-6, 8, 10-22, 25, and 27* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____.

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

B000354

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Serial Number: 08/376,849                               -2-

Art Unit: 3405

A.    Applicant's request for reconsideration of the finality of

the rejection of the last Office action is persuasive and the

finality of that action is withdrawn.

B.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

C.    Claims 1, 7, 9 and 23, 24 and 26 are rejected under 35

U.S.C. § 103 as being unpatentable over Germany'981. Re claim 1,

Germany'981 is cited disclosing a cleaning device comprising a

cradle, a cleaning fluid container and a feed device that differs

from the claim only in the recitation of the intended use, namely

that of cleaning the head of a shaving apparatus. Nonetheless,

the intended use is not deemed to structurally define over the

device of Germany'981. Re claim 7, Germany'981 discloses the

cradle dish-shaped as instantly claimed. Re claim 9, to have the

cross-section as claimed is deemed to be an obvious matter of

design. Re claim 23, Germany'981 discloses the overflow. Re claim

B000355

Serial Number: 08/376,849                          -3-

Art Unit: 3405

24, Germany'981 discloses the outlet port. Re claim 26,

Germany'981 discloses the drive means.

D.    Claims 2-6, 8, 16-22, 25 and 27 are objected to as being

dependent upon a rejected base claim, but would be allowable if

rewritten in independent form including all of the limitations of

the base claim and any intervening claims.

E.    The prior art made of record and not relied upon is

considered pertinent to applicant's disclosure.  In Parent, Jr.,

Schwartz and Kitajima, note the cleaning means.

F.    Applicant's arguments with respect to claims 1-27 have been

considered but are deemed to be moot in view of the new grounds

of rejection.

G.    Any inquiry concerning this communication or earlier

communications from the examiner should be directed to

F.L.Stinson whose telephone number is (703) 308-0861.  The

examiner can normally be reached on M-F(1st week) and T-F (2nd

week) from 8:30 AM to 5:00 pm. The fax phone number for this

Group is (703) 308-7766. Any inquiry of a general nature or

relating to the status of this application or proceeding should

be directed to the Group receptionist whose telephone number is

(703) 308-0861.

                                  Frankie L. Stinson

                                   Primary Examiner

                                 Group Art Unit 3405

B000356

## *Notice of References Cited*

| | |
|---|---|
| Application No. 08/376,849 | Applicant(s) ENDER ET AL. |
| Examiner Frankie L. Stinson | Group Art Unit 3405 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 3,227,187 | 1/1966 | PARENT, JR. | 134 | 109 |
| B | 4,730,631 | 3/1988 | SCHWARTZ | 134 | 170 |
| C | 5,186,631 | 2/1993 | KITAJIMA | 134 | 164 |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | 412,981 | 5/1925 | GERMANY | — | 134 | 141 |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

B000357

1307

#12

PATENT
ATTORNEY DOCKET NO. 02894/284001

M Newson
1-30-97

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Initial Review

BOX AF

Applicant : Gebhard Braun                    Art Unit: 1307
Serial No.: 08/376,849                       Examiner: Stinson
Filed      : January 23, 1995
Title      : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

**Box AF**

Commissioner of Patents and Trademarks
Washington, DC  20231

                    INFORMATION DISCLOSURE STATEMENT

          Applicant submits the references listed on the attached

form PTO 1449, copies of which are enclosed.

          The Examiner should already be aware of these

references as they were considered by the Examiner in our related

pending case, U.S. Serial Number 08/370,681, filed January 1,

1995.

                              Respectfully submitted,


Date: _Nov. 21, 1996_          _Phyllis Kristal_ Reg. No. 35,524
                               Eric E. Prahl
                               Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
213662.B11

B000358

Date of Deposit _Nov 21, 1996_
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Assistant Commissioner for
Patents, Washington, D.C. 20231.

Sheet __1 (A)__ of __1__

| SUBSTITUTE FORM PTO-1449 (MODIFIED) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 02894/284001 | SERIAL NO. |
|---|---|---|---|

INFORMATION DISCLOSURE
STATEMENT BY APPLICANT
(Use several sheets if necessary)

(37 CFR 1.98(b))

| APPLICANT | |
|---|---|
| FILING DATE | GROUP |

*MAIL ROOM NOV 25 1996 PAT. & TRADEMARK OFF.*

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | PATENT NUMBER | ISSUE DATE | PATENTEE | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| ARB | AA | 3 0 9 6 7 7 6 | 7/63 | DeWitt | 134 | 111 | |
| | AB | 3 3 7 8 0 1 9 | 4/68 | Riolo et al. | 134 | 111 | |
| | AC | 3 8 9 0 9 8 8 | 6/75 | Lee | 134 | 111 | |
| | AD | 4 1 0 5 3 4 2 | 8/78 | Plourde | 134 | 111 | |
| | AE | 4 4 6 2 4 1 5 | 7/84 | Otzen | 134 | 111 | |
| | AF | 4 5 9 7 1 2 6 | 7/86 | Beech | 134 | 155 | |
| | AG | 4 8 1 5 4 8 6 | 3/89 | Schinn | 134 | 155 | |
| | AH | 4 9 9 1 6 0 9 | 2/91 | Browning | 134 | 184 | |
| | AI | 5 0 6 4 5 2 1 | 11/91 | Stepanenko et al | 204 | 224M | |
| ARB | AJ | 5 0 9 5 9 2 5 | 3/92 | Elledge et al. | 134 | 184 | |

### FOREIGN PATENT OR PUBLISHED FOREIGN PATENT APPLICATION

| | | DOCUMENT NUMBER | PUBLICATION DATE | COUNTRY OR PATENT OFFICE | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AK | 164936 | 1/34 | Switzerland | 134 | 111 | | |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Place of Publication)

| | AP | |
|---|---|---|
| | AQ | |
| | AR | |

| EXAMINER | DATE CONSIDERED 5/7/97 |
|---|---|

EXAMINER: Initial citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)

B000359



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| | 01/23/95 | BRAUN | G | 02894/284001 |

34M1/0311

|  | EXAMINER |
|---|---|
| | STINSON, F |
| ART UNIT | PAPER NUMBER |
| 3405 | 13 |
| DATE MAILED: | 03/11/97 |

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents.

B000360

FTOL-90 (REV. 6/84)

Serial Number: 08/376,849                                                                    Page 2

Art Unit:


A.     The information disclosure statement filed November 25, 1996 fails to not comply with

the provisions of MPEP § 609 because it fails to include the fee and certification as required by 37

CFR 1.97.  It has been placed in the application file, but the information referred to therein has

not been considered as to the merits.  Applicant is advised that the date of any re-submission of

any item of information contained in this information disclosure statement or the submission of

any missing element(s) will be the date of submission for purposes of determining compliance with

the requirements based on the time of filing the statement, including all certification requirements.

See MPEP § 609 ¶ C(1).

B.     Any inquiry concerning this communication should be directed to F. L. Stinson  at

telephone number (703) 308-0861.


FRANKIE L. STINSON
PRIMARY EXAMINER
GROUP 3400

B000361



PATENT
ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gephard Braun              Art Unit : 3405
Serial No.: 08/376,849                 Examiner : Stinson
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

### RESPONSE

In response to the Examiner's action mailed December
13, 1996, please amend the application as follows.

In the claims:

1.    (Twice Amended) A cleaning device comprising:
a cradle structure adapted to receive a shaving head of
a shaving apparatus,

a cleaning fluid container, and

a feed device for feeding cleaning fluid <u>from said
cleaning fluid container</u> to said cradle structure, said cradle
structure being  arranged above a fluid level of the cleaning
fluid in said cleaning fluid container <u>during the feeding of said
cleaning fluid to said cradle structure</u>.

### REMARKS

We acknowledge the Examiner's indication that claims 2-
6, 8, 10-22, 25 and 27 would be allowable if rewritten in
independent form to include the limitations of the base and
intervening claims.

Date of Deposit: MARCH 6, 1997
I hereby certify under §7 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Commissioner of Patents and Trademarks, Washington, D.C.
20231.

B000362

The Examiner has rejected claims 1, 7, 9, 23, 24 and 26 under 35 U.S.C. § 103 as being unpatentable over Germany '981. A unofficial translation of Germany '981 is enclosed.

Claim 1 has been amended to recite that the feed device is for feeding cleaning fluid from the cleaning fluid container to the cradle structure. The cradle structure is arranged above a fluid level of the cleaning fluid in the cleaning fluid container during the feeding of the cleaning fluid to the cradle structure.

In Germany '981, the cleaning fluid containers from which cleaning fluid is fed to the cleaning bowl 6 are a disinfectant container 14 and a water supply (not shown) leading to stopcock 4, and a mixing chamber 3. There is no cleaning fluid container in Germany '981 from which cleaning fluid is fed to the cleaning bowl having a fluid level above which the cleaning bowl is arranged during the feeding of the cleaning fluid to the cleaning bowl, as claimed.

Furthermore, there is not suggestion or motivation in Germany '981 to move the fluid level in mixing chamber 3 below the cleaning bowl during the feeding of the cleaning fluid to the cleaning bowl. Such a configuration would make the cleaner of Germany '981 inoperable because the cleaning fluid would not flow from mixing chamber 3 to the cleaning bowl.

Therefore, we submit that claim 1, and claims 7, 9, 23, 24 and 26 dependent thereon, are not unpatentable over Germany '981.

2

B000363

We submit that all of the claims are now in condition for allowance, which action is requested.

We wish to bring to the Examiner's attention that we have not received an initialled copy of the PTO 1449 form filed November 21, 1996.

Please charge any fees, or make any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: *March 6, 1997*

*Phyllis Kristal* Reg No. 38,524

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
220335.B11

3

B000364



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/378,849 | 01/23/95 | BRAUN | G | 06395-004001 |

```
┌                                        34M2/0515
  WILLIS M ERTMAN
  FISH & RICHARDSON
  225 FRANKLIN STREET
  BOSTON MA 02110-2804               ┘
```

| EXAMINER |
|---|
| STINSON W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1415 | |

05/15/97

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

B000365

PTO-90C (Rev. 2/95)

1- File Copy

Serial Number: 08/376,849                          -2-

Art Unit: 3405

A.  The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

B.  Claims 1, 7, 8, 9, 11, 15 and 23-27 are rejected under 35

U.S.C. § 103 as being unpatentable over either Mekiney et al. or

Hilliker.  Re claim 1, the patent to Mekiney and Hilliker are

cited disclosing a cleaning device comprising a cradle (12 and 6

respectively), a cleaning fluid container and a feed device that

differs from the claim only in the recitation of the intended

use, namely that of cleaning the head of a shaving apparatus.

Nonetheless, the intended use is not deemed to structurally

define over the device of either Mekiney or Hilliker. Re claim 7,

Mekiney and Hilliker disclose the cradle dish-shaped as instantly

claimed. Re claims 8 and 25, Mekiney and Hilliker disclose the

open container. Re claim 9, Mekiney and Hilliker disclose the

fluid supply and draining. Re claims 11 and 15, Mekiney discloses

the filter and collector. Re claim 23, Hilliker and Mekiney

B000366

Serial Number: 08/376,849                           -3-

Art Unit: 3405

disclose the overflow. Re claim 24, Hilliker and Mekiney disclose
the outlet port. Re claim 26, Mekiney discloses the drive means.
Re claim 27, Mekiney discloses the control circuit

D.   Claims 2-6, 8, 12, 13, 14 and 16-22 are objected to as being
dependent upon a rejected base claim, but would be allowable if
rewritten in independent form including all of the limitations of
the base claim and any intervening claims.

E.   Applicant's arguments with respect to claims 1-27 have been
considered but are deemed to be moot in view of the new grounds
of rejection.

F.   Applicant's amendment necessitated the new grounds of
rejection. Accordingly, **THIS ACTION IS MADE FINAL**. See M.P.E.P.
§ 706.07(a). Applicant is reminded of the extension of time
policy as set forth in 37 C.F.R. § 1.136(a).


    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.


G.   The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure. In French'932,
Piccione, Canon and Booth, note the cleaning means.

B000367

Serial Number: 08/376,849                                    -4-

Art Unit: 3405

H.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to
F.L.Stinson whose telephone number is (703) 308-0861.  The
examiner can normally be reached on M-F(1st week) and T-F (2nd
week) from 8:30 AM to 5:00 pm. The fax phone number for this
Group is (703) 308-7766. Any inquiry of a general nature or
relating to the status of this application or proceeding should
be directed to the Group receptionist whose telephone number is
(703) 308-0861.


                                        Frankie L. Stinson
                                          Primary Examiner
                                        Group Art Unit 3405

B000368

| ***Office Action Summary*** | Application No. 08/376,849 | Applicant(s) BRAUN |
|---|---|---|
| | Examiner Frankie L. Stinson | Group Art Unit 3405 |

☒ Responsive to communication(s) filed on *amd't B, filed 3/10/97*

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-27* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1, 7, 9-11, 15, and 23-27* _____ is/are rejected.

☒ Claim(s) *2-6, 8, 12-14, and 16-22* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

B000369

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | SERIAL NO. 376,849 | | GROUP ART UNIT 3405 | | ATTACHMENT TO PAPER NUMBER | 15 |
|---|---|---|---|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | | APPLICANT(S) BRAUN | | | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 1 2 4 6 ( | 10/1889 | Canon | 134 | 201 | |
| B | | 1 7 8 2 7 9 3 | 11/1930 | Piccione | 134 | 88 | |
| C | | 3 0 4 1 2 1 2 | 6/1962 | Booth | 134 | 155 | |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | 8 0 8 9 3 2 | 2/1937 | France | — | 134 | 201 | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| R | | |
| S | | |
| T | | |
| U | | |

| EXAMINER | DATE 5/6/97 | |
|---|---|---|

*. A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

B000370

71348 U.S. PTO
04/14/97

230-1261 IDS
Sonia Dorse
52097

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit: 1307
Serial No.: 08/376,849                       Examiner: Stinson
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

<u>INFORMATION DISCLOSURE STATEMENT</u>

    Applicant submits the references listed on the attached
form PTO 1449.  Copies of the references were submitted with the
Information Disclosure Statement filed November 21, 1996, and
therefore are not enclosed with this statement.

    This statement is being filed after a first Office
action on the merits, but before receipt of a final Office action
or a Notice of Allowance.  A check for $230 in payment of the
late submission fee of §1.17(p) is enclosed.  Please apply any
additional charges or credits to Deposit Account No. 06-1050.

    Respectfully submitted,

Date: _April 8, 1997_

_Phyllis Kistler_ Reg. No. 38,524
Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
236274.B11

Date of Deposit _April 8, 1997_
I hereby certify under 37 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231.

_Rita A. LeBl___

B000371

Sheet ___1 (A)___ of ___1___

71348 U.S. PTO

04/14/9?

| SUBSTITUTE FORM PTO-1449 (MODIFIED) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 02894/284001 | SERIAL NO. 08/376,849 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) 37 CFR 1.98(b)) | | APPLICANT Braun | |
| | | FILING DATE January 23, 1995 | GROUP 1307 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | PATENT NUMBER | ISSUE DATE | PATENTEE | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| MWB | AA | 3 0 9 6 7 7 6 | 7/63 | DeWitt | 134 | 111 | |
| | AB | 3 3 7 8 0 1 9 | 4/68 | Riolo et al. | 134 | 111 | |
| | AC | 3 8 9 0 9 8 8 | 6/75 | Lee | 134 | 111 | |
| | AD | 4 1 0 5 3 4 2 | 8/78 | Plourde | 134 | 111 | |
| | AE | 4 4 6 2 4 1 5 | 7/84 | Otzen | 134 | 111 | |
| | AF | 4 5 9 7 1 2 6 | 7/86 | Beach | 134 | 155 | |
| | AG | 4 8 1 5 4 8 6 | 3/89 | Schinn | 134 | 155 | |
| | AH | 4 9 9 1 6 0 9 | 2/91 | Browning | 134 | 184 | |
| | AI | 5 0 6 4 5 2 1 | 11/91 | Stepanenko et al | 204 | 224M | |
| MWB | AJ | 5 0 9 5 9 2 5 | 3/92 | Elledge et al. | 134 | 184 | |

## FOREIGN PATENT OR PUBLISHED FOREIGN PATENT APPLICATION

| | | DOCUMENT NUMBER | PUBLICATION DATE | COUNTRY OR PATENT OFFICE | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AK | 164936 | 1/34 | Switzerland | 134 | 111 | | |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Place of Publication)

| | | |
|---|---|---|
| | AP | |
| | AQ | |
| | AR | |

| EXAMINER | | DATE CONSIDERED 5/7/97 |
|---|---|---|

EXAMINER: Initial citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)

B000372