

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
           Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/376.849 | 01/23/95 | BRAUN | G | 02894/284001 |

34M1/0722

STINSON.F

|  | EXAMINER |
|---|---|

WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

| ART UNIT | PAPER NUMBER |
|---|---|

3405

07/22/97

DATE MAILED:

17

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

B000373

PTO-90C (Rev. 2/95)
*U.S. GPO: 1997-422-198/80031

1- File Copy

| *Interview Summary* | Application No.<br>08/376,849 | Applicant(s)<br>**BRAUN** |
|---|---|---|
| | Examiner<br>Frankie L. Stinson | Group Art Unit<br>3405 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Frankie L. Stinson_ _____     (3) _____

(2) _Ms. P. Crystal_ _____     (4) _____

Date of Interview _____ _Jul 18, 1997_ _____

Type:   ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.  If yes, brief description:

_____

_____

Agreement   ☒ was reached.   ☐ was not reached.

Claim(s) discussed: _1 and 16_ _____

Identification of prior art discussed:
_Hillker and Mekiney_ _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_It was noted that claim 1 would be amended to include the shape of the cradle (concave) and the drainage port at the_
_base of the concave cradle and to include the bracket. It was also noted that the claim, as proposedly amended, appears_
_to define patentable subject matter. Allowance will be held in abeyance pending an updated search._

_____

_____

_____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render
the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable
is available, a summary thereof must be attached.)

1.  ☐   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE
LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP
Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH
FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.  ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to
each of the objections, rejections and requirements that may be present in the last Office action, and since the
claims are now allowable, this completed form is considered to fulfill the response requirements of the last
Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above
is also checked.

FRANKIE L. STINSON
PRIMARY EXAMINER
ART UNIT 3405

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOX AF

Applicant : Gebhard Braun          Art Unit: 3405
Serial No. : 08/376,849           Examiner: Stinson
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Box: AF

Assistant Commissioner for Patents
Washington, DC 20231

<u>RESPONSE</u>

In response to the Examiner's action mailed May 15, 1997, please amend the application as follows.

<u>In the claims</u>:

Cancel claims 7 and 24.

1.    (Thrice amended) A cleaning device comprising:

a cradle structure <u>including a concave surface for</u> [adapted to receive] <u>receiving</u> a shaving head of a shaving apparatus,

a cleaning fluid container, <u>said cradle structure</u> <u>including an outlet port connecting the cradle structure with the</u> <u>cleaning fluid container, said outlet port allowing hair to drain</u> <u>from said cradle structure,</u> and

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure.

Date of Deposit _____ Aug 14, 1997

I hereby certify under 37 CFR 1.8(a) that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

_____ Rita a LiBe _____

B000375

9.    (Twice amended) [A device as claimed in claim 1, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

an electric arrangement for temporarily operating the shaving head of the shaving apparatus and the feed device.

11.    (Twice amended) [A device as claimed in claim 1, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

a drying device.

14.    (Twice amended) [A device as claimed in claim 1, wherein the] A cleaning device comprising:

2

B000376

a cradle structure adapted to receive a shaving head of a shaving apparatus, said cradle structure [is] being permanently open to atmosphere,

a cleaning fluid container, and

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure.

Claim 9, line 2, replace "claim 23" with --claim 1--.

Claim 10, line 2, replace "claim 24" with --claim 23--.

12. (Twice amended) [A device as claimed in claim 11, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure,

a collecting dish and a filter, said collecting dish being positioned underneath the cradle structure and including an outlet opening connecting with the filter, and

3

B000377

a hose member permeable to the cleaning fluid provided between the collecting dish and the filter.

C3

Claim 13, line 2, replace "claims 10 or 12" with -- claim 12--.

C4

12. (Twice amended) [A device as claimed in claim 11, wherein the] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, said feed device [includes] including a suction side and a delivery side, and

a collecting dish and a filter, said collecting dish being positioned underneath the cradle structure and including an outlet opening connecting with the filter, the outlet opening being connected to the suction side of the feed device, the filter being in communication with the delivery side of the feed device.

13. (Twice amended) A device as claimed in claim 1, further comprising a filter connected to an inlet of the cradle

4

B000378

structure[, and an outlet port provided in the cradle structure connected to the cleaning fluid container].

    18.    (Twice amended) [A device as claimed in claim 1, further comprising] A cleaning device comprising:

    a cradle structure adapted to receive a shaving head of a shaving apparatus,

    a cleaning fluid container,

    a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

    a bracket for insertion of the shaving apparatus therein[, and a switch for interlocking the shaving apparatus to the bracket].

    Claims 17, 19 and 22, line 2, replace "claim 16" with --claim 28--.

    Please add the following new claims.

    29.    A device as claimed in claim 18, further comprising a switch for interlocking the shaving apparatus to the bracket.--

B000379

27.
—23. A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container, said cradle structure including an outlet port connecting the cradle structure with the cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

a hose member permeable to the cleaning fluid provided between the overflow device and the cleaning fluid container, said hose member being immersed in the cleaning fluid held in the cleaning fluid container.--

## REMARKS

Applicant's representative thanks the Examiner for the telephone interview conducted on July 18, 1997.

In the Examiner's action, the Examiner indicated that claims 2-6, 8, 12, 13, 14 and 16-22 would be allowable if rewritten in independent form. We have rewritten claims 2, 3, 8, 12 and 14 in independent form including the limitations of the base claim and any intervening claims. Therefore, we submit that claims 2, 3, 8, 12 and 14, and dependent claims 4, 5 and 13, are in condition for allowance. We have also rewritten claim 13 in independent form, through its alternative dependency from claim

6

B000380

10, as new claim 29.  Therefore, we submit that claim 29 is in condition for allowance.

During the telephone interview of July 18, 1997, the Examiner indicated that claim 16 including the limitation of a bracket would remain allowable if amended to delete the recitation of the switch.  We have therefore rewritten claim 16 in independent form to include the limitations of claim 1, and deleted the reference to the switch.  New claim 28, dependent on claim 16, recites the switch.  We submit that claim 16, and claims 17-22, 27 and 28 dependent thereon, are in condition for allowance.

The Examiner has rejected claims 1, 7, 8, 9, 11, 15 and 23-27 as obvious over either MeKiney or Hilliker.

We wish to note that claim 27 depends from claim 19, which the Examiner has indicated is allowable.  Therefore, we submit that claim 27 is allowable.

Regarding the remaining rejected claims, the Examiner further indicated during the telephone interview that amending claim 1 to include the limitations that the cradle structure has a concave surface for receiving the shaving head and an outlet port allowing hair to drain from the cradle structure would place claim 1 in condition for allowance.  Therefore, we have added these limitations to claim 1, and we submit that neither MeKiney nor Hilliker teach or suggest such a structure.  Rather, instead of an outlet port, Hilliker relies on the floating out of garbage or scraps over the lip of catch basin 6 to drain debris from the catch basin (see, for example, column 4, lines 9-10), and

7

B000381

MeKiney's merely teaches a rectangular tank 12, not a cradle structure having a concave surface. Therefore, we submit that claim 1, and claims 9-11, 15, 23, 25 and 26 dependent thereon, are in condition for allowance.

We submit that all of the claims are now in condition for allowance, which action is requested.

We have not received an initialed copy of the PTOL form that accompanied an information disclosure statement filed April 8, 1997. We respectfully request that the Examiner initial and return the form as soon as possible.

Filed herewith is a check in payment of the excess claims fees required by the above amendments. Please charge any additional fees, or make any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: _Aug. 14, 1997_

_Phyllis Kerodal_ Reg. No. 32,524

Eric J. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
245969.B11

8

B000382



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/376,849 | 01/23/95 | BRAUN         G | 02894/284001 |

```
     WILLIS M ERTMAN            34M1/0923
     FISH & RICHARDSON
     225 FRANKLIN STREET
     BOSTON MA 02110-2804
```

| EXAMINER |
|---|
| STINSON F |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3405 | 19 |

DATE MAILED:
                    09/23/97

**Please find below a communication from the EXAMINER in charge of this application.**

Commissioner of Patents

B000383

| *Notice of Allowability* | Application No. 08/376,849 | Applicant(s) BRAUN | |
|---|---|---|---|
| | Examiner Frankie L . Stinson | Group Art Unit 3405 | |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to _amd't C filed 8/18/1997_ _____

☒ The allowed claim(s) is/are _1-6, 8-23, and 25-29_ _____

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____ .

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action.  Failure to timely comply will result in ABANDONMENT of this application.  Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient.  A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☐ Applicant MUST submit NEW FORMAL DRAWINGS

    ☐ because the originally filed drawings were declared by applicant to be informal.

    ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____ .

    ☐ including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

    ☐ including changes required by the attached Examiner's Amendment/Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings.  The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

    ☐ Notice of References Cited, PTO-892

    ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

    ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

    ☐ Notice of Informal Patent Application, PTO-152

    ☐ Interview Summary, PTO-413

    ☐ Examiner's Amendment/Comment

    ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

    ☐ Examiner's Statement of Reasons for Allowance

FRANKIE L . STINSON
PRIMARY EXAMINER
ART UNIT 3405



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

04M1/0923

WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/376,849 | 01/23/95 | 027 | STINSON, F | 3405 | 09/23/97 |

| First Named Applicant | BRAUN, | GEBHARD | |
|---|---|---|---|

TITLE OF INVENTION  CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3    02894/284001 | 134-111.000 | S11 | UTILITY | NO | $1290.00 | 12/23/97 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.***
***PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS***
***APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
   If the SMALL ENTITY is shown as YES, verify your
   current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the
   FEE DUE shown above and notify the Patent and
   Trademark Office of the change in status, or
   B. If the status is the same, pay the FEE DUE shown
   above.

If the SMALL ENTITY is shown as NO:

   A. Pay FEE DUE shown above, or

   B. File verified statement of Small Entity Status before, or with,
   payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
   ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
   should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
   B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
   Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of***
***maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance***
***fees when due.***

**PATENT AND TRADEMARK OFFICE COPY**

PTOL-85 (REV. 10-96) Approved for use through 06/30/99 (0651-0033))

B000385

E. N.

**PART B—ISSUE FEE TRANSMITTAL**

142-1320.00
561- 30.0

Complete and mail this form, together with ap. ..able fees, to:    Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fee will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

**RECEIVED**
Publishing Division
OCT 23 1997
11

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Linda Vega-Carter                    (Depositor's name)
Linda Vega-Carter                    (Signature)
October 20, 1997                     (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/376,849 | 01/23/95 | 027 | STINSON, F | 3405 | 09/23/97 |

| First Named Applicant | BRAUN, GEBHARD |
|---|---|

TITLE OF INVENTION: CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Docketed By Billing Secretary
Due Date: 11 23 97
Deadline: 12 23 97
Initials:

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  02894/284001 | 134-111.000 | S11 | UTILITY | NO | $1290.00 | 12/23/97 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Fish & Richardson P.C.
2
3

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE
  Braun Aktiengellschaft
(B) RESIDENCE: (CITY & STATE OR COUNTRY)
  Frankfurt, Federal Republic of Germany
Please check the appropriate assignee category indicated below (will not be printed on the patent):
☐ individual  ☒ corporation or other private group entity  ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies 10

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☐ Issue Fee
☐ Advance Order - # of Copies

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature) _____    (Date) 10/20/97

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

Docketed By Practice Systems
11/17/97 Cont. Received
Release Date:
Due Date: 12/23/97
Deadline: 12/23/97
Initials: MTW
Record: 128774

B000386

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033.    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

PATENT
ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit: 3405
Serial No.: 08/376,849                        Examiner: Stinson, F.
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

**Box Issue Fee**

Assistant Commissioner for Patents
Washington, DC 20231

<u>RESPONSE TO NOTICE OF ALLOWANCE</u>

        In response to the Notice of Allowance mailed September

23, 1997, enclosed are completed issue fee transmittal form PTOL-

85b, and a check for $1,350.00 for the required fee, including

patent copies.

        Please apply any other charges or credits to our

deposit account no. 06-1050.

                              Respectfully submitted,

Date: October 20, 1997

                              Eric L. Prahl
                              Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
269149.B11

Date of Deposit October 20, 1997
I hereby certify under 37 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231.

LINDA VEGA-CORTER
Linda Vega Corter

B000387



$C \, of \, C$

PATENT

ATTORNEY DOCKET NO. 02894/284001

UNITED STATES PATENT AND TRADEMARK OFFICE

Patentee  : Gebhard Braun
Patent No.: 5,711,328
Serial No.: 08/376,849
Issued    : January 27, 1998
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Assistant Commissioner for Patents
Washington, DC 20231

TRANSMITTAL OF CERTIFICATE OF CORRECTION REQUEST

Applicant hereby requests that a certificate of
correction be issued for the above patent in accordance with the
attached request.

All errors sought to be corrected were made in printing
by the Patent and Trademark Office and no fee is believed to be
due.

Please apply any charges or credits to our Deposit
Account No. 06-1050.

Respectfully submitted,

Eric L. Prahl
Reg. No. 32,590

APPROVED

AUG 31 1998

FROM THE COMMISSIONER OF PAT. & T.M.

Date: August 11, 1998

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
323531.B11

Date of Deposit  August 11, 1998
I hereby certify under 37 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231.

Vuil Kelly

Vasili Kelly

BQ000388

a;
ere
Only

Printer's
Trim
Line →

# UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.  : 5,711,328

DATED       : January 27, 1998

INVENTOR(S) : Gebhard Braun

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 10, l. 14, "10" should be --50--

Col. 15, l. 21, "9" should be --19--.

MAILING ADDRESS OF SENDER:

PATENT NO. 5,711,328

No. of add'l copies
@ 50¢ per page

Fish & Richardson P.C.
225 Franklin Street Boston, MA 02110-2804

SUBSTITUTE FORM PTO 1050

B000389

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,711,328

DATED      : January 27, 1998

INVENTOR(S) : Gebhard Braun

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 10, l. 14, "10" should be --50--.

Col. 15, l. 21, "9" should be --19--.

Signed and Sealed this

Twenty-ninth Day of September, 1998

*Attest:*

*Bruce Lehman*

**BRUCE LEHMAN**

*Attesting Officer*          *Commissioner of Patents and Trademarks*

B000390



9200
3726

Docket No.  PC9522

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s):  Charles Thomas Schrenk, et al.

Serial No.:  08/602,402                    Filed:  02/16/96

For:  Electrosurgical Pad Apparatus and Method of Manufacture

Revocation and Substitute Power of Attorney

**RECEIVED**

SEP 2 4 199R

**Group 3700**

Asst. Commissioner for Patents
Washington, D.C.  20231

Sir:

Valleylab Inc, as assignee of the entire interest in the above patent application, hereby revokes all Powers of Attorney previously given in this case and hereby appoints, with full power of substitution and revocation, to prosecute this application and to transact all business in the United States Patent and Trademark Office connected therewith,

JOHN C. ANDRES, Reg. No. 30,931; NEIL D. GERSHON, Reg. No. 32,225; BASAM E. NABULSI, Reg. No. 31,645;  MARK FARBER, Reg. No. 34,159; NEIL Y. GILBERT, Reg. No. 35,156; and CAROLYN H. BLANKENSHIP, Reg. No. 35,449; each of them of United States Surgical Corporation, 150 Glover Avenue, Norwalk, Connecticut  06856.

PETER G. DILWORTH, Reg. No. 26,450; ROCCO S. BARRESE, Reg. No. 25,253; DAVID M. CARTER, Reg. No. 30,949; PAUL J. FARRELL, Reg. No. 33,494; PETER DELUCA, Reg. No. 32,978; ADRIAN T. CALDERONE, Reg. No. 31,746; GEORGE M. KAPLAN, Reg. No. 28,375; JEFFEREY S. STEEN, Reg. No. 32,063; JOSEPH W. SCHMIDT, Reg. No. 36,920; RAYMOND E. FARRELL, Reg. No. 34,816; RUSSELL R. KASSNER, Reg. No. 36,183; FRANK CHAU, Reg. No. 34,136; CHRISTOPHER G. TRAINOR, Reg. No. 39,517; GEORGE LIKOUREZOS, Reg. No. 40,067; JAMES M. LOEFFLER, Reg. No. 37,873; WILLIAM E. LEWIS, Reg. No. 39,274; JOHN G. TUTUNJIAN, Reg. No. 39,405; JAMES J. BITETTO, Reg. No. 40,513; and MARK S. LEONARDO, Reg. No. 41,433, each of them of DILWORTH & BARRESE, 333 Earle Ovington Boulevard, Uniondale, New York  11553.

Send correspondence to:

John C. Andres
Chief Patent Counsel
Legal Department
UNITED STATES SURGICAL CORPORATION
150 Glover Avenue
Norwalk, CT  06856

Dated: 3/9/98

Direct telephone calls to:

Neil D. Gershon
203-845-1480

VALLEYLAB INC

By:

Richard Granger
President

B000391



Docket No. PC9522

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Applicant(s): Charles Thomas Schrenk, et al.

Serial No.: 08/602,402                    Filed: 02/16/96

For: Electrosurgical Pad Apparatus and Method of Manufacture

Asst. Commissioner for Patents
Washington, D.C. 20231

### CERTIFICATE UNDER 37 C.F.R. § 3.73(b)

Valleylab Inc, acting herein by Richard Granger, President, certifies that it is the assignee of the entire right, title and interest in the patent application identified above by virtue of:

A.      [x] An assignment from the inventor(s) of the patent application identified above.
The assignment was recorded in the Patent and Trademark Office at Reel 7886, Frames 0073-0076.

or

B.      [ ] A chain of title from the inventor(s) of the patent application identified above to the current assignee as shown below:

1. _____ to _____
   by document recorded at Reel _____, Frame _____.

2. _____ to _____
   by document recorded at Reel _____, Frame _____.

[ ]      Additional documents in the chain of title are listed on a supplemental sheet.

The undersigned is empowered to act on behalf of the assignee.

I hereby declare that all statements made herein of my own knowledge are true, and that all statements made on information and belief are believed to be true; and further, that these statements are made with the knowledge that willful false statements, and the like so made, are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

VALLEYLAB INC

Date: 3/9/58                    By: _____
                                Richard Granger
                                President

B000392

# UNITED STATES DEPARTMENT OF COMMERCE
## PATENT and TRADEMARK OFFICE
### ASSISTANT SECRETARY AND COMMISSIONER OF PATENTS AND TRADEMARKS
#### WASHINGTON, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/602402 | 02/16/96 | SCHRENK | PC9522ALP |

PETER C RICHARDSON
PFIZER INC
235 EAST 42ND STREET
NEW YORK NY 10017-5755

| EXAMINER |
|---|
| ARBES, CARL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3726 | |

**DATE MAILED: 10/06/98**

This is a communication from
the Patent & Trademark Office

**PATENT NUMBER: 5713128**

This is in response to the Power of Attorney filed <u>08/24/98</u>

( ) 1. The Power of Attorney to you in this application **has been revoked** by the applicant. Future correspondence will be mailed to the new address of record. 37 CFR 1.33.

(✓) 2. The Power of Attorney to you in this application **has been revoked** by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record. (37 CFR 1.33).

( ) 3. The withdrawal as attorney in this application **has been accepted.** Future correspondence will be mailed to the new address of record. 37 CFR 1.33.

(✓) 4. The Power of Attorney in this application **is accepted.** Correspondence in this application will be mailed to the below-noted address as provided by 37 CFR 1.33.

( ) 5. The Power of Attorney in this application **is not accepted** for the reason(s) checked below:

    ( ) a. The Power of Attorney is from an assignee and the Certificate required by 37 CFR 3.73(b) has not been received.

    ( ) b. The person signing for the assignee has omitted their empowerment to sign on behalf of the assignee.

    ( ) c. The inventor(s) is without authority to appoint attorneys since the assignee has intervened as provided by 37 CFR 3.71.

    ( ) d. The signature of_____, a co-inventor in this application, has been omitted. The Power of Attorney will be entered upon receipt of confirmation signed by said co-inventor.

    ( ) e. The person(s) appointed in the Power of Attorney is not registered to practice before the U.S. Patent & Trademark Office.

    ( ) f. The revocation is not signed by the applicant, the assignee of the entire interest, or <u>one</u> particular principal attorney having the authority to revoke.

JOHN C. ANDRES
LEGAL DEPARTMENT
UNITED STATES SURGICAL CORPORATION
150 GLOVER AVENUE
NORWALK CT 06856

B000393

FORM PTOL-305(REV.10-94)

RETAIN THIS COPY IN THE APPLICATION FILE    COPY A

08/376849

5711328

Fig. 1



B000394

08/376849



Fig. 2

Fig. 3



00/376849



Fig. 4

B000396

08/376849



Fig.11

Fig.5

B000397

08/376849

Fig. 6



B000398

08/376849



Fig. 7

Fig. 8

Fig. 9

B000399

08/376849



Fig. 10

B000400



00/376849

Fig.12





**BLACK & DECKER** ®

**PowerPro**®
**Dustbuster Plus**®
**Cordless Vacs**

Model DB5400

Models DB4400, DB5400 and DB6600
Listed by Underwriters Laboratories Inc.

**SAVE THIS USE AND CARE BOOK**

---

## Full Two-Year Warranty

Black & Decker (U.S.) Inc. warrants this product against any defects that are due to faulty material or workmanship for a two-year period after the original date of consumer purchase or receipt as a gift. This warranty does not include damage to the product resulting from accident or misuse.

If the product should become defective within the warranty period, we will repair it or elect to replace it free of charge. We will return your product, transportation charges prepaid, provided it is delivered prepaid to any Black & Decker (U.S.) Inc., Household Appliance Company-Owned or Authorized Service Center.

This warranty gives you specific legal rights and you may also have other rights which vary from state to state.

Answers to any questions regarding warranty service/locations may be obtained by writing:



Consumer Assistance and Information
Black & Decker (U.S.) Inc.
6 Armstrong Road
Shelton, CT 06484

## Satisfaction Guaranteed

Please return this Black & Decker product within thirty days of purchase for a full refund if you are not completely satisfied. The product must be returned postage prepaid in its original factory carton along with the original dated sales receipt and your name and address to:

Satisfaction Guaranteed Program
Black & Decker (U.S.) Inc.,
6 Armstrong Road, 1 North
Shelton, CT 06484

Please allow 4-6 weeks for your refund.

Printed in U.S.A.

Pub. No. 168635-10

B000402