IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH,, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 03-CV-12428-WGY |
| | ) |
| v. | ) |
| | ) |
| RAYOVAC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, plaintiff Braun GmbH ("Braun") answers and objects to defendant Rayovac Corporation's ("Rayovac") Third Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

These general objections are hereby incorporated into each specific objection and response below and are not repeated therein.

1. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any reference to an attorney's name herein is not, and is not intended as, a waiver of any applicable attorney-client or work-product privilege.

2. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they seek information that is outside the scope of Braun's own

first-hand knowledge or the identification of documents that are not within Braun's possession, custody or control.

3. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they seek to impose obligations or burdens upon Braun beyond those required and/or permitted by the applicable provisions of the Local Rules and/or the Federal Rules of Civil Procedure.

4. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lack sufficient particularity and seek identification of information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they require the collection of information that is contained in public records or are otherwise generally available to the public, as this information is equally available to Rayovac.

6. Braun objects to the Interrogatories and to each individual interrogatory to the extent that they fail to define a relevant time period.

7. The objections and responses herein are made without waiver of and with specific preservation of:

    a. All objections as to competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as

evidence for any purpose and any proceeding in this action (including trial) and in other actions;

      b.     The right to object on any grounds at any time to a demand for further responses to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and

      c.     The right at any time to review, correct, add to, supplement or clarify any of these responses.

## RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 11**

Identify the chemical composition of the Braun cleaning fluid solution that Dr. Pahl testified he preferred, as referenced in the deposition of Dr. Dietrich Pahl at pages 167-169.

**RESPONSE TO INTERROGATORY NO. 11**

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 11 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Braun further objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and to later modification in light of information obtained through discovery or otherwise, Braun states that at this time it does not know the chemical composition of the Braun cleaning fluid solution that Dr. Pahl stated during

his deposition that he personally preferred, as referenced in his deposition transcript at pages 167-169.

During his deposition, Dr. Pahl stated that, based on his current recollection, the cleaning fluid that he personally preferred for use with the cleaning center for dry shavers was the one from the spray bottle marketed by Braun and produced by a third party. The chemical composition of Braun's spray bottle in 1992 is 88.9 % ethanol, 10 % n-propanol, 0.1 % perfume oil lemon, 1.0 % searate, bio-degradable. Braun does not know at this time if this is the cleaning solution that Dr. Pahl stated during his deposition that he personally preferred, as referenced in his deposition transcript at pages 167-169.

**INTERROGATORY NO. 12**

Identify any and all persons with any responsibility (in whole or in part) for the prosecution of both the German Patent Applications and U.S. Patent Applications that resulted in the patents-in-suit. This interrogatory includes, but is not limited to, the identification of the external attorney that Mr. Braun remembered, but could not name at his deposition.

**RESPONSE TO INTERROGATORY NO. 12**

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 12 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Braun further objects to this interrogatory on the ground that it is vague and ambiguous to the extent that it seeks information for the "German Patent Applications . . . that resulted in the patents-in-suit." Braun understands this interrogatory to seek information related to the German patent applications that are counterparts to the U.S. patent applications that resulted in the patents-in-suit.

Subject to these objections and to later modification in light of information obtained through discovery or otherwise, Braun states that Mr. Peter Sartorius was responsible for drafting the German patent applications as outside patent attorney for Braun. Braun states that it is without information sufficient to answer this interrogatory to the extent it seeks to impose an obligation on Braun to "recall" what Mr. Braun "remembered, but could not name" during his deposition; however, Braun states that Mr. Sartorius was the external attorney employed by Braun to draft the German patent applications. Mr. Hans-Dieter Klauer from Braun's patent department was responsible for prosecuting these German patent applications. Mr. Klauer and Eric Prahl and Phyllis Kristal of Fish & Richardson P.C. were responsible for prosecuting the U.S. patent applications that resulted in the patents-in-suit.

**INTERROGATORY NO. 13**

Identify all costs, both fixed and variable, incurred by Braun and/or The Gillette Company in manufacturing and marketing the products covered by the patents-in-suit. In addition identify as well all documents that support Braun's Response to Interrogatory No. 13.

**RESPONSE TO INTERROGATORY NO. 13**

In addition to the General Objections set forth above, Braun objects to Interrogatory No. 13 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Braun further objects to Interrogatory No. 13 as duplicative to Rayovac's previous discovery requests, such as subject number 3 listed in Attachment A to its May 3, 2005 Second Notice of Rule 30(b)(6) deposition.

Braun further objects to Interrogatory No. 13 to the extent it seeks discovery of Gillette, a non-party in this action from whom Rayovac has sought

document discovery as well as a Rule 30(b)(6) deposition. Such information is outside the scope of Braun's own first-hand knowledge or requires the identification of documents that are not within Braun's possession, custody or control.

Subject to these objections and to later modification in light of information obtained through discovery or otherwise, Braun states as follows:

The direct costs (variable costs for specific products) for Braun's Clean & Charge products relate to materials that go to the development of these products and include costs for any and all componentry, costs for product packaging, transport costs of getting the material from a supplier to Braun, labor costs and related costs, conversion costs (the costs associated with taking a group of raw materials and converting them into a finished product). See the deposition transcript of Matt Parker at pages 279-280, 284-285.

The documents relevant to the direct costs for Braun's Clean & Charge products include B007830-B007831, B007958, B007959-B007981, B007982-B007995, B008325-B008329, B008330-B008331, B008370 and B008371-B008372. Each of these documents is designated for attorney's eyes only.

Braun does not break down fixed costs on a per product basis.

Signed under the penalty of perjury this 20 day of July 2005.

for BRAUN GmbH

_____
Uwe Sievers

Objections made by:

_William L. Patton_ (signature)

William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Stanley D. Liang (admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10021
(212) 596-9000

Attorneys for Plaintiff

Dated July 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2005, I caused a copy of the Response to Rayovac's Third Set of Interrogatories to be served as follows:

<u>By Facsimile and Overnight Courier</u>
Thomas E. Dwyer, Jr.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110-1122

Mark A. Pals
Kirkland & Ellis, LLP
Aon Center
200 E. Randolph Drive
Chicago, IL 60601

Stanley D. Liang