IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT RAYOVAC INC.'S NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that Rayovac Inc., by its attorneys, will take the deposition of Braun GmbH ("Braun"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on July 27, 2005 at the offices of Dwyer & Collora, 600 Atlantic Avenue, Boston, MA, beginning at 9:00 a.m., or at such other time and place mutually agreed upon, and continuing from that date and time until complete. Pursuant to Federal Rules 26 and 30, the deposition will be conducted upon oral examination, under oath by an officer authorized to take such testimony. Pursuant to Federal Rule 30(b)(2), the testimony may be recorded by stenographic means, audio-and-visual means, or both.

For purposes of said deposition, Braun shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf who are knowledgeable with respect to the topics identified below. Rayovac requests that Braun's counsel notify Rayovac's counsel in writing by July 20, 2005 of the names and identities of all persons designated to testify on behalf of Braun, and the specific topics about which each such individual will testify.

## TOPICS

1. The prosecution of Braun's U.S. Patent Nos. 5,649,556 and 5,711,328 ("the Asserted Patents") before the United States Patent and Trademark Office.

2. Communications with the United States Patent and Trademark Office concerning the Asserted Patents.

3. For the Asserted Patents, the identities of all individuals covered by 37 C.F.R. § 1.56(c)

4. The prosecution before the German Patent Office of the German counterparts to the Asserted Patents.

5. Communications with the German patent office concerning the German counterparts to the Asserted Patents.

6. Any patentability, validity, or prior art search, study, or analysis relating to the alleged inventions claimed or disclosed in the Asserted Patents.

7. The prior art considered during the prosecution of the Asserted Patents, including all prior art that was not disclosed to the United States Patent and Trademark Office or to a foreign patent office.

8. Any and all decisions as to what prior art references to cite, or not to cite, during the prosecution of the Asserted Patents.

9. The earliest date upon which Braun became aware of each of the following patents: U.S. Patent Nos. 1,868,904, 1,938,159, 2,447,183, 2,441,229, 2,788,536, 2,976,552,

3,172,146, 3,478,758, 3,500,840, 3,890,988, 4,815,486, 5,335,394, 5,076,306, and 4,480,394.

10. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of Stefan Zeischke, "Dem Fachbereich für Feinwerktechnik und Ingenieurinformatik der Fachhochschule Frankfurt am Main vorgelegte Diplomarbeit von Stefan Zeischke" during or before the prosecution of the Asserted Patents.

11. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of the ultrasonic cleaning device, discussed at pages 27, 31-36, 79, 126, and 127 of day 2 of the deposition of Juergen Hoeser, during or before the prosecution of the Asserted Patents.

12. The substance of the July 18, 1997 telephone interview held in connection with U.S. Patent Application No. 08/376,849.

13. The translations of the German Braun patent applications submitted to the U.S. Patent and Trademark Office in connection with the prosecution of the Asserted Patents.

14. The accuracy of the Response to Notice to File Missing Parts transmitted on March 21, 1995 in connection with the prosecution of U.S. Patent Application No. 08/376,849.

15. The accuracy of the Declaration of Birgit Hubatsch of December 5, 1994 filed in connection with the prosecution of U.S. Patent Application No. 08/376,849.

16. The identity of the document or documents provided to Birgit Hubatsch to be translated in connection with the prosecution of U.S. Patent Application No. 08/376,849.

17. The identity or identities of the individual who provided the document or documents to be translated in connection with the prosecution of U.S. Patent Application No. 08/376,849, and the process by which such documents were provided to Birgit Hubatsch.

18. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of the contents and substance of B001126-B001135 during or before the prosecution of the Asserted Patents.

19. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of the contents and substance of B001139-B001145 during or before the prosecution of the Asserted Patents.

20. Braun's agreement or disagreement (in whole or in part) with the Examiner's statements in Item B of the 5/15/97 Office Action filed in U.S. Patent Application No. 08/376,849.

21. Any and all investigations made by any individual covered by 37 C.F.R. § 1.56(c) during prosecution of the Asserted Patents regarding (1) the level of skill in the art and (2) whether particular prior art was analogous or non-analogous art.

22. The purpose of the statement, "It is hereby assured that all information was provided to the best of my knowledge and that no additional inventors participated in the creation of the invention," on Braun Invention Applications such as the Invention Application at B001069.

23. The reason that the statement, "It is hereby assured that all information was provided to the best of my knowledge and that no additional inventors participated in the creation of the invention," on Braun Invention Applications is similar to the statement on B001250.

24. Any and all training, instruction, or other guidance given to Braun employees prior to or during the prosecution of the Asserted Patents regarding (1) Invention Applications and (2) disclosure of all individuals who participated in the development of an invention.

25. Any and all training, instruction, or other guidance given to Gebhard Braun and/or Dietrich Pahl prior to or during the prosecution of the Asserted Patents regarding (1) Invention Applications and (2) disclosure of all individuals who participated in the development of an invention.

26. Any and all investigations made by Braun regarding the inventorship for the Asserted Patents and/or their German equivalents.

27. H. D. Klauer's understanding of the inventorship law in the United States and Germany during the prosecution of the Asserted Patents.

28. The identity of the external lawyer referenced by Gebhard Braun in his deposition at pages 111-113 and 116-117.

29. The identities of any and all lawyers that worked with Gebhard Braun and/or Dietrich Pahl in the preparation of the applications for the Asserted Patents or their German counterparts.

30. The identity of the individual from whose files the following documents were collected in connection with this litigation: (1) B001064; (2) B004615-B004616; and (3) B004617.

31. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of Helmut Kraus' instructions reflected in B004617 during or before the prosecution of the Asserted Patents.

32. The knowledge of or awareness by any and all individuals covered by 37 C.F.R. § 1.56(c) for the Asserted Patents of Norbert Smetana's work on the cleaning system, as reflected in B004615-B004616, during or before the prosecution of the Asserted Patents.

DATED: July 13, 2005

DWYER & COLLORA LLP

By: _____
Joseph B. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA 0210-1122
(617) 371-1000
Facsimile: (617)371-1037

Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200
Attorneys for Defendant
Rayovac Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT RAYOVAC INC.'S NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)** was served July 13, 2005, via facsimile and first-class U.S. Mail on the following:

>   Dalila Argaez Wendlandt
>   Ropes & Gray
>   One International Place
>   Boston, MA 02110-2624
>   Tel: (617) 951-7000
>   Fax: (617) 951-7050

*/s/ James B. Coughlan*
James B. Coughlan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
(312) 861-2000
(312) 861-2200 (fax)

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                 2532
CONNECTION TEL           #99116179517050
SUBADDRESS
CONNECTION ID
ST. TIME                 07/13 12:19
USAGE T                  02'33
PGS. SENT                9
RESULT                   OK
```

# KIRKLAND & ELLIS LLP

### Fax Transmittal

200 East Randolph Drive
Chicago, Illinois 60601
Phone: 312 861-2000
Fax: 312 861-2200

Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY AT:
312 861-2356.

| To: | Company: | Fax #: | Direct #: |
|---|---|---|---|
| Dalila Argaez Wendlandt | Ropes & Gray | (617) 951-7050 | (617) 951-7597 |

| From: | Date: | Pages w/cover: | Fax #: | Direct #: |
|---|---|---|---|---|
| James B. Coughlan | July 13, 2005 | 9 | 312-846-9049 | 312-861-2364 |

*Message:*