| Office Action Summary | Application No. 08/376,849 | Applicant(s) BRAUN |
| --- | --- | --- |
| | Examiner Frankie L. Stinson | Group Art Unit 3405 |

☒ Responsive to communication(s) filed on *Jun 24, 1996*

☒ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matter(s), prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___THREE___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-27* is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1, 3, 5-9, 11, 13, and 23-26* is/are rejected.

☒ Claim(s) *2, 4, 10, 12, 14-22, and 27* is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). __7__

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

B000338

--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---

Serial Number: 08/376,849                               -2-

Art Unit: 3405

A. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

B. Claims 1, 7-9 and 23-26 are rejected under 35 U.S.C. § 103 as being unpatentable over Reuveni et al.. Re claim 1, the patent to Reuveni is cited disclosing a cleaning device comprising a cradle, a cleaning fluid container and a feed device that differs from the claim only in the recitation of the intended use, namely that of cleaning the head of a shaving apparatus. Nonetheless, the intended use is not deemed to structurally define over the device of Reuveni. Re claim 7, To have the cradle dish-shaped, is deemed to be an obvious matter of design. Re claim 8, Reuveni discloses the cradle open to the atmosphere. Re claim 23, Reuveni discloses the overflow. Re claim 9, Reuveni discloses the cross-sectional area. Re claim 24, Reuveni discloses the outlet port. Re claim 25, Reuveni discloses

B000339

Serial Number: 08/376,849                                    -3-

Art Unit: 3405

the container open to the atmosphere. Re claim 26, Reuveni discloses the drive means.

C.  Claims 3, 5 and 6 are rejected under 35 U.S.C. § 103 as being unpatentable over Reuveni et al. as applied to claim 1 above, and further in view of Ogata et al.. Claim 3 defines over Reuveni only in the recitation of the drying device. The patent to Ogata is cited disclosing in a cleaning apparatus, the arrangement of providing a drying device. It therefore would have been obvious to one having ordinary skill in the art to modify the device of Reuveni, to include a drying device as taught by Ogata, for the purpose of removing residual water from the article being treated. Re claims 5 and 6, Ogata discloses the impeller and heater.

D.  Claims 11 and 15 are rejected under 35 U.S.C. § 103 as being unpatentable over Reuveni et al. as applied to claim 1 above, and further in view of Scales. Claim 11 defines over Reuveni only in the recitation of the filter. The patent to Scales is cited disclosing the arrangement of providing a filter in a collecting dish. It Therefore would have been obvious to one having ordinary skill in the art to modify the device of Reuveni, to include a filter as taught by Scales, for the purpose of removing the dislodged debris. Re claim 15, to have the filter positioned as instantly claimed is deemed to be an obvious matter of design. As claimed, no new nor unobvious results are seen.

Serial Number: 08/376,849               -4-
Art Unit: 3405

E.  Claims 2, 4, 10 , 12-14, 16-22 and 27 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

F.  The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.  In Mekiney et al., Sabatka, Fuglie, Hilliker, Shipherd, Sweden'679, Barish, Calhoun and Mor, note the cleaning means.

G.  Applicant's arguments with respect to claims 1-27 have been considered but are deemed to be moot in view of the new grounds of rejection.

H.  Applicant's amendment necessitated the new grounds of rejection.  Accordingly, **THIS ACTION IS MADE FINAL**.  See M.P.E.P. § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

   A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

I.  Any inquiry concerning this communication or earlier communications from the examiner should be directed to F.L.Stinson whose telephone number is (703) 308-0861.  The

B000341

Serial Number: 08/376,849                                    -5-
Art Unit: 3405

examiner can normally be reached on M-F (1st week) and T-F (2nd week) from 8:30 AM to 5:00 pm. The fax phone number for this Group is (703) 308-7766. Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0861.

Frankie L. Stinson
Primary Examiner
Group Art Unit 3405

B000342