**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRAUN GmbH, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>RAYOVAC CORPORATION, )<br>)<br>        Defendant. ) | Civil Action No. 03-CV-12428-WGY |

## RAYOVAC CORPORATION'S MOTION FOR SUMMARY JUDGMENT DECLARING U.S. PATENT NO. 5,711,328 INVALID FOR LACK OF WRITTEN DESCRIPTION

Defendant Rayovac Corporation ("Rayovac") hereby moves for summary judgment of declaring U.S. Patent No. 5,711,328 ("the '328 patent") invalid for lack of written description. There are no genuine issues of material fact that preclude summary judgment of invalidity under this theory.

The memorandum attached to this motion establishes that the '328 patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. §, second paragraph. This memorandum also suggests that one of the Court's tentative claim construction should be modified, especially in light of evidence uncovered following the *Markman* Hearing.

Summary judgment is proper where "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rayovac may meet its initial burden of production by demonstrating an "absence of evidence to support [Braun's] case."[1] *See Am.*

---

[1] It is Rayovac's burden to prove patent invalidity and unenforceability by clear and convincing evidence. *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1320 (Fed. Cir. 2004); *Alza Corp. v. Mylan Labs., Inc.*, 391 F.3d 1365, 1373 (Fed. Cir. 2004).

*Home Assurance Co. v. Fore River Dock & Dredge, Inc., C.B.*, 321 F. Supp. 2d 209, 216 (D. Mass. 2004) (Young, C.J.) (quoting *Celotex Corp.*, 477 U.S. at 325).  Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.

## CONCLUSION

For the reasons set forth in the four supporting memoranda attached hereto, Rayovac respectfully requests that this Court grant its Motion for Summary Judgment.

DATED:  August 23, 2005          DWYER & COLLORA LLP


By:   /s/ Kevin S. Ueland
Mark A. Pals (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617) 371-1037

Attorneys for Defendant
Rayovac Corporation

2

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Kevin S. Ueland, hereby certify that I made a good faith attempt to meet and confer about the subject matter of the present motion with opposing counsel, but the parties were unable to reach agreement.

Respectfully Submitted,

\_\_\_/s/ Kevin S. Ueland_____
Kevin S. Ueland