IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12428-WGY |
| ) | |
| RAYOVAC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**RAYOVAC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON RAYOVAC'S MOTION TO EXTEND THE CASE SCHEDULE**

Pursuant to Federal Rule of Civil Procedure 16(b) and 60(b), Defendant Rayovac Corporation ("Rayovac") has submitted its unopposed motion for reconsideration of the Court's Order on Rayovac's Motion to Extend the Case Schedule. On June 27, 2005, Rayovac moved the Court to extend the Case Schedule by 3 months due to Braun's untimely production of approximately 33,000 pages of documents. (*See* Motion for Extension of Time (No. 67).) On July 6, 2005, the Court granted Rayovac's motion in part by extending the deadlines for fact discovery and dispositive motions by 3 months, but denied Rayovac's request to extend the trial date. Following the Court's ruling, on August 16, 2005 (approximately one month before the Pretrial Conference), Braun unloaded an additional 90,000 pages of documents. Such documents are an order of magnitude greater than Braun's original production nearly a year ago. With barely one month before the trial, Rayovac will be unable to even review Braun's untimely production, let alone have any chance to use them at trial. Rayovac diligently sought discovery from Braun, and was assured that Braun had produced all responsive documents long ago. It had not, most particularly evidenced at this late date. In light of Braun's voluminous and vastly overdue production, Rayovac's respectfully requests that the Court reconsider its original ruling

and grant Rayovac's motion in full. FED. R. CIV. P. 60(b) ("[T]he court may relieve a party … from a final judgment, order, or proceeding for … newly discovered evidence[.]")

Good cause existed for an extension when Braun belatedly produced 33,000 pages of mostly German language documents at the close of fact discovery.[1] Now, the prejudice to Rayovac has grown due to Braun's production of 90,000 more pages of responsive documents on the eve of trial. Braun does not disagree. Despite repeated assurances, for whatever reason, Braun has unduly delayed producing the vast majority of responsive documents in this case. Rayovac thus respectfully requests that the Court set the trial date in January 2006 to avert the obvious prejudice Rayovac will suffer if forced to go to trial without an opportunity to even consider a substantial amount of evidence.

Rayovac served its First Set of Requests for Documents and Things on October 4, 2004, one year before trial. After Braun produced a small number of documents, Rayovac wrote several letters in early 2005 informing Braun that its production was inadequate.[2] Rayovac outlined several categories of documents that it believed had not been produced. Unable to obtain a satisfactory resolution, Rayovac filed a motion to compel with the Court in March 2005. Braun opposed Rayovac's Motion to Compel on April 13, 2005, arguing that "[w]hile Rayovac's papers state that plaintiff Braun Gmbh ('Braun') has continually 'stonewall[ed] and evade[d]'

---

[1] The decision whether to modify a scheduling order is committed to the discretion of the district court. *See Vulcan Tools of Puerto Rico v. Makita U.S.A., Inc.*, 23 F.3d 564, 565 (1st Cir. 1994). Courts have held that good cause existed for extending a case schedule where there was untimely production of a substantial number of documents. *U.S. v. Merck-Medco Managed Care, L.L.C.*, 2005 WL 273030, at *1 (E.D. Pa. 2005) (extending case schedule due to untimely and inadequate production of documents); *Sigros v. Walt Disney World Co.*, 190 F. Supp.2d 165, 169 (D. Mass. 2002) (extending case schedule due to, *inter alia*, incomplete document production).

[2] These letters were attached as Exhibits to Rayovac's Motion to Compel. (*See* Motion to Compel Discovery by Rayovac Corporation (No. 54).)

discovery, nothing could be further from the truth. Braun has produced over *7,000 pages* of documents in this action[.]" (*See* Opposition re Motion to Compel Discovery by Braun Gmbh (No. 58), at 1 (emphasis added).)

Through deposition discovery, however, Rayovac established that Braun had failed to collect or produce a large number of responsive documents, including many from the categories identified by Rayovac. Braun's counsel acknowledged this in a May 13, 2005 letter, indicating that "[i]t is apparent from Mr. Hoeser's deposition that there are documents which should have been produced by Braun." (*See* Ex. A. to Motion for Extension of Time (No. 67).) The parties then agreed that an extension to the Case Schedule was appropriate , but agreed to see how many documents would be produced before deciding how long an extension would be requested.

Thereafter Braun produced additional documents on a rolling basis. Over six weeks, Braun's original production of 7,000 pages ballooned to approximately 40,000 pages.[3] Now just over one month from the Pretrial Conference (and after Rayovac's Motion to Extend), in a single production, Braun has produced over twice as many pages of documents (90,000) as it had during the entire pendency of this case. (Ex. A.)

The Pretrial Conference is currently scheduled for September 27, 2005, and the parties must be ready for trial by October 3, 2005. In the month remaining, Rayovac must, *inter alia*, complete deposition discovery of experts and fact witnesses, oppose Braun's motions for summary judgment, argue Rayovac's motions for summary judgment, prepare the Pretrial Statement, and prepare for trial. Absent the requested relief, Rayovac will be obviously

---

[3] The majority of those documents were written in German, requiring substantial translation time.

prejudiced because it has no time to even review the majority of responsive documents in Braun's possession from the beginning of the suit.[4]

Under similar circumstances involving gross document production shortcomings, Courts have imposed sanctions such as dismissal, exclusion, and monetary sanctions. Fed. R. Civ. P. 37(b)(2); *Farm Const. Servs., Inc. v. Fudge*, 831 F.2d 18, 21 (1st Cir. 1987) (upholding dismissal as sanction for violating court orders and producing documents nine months after deadline); *Currier v. United Techs. Corp.*, 2003 WL 22799669, at *5 (D. Me. 2003) (excluding 600 documents produced on the eve of trial); *In re Fagnant*, 2004 WL 2944126, at *2 (Bankr. D.N.H. 2004) (awarding attorney's fees and costs for motion to exclude documents that were produced late). Insofar as Rayovac does not even know the substance of the 90,000 pages of documents, Rayovac frankly finds it difficult to even articulate a sanction that will wholly avert the manifest prejudice suffered. Counsel for Braun has represented that some (but not all) of the documents are related to sales and marketing of the products allegedly covered by the patents-in-suit, information clearly relevant to at the issues of damages and secondary considerations of nonobviousness. *See, e.g., Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1983) (noting commercial success as a secondary consideration of nonobviousness); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) (articulating the "but for" test for lost profits damages). A sanction precluding Braun from putting on any evidence to prove damages and secondary considerations might avert some of the prejudice to Rayovac, but clearly not all. *See Batson v. Neal Spelce Assocs., Inc.*, 112 F.R.D. 632, 644 (W.D.

---

[4] Counsel for Braun has suggested that the Court set trial for the latest date in October due to its belated production. Rayovac does not believe that extension is appropriate given what needs to be accomplished for trial either at the beginning or the end of October.

Tex. 1986) (precluding plaintiff from producing evidence on damage issue due to continued failure to produce relevant material).  To protect its interests in light of manifest prejudice if the Court does not grant the present motion, Rayovac will also file an alternative motion to preclude Braun from presenting certain evidence at trial including, but not limited to, evidence and argument on damages and secondary considerations of nonobviousness.  The sure result (short of complete dismissal or precluding Braun from offering any evidence at trial) is, however, an extension to allow Rayovac time to actually review all the responsive evidence in this case, not just the evidence Braun hand-picked.

Accordingly, Rayovac respectfully requests that the Court reconsider its July 6, 2005 Order and set the trial date for January 2006.  Rayovac believes that the modest three month extension will reduce the prejudice compounded by Braun's grossly deficient document production.  Braun does not oppose the modification of the trial date.  Rayovac thus respectfully requests that this Court grant Rayovac's Motion for Reconsideration.

                                              KIRKLAND & ELLIS LLP

                                              By:  __/s/ James A. Shimota_____
Mark A. Pals, P.C. (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
DWYER & COLLORA LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617) 371-1037

DATED:  August 24, 2005

**Attorneys for Defendant
Rayovac Corporation**