# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## RAYOVAC CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

In its Opposition Brief,[1] Braun disingenuously claims that its "supplemental" production of over 90,000 pages (consisting largely of e-mails) does not relate to the substantive claims or defenses of the parties. But the evidence is to the contrary. While Braun argues that the e-mails are not relevant because they do not relate to its claim for infringement, or Rayovac's invalidity or unenforceability theories. Even assuming this is true — a claim that Rayovac is not currently in a position to refute as it is in the process of having the documents prepared for review — it wholly ignores the fact that Braun seeks damages in this case. Counsel for Braun has represented that these e-mails relate to the marketing and advertising of Braun's products. Furthermore, yesterday at the continued deposition of Matthew Parker, Braun's Vice President of Male Shaving,[2] Mr. Parker testified that he uses e-mail regularly, and communicates with Braun and Gillette employees about all facets of the Braun's cleaning system products. Mr. Parker testified as follows:

---

[1]  Based on conversations with Braun's counsel, Rayovac believed that Braun would not oppose Rayovac's motion.

[2]  Mr. Parker was also Braun's Rule 30(b)(6) designee on a number of topics relating to Braun's damages claims.

> Q. Mr. Parker, now personally, do you communicate with other Braun or Gillette employees by e-mail regarding the marketing of Braun's cleaning system?
>
> A. I communicate with them about everything about our business; could be including the cleaning system. So yes.

Rough Transcript of M. Parker 12:1-7. Thus, these e-mails may be related to the sales, marketing, advertising, and pricing of Braun's products — and are directly relevant to Braun's damages theories.

E-mail has been a fact of life in litigation for many years now. By its own admission, Braun has had these e-mails in its possession since the late 1990's and throughout the pendency of this case. Worse, despite the fact that Rayovac's document requests specifically identified e-mails as documents to be produced, according to Mr. Parker, Braun did not even attempt to gather e-mails until May or June 2005.[3] It apparently then took Braun's counsel two months to review the e-mails before producing them. Now Braun blithely claims that Rayovac should be able to "expeditiously" review the e-mails in one month. Braun's disregard of its discovery obligations should not be rewarded. Rayovac needs time to review the production, and accordingly respectfully urges this Court to grant its motion to extend the trial date.

*   *   *   *

---

[3] Braun agreed to not oppose Rayovac's Motion for Extension of time when it was first filed on June 27, 2005. (Dkt. No. 67). It turns out that Braun was concurrently in the process of collecting and readying the e-mail production. At no time did counsel for Braun state that it was still processing documents for production.

| | |
|---|---|
| Dated: August 26, 2005 | KIRKLAND & ELLIS LLP |

                                                  By: __/s/ Kevin S. Ueland_____
Mark A. Pals, P.C. (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200

Joseph E. Haviland (BBO #643814)
DWYER & COLLORA
600 Atlantic Avenue
Boston, MA 0210-1122
(617) 371- 1000
Facsimile: (617) 371-1037

Attorneys for Rayovac Corporation