the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 150**

Tray 74 of the Davies Patent is a structure. (Ex. 6, '758 patent, at Fig. 3; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 150**

Disputed. It is undisputed that tray 74 of the Davies Patent is a structure; however, it is not a structure adapted to receive a shaving head of a shaving apparatus (Rayovac Ex. 15, Second Nayfeh Report, at 5).

The alleged "facts" recited in "Rayovac's Fact No. 150" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 151**

Tray 74 of the Davies Patent receives cleaning fluid. (Ex. 6, '758 patent, at Fig. 4; Ex. A, First Phillips Report, at ¶¶ 113-121.)

55

**RESPONSE TO FACT NO. 151**

Disputed. The Court has construed the feed device element of claim 11 as a mechanism that feeds cleaning fluid from the cleaning fluid container to the cradle structure. The Davies device does not provide for a mechanism that feeds cleaning fluid from the cleaning fluid container to the cradle structure. Instead, the cleaning fluid level of the Davies device is adjusted by manually feeding (through a hose connected to a conventional water tap) additional cleaning fluid through fitting 80. See Davies Patent, col. 4, lines 66-69, col. 5, lines 4-6. This manner of feeding is not properly considered a mechanism that feeds cleaning fluid. Rayovac Ex. 15, Second Nayfeh Report, at 6.

The alleged "facts" recited in "Rayovac's Fact No. 151" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 152**

Dr. Nayfeh concedes that tray 74 can both receive and support clipper blades. (Ex. 15, Second Nayfeh Report, at 5-6.)

**RESPONSE TO FACT NO. 152**

Braun disputes Rayovac's Fact No. 152 because Rayovac distorts the facts. Dr. Nayfeh made no such concession. Dr. Nayfeh stated that "the Davies Patent teaches placement of the clipper blades between a pair of counter-rotating brushes mounted on a motor enclosed in the casing at the rear of the container," i.e., "the Davies

56

Patent teaches support of clipper blades by the brushes rather than placement into the tray 74" (Rayovac Ex. 15, Second Nayfeh Report, at 5-6). Dr. Nayfeh also stated that "[t]he tray 74 could provide a surface onto which clipper blades that have been disassembled from the head of a hair clipper apparatus can be support by means such as magnets" (Id. at p. 6).

The alleged "facts" recited in "Rayovac's Fact No. 152" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 153**

Tray 74 of the Davies Patent can both receive and support clipper blades. (Ex. 6, '758 patent, at Fig. 3 & 4; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 153**

Disputed. Dr. Nayfeh stated that "the Davies Patent teaches placement of the clipper blades between a pair of counter-rotating brushes mounted on a motor enclosed in the casing at the rear of the container," i.e., "the Davies Patent teaches support of clipper blades by the brushes rather than placement into the tray 74" (Rayovac Ex. 15, Second Nayfeh Report, at 5-6). Dr. Nayfeh also stated that "[t]he tray 74 could provide a surface onto which clipper blades that have been disassembled from the head of a hair clipper apparatus can be support by means such as magnets" (Id. at p. 6).

57

The alleged "facts" recited in "Rayovac's Fact No. 153" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

### FACT NO. 154

In one embodiment of the Davies Patent, fluid rises from container 12 up to the tray 74 for cleaning. (Ex. 6, '758 patent, at Fig. 3 & 4; Ex. A, First Phillips Report, at ¶¶ 113-121.)

### RESPONSE TO FACT NO. 154

Braun disputes Rayovac's Fact No. 154 because Rayovac distorts the facts. The Davies Patent discloses the following embodiment:

> the implement tray 74 is supported in its elevated position of FIGURE 3, and the liquid 14 is initially fed to the container 12, through the fitting 80, until the liquid level rises above the implement on the tray. The implement is then submerged in its washing position within the liquid.
>
> Ex. 6, '758 patent, col. 4, line 69 through col. 5, line 1.

It is clear from this description that the tray 74 is not above the fluid level of the cleaning fluid in the cleaning fluid container during the entire feeding operation. Specifically, during the feeding operation the cleaning fluid "level rises above the . . . tray." <u>Id.</u>, col. 4, lines 74-75.

The alleged "facts" recited in "Rayovac's Fact No. 154" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of

58

the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 155**

In the Davies Patent, water is fed from an external source through fitting 80 into container 12. (Ex. 6, '758 patent, at Fig. 3; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 155**

Undisputed.

The facts recited in "Rayovac's Fact No. 155" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 156**

The Davies Patent states that "[t]he liquid 14 is initially fed to the container 12, through the fitting 80, until the liquid level rises above the implement on the tray." (Ex. 6, '758 patent, at col. 3, ll. 53-63; Ex. A, First Phillips Report, at ¶¶ 113-121.)

59

**RESPONSE TO FACT NO. 156**

Undisputed. It should be noted that the correct citation to the Davies patent is col. 4, ll. 72-75. The cleaning fluid level of the Davies device is adjusted by manually feeding (through a hose connected to a conventional water tap) additional cleaning fluid through fitting 80. See Rayovac Ex. 6, '758 patent, col. 4, lines 66-69, col. 5, lines 4-6. This manner of feeding is not properly considered a mechanism that feeds cleaning fluid. Moreover, the claimed feeding device of the '328 patent feeds cleaning fluid from the cleaning fluid container to the cradle structure. The Davies device provides no mechanism for feeding cleaning fluid from container 12 to tray 74. Instead, cleaning fluid is fed manually via an external source to container 12. See Id., col. 4, lines 66-69.

The facts recited in "Rayovac's Fact No. 156" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent. This is so because the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure."

**FACT NO. 157**

It is Mr. Phillips' opinion that both the ordinary artisan and lay people regularly use a hose and a water tap to "feed" water[.] (Ex. C, Third Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 157**

Braun disputes Rayovac's Fact No. 157 because Rayovac distorts the facts. Mr. Phillips opined at ¶ 108 of his Third Report that "[b]oth the ordinary artisan and lay people regularly use a hose and a water tap to "feed" water for uses such as watering their lawns." Braun's invention has nothing to do with watering one's lawns.

**FACT NO. 158**

The Davies Patent discloses that tray 74 is above the level of cleaning fluid in container 12 prior to cleaning. (Ex. 6, '758 patent, at Fig. 3; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 158**

Disputed. The Davies Patent discloses the following embodiment:

> the implement tray 74 is supported in its elevated position of FIGURE 3, and the liquid 14 is initially fed to the container 12, through the fitting 80, until the liquid level rises above the implement on the tray. The implement is then submerged in its washing position within the liquid.

Ex. 6, '758 patent, col. 4, line 69 through col. 5, line 1.

It is clear from this description that the tray 74 is not above the fluid level of the cleaning fluid in the cleaning fluid container during the entire feeding operation. Specifically, during the feeding operation the cleaning fluid "level rises above the . . . tray." Id., col. 4, lines 74-75.

**FACT NO. 159**

The Davies Patent discloses a "drying device." (Ex. 6, '758 patent, at Fig. 4; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 159**

Disputed. Dr. Nayfeh opined that the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid

61

from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure." (Rayovac Ex. 15, Second Nayfeh Report at pp. 4-5). Accordingly, the alleged "facts" recited in "Rayovac's Fact No. 159" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent.

**FACT NO. 160**

The Davies Patent discloses a "drying device" comprising an "impeller." (Ex. 6, '758 patent, at Fig. 4; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 160**

Disputed. Dr. Nayfeh opined that the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 and claim 12 of the '328 patent: "a cradle structure adapted to receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure." (Rayovac Ex. 15, Second Nayfeh Report at pp. 4-5). Accordingly, the alleged "facts" recited in "Rayovac's Fact No. 160" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 or claim 12 of the '328 patent.

**FACT NO. 161**

The Davies Patent discloses a "cleaning fluid container." (Ex. 6, '758 patent, at Fig. 3; Ex. A, First Phillips Report, at ¶¶ 113-121.)

**RESPONSE TO FACT NO. 161**

Disputed. Dr. Nayfeh opined that the Davies Patent does not disclose <u>at least the following elements</u> of claim 11 of the '328 patent: "a cradle structure adapted to

62

receive a shaving head of a shaving apparatus," "a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure," and "said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure." (Rayovac Ex. 15, Second Nayfeh Report at pp. 4-5). Accordingly, the alleged "facts" recited in "Rayovac's Fact No. 161" are not material as the Davies patent does not anticipate (and therefore does not invalidate) claim 11 of the '328 patent.

                Respectfully submitted,

                Braun GmbH

                By its attorneys,

/s/ Dalila Argaez Wendlandt
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
ROPES & GRAY
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Stanley D. Liang (admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10021
Telephone: (212) 596-9000
Facsimile: (212) 596-9500

September 13, 2005