### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### RAYOVAC CORPORATION'S RESPONSE TO BRAUN'S STATEMENT OF UNDISPUTED FACTS REGARDING INFRINGEMENT

1.    On January 27, 1998, U.S. Patent No. 5,711,328 (the "'328 Patent") issued.  See Declaration of Dalila Argaez Wendlandt in Support of Braun GmbH's Motion for Summary Judgment on Inventorship ("Wendlandt Decl."), Exhibit A.  The '328 Patent has been duly assigned to Braun GmbH ("Braun").  See id., Exhibit AA.

    **RESPONSE**:  Denied.  Rayovac admits that the '328 patent issued on January 27, 1998.

Rayovac admits that Exhibit 9 indicates that Mr. Braun purported to assign his rights to Braun

Aktiengesellschaft.  Exhibit 9 is silent as to Braun GmbH.  To the extent that Braun seeks to add

Dr. Pahl as an inventor on the '328 patent, Rayovac denies that the '328 patent has been "duly

assigned" as Braun has produced no evidence that Dr. Pahl has assigned his rights to the '328

patent.

2.    Rayovac Corporation sells three accused products in the United States.  The three products include; two "Titanium Smart System" electric shaving systems -- a men's rotary system with product designation R-9500 and a men's foil system with product designation R-9500 and a men's foil system with product designation MS-5500 and MS-5700; and one "Smooth & Silky Titanium System", which is a women's foil system with product designation WDF-7000CS (the "WDF-7000CS cleaning system").  See id., Exhibits B-D.  Each of these accused products includes an electric shaver and a cleaning system.

    **RESPONSE**:  Rayovac admits the facts alleged in Paragraph 2.

3.      The cleaning systems of these products are virtually identical, differing only in features not pertinent to this action.  Deposition of James Chasen on May 5, 2005 ("Chasen Dep.") at 89-90; Second Expert Report of Samuel Phillips ("Phillips 2nd Rep.") at ¶17.

**RESPONSE**:  Rayovac admits that the cleaning systems of the accused products are similar; however, Rayovac submits that there are differences that are pertinent to this action.  For instance, the products differ with respect to what Braun calls the "supporting surfaces 3c."  (Ex. 36, Second Phillips Report, at ¶¶ 33-35.)  For the men's rotary product, the support surfaces 3c are allegedly a post and ribs.  (Ex. 7, First Nayfeh Report, at 3-4.)  For the men's and women's foil products, the supporting surfaces are allegedly spring-loaded baskets.  (Ex. 7, First Nayfeh Report, at 3, n.2; Ex. 36, Second Phillips Report, at ¶ 31.)

4.      All of Rayovac's cleaning systems include an upper housing and a lower reservoir where cleaning fluid is kept.  Chasen Dep. at 85-90; Phillips 2nd Rep. at ¶19.  The "cleaning base" supports the shaver while conducting a "cleaning cycle."  See Wendlandt Decl., Exhibit K at 8; Chasen Dep. at 85.

**RESPONSE**:  Rayovac admits that all of its cleaning systems include an upper housing and lower reservoir which from the cleaning device that holds an electric razor.  Rayovac submits that cleaning fluid is manually poured from a bottle into the reservoir.  (Ex. 36, Second Phillips Report, at ¶¶ 19, 38.)

5.      The shaving head of the shaver is supported by a fluid injection manifold, ports in the fluid manifold and supporting structures.  See Declaration of Professor Samir Nayfeh in Support of Braun GmbH's Motion for Partial Summary Judgment of Infringement ("Nayfeh Decl.") at ¶ 9.  For example, in the men's rotary cleaning system, three ports in the manifold and a post on the basin of the cleaning system support the shaving head. Chasen Dep. at 85-86.  The ports, the manifold, and the post in the bottom of the basin form the "unit" that consumers "put it [the shaver head] into."  Id. at 85.

**RESPONSE**:  Rayovac denies that the manifold supports the shaver head.  (Ex. 36, Second Phillips Report, at ¶ 33.)  Dr. Nayfeh admits that the manifold does not directly support the shaving head of Rayovac shavers.  (Ex. 31, Nayfeh Dep., at 172-73, 176-77, .)  In the men's rotary system, the shaver head is allegedly supported by a post and ribs.  (Ex. 7, First Nayfeh

Report, at 3-4.)  For the foil products, the shaver head is supported by spring-loaded baskets.

(Ex. 36, Second Phillips Report, at ¶ 33.)  Rayovac denies that Mr. Chasen testified that the

ports, the manifold, and the post form a "unit."  Mr. Chasen testified that the entire cleaning

system constitutes a "unit" for an electric razor.  (Ex. 37, Chasen Dep., at 85-86.)

6.      During cleaning, the cleaning fluid is fed by a pump through a conduit to the manifold
        and ports and thereafter injected into the hair pocket of the shaving head of the shaver.
        Id. at 45; Phillips 2nd Rep. at ¶20.  The fluid then drains into the basin and is channeled
        through a filter and back into the cleaning base reservoir.  Chasen Dep. at 64, 87; Phillips
        2nd Rep. at ¶20.  The basin will retain a small amount of fluid at the end of each cleaning
        cycle.  Chasen Dep. at 65.

        **RESPONSE**:  Rayovac denies that a small amount of fluid is retained by the basin at the

end of each cleaning cycle, a fact that is, in all events, irrelevant since Braun does not assert that

the basin is part of the "cradle structure."  (Ex. 31, Nayfeh Dep., at 3-4.)  Rayovac submits that

droplets of fluid at most remain in the basin after being channeled back into the cleaning fluid

container due to surface tension; however, Rayovac disputes that miniature droplets could be

classified as retention of fluid.  Rayovac otherwise admits the facts alleged in Paragraph 4 above.

7.      In each accused product, the manifold, ports and supporting surfaces are above the
        cleaning fluid level in the cleaning reservoir during cleaning.  Chasen Dep. at 67-68, 86;
        Phillips 2nd Rep. at ¶19.  In particular, the cradles structure 3a, 3b, and 3c is located
        above the cleaning fluid level in the container 5.  Wendlandt Decl. At Exhibits B (Figure
        1a), C (Figure 2a), D (figure 3a).  Following cleaning, drying occurs with a fan.  Chasen
        Dep. at 87-88; Phillips 2nd Rep. at ¶21.

        **RESPONSE**:  Rayovac denies that the accused products have a "cradle structure."  (Ex.

36, Phillips Second Report, at ¶¶ 26-35, 65-66.)  Rayovac otherwise admits the facts alleged in

Paragraph 4 above.

8.      The product packaging for the MS-5500 depicts fluid swirling around the shaver head.
        Wendlandt Decl., Exhibit K.

        **RESPONSE**:   Rayovac submits that the facts stated in Paragraph 5 are immaterial to the

question of whether the accused product infringes the '328 patent.  Rayovac asserts that Braun

Exhibit K depicts fluid cleaning the shaver from the inside out, as Rayovac's accused products

indisputably operate.   Thus, the statement about fluid being "around the shaver head" is

manifestly incorrect.

<div style="margin-left:40%;">

Respectfully submitted,

RAYOVAC CORPORATION

By its attorneys,

__/s/ Jessica P. Driscoll_____
Thomas E. Dwyer, Jr. (BBO No. 139660)
Jessica P. Driscoll (BBO No. 655394)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-1122
Phone: (617) 371- 1000
Facsimile: (617) 371-1037

Mark A. Pals, P.C. (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
Phone: (312) 861-2000
Facsimile: (312) 861-2200

</div>

Dated:  September 13, 2005