# EXHIBIT 12

Serial Number: 08/370,681                             -2-

Art Unit: 3405

A.    Claims 1-18 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Re claim 1, lines 1-2, the phrase "the shaving head" is without proper antecedent basis. This is also applicable to the phrase "the feed pump" in claim 3, line 4.

B.    Claims 15-18 are objected to under 37 C.F.R. § 1.75(c) as being in improper form because a multiple dependent claim cannot depend from any other multiple dependent claim. See M.P.E.P. § 608.01(n). Accordingly, these claims have not been further treated on the merits.

C.    As for what was understood, the following is provided.

D.    The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

E.    Claims 1-5 and 7-13 are rejected under 35 U.S.C. § 103 as being unpatentable over Lee. Re claim 1, the patent to Lee is

B009083

Serial Number: 08/370,681                                    -3-
Art Unit: 3405

cited disclosing a cleaning device for cleaning an article comprising a cradle adapted to receive the article therein, a cleaning fluid container for holding cleaning fluid, a driven device for feeding cleaning fluid and a cleaning device being separable from the fluid container that differs from the claim only in the recitation of the cleaning of a shaving head. Nonetheless, the intended use is not deemed to structurally define over Lee. Re claim 2, Lee discloses the two chambers. Re claim 3, Lee discloses the chambers as being closed. Re claim 4, Lee discloses the releasable coupling means. Re claim 5, Lee discloses the container as being closed. To have it closed with foil or a laminate is deemed to be an obvious matter of design. Re claim 7, Lee discloses the aligning means. To have the aligning means in the form of rib means, is an obvious matter of design. No new nor unobvious result are seen. Re claims 9, 11 and 12, Lee discloses the filter as being fixed and coaxial. As for the material of the filter as claimed in claim 10, to employ filter material as instantly claimed is an obvious matter of design. This is also applicable to the groove as claimed in claim 13.

F.   Claims 6 and 14 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

B000084

Even if, however, one of skill in the art would somehow be motivated to look to Lee's automobile part cleaning device for designing a shaving head cleaning device, he or she still would not arrive at the claimed invention. Lee provides nothing like a cradle structure adapted to receive a shaving head of a dry shaving apparatus, as recited in amended claim 1. Lee's sink provides an open into which any number of different sized and shaped parts can be tossed, but other than providing an open basin into which such parts can be placed, is not adapted to "cradle" anything, much less a shaving head.

The specification makes it quite clear that "a cradle adapted to receive therein a shaving head" is not the same as an open basin into which the shaving apparatus can be tossed without any means designed to particularly receive and/or cradle the shaving head. For example, as described in applicant's specification, one example of a cradle structure adapted to receive a shaving head is configured as a cleaning dish which conforms approximately to the outer contour of the shaving head (see page 8, lines 26-29 and Fig. 1). Lee's sink has no such structure.

We believe that for the foregoing reasons, all of the claims are in condition for allowance, which action is requested.

Serial Number: 08/370,681                                   -2-

Art Unit: 3405

A.  The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

B.  Claims 1, 2, 4, 7, 10, 11 and 16 are rejected under 35 U.S.C. § 103 as being unpatentable over either Browing or Schinn. Re claim 1, Browing and Schinn are cited disclosing a cleaning device for cleaning an article comprising a cradle adapted to receive the article therein, a cleaning fluid container for holding cleaning fluid, a driven device for feeding cleaning fluid and a cleaning device being separable from the fluid container that differs from the claim only in the recitation of the cleaning of a shaving head. Nonetheless, the intended use is not deemed to structurally define over Lee. Re claim 2, Browing and Schinn disclose the two chambers. Re claim 4, Browing discloses the releasable coupling means. Re claim 7, Browing discloses the aligning means. Also note that to have the aligning means in the form of rib means, is deemed to be an obvious matter

B000099

Serial Number: 08/370,681                                     -3-
Art Unit: 3405

of design, as claimed no new nor unobvious results are seen. Re claim 10, To have the filter shaped as instantly claimed is deemed to be an obvious matter of design, as claimed, no new nor unobvious results are seen. This is also applicable to the casing and filter as claimed in claim 11. Re claim 16, Schinn discloses the cradle open to the atmosphere.

C.   Claims 3, 5, 6, 8, 9, 12-15 and 17-20 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

D.   Any inquiry concerning this communication or earlier communications from the examiner should be directed to F.L. Stinson whose telephone number is (703) 308-0861.

   Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0861.

fls

                                    Frankie L. Stinson
                                    Primary Examiner
                                    ART UNIT 3405

B000100