# EXHIBIT
# 15

Serial Number: 08/376,849                    -2-

Art Unit: 3405

A.    The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed
> publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the
> date of application for patent in the United States.

B.    Claims 1 and 2 are rejected under 35 U.S.C. § 102(b) as

being clearly anticipated by Simmons.

C.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

D.    Claims 3 and 4 are rejected under 35 U.S.C. § 103 as being

unpatentable over Simmons in view of Cunningham, Jr. et al..

Claims 3 and 4 define over the cited prior art only in the

recitation of the drying device. The patent to Cunningham is

cited disclosing in a cleaning apparatus, an arrangement of

providing drying means as instantly claimed. It therefore would

have been obvious to one having ordinary skill in the art to

B000322

Serial Number: 08/376,849                    -3-

Art Unit: 3405

modify the apparatus of Simmons, to include a drying means as taught by Cunningham, for the purpose of removing the cleaning fluid.

E.    Claims 5-20 are objected to under 37 C.F.R. § 1.75(c) as being in improper form because a multiple dependent claim should refer to other claims in the alternative only and cannot depend from other multiple dependent claims. See M.P.E.P. § 608.01(n). Accordingly, claims 5-20 have not been further treated on the merits.

F.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. In Chiu and Richardson et al., note the cleaning means.

G.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to F.L.Stinson whose telephone number is (703) 308-0861. The examiner can normally be reached on M-F(1st week) and T-F (2nd week) from 8:30 AM to 5:00 pm. The fax phone number for this Group is (703) 308-7766. Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0861.

Frankie L. Stinson
Primary Examiner
Group Art Unit 3405

B000323



**PATENT**

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun            Art Unit: 3405
Serial No.: 08/376,849               Examiner: Stinson
Filed     : January 23, 1995
Title     : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

<u>RESPONSE</u>

In response to the Examiner's action mailed March 22,

1996, please amend the application, as follows.

<u>In the specification</u>:

Page 22, line 3, replace "65" with --75--.

<u>In the claims</u>:

1.    (amended) A cleaning device [(5), with] <u>comprising</u>

a cradle structure <u>adapted to receive</u> [(7) receiving

the] <u>a</u> shaving head [(3)] of a shaving apparatus, [as well as]

[at least one] <u>a</u> cleaning fluid container, [(6),(61)]

and

a <u>feed</u> device [(23) adapted to be driven by a motor

(28)] for feeding [the] cleaning fluid to <u>said cradle structure,</u>

[characterized in that the] <u>said</u> cradle structure [(7) is] <u>being</u>

arranged above [the] <u>a</u> fluid level of the cleaning fluid <u>in said</u>

<u>cleaning fluid container</u>[, that the cradle structure (7) is

adapted to be supplied with cleaning fluid from the cleaning

fluid container (6) for the duration of the cleaning operation of

Date of Deposit ___June 20 1996___
I hereby certify under 37 CFR 1.8(a) that this correspondence
is being deposited with the United States Postal Service as
first class mail with sufficient postage on the date indicated
above and is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231.

B000327

the shaving head, and that the cradle structure (7) is connected
with the cleaning fluid container (6),(61) through an overflow
device (26) and/or at least one outlet port (27)].

    2.   (amended) A device as claimed in claim 1,
[characterized in that the device includes] further comprising an
electric arrangement for temporarily operating the shaving head
[(3)] of the shaving apparatus [(1) as well as] and the feed
device [(23)].

    3.   (amended) A device as claimed in claim 1,
[characterized in that] further comprising a drying device [(16)
is arranged in the device].

    4.   (amended) A device as claimed in claim 2,
[characterized in that] further comprising a drying device, the
drying device [(16) is] being associated with the cradle
structure [(7)] and [is] adapted to be activated by the electric
arrangement after the cleaning fluid has been drained from the
cradle structure [(7)].

    8.   (amended) A device as claimed in [any one of the
preceding claims] claim 4, [characterized in that] wherein the
drying device [is formed of] comprises an impeller [(16)]
[adapted to be driven].

2

B000328

6. (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that] wherein the drying device [is formed of an impeller [(16)] adapted to be driven and a heating means] further comprises a heater.

7. (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that] wherein the cradle structure [(7) is configured in the manner of] comprises a dish-shaped structure.

8. (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that at least] wherein the cradle structure [(7) and/or the cleaning fluid container (6) are] is permanently open [towards the outside, that is,] to atmosphere.

9. (amended) A device as claimed in [any one of the preceding claims] claim 1, [characterized in that the] wherein a cross-sectional area [of cross-section] of the outlet port [(27) in the cradle structure (7)] is dimensioned such that during the cleaning operation the amount of cleaning fluid drained through the outlet port [(27)] is smaller than the amount of cleaning fluid supplied to the cradle structure [(7) through] by the feeding device [(23)].

10. (amended) A device as claimed in [one or several of the preceding claims] claim 1, [characterized in that]

3

B000329

<u>further comprising</u> a hose member [(20)] permeable to the cleaning
fluid [is] provided between the overflow device [(26)] and the
cleaning fluid container [(6)].

21. (amended) A device as claimed in claim [9] <u>1</u>,
[characterized in that] <u>further comprising</u> a collecting dish
[(77)] [is provided] <u>and a filter, said collecting dish being</u>
<u>positioned</u> underneath the cradle structure [(7), said dish
having] <u>and including</u> an outlet opening [(91)] connecting with
[a] <u>the</u> filter [means (24)].

12. (amended) A device as claimed in [any one of the
claims 10 or] <u>claim</u> 11, [characterized in that the filter means
is comprised of a connection means [(19)] to which the] <u>further</u>
<u>comprising a</u> hose member [(20)] permeable to the cleaning fluid
[is fitted] <u>provided between the collecting dish and the filter</u>.

13. (amended) A device as claimed in [any one of the]
claims 10] [to] <u>or</u> 12, [characterized in that] <u>wherein</u> the hose
member [(20)] is immersed in the cleaning fluid [(40)] held in
the cleaning fluid container [(6)].

14. (amended) A device as claimed in [any one of the
claims 9 to 13] <u>claim 11</u>, [characterized in that the connection
means (19) is directly or indirectly] <u>wherein the feed device</u>
<u>includes a suction side and a delivery side, the outlet opening</u>
<u>being</u> connected to the suction side of the feed device [(23)],

4

B000330

[its delivery side being in communication with a] <u>the</u> filter
<u>being in communication with the delivery side of the feed device</u>
[means (24) through a conduit (25)].

15.  (amended) A device as claimed in [any one of the
claims 9 to 14] <u>claim 1</u>, [characterized in that the] <u>further</u>
<u>comprising a</u> filter [means (24) is] connected to <u>an inlet of</u> the
cradle structure [(7) by means of an outlet connection means
(37)], and [that] an outlet port [(27)] provided in the cradle
structure [(7) is] connected to the cleaning fluid container
[(6)].

16.  (amended) A device as claimed in [one or several
of the preceding claims] <u>claim 1</u>, [characterized in that the
shaving apparatus (1) is insertable into a supporting structure
configured as a] <u>further comprising a</u> bracket [(10)] <u>for</u>
<u>insertion of the shaving apparatus therein.</u> and [is mechanically
and/or electrically interlockable by a switching means (9)] <u>a</u>
<u>switch for interlocking the shaving apparatus to the bracket.</u>

17.  (amended) A device as claimed in [one or several
of the preceding claims] <u>claim 1⁄</u>, <u>further comprising a switch</u>
<u>spring.</u> [characterized in that the switching means (9) for
mechanically and/or electrically interlocking the shaving
apparatus (1)] <u>the switch</u> [is] <u>being</u> movable against the force of
[a] <u>the</u> spring from an ["Off" position or] unlockable position

B000331

into [at least one] <u>a</u> position interlocking the shaving apparatus [(1)].

28. (amended) A device as claimed in [one or several of the preceding claims] <u>claim 27</u>, [characterized in that] <u>wherein said switch is configured such that</u> the ["On"] <u>interlocking</u> position [for] electrically <u>activates</u> [activating] the shaving apparatus [(1) also serves for activation of] <u>and</u> the cleaning device [(5)].

29. (amended) A device as claimed in [one or several of the preceding claims] <u>claim 14</u>, [characterized in that the switching means (9)] <u>further comprising an electrical control circuit, wherein the switch</u> is adapted to be connected to [an] <u>the</u> electrical control circuit [which activates] <u>to activate</u> the cleaning device for a predetermined [or programmable] period of time.

30. (amended) A device as claimed in [one or several of the preceding claims] <u>claim 29</u>, [characterized in that,] <u>further comprising a drying device, wherein the electrical control circuit,</u> following cleaning of the shaving head, <u>is configured to activate</u> the drying device of the shaving apparatus [(1) is additionally activated] for a predetermined [or programmable] period of time.

6

B000332

21. (amended) A device as claimed in [one or several
of the preceding claims] claim 12, [characterized in that]
wherein the electric control circuit [activatable by the
switching means [(9)] is utilizable for] is configured to [the]
control [of the various operating stages of] the cleaning device
[(5)].

22. (amended) A device as claimed in [one or several
of the preceding claims] claim 16, [characterized in that]
wherein [the] an electric control circuit [activatable by the
switching means (9) is adapted to be de-energized for the control
of the cleaning and drying cycle, cancels the electrical and/or
mechanical] is configured to cancel the interlock after cleaning
of the shaving head [and/or terminates the charging cycle of the
shaving apparatus (1)].

Please add the following new claims.

--23. A device as claimed in claim 1 further
comprising an overflow device connecting the cradle structure
with the cleaning fluid container.--

--24. A device as claimed in claim 1 further
comprising an outlet port connecting the cradle structure with
the cleaning fluid container.--

--25. A device as claimed in claim 1, wherein the
cleaning fluid container is permanently open to atmosphere.--

7

B000333

--26.  A device as claimed in claim 1, further comprising a motor for driving the feed device.--

--27.  A device as claimed in claim 26 wherein the electric control circuit is configured to supply the cradle structure with cleaning fluid from the cleaning fluid container for the duration of the cleaning operation of the shaving head.--

<u>REMARKS</u>

Claims 1-22 are pending in the application.  New claims 23-27 have been added.  The Examiner indicated in the Office Action that claims 1-20 were pending.  Applicant wishes to bring to the Examiner's attention that english translations of claims 1-22 were filed with the application.

The Examiner has objected to claims 5-20 as being in improper form.  The claims have been amended to overcome the objection and further treatment on the merits is requested. Claims 21 and 22 where not addressed by the Examiner in the Office Action.

The Examiner has rejected claims 1 and 2 under 35 U.S.C. § 102(b) over Simmons, U.S. Patent No. 3,172,416.

Claim 1 relates to a cleaning device including a cradle structure adapted to receive a shaving head of a shaving apparatus, a cleaning fluid container, and a feed device for feeding cleaning fluid to the cradle structure.  <u>The cradle structure is arranged above a fluid level of the cleaning fluid in the cleaning fluid container.</u>

8

B000334

As can be seen in Fig. 1 of Simmons, the upper section of casing 1 defined by walls 9 for receiving a razor head contains cleaning fluid as indicated by the add and full lines in the figure. Therefore, Simmons does not teach a structure adapted to receive a shaving head that is arranged above a fluid level of cleaning fluid in a cleaning fluid container, as claimed. Applicant submits that this novel arrangement permits the shaving head to remain in position in the cradle during drying rather than requiring removal of the shaving head for drying as taught by Simmons (see, for example, Simmons column 6, lines 49-52).

The Examiner has rejected claims 3 and 4 under 35 U.S.C. § 103 as being unpatentable over Simmons in view of Cunnigham, U.S. Patent No. 5,335,394. Applicant submits that the Cunnigham reference does not overcome the deficiencies in the primary reference discussed above. Particularly, Cunnigham teaches a cleaning arrangement in which eyeglasses to be cleaned are positioned such that they are immersed in a chamber containing cleaning fluid, and, subsequent to cleaning, requires removal of the eyeglasses from the cleaning fluid to dry the eyeglasses (see, for example, Fig. 2 and column 3, lines 45-48). Cunnigham does not teach a cradle structure adapted to receive an object to be cleaned and to which cleaning fluid is fed arranged above a fluid level of the cleaning fluid in a cleaning fluid container, as claimed.

Applicant submits that all of the claims are now in condition for allowance, which action is requested. No new claim

9

B000335

fee is believed due as the application was original filed with

payment for 28 claims.

Please charge any additional fees, or make any credits,

to Deposit Account No. 06-1050.

Respectfully submitted,

Date: *June 20, 1986*

*Phyllis Kistler Reg. No. 38,524*

Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
184625.B11

10

B000336



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/376,849 | 01/20/95 | BRAUN | B | |

34M2/0515

WILLIS M ERTMAN
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804

| EXAMINER |
|---|
| STINSON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2915 | |

05/15/97

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

B000365

FTO-90C (Rev. 2/95)
*U.S. GPO: 1997-422-198/60031

1- File Copy

Serial Number: 08/376,849                    -2-

Art Unit: 3405

A.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

B.   Claims 1, 7, 8, 9, 11, 15 and 23-27 are rejected under 35

U.S.C. § 103 as being unpatentable over either Mekiney et al. or

Hilliker. Re claim 1, the patent to Mekiney and Hilliker are

cited disclosing a cleaning device comprising a cradle (12 and 6

respectively), a cleaning fluid container and a feed device that

differs from the claim only in the recitation of the intended

use, namely that of cleaning the head of a shaving apparatus.

Nonetheless, the intended use is not deemed to structurally

define over the device of either Mekiney or Hilliker. Re claim 7,

Mekiney and Hilliker disclose the cradle dish-shaped as instantly

claimed. Re claims 8 and 25, Mekiney and Hilliker disclose the

open container. Re claim 9, Mekiney and Hilliker disclose the

fluid supply and draining. Re claims 11 and 15, Mekiney discloses

the filter and collector. Re claim 23, Hilliker and Mekiney

Serial Number: 08/376,849                                    -3-

Art Unit: 3405

disclose the overflow. Re claim 24, Hilliker and Mekiney disclose

the outlet port. Re claim 26, Mekiney discloses the drive means.

Re claim 27, Mekiney discloses the control circuit

D.    Claims 2-6, 8, 12, 13, 14 and 16-22 are objected to as being

dependent upon a rejected base claim, but would be allowable if

rewritten in independent form including all of the limitations of

the base claim and any intervening claims.

E.    Applicant's arguments with respect to claims 1-27 have been

considered but are deemed to be moot in view of the new grounds

of rejection.

F.    Applicant's amendment necessitated the new grounds of

rejection.  Accordingly, **THIS ACTION IS MADE FINAL**.  See M.P.E.P.

§ 706.07(a).  Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a).


        A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.


G.    The prior art made of record and not relied upon is

considered pertinent to applicant's disclosure. In French'932,

Piccione, Canon and Booth, note the cleaning means.

B000367

Serial Number: 08/376,849                    -4-

Art Unit: 3405

H.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to
F.L.Stinson whose telephone number is (703) 308-0861.  The
examiner can normally be reached on M-F(1st week) and T-F (2nd
week) from 8:30 AM to 5:00 pm. The fax phone number for this
Group is (703) 308-7766. Any inquiry of a general nature or
relating to the status of this application or proceeding should
be directed to the Group receptionist whose telephone number is
(703) 308-0861.

Frankie L. Stinson
Primary Examiner
Group Art Unit 3405

B000368

| ***Office Action Summary*** | Application No. 08/376,848 | Applicant(s) BRAUN |
|---|---|---|
| | Examiner . Frankie L. Stinson | Group Art Unit 3405 |

☒ Responsive to communication(s) filed on *amd't B, filed 3/10/97* .

☒ This action is *FINAL*.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire __*three*__ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) *1-27* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

  ☐ Claim(s) _____ is/are allowed.

  ☒ Claim(s) *1, 7, 9-11, 15, and 23-27* _____ is/are rejected.

  ☒ Claim(s) *2-6, 8, 12-14, and 16-22* _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☒ Notice of References Cited, PTO-892

  ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  ☐ Interview Summary, PTO-413

  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

B000369

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

TO SEPAR.    ',D TOP AND BOTTOM EDGES, SNAP–APART AND DISC

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 876,844 | GROUP ART UNIT 3405 | ATTACHMENT TO PAPER NUMBER | 15 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) BRAUN | | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4 1 2 4 6 ( | 10/1889 | CANON | 134 | 201 | |
| | B | 1 7 8 2 7 9 3 | 3/1930 | PICCIONE | 134 | 88 | |
| | C | 3 6 4 2 1 2 | 6/1962 | BOOTH | 134 | 155 | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | 8 0 8 9 3 2 | 2/1937 | FRANCE | — | B4 | 287 | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | R | |
|---|---|---|
| | S | |
| | T | |
| | U | |

| EXAMINER | DATE 5/6/97 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

B000370



230-1261(p)IDS
Sonja Dorse
52097

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit: 1307
Serial No.: 08/376,849                        Examiner: Stinson
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Commissioner of Patents and Trademarks
Washington, DC  20231

### INFORMATION DISCLOSURE STATEMENT

Applicant submits the references listed on the attached form PTO 1449. Copies of the references were submitted with the Information Disclosure Statement filed November 21, 1996, and therefore are not enclosed with this statement.

This statement is being filed after a first Office action on the merits, but before receipt of a final Office action or a Notice of Allowance. A check for $230 in payment of the late submission fee of §1.17(p) is enclosed. Please apply any additional charges or credits to Deposit Account No. 06-1050.

Respectfully submitted,

Date: April 8, 1997

Phyllis Kistler Reg. No. 38,524
Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
236274.B11

Date of Deposit  April 8, 1997
I hereby certify under 37 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231.

Rita A. LeBlBl

71348 U.S. PTO
04/14/97



**UNITED ST... ES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/376.849 | 01/23/95 | BRAUN | G | 02894/284001 |

34M1/0722

```
WILLIS M ERTMAN                    STINSON.F
FISH & RICHARDSON
225 FRANKLIN STREET
BOSTON MA 02110-2804               3405
```

| | EXAMINER |
|---|---|
| ART UNIT | PAPER NUMBER |

07/22/97  DATE MAILED:

17

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

B000373

1- File Copy

| *Interview Summary* | Application No.<br>08/376,849 | Applicant(s)<br>**BRAUN** | |
|---|---|---|---|
| | Examiner<br>Frankie L. Stinson | Group Art Unit<br>3405 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Frankie L. Stinson_ _____   (3) _____

(2) _Ms. P. Crystal_ _____   (4) _____

Date of Interview _____ _Jul 18, 1997_ _____

Type: ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No. If yes, brief description:

_____
_____

Agreement   ☒ was reached.   ☐ was not reached.

Claim(s) discussed: _1 and 16_ _____

Identification of prior art discussed:
_Hillker and Mekiney_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_It was noted that claim 1 would be amended to include the shape of the cradle (concave) and the drainage port at the_
_base of the concave cradle and to include the bracket. It was also noted that the claim, as proposedly amended, appears_
_to define patentable subject matter. Allowance will be held in abeyance pending an updated search._

_____
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render
the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable
is available, a summary thereof must be attached.)

1. ☐   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE
LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP
Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH
FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to
each of the objections, rejections and requirements that may be present in the last Office action, and since the
claims are now allowable, this completed form is considered to fulfill the response requirements of the last
Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above
is also checked.

FRANKIE L. STINSON
PRIMARY EXAMINER
ART UNIT 3405

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

U.S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                    Interview Summary                    B000374                    Paper No. __17__

PATENT

ATTORNEY DOCKET NO. 02894/284001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Gebhard Braun                    Art Unit: 3405
Serial No.: 08/376,849                       Examiner: Stinson
Filed    : January 23, 1995
Title    : CLEANING DEVICE FOR THE SHAVING HEAD OF A DRY SHAVER

Box: AF

Assistant Commissioner for Patents
Washington, DC 20231

<u>RESPONSE</u>

In response to the Examiner's action mailed May 15,

1997, please amend the application as follows.

<u>In the claims</u>:

Cancel claims 7 and 24.

1.    (Thrice amended) A cleaning device comprising:

a cradle structure <u>including a concave surface for</u>

[adapted to receive] <u>receiving</u> a shaving head of a shaving

apparatus,

a cleaning fluid container, <u>said cradle structure</u>

<u>including an outlet port connecting the cradle structure with the</u>

<u>cleaning fluid container, said outlet port allowing hair to drain</u>

<u>from said cradle structure,</u> and

a feed device for feeding cleaning fluid from said

cleaning fluid container to said cradle structure, said cradle

structure being arranged above a fluid level of the cleaning

fluid in said cleaning fluid container during the feeding of said

cleaning fluid to said cradle structure.

Date of Deposit _____ Aug 14, 1997
I hereby certify under 37 CFR 1.8(a) that this correspondence is being
deposited with the United States Postal Service as first class mail
with sufficient postage on the date indicated above and is addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231

_____ Rita A. Silbe _____

B000375

9. (Twice amended) [A device as claimed in claim 1, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

an electric arrangement for temporarily operating the shaving head of the shaving apparatus and the feed device.

11. (Twice amended) [A device as claimed in claim 1, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

a drying device.

14. (Twice amended) [A device as claimed in claim 1, wherein the] A cleaning device comprising:

2

B000376

a cradle structure adapted to receive a shaving head of a shaving apparatus, said cradle structure [is] being permanently open to atmosphere,

a cleaning fluid container, and

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure.

Claim 9, line 2, replace "claim 23" with --claim 1--.

Claim 10, line 2, replace "claim 24" with --claim 23--.

15.
12. (Twice amended) [A device as claimed in claim 11, further comprising] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure,

a collecting dish and a filter, said collecting dish being positioned underneath the cradle structure and including an outlet opening connecting with the filter, and

3

B000377

a hose member permeable to the cleaning fluid provided between the collecting dish and the filter.

Claim 13, line 2, replace "claims 10 or 12" with -- claim 12--.

12. (Twice amended) [A device as claimed in claim 11, wherein the] A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, said feed device [includes] including a suction side and a delivery side, and

a collecting dish and a filter, said collecting dish being positioned underneath the cradle structure and including an outlet opening connecting with the filter, the outlet opening being connected to the suction side of the feed device, the filter being in communication with the delivery side of the feed device.

15. (Twice amended) A device as claimed in claim 1, further comprising a filter connected to an inlet of the cradle

4

B000378

structure[, and an outlet port provided in the cradle structure
connected to the cleaning fluid container].

 18. (Twice amended) [A device as claimed in claim 1,
further comprising] A cleaning device comprising:

        a cradle structure adapted to receive a shaving head of
a shaving apparatus,

        a cleaning fluid container,

        a feed device for feeding cleaning fluid from said
cleaning fluid container to said cradle structure, said cradle
structure being arranged above a fluid level of the cleaning
fluid in said cleaning fluid container during the feeding of said
cleaning fluid to said cradle structure, and

        a bracket for insertion of the shaving apparatus
therein[, and a switch for interlocking the shaving apparatus to
the bracket].

        Claims 17, 19 and 22, line 2, replace "claim 16" with
--claim 28--.


        Please add the following new claims.

        --28. A device as claimed in claim 18, further
comprising a switch for interlocking the shaving apparatus to the
bracket.--

5

B000379

27. A cleaning device comprising:

a cradle structure adapted to receive a shaving head of a shaving apparatus,

a cleaning fluid container, said cradle structure including an outlet port connecting the cradle structure with the cleaning fluid container,

a feed device for feeding cleaning fluid from said cleaning fluid container to said cradle structure, said cradle structure being arranged above a fluid level of the cleaning fluid in said cleaning fluid container during the feeding of said cleaning fluid to said cradle structure, and

a hose member permeable to the cleaning fluid provided between the overflow device and the cleaning fluid container, said hose member being immersed in the cleaning fluid held in the cleaning fluid container. ---

<u>REMARKS</u>

Applicant's representative thanks the Examiner for the telephone interview conducted on July 18, 1997.

In the Examiner's action, the Examiner indicated that claims 2-6, 8, 12, 13, 14 and 16-22 would be allowable if rewritten in independent form.  We have rewritten claims 2, 3, 8, 12 and 14 in independent form including the limitations of the base claim and any intervening claims.  Therefore, we submit that claims 2, 3, 8, 12 and 14, and dependent claims 4, 5 and 13, are in condition for allowance.  We have also rewritten claim 13 in independent form, through its alternative dependency from claim

6

B000380

10, as new claim 29. Therefore, we submit that claim 29 is in condition for allowance.

During the telephone interview of July 18, 1997, the Examiner indicated that claim 16 including the limitation of a bracket would remain allowable if amended to delete the recitation of the switch. We have therefore rewritten claim 16 in independent form to include the limitations of claim 1, and deleted the reference to the switch. New claim 28, dependent on claim 16, recites the switch. We submit that claim 16, and claims 17-22, 27 and 28 dependent thereon, are in condition for allowance.

The Examiner has rejected claims 1, 7, 8, 9, 11, 15 and 23-27 as obvious over either McKiney or Hilliker.

We wish to note that claim 27 depends from claim 19, which the Examiner has indicated is allowable. Therefore, we submit that claim 27 is allowable.

Regarding the remaining rejected claims, the Examiner further indicated during the telephone interview that amending claim 1 to include the limitations that the cradle structure has a concave surface for receiving the shaving head and an outlet port allowing hair to drain from the cradle structure would place claim 1 in condition for allowance. Therefore, we have added these limitations to claim 1, and we submit that neither McKiney nor Hilliker teach or suggest such a structure. Rather, instead of an outlet port, Hilliker relies on the floating out of garbage or scraps over the lip of catch basin 6 to drain debris from the catch basin (see, for example, column 4, lines 9-10), and

7

B000381

MeKiney's merely teaches a rectangular tank 12, not a cradle structure having a concave surface. Therefore, we submit that claim 1, and claims 9-11, 15, 23, 25 and 26 dependent thereon, are in condition for allowance.

We submit that all of the claims are now in condition for allowance, which action is requested.

We have not received an initialed copy of the PTOL form that accompanied an information disclosure statement filed April 8, 1997. We respectfully request that the Examiner initial and return the form as soon as possible.

Filed herewith is a check in payment of the excess claims fees required by the above amendments. Please charge any additional fees, or make any credits, to Deposit Account No. 06-1050.

Respectfully submitted,

Date: _Aug. 14, 1997_

_Phyllis Kendall_ Reg. No. 38,524
Eric L. Prahl
Reg. No. 32,590

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Telephone: 617/542-5070
Facsimile: 617/542-8906
245969.B11

8

B000382