**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BRAUN GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-12428-WGY |
| | ) | |
| RAYOVAC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**RAYOVAC CORPORATION'S MOTIONS *IN LIMINE***

For all the reasons set forth in the accompanying Memorandum in Support, Rayovac Corporation hereby moves *in limine* to exclude certain evidence and argument. Specifically, Rayovac moves as follows:

- To preclude Braun's experts, Dr. Nayfeh and Dr. David from offering any opinions or testimony not set forth in their expert reports.

- To preclude Braun from offering any evidence or argument that Rayovac has infringed (1) under the doctrine of equivalents for any "cradle structure" construction and (2) under Rayovac's "cradle structure" constructions.

- To preclude Braun from offering any evidence or argument concerning unasserted claim 9.

- To preclude Braun's expert, Dr. Nayfeh, from offering any opinion at trial that the asserted claims of the '328 patent are non-obvious.

- To preclude Braun and its expert, Dr. Nayfeh, from offering any evidence or argument inconsistent with (1) the parties' agreement that the preambles of the asserted claims of the '328 patent are not limitations and (2) the agreed plain and ordinary meaning constructions for the terms "shaving apparatus" and "cleaning fluid container."

- To preclude Braun from arguing that, because certain designs that do not infringe the '328 patent are not currently on the market or actively under development, they are not "available" non-infringing substitutes.

- To preclude Braun from offering any evidence or argument regarding secondary considerations.

- To preclude Braun from offering any evidence or argument as to Mr. Klauer's good faith.

- To preclude Braun from relying upon any documents except B 3074-76 to corroborate Dr. Pahl's conception of claim 13 prior to Mr. Smetana; and to preclude Braun from relying upon any documents to corroborate Mr. Braun's alleged conception of claims 18 and 19 prior to Mr. Kraus.

- To preclude Braun from arguing to the jury that Rayovac copied from Braun.

- To preclude Braun from offering any document in the range B 49673-138495 as evidence at trial.

- To preclude Braun from offering any evidence that allegedly shows a nexus between the commercial success of its products and the alleged inventions of the patents-in-suit.

WHEREFORE, Rayovac respectfully requests that its motions *in limine* be GRANTED.

Dated:  September 30, 2005                DWYER & COLLORA

By:  Kevin S. Ueland
Jessica P. Driscoll (BBO# 139660)
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA  0210-1122
(617) 371- 1000
Facsimile: (617) 371-1037

Mark A. Pals, P.C. (admitted *pro hac vice*)
James A. Shimota (admitted *pro hac vice*)
Kevin S. Ueland (admitted *pro hac vice*)
James B. Coughlan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Aon Center
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000
Facsimile: (312) 861-2200
Attorneys for Rayovac Corporation

**Local Rule 7.1 Certification**

 Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on September 30, 2005, counsel for Defendant Rayovac Corporation conferred with counsel for Plaintiff Braun GmbH, Stanley Liang, relating to this motion.

              /s/ Kevin S. Ueland_____
              Kevin S. Ueland