IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAUN GmbH, | ) |
|         Plaintiff, | ) Civil Action No. 03 CV 12428 WGY |
| v. | ) |
| RAYOVAC CORPORATION, | ) |
|         Defendant. | ) |

**ANSWERS TO SECOND COUNTERCLAIMS
TO THE SECOND AMENDED COMPLAINT**

     53.    Rayovac Corporation, now known as Spectrum Brands Corporation, is a corporation organized under the laws of the State of Wisconsin with its principle place of business at Six Concourse Parkway, Suite 3300, Atlanta, GA 30328.

**ANSWER:**    Braun lacks sufficient information to form a belief concerning the truth or falsity of the allegations in Paragraph 53 and therefore denies the allegations.

     54.    On information and belief, Braun is a German corporation headquartered in Kronberg, Germany. Braun is a wholly owned subsidiary of Gillette Holding Company, which is also a German corporation and wholly owned by Gillette, a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at Prudential Tower Building, Boston, Massachusetts 02199.

    **ANSWER:**    Admitted.

     55.    Rayovac Corporation counterclaims against Braun pursuant to the patent laws of the United States, Title 35 of the United States Code, and for a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United states, 28 U.S.C. §§2201 and 2202, and Federal Rule of Civil Procedure 13.

**ANSWER:**   Braun admits that Rayovac's counterclaims have been brought pursuant to the patent laws of the United States, which counterclaims speak for themselves.  Braun denies that Rayovac is entitled to relief.

56.   This court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Admitted.

57.   Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Braun is a corporation subject to personal jurisdiction in this District, and because Braun maintains business offices in this District from which it regularly and systematically conducts business.

**ANSWER:**   Admitted.

### COUNT I - DECLARATION OF NON-INFRINGEMENT OF THE '328 PATENT

58.   An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '328 patent is not infringed by Rayovac.

**ANSWER:**   Admitted.

59.   Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '328 patent.

**ANSWER:**   Denied.

60.   Rayovac is entitled to a judgment that the '328 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:**   Denied.

61.     The continuing assertion of the '328 patent against Rayovac despite the non-infringement of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. §285.

**ANSWER:**    Denied.

### COUNT II - DECLARATION OF NON-INFRINGEMENT OF THE '556 PATENT

62.     An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '556 patent is not infringed by Rayovac.

**ANSWER:**    Denied.  The parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

63.     Rayovac and the products made, used, sold, or offered for sale by Rayovac, have not infringed, contributorily infringed, induced others to infringe, and is not infringing or inducing others to infringe, any valid claim of the '556 patent.

**ANSWER:**    Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

64.     Rayovac is entitled to a judgment that the '556 patent is not infringed by Rayovac, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:**    Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

65.     The continuing assertion of the '556 patent against Rayovac despite the non-infringement of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:**    Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

### COUNT III - DECLARATION OF INVALIDITY
### OF THE '328 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.*

66. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '328 patent is invalid.

**ANSWER:** Admitted.

67. Upon information and belief, all claims of the '328 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. § 101 *et seq*.

**ANSWER:** Denied.

68. Rayovac is entitled to a judgment that the '328 patent is invalid, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

69. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims of the '328 patent makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Denied.

### COUNT IV - DECLARATION OF INVALIDITY
### OF THE '556 PATENT PURSUANT TO 35 U.S.C. § 101 *et seq.*

70. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '556 patent is invalid.

**ANSWER:** Denied. The parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

71. Upon information and belief, all claims of the '556 patent asserted against Rayovac are invalid pursuant to 35 U.S.C. § 101 *et seq*.

  **ANSWER:** Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

  72. Rayovac is entitled to a judgment that the '556 patent is invalid and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

  **ANSWER:** Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

  73. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims of the '556 patent makes this an exceptional case under 35 U.S.C. § 285.

  **ANSWER:** Denied.  Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

### COUNT V - DECLARATION OF INVALIDITY
### OF THE '328 PATENT BASED UPON IMPROPER INVENTORSHIP

  74. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '328 patent is invalid for improper inventorship.

  **ANSWER:** Admitted.

  75. Upon information and belief, all claims of the '328 patent are invalid for failure to name at least the correct inventor of the claims of the '328 patent.  Assuming there were any patentable inventors [sic] claimed in the '328 patent at least Dr. Dietrich Pahl and Norbert Smetana should have been named as inventors but were not, alleges deceptive intent.

  **ANSWER:** Denied.

  76. Rayovac is entitled to a judgment that the '328 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied.

77. The continuing assertion of the '328 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Denied.

### COUNT VI - DECLARATION OF INVALIDITY OF THE '556 PATENT BASED UPON IMPROPER INVENTORSHIP

78. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '556 patent is invalid for improper inventorship.

**ANSWER:** Denied. The parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

79. Upon information and belief, all claims of the '556 patent are invalid for failure to name Dr. Dietrich Pahl as an inventor.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

80. Rayovac is entitled to a judgment that the '556 patent is invalid for improper inventorship, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

81. The continuing assertion of the '556 patent against Rayovac despite the invalidity of the claims makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

## COUNT VII - DECLARATION OF THE UNENFORCEABILITY
## OF THE '328 PATENT BASED UPON INEQUITABLE CONDUCT

82. An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '328 patent is unenforceable based upon inequitable conduct.

**ANSWER:** Admitted.

83. First, Braun filed U.S. Patent Application No. 08/376,849 ("the '849 application") on January 23, 1995. On January 23, 1995, Braun also filed with the USPTO the Declaration of Birgit Hubatsch representing that Braun had filed with the USPTO a "true and accurate" English translation of German Patent Application No. 440238.7-23 ("the German application") which Braun had included with its U.S. application. Braun filed the Declaration in order to claim priority pursuant to 35 U.S.C. § 119 to the January 26, 1994 filing date of the German application.

**ANSWER:** Admitted as to the first sentence. Denied in the form and manner alleged as to sentences 2 and 3.

84. On February 24, 1995, the USPTO issued a Notice to File Missing Parts of the '849 application because the USPTO believed the '849 application had been filed in a language other than English. In response, on March 21, 1995, Braun swore to the USPTO that it had filed a verified translation of the German application on January 23, 1995. Based upon Braun's representation, the USPTO issued a decision on August 18, 1995 granting Braun's petition to treat the application as complete as filed on January 26, 1995.

**ANSWER:** Braun lacks sufficient information to form a belief concerning the beliefs of the USPTO and therefore denies the allegations in the first sentence. Denied in the form and manner alleged as to sentence 2. Denied as to sentence 3.

85. However, the English translation of the German application, in fact, materially differed from the German original and/or contained text that did not even appear in the German original at all. Upon information and belief, Braun by and through those substantively involved with the prosecution of the '849 patent application, submitted a document that was not a "true and accurate" translation of the German original and/or concealed the manifest discrepancies in the translation with intent to deceive the USPTO. The information that Braun misrepresented/concealed would have been considered material by a reasonable Examiner because (1) it would have changed

-7-

the result of the decision granting Braun's petition to treat the application as complete as filed and (2) it would have precluded Braun from claiming a January 23, 1994 priority date.

 **ANSWER:** Denied.

86. Second, Braun committed inequitable conduct in failing to disclose Zeischke, <u>Development of a Cleaning Station for Electric Shavers</u> ("the thesis"), published on June 14, 1992.  The thesis was published with the assistance of employees of Braun in Kronberg, Germany including Dr. Jung, H. D. Klauer, and Braun's Patent Department.  H. D. Klauer, a Braun employee substantively involved in the preparation or prosecution of the '849 application, knew of the thesis during the prosecution of the '849 application.  Mr. Klauer had a duty of disclosure pursuant to 37 C.F.R. § 1.56(c) in connection with the '849 application, and he understood his duty of full disclosure.  Braun, by and through those substantively involved in the preparation or prosecution of the '849 application, failed to disclose the thesis during the prosecution of the '849 application with the intent to deceive the USPTO.  According to Braun, no prior art disclosed in connection with the '328 patent disclosed a "bracket for insertion of the shaving apparatus therein."  A reasonable examiner would thus have considered the thesis material to the patentability of numerous claims presented by Braun including, but not limited, to claim 18 of the '328 patent.

 **ANSWER:** Denied.

87. Third, Braun, by and through its employees and agents, committed inequitable conduct in knowingly failing to disclose several individuals who conceived of alleged inventions during the prosecution of the '849 application.  Such individuals include at least Dr. Dietrich Pahl, Norbert Smetana, and Helmut Kraus.  Named inventor Gebhard Braun has testified that, when he filed his oath of inventorship, he knew that others had conceived of much of the subject matter that was described and claimed in the '849 application.  On the orders of Dr. Dietrich Pahl, however, Gebhard Braun intentionally filed a false oath claiming that he was the sole inventor of the subject matter of the '849 application.  The materiality of a false oath cannot be disputed under governing Federal Circuit precedent.

 **ANSWER:** Denied.

88. Upon information and belief, Braun, by and through others substantively involved in the preparation or prosecution of the '849 application, knew that Gebhard Braun was not the sole inventor of the '849 application during its prosecution, but failed to disclose that fact to the USPTO.  Upon information and belief, Braun failed to disclose such information with the intent to deceive the USPTO.  Naming the correct inventors on

-8-

a United States patent application is a statutory prerequisite, and Braun's intentional choice to ignore that prerequisite was material.

**ANSWER:**   Denied.

89.   Fourth, Braun committed inequitable conduct in failing to disclose the ultrasonic cleaning system discussed at, for example, pages 79-80 of the deposition of Juergen Hoeser.  Braun purchased the ultrasonic cleaning system from a third party, and it has been in use at Braun since the 1960's.  The ultrasonic cleaning device is thus prior art to the '328 patent.  The ultrasonic cleaning device included a blower for drying shaving heads after they had been washed in the ultrasonic cleaning device.  Gebhard Braun knew of the ultrasonic cleaning device during the prosecution of the '849 application.  Upon information and belief, H. D. Klauer knew of the ultrasonic cleaning device during the prosecution of the '849 application. Mr. Braun and Mr. Klauer had a duty of disclosure pursuant to 37 C.F.R. § 1.56(c) in connection with the '849 application.  Both Mr. Braun and Mr. Klauer understood their duties of disclosure.  Braun, by and through those substantively involved in the preparation or prosecution of the '849 application, failed to disclose the thesis during the prosecution of the '849 application with the intent to deceive the USPTO.  According to Braun, no prior art disclosed in connection with the '328 patent disclosed (1) a drying device (2) a drying device comprising an impeller and (3) a drying device further comprising a heater.  A reasonable examiner would have considered the ultrasonic cleaning device material to the patentability of numerous claims presented by Braun including, but not limited to, claims 11-13.

**ANSWER:**   Admit that Mr. Braun and Mr. Klauer had a duty of disclosure pursuant to 37 C.F.R. § 1.56(c) in connection with the '849 application.  Denied with respect to every other allegation of paragraph 89.

90.   The continuing assertion of the '328 patent against Rayovac despite the unenforceability of the claims makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:**   Denied.

**COUNT VIII - DECLARATION OF THE UNENFORCEABILITY OF THE '556 PATENT BASED UPON INEQUITABLE CONDUCT**

91.   An actual controversy exists between Rayovac and Braun as set forth in the allegations of the Second Amended Complaint in this action and the Answer as to whether the '556 patent is unenforceable based upon inequitable conduct.

**ANSWER:** Denied. The parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

92. Upon information and belief, U.S. Patent No. 5,649,556 is unenforceable due to inequitable conduct committed during prosecution before the United States Patent and Trademark Office ("the USPTO").

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

93. Braun committed inequitable conduct in failing to disclose Zeischke, <u>Development of a Cleaning Station for Electric Shavers</u> ("the thesis"), published on June 14, 1992. The thesis was published with the assistance of employees of Braun in Kronberg, Germany including Dr. Jung, H. D. Klauer, and Braun's Patent Department. Upon information and belief, at least H. D. Klauer, a Braun employee substantively involved in the preparation or prosecution of the U.S. Patent Application No. 08/370,861 (the '861 application"), knew of the thesis during the prosecution of the '861 application. Braun, by and through those substantively involved in the preparation or prosecution of the '861 application, failed to disclose the thesis during the prosecution of the '861 application with the intent to deceive the USPTO. A reasonable examiner would have considered the thesis material to the patentability of numerous claims presented by Braun.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

94. Second, Braun, by and through its employees and agents, committed inequitable conduct in knowingly failing to disclose several individuals who conceived of alleged inventions during the prosecution of the '849 application. Such individuals include at least Dr. Dietrich Pahl and Norbert Smetana. Named inventor Gebhard Braun has testified that, when he filed his oath of inventorship, he knew that others had conceived of much of the subject matter that was described and claimed in the '849 application. On the orders of Dr. Dietrich Pahl, however, Gebhard Braun intentionally filed a false oath claiming that he was the sole inventor of the subject matter of the '849 application. The materiality of a false oath cannot be disputed under governing Federal Circuit precedent.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

95. Upon information and belief, Braun, by and through others substantively involved in the preparation or prosecution of the '849 application, knew that Gebhard Braun was not the sole inventor of the '849 application during its prosecution, but failed to disclose that fact to the USPTO. Upon information and belief, Braun failed to disclose such information with the intent to deceive the USPTO. Naming the correct inventors on a United States patent application is a statutory prerequisite, and Braun's intentional choice to ignore that prerequisite was material.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

96. Rayovac is entitled to a judgment that the '556 patent is unenforceable based upon inequitable conduct, and awarding Rayovac the damages it has suffered from the unlawful assertion of said patent by Braun.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

97. The continuing assertion of the '556 patent against Rayovac despite the unenforceability of the claims makes this an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Denied. Also, the parties have stipulated in the dismissal of all claims and counterclaims with respect to the '556 patent.

Dated: October 5, 2005

    /s/ Dalila Argaez Wendlandt
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Stanley D. Liang (Admitted *pro hac vice*)
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10021
(212) 596-9000

Attorneys for Braun GmbH