IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRAUN GmbH,

                    Plaintiff,

          v.

RAYOVAC CORPORATION,                         Civil Action No. 03-CV-12428-WGY

                    Defendant.

## MOTION TO REOPEN ACTION

1.      On October 19, 2005, the parties in the above action jointly notified the Court that they had reached a settlement of their dispute.

2.      On October 20, 2005, the Court entered a "Settlement Order of Dismissal," which stated: "this action is hereby dismissed without cost and without prejudice to the right of any party, upon good cause shown, to reopen the action within thirty (30) days if settlement is not consummated."

3.      On November 20, 2005, the parties jointly moved the Court for an extension of the Settlement Order of Dismissal until November 30, 2005, indicating to the Court that they were "close to resolving all terms of a settlement, and that they will require only a few more business days to agree to a final document".

4.      On November 30, 2005, the parties again jointly moved the Court for an extension of time to consummate settlement, this time for one day to allow both parties to execute the settlement agreement and a stipulation of dismissal.

5.      On the morning of December 1, 2005, counsel for the Rayovac Corporation ("Rayovac") contacted counsel for Braun GmbH ("Braun") and asked for several minor modifications to the agreement memorializing the settlement, most of which were typographical and none of which affected the substance of the agreement.

6.      A few hours later, however, counsel for Rayovac again contacted counsel for Braun and indicated that Rayovac was now *not* prepared to finalize the settlement for reasons that have not been communicated to Braun.

7.      Braun believes that the parties have indeed reached an agreement to settle this Action and is prepared to fulfill its obligations under that agreement.  Nevertheless, given the uncertainty of Rayovac's current position, Braun is left with no choice but to protect its interests by continuing its Action against Rayovac.

8.      Therefore, in order to protect its interests, Braun respectfully moves this Court for an order reopening the above-captioned Action.

Respectfully submitted,

Braun GmbH

By its attorneys,

/s/ William L. Patton
William L. Patton (BBO #391640)
Dalila Argaez Wendlandt (BBO #639280)
Dalila.Wendlandt@ropesgray.com
 ROPES & GRAY
 One International Place
 Boston, MA  02110
 Telephone:  (617) 951-7000
 Facsimile:  (617) 951-7050

Stanley D. Liang (admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10021

Dated:  December 1, 2005

Certification Pursuant to Local Rule 7.1

        I, William L. Patton, certify that I conferred with counsel for Rayovac
Corporation in good faith and was unable to narrow or resolve the issues set forth above.

/s/William L. Patton